W. WEST ALLEN (Nevada Bar No. 5566)
LEWIS ROCA ROTHGERBER LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 949-8200
Fax: (702) 949-8398
WAllen@LRRLaw.com

SHOOK, HARDY & BACON LLP
B. Trent Webb (Admitted *pro hac vice*)
bwebb@shb.com
Ryan D. Dykal (Admitted *pro hac vice*)
rdykal@shb.com
Peter Strand (Admitted *pro hac vice*)
pstrand@shb.com
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

Robert H. Reckers (Admitted *pro hac vice*)
600 Travis Street, Suite 3400
rreckers@shb.com
Houston, Texas 77002
Telephone: (713) 227-8008
Facsimile: (713) 227-9508

*Attorneys for Plaintiff*
*Rimini Street, Inc., and Counterdefendants*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RIMINI STREET, INC.,

Plaintiff,

v.

ORACLE INTERNATIONAL CORPORATION,

Defendant.

Case No. 2:14-cv-01699-LDG-VCF

**COUNTERDEFENDANTS' ANSWER TO COUNTERCLAIM**

**RIMINI STREET INC.'S ANSWER TO COUNTERCLAIM**

Counterdefendants Rimini Street Inc. ("Rimini") and Seth Ravin ("Ravin"), for their Answer to the Counterclaims of "Counterclaimants" Oracle America, Inc. ("Oracle America") and Oracle International Corporation ("OIC") (together "Oracle" or "Counterclaimants") state as follows. All allegations not specifically admitted are denied.

Rimini filed the present litigation against Oracle to resolve genuine technical license, contract and intellectual property disputes between the companies. Unfortunately, Oracle's counterclaim continues the same, tired narrative Oracle has tried unsuccessfully to spin against its fast-growing competitor[1] for many years – one that mischaracterizes Rimini's actions as "intentional theft" and vilifies its founder & CEO, Seth Ravin, as an evil "mastermind."[2] Oracle's false narrative assigns nefarious intent to all of Rimini's and Ravin's actions and business conduct, and impugns their character.[3]

---

1 *See* Chris Kanaracus, *Oracle lawsuit not slowing Rimini Street's momentum*, INFOWORLD, Jan. 11, 2011, http://www.infoworld.com/article/2624867/applications/oracle-lawsuit-not-slowing-rimini-street-s-momentum.html ("[Oracle's] actions have appeared to have little chilling effect on Rimini Street's business, with the company logging roughly US$7 million in fourth-quarter revenue, a 37 percent increase year over year and the best quarter in the company's history, according to a statement."); *see also* BusinessWire.com, Rimini Street Revenue for Oracle E-Business Suite and Oracle Database Support More than Triples, http://www.businesswire.com/news/home/20140929006605/en/Rimini-Street-Revenue-Oracle-E-Business-Suite-Oracle#.VPaqlqPTljo (last visited March 3, 2015)(Rimini Street revenue has "surged more than three-fold in the trailing 12 months, growing by 248 percent, and the number of signed clients for these services nearly doubled during the same period, to over 180, indicating increased adoption of Rimini Street independent support among global entities and helping to fuel the Company's substantial growth.").

2 *Compare* Rimini Street, Inc. v. Oracle International Corp., Case No. 2:14-cv-01699 LDG VCF, at *2 and 12 (D. Nev. February 17, 2015) (Oracle's counterclaims for damages and injunctive relief implying a continual act and intent of "massive theft" and stating "Rimini's massive theft of Oracle's software, [was] masterminded by its CEO Seth Ravin."), *with* Rimini Street, Inc. v. Oracle international Corp., Case No. 2:10-cv-00106-LRH-PAL, at *3 (D. Nev. October 14, 2014)(court order in response to Rimini Street's motion for clarification where the court took "the opportunity to clarify that at no point in the August order did the court make a specific holding or finding that Rimini committed any act of intentional theft.").

3 *Id.*

Oracle's narrative is, however, unsupported by the facts. Rimini is simply trying to legally deliver a set of competitive services to Oracle software licensees in an open, competitive marketplace – services that Oracle has agreed are legal for third parties like Rimini to offer and legal for Oracle licensees to obtain.[4] Rimini filed this action to seek a declaration by this Court that the particular processes now used by Rimini to deliver services for Oracle PeopleSoft licensees are not infringing.

Rimini employs hundreds of professionals around the world and has successfully served nearly 1,000 clients in the decade since it was founded.[5] Rimini's clients include government organizations and Fortune 500, Global 100 and mid-market companies with operations in more than 70 countries.[6] Far from being the villain Oracle attempts to make it out to be, Rimini has been the recipient of numerous prestigious awards, including: "IT Vendor of the Year"[7]; Stevie® Awards for "outstanding customer service department" and "customer service team of the year;"[8] and Bay Area "top workplace" awards for company culture, teamwork and leadership vision.[9] Rimini is one of the fastest growing technology companies in the world with an average annual growth rate of 36%.[10]

---

[4] *See* Oracle USA, Inc. et al. v. Rimini Street, Inc. et al., Case No. 2:10-cv-00106-LRH-PAL, at *8 (D. Nev. June 1, 2011) (Oracle's second amended complaint for damages and injunctive relief, where Oracle stated, ". . . licensees may designate third parties to help maintain Oracle's software, but only subject to the terms of the relevant license agreement between the licensee and Oracle.").

[5] *See* Nasdaq.com, Rimini Street Announces Preliminary Fourth Quarter and Full Year 2014 Financial Results, http://www.nasdaq.com/press-release/rimini-street-announces-preliminary-fourth-quarter-and-full-year-2014-financial-results-20150129-01502 (last visited March 3, 2015).

[6] *See* BusinessWire.com, Rimini Street Revenue for Oracle E-Business Suite and Oracle Database Support More than Triples, http://www.businesswire.com/news/home/20140929006605/en/Rimini-Street-Revenue-Oracle-E-Business-Suite-Oracle#.VPaqlqPTljo (last visited March 3, 2015); *see also* Nasdaq.com, Rimini Street Announces Preliminary Fourth Quarter and Full Year 2014 Financial Results, http://www.nasdaq.com/press-release/rimini-street-announces-preliminary-fourth-quarter-and-full-year-2014-financial-results-20150129-01502 (last visited March 3, 2015).

[7] *See* PurchasingB2B.ca, Rimini Street Named Client "IT Vendor of the Year" Company Lands Award for the Second Time, http://www.purchasingb2b.ca/1-purchasingb2b/rimini-street-named-client-vendor-year-136908/ (last visited March 9, 2015).

[8] *See* Nasdaq.com, Rimini Street Announces Preliminary Fourth Quarter and Full Year 2014 Financial Results, http://www.nasdaq.com/press-release/rimini-street-announces-preliminary-fourth-quarter-and-full-year-2014-financial-results-20150129-01502 (last visited March 3, 2015).

[9] *See* TopWorkPlaces.com, BAY AREA WORKPLACES, http://www.topworkplaces.com/frontend.php/regional-list/company/bayarea/rimini-street-inc, (last

## I. INTRODUCTION[11]

1. The allegations in Paragraph 1 are denied. Further responding, Rimini states that: (a) Rimini was sanctioned by the Court in an earlier matter because, ***prior*** to any lawsuit being filed by Oracle, a Rimini employee, while preserving clear evidence of the nature of some computer files,[12] failed to preserve the actual files for *potential* future litigation;[13] and (b) with respect to Oracle's misleading reference to a "contempt of court" order for failing to produce discovery (in an unrelated lawsuit to which neither Rimini nor Ravin was a party), Oracle misrepresents the proceeding by not disclosing that (i) the order was jointly agreed to in advance by Oracle, Rimini, and Ravin, as the only procedural vehicle by which Rimini and Ravin could successfully challenge an overly broad subpoena from Oracle,[14] and (ii) the order was subsequently *vacated and withdrawn* by the Court[15] with no sanctions whatsoever to Rimini or Ravin.

---

visited March 13, 2015); *see also* BusinessWire.com, Rimini Street Named Bay Area "Top WorkPlace" http://www.businesswire.com/news/home/20100622006416/en/Rimini-Street-Named-Bay-Area-%E2%80%9CTop-WorkPlace%E2%80%9D#.VQM-66Pn99A (last visited March 13, 2015)

[10] *See* Chris Kanaracus, *Oracle lawsuit not slowing Rimini Street's momentum*, INFOWORLD, Jan. 11, 2011, http://www.infoworld.com/article/2624867/applications/oracle-lawsuit-not-slowing-rimini-street-s-momentum.html ("[Oracle's] actions have appeared to have little chilling effect on Rimini Street's business, with the company logging roughly US$7 million in fourth-quarter revenue, a 37 percent increase year over year and the best quarter in the company's history, according to a statement.").

[11] Headings are adopted from the counterclaims for reference only and are not admissions.

[12] *See* Oracle USA, Inc., et al. v. Rimini Street, Inc., et al., Case No. 2:10-CV-00106-LRH—PAL, *at* *18-19 (D. Nev. March 29, 2013) *available at* https://cases.justia.com/federal/district-courts/nevada/nvdce/2:2010cv00106/71326/466/0.pdf?ts=1376363835 (public redacted version of the Sealed Order, where the court states it is "undisputed that Rimini has produced some records which identify what software was used to build some of the environments").

[13] *See id*. at *17 (where the District Court notes files were deleted "after Rimini was on notice of *potential litigation* with Oracle . . . .") (emphasis added).

[14] *See* Oracle USA, Inc., et al. v. SAP AG, et al., Case No. 2:09-CV-01591 KJD (GWF) (D. Nev. January 12, 2010) (Stipulation and order finding non-parties Rimini Street, Inc. and Seth Ravin in civil contempt).

[15] *See* Oracle USA, Inc., et al. v. SAP AG, et al., Case No. 2:09-CV-01591 KJD (GWF) (D. Nev. November 30, 2010) (Unopposed motion to vacate the stipulation and order finding non-parties Rimini Street, Inc. and Seth Ravin in civil contempt); Oracle USA, Inc., et al. v. SAP AG, et al., Case No. 2:09-CV-01591 KJD (GWF) (D. Nev. December 1, 2010) (vacating contempt order).

2. Admitted that Oracle sued Rimini and Ravin in 2010, and admitted that two Oracle motions for partial summary judgment were granted, at least in part, establishing liability for certain acts of infringement for copying Oracle's software to locations other than the customers' facilities. The remaining allegations in Paragraph 2 are denied.

3. Admitted that Rimini stated in August 2014 that the Court's previous rulings relate "to processes and Oracle software no longer in use at Rimini." Rimini further stated that these rulings would "not cause interruption to service for ANY client or ANY product." The remaining allegations in Paragraph 3 are denied.

4. The allegations in Paragraph 4 are denied.

5. Admitted that Rimini is a support provider to companies that license certain Oracle enterprise software. Rimini admits that it has proclaimed its innocence at every step. The remaining allegations in Paragraph 5 are denied.

6. The allegations in Paragraph 6 are denied.

7. The allegations in Paragraph 7 are denied.

## II. THE PARTIES

8. Counterdefendants lack information to admit or deny the allegations in Paragraph 8 and therefore deny them.

9. Admitted that OIC is a California corporation with a place of business in Redwood City, California. Counterdefendants lack information to admit or deny the remaining allegations in Paragraph 9 and therefore deny them.

10. Admitted.

11. Admitted that Ravin founded Rimini, which is a Nevada corporation. The remaining allegations of Paragraph 11 are denied.

12. Admitted that Rimini is doing business in and has directed its activities at Nevada. Further admitted that Rimini is headquartered in this district, and Ravin resides in this district. Further admitted that Rimini advertises, promotes, sells, licenses, services, and supports customers in Nevada. The remaining allegations of Paragraph 12 are denied.

13. The allegations in Paragraph 13 are denied.

14. The allegations in Paragraph 14 are denied.

**III. JURISDICTION**

15. Counterdefendants do not challenge the Court's jurisdiction over Oracle's counterclaims.

16. Counterdefendants do not challenge the Court's subject matter jurisdiction over this action.

17. Counterdefendants do not challenge the Court's supplemental subject matter jurisdiction over the pendent state law claims.

18. Counterdefendants do not challenge the Court's subject matter jurisdiction over the state law claims.

**IV. VENUE**

19. Counterdefendants do not challenge that venue is appropriate in this district.

**V. DIVISION ASSIGNMENT**

20. Counterdefendants do not challenge that assignment to the Las Vegas division is proper.

**VI. FACTUAL ALLEGATIONS**

21. Admitted that Oracle is the world's largest enterprise software company. Counterdefendants lack information to admit or deny the remaining allegations in Paragraph 21 and therefore deny them.

22. Admitted.

23. Admitted that the terms of Oracle license agreements vary. The remaining allegations in Paragraph 23 are denied.

24. The allegations in Paragraph 24 are denied.

25. Admitted that certain Oracle license agreements include definitions defining Oracle's confidential information to include Oracle's software, its object and source code and associated

documentation. Further admitted that licensees may designate third parties to help maintain Oracle software. The remaining allegations in Paragraph 25 are denied.

26. Admitted that Oracle's Terms of Use contain certain restrictions regarding access to Oracle's technical support websites. The remaining allegations in Paragraph 26 are denied.

27. Admitted that certain of Oracle's Terms of Use contain the quotations recited in Paragraph 27. The remaining allegations in Paragraph 27 are denied.

28. Admitted that certain of Oracle's Terms of Use contain the quotations recited in Paragraph 28. The remaining allegations in Paragraph 28 are denied.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted. Rimini further states that it provides support services allowed by license rights afforded by Oracle to its clients.

33. The allegations in Paragraph 33 are denied.

34. The allegations in Paragraph 34 are denied.

35. Admitted that Rimini filed a registration statement using Form S-1 with the Security and Exchange Commission in February 2014. The remaining allegations in Paragraph 35 are denied.

36. The allegations in Paragraph 36 are denied.

37. The allegations in Paragraph 37 are denied.

38. The allegations in Paragraph 38 are denied.

39. Admitted that Ravin founded Rimini. The remaining allegations in Paragraph 39 are denied.

40. The allegations in Paragraph 40 are denied.

41. The allegations in Paragraph 41 are denied.

42. The allegations in Paragraph 42 are denied.

43. The allegations in Paragraph 43 are denied.

44. The allegations in Paragraph 44 are denied.

45. Admitted that the Court's February 2014 summary judgment order contains the language quoted in Paragraph 45. The remaining allegations in Paragraph 45 are denied.

46. Admitted that the Court's August 2014 order includes the language quoted in Paragraph 46. The remaining allegations in Paragraph 46 are denied.

47. Admitted that Paragraph 47 reflects the Court's findings.

48. The allegations in Paragraph 48 are denied.

49. Admitted that the Court's August 2014 order includes the language quoted in Paragraph 49. The remaining allegations in Paragraph 49 are denied.

50. Admitted that Rimini sent letters to clients, which speak for themselves. The remaining allegations in Paragraph 50 are denied.

51. The allegations in Paragraph 51 are denied.

52. The allegations in Paragraph 52 are denied.

53. Admitted that Rimini has developed and released updates. The remaining allegations in Paragraph 53 are denied.

54. Admitted that the quotation in Paragraph 54 is found in a Rimini patent application. The remaining allegations in Paragraph 54 are denied.

55. The allegations in Paragraph 55 are denied.

56. The allegations in Paragraph 56 are denied.

57. The allegations in Paragraph 57 are denied.

58. The allegations in Paragraph 58 are denied.

59. The allegations in Paragraph 59 are denied.

60. The allegations in Paragraph 60 are denied.

61. The allegations in Paragraph 61 are denied.

62. The allegations in Paragraph 62 are denied.

63. The allegations in Paragraph 63 are denied.

64. The allegations in Paragraph 64 are denied.

65. The allegations in Paragraph 65 are denied.

66. Admitted that Ravin personally signed some contracts on behalf of Rimini. The remaining allegations in Paragraph 66 are denied.

67. The allegations in Paragraph 67 are denied.

68. The allegations in Paragraph 68 are denied.

69. The allegations in Paragraph 69 are denied.

70. The allegations in Paragraph 70 are denied.

71. The allegations in Paragraph 71 are denied.

72. The allegations in Paragraph 72 are denied.

73. The allegations in Paragraph 73 are denied.

74. The allegations in Paragraph 74 are denied.

75. The allegations in Paragraph 75 are denied.

76. The allegations in Paragraph 76 are denied.

**First Claim for Relief**

77. Counterdefendants incorporate their responses to the corresponding Paragraphs.

78. The allegations in Paragraph 78 are denied.

79. The allegations in Paragraph 79 are denied.

80. The allegations in Paragraph 80 are denied.

81. The allegations in Paragraph 81 are denied.

82. The allegations in Paragraph 82 are denied.

83. The allegations in Paragraph 83 are denied.

84. The allegations in Paragraph 84 are denied.

85. The allegations in Paragraph 85 are denied.

86. The allegations in Paragraph 86 are denied.

87. The allegations in Paragraph 87 are denied.

88. The allegations in Paragraph 88 are denied.

**Second Claim for Relief**

89. Counterdefendants incorporate their responses to the corresponding Paragraphs.

90. The allegations in Paragraph 90 are denied.

91. The allegations in Paragraph 91 are denied.

92. The allegations in Paragraph 92 are denied.

93. The allegations in Paragraph 93 are denied.

94. The allegations in Paragraph 94 are denied.

## Third Claim for Relief

95. Counterdefendants incorporate their responses to the corresponding Paragraphs.

96. The allegations in Paragraph 96 are denied.

97. The allegations in Paragraph 97 are denied.

98. The allegations in Paragraph 98 are denied.

99. The allegations in Paragraph 99 are denied.

100. The allegations in Paragraph 100 are denied.

101. The allegations in Paragraph 101 are denied.

## Fourth Claim for Relief

102. Counterdefendants incorporate their responses to the corresponding Paragraphs.

103. The allegations in Paragraph 103 are denied.

104. The allegations in Paragraph 104 are denied.

105. The allegations in Paragraph 105 are denied.

106. The allegations in Paragraph 106 are denied.

107. The allegations in Paragraph 107 are denied.

108. The allegations in Paragraph 108 are denied.

109. The allegations in Paragraph 109 are denied.

110. The allegations in Paragraph 110 are denied.

111. The allegations in Paragraph 111 are denied.

## Fifth Claim for Relief

112. Counterdefendants incorporate their responses to the corresponding Paragraphs.

113. The allegations in Paragraph 113 are denied.

114. The allegations in Paragraph 114 are denied.

115. The allegations in Paragraph 115 are denied.

116. The allegations in Paragraph 116 are denied.

**Sixth Claim for Relief**

117. Counterdefendants incorporate their responses to the corresponding Paragraphs.

118. The allegations in Paragraph 118 are denied.

119. The allegations in Paragraph 119 are denied.

120. The allegations in Paragraph 120 are denied.

121. The allegations in Paragraph 121 are denied.

122. The allegations in Paragraph 122 are denied.

123. The allegations in Paragraph 123 are denied.

124. The allegations in Paragraph 124 are denied.

125. The allegations in Paragraph 125 are denied.

**Seventh Claim for Relief**

126. Counterdefendants incorporate their responses to the corresponding Paragraphs.

127. The allegations in Paragraph 127 are denied.

128. The allegations in Paragraph 128 are denied.

**Eighth Claim for Relief**

129. Counterdefendants incorporate their responses to the corresponding Paragraphs.

130. The allegations in Paragraph 130 are denied.

131. The allegations in Paragraph 131 are denied.

132. The allegations in Paragraph 132 are denied.

**Prayer for Relief**

Counterdefendants deny that Counterclaimants are entitled to any relief in connection with the allegations of their counterclaims, including, without limitations, the allegations of Paragraphs A through O of their Prayer for Relief.

## Affirmative Defenses

### First Affirmative Defense

1. Counterdefendants' use of Counterclaimants' copyrighted material, if any, is authorized under terms of license agreements held by Rimini and/or Rimini's licensed customers for whom Rimini acts as an agent.

### Second Affirmative Defense

2. Counterclaimants consented to Counterdefendants' use, if any, of Counterclaimants' copyrighted material. Oracle consented to Rimini's use of its copyrighted material by issuing Rimini, as a designated "Oracle Technical Support Contact," log-on credentials that enable access to support materials through Oracle's customer support web pages, and by providing copyrighted material directly to Rimini on numerous occasions, as an authorized agent of Oracle's licensees.

### Third Affirmative Defense

3. One or more of Counterclaimants' claims for statutory damages and attorneys' fees under 17 U.S.C. § 504 are barred because some, if not all, of counterclaimants' copyright registrations were not made within three months after the first publication of the allegedly infringing works, as required by 17 U.S.C. § 412.

### Fourth Affirmative Defense

4. Counterclaimants' claims for copyright infringement are barred by implied license. Oracle's conduct, as well as the custom and practice of the community, gives rise to an implied license. The well-known and accepted practices of the software industry provide Rimini an implied license to access and use Oracle's copyrighted content.

### Fifth Affirmative Defense

5. Counterclaimants' claims for copyright infringement are barred by the doctrines of merger and Scènes-á-faire. Given the limited number of ways that updates, fixes and other alleged derivative works can be expressed, Claimants' claims for copyright infringement are barred for one or more works and/or derivative works allegedly infringed.

### Sixth Affirmative Defense

6. Counterclaimants' claims are barred in whole or in part by the applicable statutes of

limitations, to the extent one or more of the alleged acts of infringement occurred prior to the Copyright Act's three-year statute of limitations.

**Seventh Affirmative Defense**

7. Any reproduction, display, derivation, publication or distribution of any valid copyright of the Counterclaimants by Counterdefendants is either fair use protected by the provisions of 17 U.S.C. § 107 or is *de minimis*.

**Eighth Affirmative Defense**

8. Any copy, adaptation, lease, sale, or transfer of any work copyrighted by the Counterclaimants is protected by the provisions of 17 U.S.C. § 117.

**Ninth Affirmative Defense**

9. Counterclaimants' claims are barred by the doctrine of unclean hands and/or unjust enrichment to the extent Counterclaimants seek to use license agreements or other contracts to an anticompetitive effect, including but not limited to violations of the Sherman Act, the Clayton Act, or other law barring anticompetitive conduct.

**Tenth Affirmative Defense**

10. Counterclaimants' claims are barred by the doctrine of copyright misuse to the extent Counterclaimants seek to use license agreements or other contracts to an anticompetitive effect, including but not limited to violations of the Sherman Act, the Clayton Act, or other law barring anticompetitive conduct. Specifically, Oracle has attempted to use its license agreements to forestall competition and to significantly interfere with and/or to preclude a customer's ability to select a support vendor other than Oracle, or otherwise attempted to influence competition in an area beyond the scope of Oracle's copyrights. For instance, on information and belief senior managers in Oracle's support sales organization have told Oracle licensees, including prospective clients of Rimini, that "<u>no company</u> out there, including Rimini Street, can offer you the support of the vendor <u>without committing copyright infringement</u>." Such statements are evidence that Oracle has drafted its license agreements in an anticompetitive manner so as to secure for Oracle a monopoly with respect to uncopyrighted after-market support services.

**Eleventh Affirmative Defense**

11. Counterclaimants' damages, if any, should be reduced due to their failure to mitigate damages.

**Twelfth Affirmative Defense**

12. Counterclaimants fail to state a claim on which relief can be granted.

Counterdefendants reserve the right to assert additional defenses as they become known through further investigation and discovery.

WHEREFORE, Counterdefendants request that Counterclaimants' claims be dismissed in their entirety, with prejudice; that judgment be entered against Counterclaimants; that judgment be entered in favor of Counterdefendants; that the Court declare this case to be exceptional; that Counterdefendants be awarded their costs and reasonable attorneys' fees incurred in connection with the defense of this action; and that Counterdefendants be awarded such other and further relief as the Court deems appropriate.

**Demand for Jury Trial**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Counterdefendants hereby demand a jury trial on all issues so triable.

DATED: March 31, 2015

SHOOK, HARDY & BACON LLP
By: *_/s/ Robert H. Reckers_*
Robert H. Reckers (Admitted *pro hac vice*)
600 Travis Street, Suite 3400
Houston, Texas 77002

*Attorneys for Plaintiff and Counterdefendant RIMINI STREET, INC., and Counterdefendant SETH RAVIN.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of March, 2015, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of Nevada, using the electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

_/s/ *Jeff Glidewell*
An Employee of Shook Hardy and Bacon LLP