| | | |
|---|---|---|
| 1 | LEWIS ROCA ROTHGERBER LLP<br>W. WEST ALLEN (NV Bar No. 5566) | BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568) |
| 2 | 3993 Howard Hughes Parkway, Suite 600<br>Las Vegas, NV 89169 | 300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101 |
| 3 | Telephone: (702) 949-8200<br>Facsimile: (702) 949-8398 | Telephone: (702) 382-7300<br>Facsimile: (702) 382-2755 |
| 4 | wallen@lrlaw.com | rpocker@bsfllp.com |
| 5 | SHOOK, HARDY & BACON LLP<br>B. TRENT WEBB | BOIES, SCHILLER & FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*) |
| 6 | RYAN D. DYKAL<br>PETER STRAND | KIERAN P. RINGGENBERG (*pro hac vice*)<br>BEKO O. REBLITZ-RICHARDSON |
| 7 | 2555 Grand Boulevard<br>Kansas City, MO 64108 | (*pro hac vice*)<br>1999 Harrison Street, Suite 900 |
| 8 | Telephone: (816) 474-6550<br>Facsimile: (816) 421-5547 | Oakland, CA 94612<br>Telephone: (510) 874-1000 |
| 9 | bwebb@shb.com<br>rdykal@shb.com | Facsimile: (510) 874-1460<br>sholtzman@bsfllp.com |
| 10 | pstrand@shb.com | kringgenberg@bsfllp.com<br>brichardson@bsfllp.com |
| 11 | SHOOK, HARDY & BACON LLP<br>ROBERT H. RECKERS | |
| 12 | 600 Travis Street, Suite 3400<br>Houston, TX 77002 | MORGAN, LEWIS & BOCKIUS LLP<br>THOMAS S. HIXSON (*pro hac vice*) |
| 13 | Telephone: (713) 227-8008<br>Facsimile: (713) 227-9508 | JOHN A. POLITO (*pro hac vice*)<br>NITIN JINDAL (*pro hac vice*) |
| 14 | rreckers@shb.com | One Market, Spear Street Tower<br>San Francisco, CA  94105 |
| 15 | | Telephone:  415.393.2000<br>Facsimile:  415.393.2286 |
| 16 | Attorneys for Plaintiff and Counterdefendant<br>Rimini Street, Inc. and Counterdefendant Seth | thomas.hixson@morganlewis.com<br>john.polito@morganlewis.com |
| 17 | Ravin | nitin.jindal@morganlewis.com |
| 18 | | DORIAN DALEY (*pro hac vice*)<br>DEBORAH K. MILLER (*pro hac vice*) |
| 19 | | JAMES C. MAROULIS (*pro hac vice*)<br>ORACLE CORPORATION |
| 20 | | 500 Oracle Parkway, M/S 5op7<br>Redwood City, CA 94070 |
| 21 | | Telephone:  650.506.4846<br>Facsimile:  650.506.7114 |
| 22 | | dorian.daley@oracle.com<br>deborah.miller@oracle.com |
| 23 | | jim.maroulis@oracle.com |
| 24 | | Attorneys for Counterclaimant Oracle America, |
| 25 | | Inc. and Defendant and Counterclaimant Oracle<br>International Corp. |
| 26 | | |
| 27 | | |
| 28 | | Case No. 2:14-cv-01699-LDG-VCF |

[PROPOSED] STIPULATED PROTECTIVE ORDER

A/76615626.1

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RIMINI STREET, INC., a Nevada corporation;<br><br>    Plaintiff,<br><br>    v.<br><br>ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>    Defendant. | Case No. 2:14-cv-01699-LDG-VCF<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>    Counterclaimants,<br><br>    v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>    Counterdefendants. | |

1

[PROPOSED] STIPULATED PROTECTIVE ORDER

A/76615626.1

1    Disclosure and discovery activity in the above-captioned action (the "Action") are likely

2    to involve production of confidential, proprietary, or private information for which special

3    protection from public disclosure and from use for any purpose other than prosecuting this

4    litigation would be warranted.  Accordingly, plaintiff and counterdefendant Rimini Street, Inc.

5    and counterdefendant Seth Ravin (collectively, "Rimini Street"), and defendant and

6    counterclaimant Oracle International Corporation and counterclaimant Oracle America, Inc.

7    ("Oracle America") (collectively, "Oracle" and, together with Rimini Street, the "Parties")

8    hereby stipulate to and petition the Court to enter the following Stipulated Protective Order

9    ("Protective Order").  The Parties acknowledge that this Protective Order does not confer blanket

10   protections on all disclosures or responses to discovery and that the protection it affords extends

11   only to the limited information or items that are entitled under the applicable legal principles to

12   treatment as confidential.  The Parties further acknowledge that this Protective Order creates no

13   entitlement to file confidential information under seal in connection with a dispositive motion,

14   and that the parties will follow the procedures of this Court with regard to filing documents

15   under seal in connection with dispositive motions.

16   It is hereby ORDERED as follows:

17   1.    This Protective Order shall be applicable to and govern all depositions,

18   documents, information or things produced by a Party or third party in connection with this

19   litigation in response to requests for production of documents, requests for inspections of things,

20   answers to interrogatories, responses to requests for admissions, answers to deposition questions

21   and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as

22   testimony adduced at trial, matters in evidence, and other information (hereinafter, "Discovery

23   Material") that the Designating Party designates as "Confidential Information" or "Highly

24   Confidential Information – Attorneys' Eyes Only."  A Party (or, if applicable, non-party)

25   designating Discovery Material as "Confidential Information" or "Highly Confidential

26   Information – Attorneys' Eyes Only" shall be referred to for purposes of this Protective Order as

27   the "Designating Party."

28   2.    Any non-party to this Action may designate any Discovery Material produced by

[PROPOSED] STIPULATED PROTECTIVE ORDER

A/76615626.1

1   it, whether pursuant to subpoena or by agreement, as "Confidential Information" or "Highly

2   Confidential Information – Attorneys' Eyes Only" pursuant to the terms of this Protective Order,

3   upon such non-party's execution of a Declaration of Compliance with this Protective Order

4   substantially in the form attached to this Protective Order as Exhibit A.   Any Party (or, if

5   applicable, non-party) receiving Discovery Material designated as "Confidential Information" or

6   "Highly Confidential Information – Attorneys' Eyes Only" shall be referred to for purposes of

7   this Protective Order as the "Receiving Party."  Counsel for any Designating Party may

8   designate any Discovery Material as "Confidential Information" or "Highly Confidential

9   Information - Attorneys' Eyes Only" under the terms of this Protective Order only if such

10  counsel in good faith believes that such Discovery Material contains such information and is

11  subject to protection under Federal Rule of Civil Procedure 26(c).  The designation by any

12  Designating Party of any Discovery Material as "Confidential Information" or "Highly

13  Confidential Information – Attorneys' Eyes Only" shall constitute a representation that an

14  attorney for the Designating Party reasonably believes there is a valid basis for such designation.

15        3.      For purposes of this Protective Order, "Confidential Information" shall include all

16  non-public information or matter related to:  financial or business plans or projections;

17  acquisition offers or expressions of interest; proposed strategic transactions or other business

18  combinations; compensation plans; proprietary technical information and specifications; current

19  or future business and marketing information, plans, and strategies; studies or analyses by

20  internal or outside experts; customer information, data or lists; confidential financial data or

21  results; tax data; confidential information regarding assets and liabilities; valuation analyses;

22  competitive analyses; confidential personnel information; personal financial information;

23  personal information subject to protection under California or Nevada law; or other

24  commercially or personally sensitive or proprietary information.  Notwithstanding the foregoing,

25  Confidential Information shall not mean information or documents produced or disclosed that are

26  or become, without violating this Protective Order, and apart from production or disclosure in

27  connection with this action, a matter of public record or publicly available by law or otherwise.

28        4.      For purposes of this Protective Order, "Highly Confidential Information" shall

Case No. 2:14-cv-01699-LDG-VCF

[PROPOSED] STIPULATED PROTECTIVE ORDER

A/76615626.1

1   include only extremely sensitive, highly confidential, non-public information, consisting either

2   of trade secrets or other highly confidential documents related to current or future business plans,

3   protocols or strategies, the disclosure of which to the Receiving Parties or non-parties (other than

4   the Designating Party) would be likely to cause competitive or business injury to the Designating

5   Party (other than injury to the Designating Party's position in this Action).  Highly Confidential

6   Information shall be designated as "Highly Confidential Information – Attorneys' Eyes Only" or

7   "Highly Confidential Information – AEO" and the use and disclosure of such information shall

8   be restricted as set forth below.  Notwithstanding the foregoing, Highly Confidential Information

9   shall not mean information or documents produced or disclosed that are or become, without

10  violating this Protective Order, and apart from production or disclosure in connection with this

11  action, a matter of public record or publicly available by law or otherwise.

12         5.     Any Discovery Material designated as "Confidential Information" or "Highly

13  Confidential Information – Attorneys' Eyes Only," whether such information is provided orally

14  or by a document or in electronic form, shall be maintained as set forth in the Protective Order,

15  and shall not be disclosed to any person or entity, except as permitted in the Protective Order.

16         6.     All Discovery Material, whether or not filed or lodged with the Court, that a

17  Designating Party contends constitutes "Confidential Information" or "Highly Confidential

18  Information" shall be designated by the Designating Party as follows:

19              a.     Documents or other tangible Discovery Material shall, at the time of their

20  production, be designated by stamping or labeling the same with the legend "Confidential

21  Information" or "Highly Confidential Information – Attorneys' Eyes Only" on each page of a

22  document or material containing such information.

23              b.     Documents or other tangible Discovery Material produced by a non-party

24  to this Action shall be so designated by the Designating Party by providing written notice, as

25  soon as reasonably practicable, to counsel of record for the Parties (and to counsel of record, if

26  any, for the non-party who produced such Documents or other tangible Discovery Material) of

27  the Bates numbers or number range or other sufficiently definite description of the documents to

28  be designated as "Confidential Information" or "Highly Confidential Information - Attorneys'

Case No. 2:14-cv-01699-LDG-VCF

A/76615626.1

1     Eyes Only."  Counsel shall not permit documents or materials produced by a non-party to be

2     distributed to persons beyond those specified in Paragraph 9 or 10 below until those documents

3     or materials have been designated in accordance with this Paragraph.

4            c.       Deposition testimony shall be designated "Confidential Information" or

5     "Highly Confidential Information - Attorneys' Eyes Only" (i) at the taking of the deposition by a

6     statement on the record, by counsel at the time of such disclosure, or (ii) by written notice sent to

7     counsel of record for all Parties within five (5) business days after receiving a copy of the final,

8     hard copy transcript thereof, identifying the specific pages thereof designated as "Confidential

9     Information" or "Highly Confidential Information - Attorneys' Eyes Only."  In both of the

10     foregoing instances, counsel for the Designating Party shall direct that the legend "Confidential

11     Information" or "Highly Confidential Information - Attorneys' Eyes Only" be affixed to the

12     portions of the original and all copies of the transcript.  Counsel shall treat deposition transcripts

13     as "Highly Confidential Information - Attorneys' Eyes Only" in their entirety until the relevant

14     period for the designation has expired.  The Parties may modify this procedure for any particular

15     deposition through agreement on the record at such depositions without further order of the

16     Court.

17            d.       Non-documentary and non-testimonial material, such as oral statements,

18     shall be designated as "Confidential Information" or "Highly Confidential Information -

19     Attorneys' Eyes Only" at the time of disclosure and promptly confirmed in writing.

20         7.       Inadvertent failure to designate Discovery Material as "Confidential Information"

21     or "Highly Confidential Information - Attorneys' Eyes Only" shall not constitute a waiver of

22     such claim and may be corrected by prompt supplemental written notice designating such

23     Discovery Material as "Confidential Information" or "Highly Confidential Information -

24     Attorneys' Eyes Only" in a manner consistent with Paragraph 6.  The Party or non-party

25     receiving such supplemental written notice shall thereafter mark and treat materials so designated

26     as "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" as

27     the case may be, and such materials shall be fully subject to this Protective Order as if they had

28     been initially so designated.  A person disclosing Discovery Material that is subsequently

[PROPOSED] STIPULATED PROTECTIVE ORDER

A/76615626.1

designated as "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" shall in good faith assist the Designating Party in retrieving such Discovery Material from all recipients not entitled to receive such Discovery Material under the terms of this Protective Order and prevent further disclosures except as authorized under the terms of this Protective Order.

8.    Except as the Designating Party or its counsel may otherwise agree in writing, or as the Court may otherwise order, all Discovery Material marked or otherwise identified as "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" and received by any Receiving Party pursuant to this Protective Order: (a) shall be disclosed only to such persons and in such manner as set forth in this Protective Order; (b) shall be used solely for the purposes of preparation for trial, trial of and/or appeal from this Action and no other; and (c) shall not be used by the Receiving Party for any other purposes, including, without limitation, any business or commercial purpose.  The prohibitions on the use of Confidential Information and Highly Confidential Information as set forth in this Protective Order shall survive the termination of this Action.

9.    Counsel for a Receiving Party may disclose or make available any Discovery Material designated as "Confidential Information" and/or any information derived from such Discovery Material only to the following persons:

a.    Counsel to the Parties in this Action (outside counsel, of counsel, and in-house counsel, including members of the outside counsel firms, associate attorneys, contract attorneys, paralegals, secretarial staff, clerical and other regular or temporary employees), and consultants and vendors of such Counsel to the Parties (including trial consultants, jury consultants, and service vendors such as outside copying services, outside litigation support services, translations services or graphics, design, or document handling services/consultants retained in connection with this Action for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings and excluding consulting or testifying subject-matter experts) ("Consultants and Vendors"), provided that no Discovery Material designated as "Confidential Information" shall be disclosed to any Consultants and Vendors or temporary

1  employee of Counsel to the Parties unless and until such person has executed a Declaration of

2  Compliance substantially in the form attached to this Protective Order as Exhibit A;

3          b.      The Parties and directors or employees of the Parties assisting counsel for

4  the purposes of this Action;

5          c.      Trial witnesses and deponents ("Witness(es)") (other than Witnesses

6  otherwise covered by (b) above), and their counsel, during the course of and, only to the extent

7  necessary, in preparation for depositions or testimony in this Action, subject to the provisions of

8  Paragraph 11 below;

9          d.      Retained experts and expert consultants assisting counsel for the Parties in

10 this Action, and only to the extent necessary for the expert or expert consultant to prepare a

11 written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this

12 Action, subject to the provisions of Paragraph 12 below;

13         e.      The Court and its staff and administrative personnel, and Court reporters,

14 videographers and stenographers employed to take depositions, and any essential personnel

15 retained by the Court; and

16         f.      Any other person only upon order of the Court or upon stipulation of the

17 Designating Party.

18     10.    Counsel for a Receiving Party may disclose or make available any Discovery

19 Material designated as "Highly Confidential Information – Attorneys' Eyes Only" and/or any

20 information derived from such Discovery Material only to the following persons:[1]

21         a.      Counsel to the Parties in this Action (outside counsel and of counsel

22 _____

23 This Stipulated Protective Order is similar to the protective order filed in *Oracle USA, Inc., et al. v. Rimini Street, Inc. and Seth Ravin*, Case No. 2:10-cv-0106-LRH-PAL ("*Rimini I*") (Dtk. 55).  At the time that this Stipulated

24 Protective Order is given effect, Rimini Street has a motion pending before the court in *Rimini I* to modify the protective order in that case to allow Mr. Ravin to access Oracle's trial exhibits marked "Highly Confidential

25 Information – Attorneys' Eyes Only."  *Id.* at Dkt. 539.  To facilitate early entry of a protective order in this litigation, Rimini Street has agreed to enter into this Stipulated Protective Order without provisions allowing Mr.

26 Ravin to access all evidence to be used at trial, though Rimini Street reserves the right to move to add such provisions in the future.  In exchange, Oracle agrees that it will not raise Rimini Street's decision to defer resolution

27 of this issue as a basis for opposing modifying this Stipulated Protective Order to allow Mr. Ravin to review Oracle's trial exhibits marked "Highly Confidential Information – Attorneys' Eyes Only."

28

[PROPOSED] STIPULATED PROTECTIVE ORDER

Case No. 2:14-cv-01699-LDG-VCF

A/76615626.1

1  including members of the outside counsel firms, associate attorneys, contract attorneys,

2  paralegals, secretarial staff, clerical and other regular or temporary employees), and Consultants

3  and Vendors of such Counsel to the Parties, provided that no Discovery Material designated as

4  "Highly Confidential Information – Attorneys' Eyes Only" shall be disclosed to any Consultants

5  and Vendors or temporary employee of Counsel to the Parties unless and until such person has

6  executed a Declaration of Compliance substantially in the form attached to this Protective Order

7  as Exhibit A;

8        b.     From each of Oracle and Rimini Street, three in-house counsel who are

9  employed by the legal department for a Party and who are acting as legal counsel in connection

10  with this Action, as well as the designated in-house counsels' necessary secretarial, clerical,

11  administrative or support staff, provided that the designated in-house counsel, secretarial,

12  clerical, administrative or support staff are not involved in competitive decision-making for the

13  Party (*i.e.*, development, marketing or pricing decisions) and further provided that such

14  secretarial, clerical, administrative or support staff do not also support persons who are involved

15  competitive decision-making for the Party as to the subjects of the information designated as

16  "Highly Confidential Information – Attorneys' Eyes Only."  Either Party may designate up to

17  three in-house counsel and may change the in-house counsel so designated by proposing such a

18  designation or change in writing to (i) all counsel of record in this action, including providing a

19  detailed description of the proposed designee's present and past roles and responsibilities as an

20  employee of the Party over the prior five (5) years, and (ii) counsel of record for all third-parties,

21  if any, that have produced documents or materials designated as "Highly Confidential

22  Information – Attorneys' Eyes Only" pursuant to this Protective Order.  Consent to such

23  proposed amendment will be deemed given by the other parties (including third parties) if

24  objection is not made within ten (10) business days.

25        c.     The author of the Discovery Material or the original source of the entirety

26  of the information contained therein, and any copied recipients thereof;

27        d.     Witnesses and their counsel, during the course of and, only to the extent

28  necessary, in preparation for depositions or testimony in this Action only if (1) that Witness had

[PROPOSED] STIPULATED PROTECTIVE ORDER

A/76615626.1

1   previously received or seen, independent of this Action, the specific documents or materials

2   designated as "Highly Confidential Information – Attorneys' Eyes Only" or previously had,

3   independent of this Action, personal knowledge of the information designated as "Highly

4   Confidential Information – Attorneys' Eyes Only"; and (2), except for individuals who are

5   present employees of the Party or non-party that produced the Discovery Material, that Witness

6   has executed a Declaration of Compliance substantially in the form attached to this Protective

7   Order as Exhibit A acknowledging that the deponent will treat documents designated "Highly

8   Confidential Information – Attorneys Eyes Only" in accordance with the Protective Order and

9   that the Witness agrees to be bound by the terms of this Protective Order, or the Witness shall

10  agree on the record to be bound by the terms of this Protective Order and the Declaration of

11  Compliance attached hereto as Exhibit A.  If a Witness refuses both options, the deposition may

12  cease and the parties should file any necessary motions with the Court, or the parties may agree

13  to continue the deposition on terms agreeable to all parties;

14          e.       Retained experts and expert consultants assisting counsel for the Parties in

15  this Action, and only to the extent necessary for the expert or expert consultant to prepare a

16  written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this

17  Action, subject to the provisions of Paragraph 12 below;

18          f.       The Court and its staff and administrative personnel, and Court reporters,

19  videographers and stenographers employed to take depositions, and any essential personnel

20  retained by the Court; and

21          g.       Any other person only upon order of the Court or upon stipulation of the

22  Designating Party.

23      11.     Counsel for any Party to this litigation or counsel for the Witness may exclude

24  from the room during any deposition any person who is not entitled under the provisions of

25  Paragraph 9 or 10 to receive or review "Confidential Information" or "Highly Confidential

26  Information - Attorneys Eyes' Only" Discovery Material during the time that such information

27  is being disclosed or discussed in the deposition.

28          a.       No Witness may be shown or examined on any "Confidential

Case No. 2:14-cv-01699-LDG-VCF

[PROPOSED] STIPULATED PROTECTIVE ORDER

A/76615626.1

1  Information" or "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material

2  unless he or she is entitled to receive or review such material under the provisions of Paragraph

3  9 or 10, or unless otherwise agreed by counsel for the Designating Party for the Discovery

4  Material at issue. In the event that counsel for the Designating Party of the Discovery Material

5  that has been designated as "Confidential Information" or "Highly Confidential Information –

6  Attorneys' Eyes Only" agrees that the Witness may be shown or examined on any such

7  "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only"

8  Discovery Materials, the Witness must first be advised of the confidential nature of the

9  Discovery Material, and be informed that any unauthorized disclosure of the information

10  contained in the Discovery Material may constitute a contempt of this Court.

11            b.        Any Party wishing to use documents of an opposing Party designated

12  either "Confidential Information" or "Highly Confidential Information – Attorneys Eyes Only"

13  at the deposition of a third party must give the opposing Party at least 48 hours written notice.

14  The written notice must provide (i) a list of the documents by Bates number that the requesting

15  Party wishes to use in the third-party deposition; and (ii) a complete copy set of the documents

16  that are to be shown to a third-party deponent.  The third-party deponent must be asked to

17  execute a Declaration of Compliance substantially in the form attached to this Protective Order

18  as Exhibit A, acknowledging that the deponent will treat documents designated "Confidential

19  Information" or "Highly Confidential Information – Attorneys Eyes Only" in accordance with

20  the Protective Order and that the third-party deponent agrees to be bound by the terms of this

21  Protective Order.  If before testifying the third-party deponent refuses to sign the Declaration of

22  Compliance Counsel for the Party seeking to depose the third party shall (i) provide the third-

23  party deponent a copy of this Protective Order; (ii) state on the record that the Discovery

24  Material about which the third-party deponent is to be questioned is subject to the terms of this

25  Protective Order; and (iii) inform the third-party deponent on the record that unauthorized

26  disclosure of the information contained in the Discovery Material may constitute a contempt of

27  this Court.

28            12.       "Confidential Information" or "Highly Confidential Information - Attorneys'

[PROPOSED] STIPULATED PROTECTIVE ORDER

A/76615626.1

1    Eyes Only" Discovery Material may be provided to retained experts and/or expert consultants

2    assisting counsel for the Parties in this Action (excluding Consultants and Vendors), and only to

3    the extent necessary for the expert or expert consultant to prepare a written opinion, to prepare

4    to testify, or to assist counsel in the prosecution or defense of this Action, provided that such

5    expert or expert consultant: (i) is not currently, or has not in the past year from the date of this

6    Protective Order, been a competitor of the non-retaining Party, or a partner, director, officer,

7    employee or other affiliate of such a competitor; (ii) is using said "Confidential Information" or

8    "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material solely in

9    connection with this Action; and (iii) signs a Declaration of Compliance in the form attached to

10   this Protective Order as Exhibit A, agreeing in writing to be bound by the terms and conditions

11   of this Protective Order, consenting to the jurisdiction of the Court for enforcement of this

12   Protective Order, and agreeing not to disclose or use any "Confidential Information" or "Highly

13   Confidential Information - Attorneys' Eyes Only" Discovery Material in a manner or for

14   purposes other than those permitted by this Protective Order.  Counsel for the Party using the

15   expert or expert consultant shall be responsible for obtaining the signed undertaking and

16   retaining the original, executed copy.  At least five (5) business days prior to providing an

17   expert or expert consultant with any information that has been designated as "Confidential

18   Information" or "Highly Confidential Information - Attorneys' Eyes Only" by the opposing

19   Party, Counsel must first identify the expert in writing to opposing counsel.  This written

20   identification shall include a current resume or curriculum vitae, and shall be served by

21   electronic mail, in addition to overnight mail.  Should the opposing Party object to the

22   disclosure of its "Confidential Information" or "Highly Confidential Information - Attorneys'

23   Eyes Only" to the designated expert or expert consultant, it shall provide written notice within

24   five (5) business days.  The objecting Party shall meet and confer with the Party identifying the

25   expert on that objection within two (2) business days of the written objection being served on

26   counsel.  If the meet and confer does not resolve the dispute, the Parties agree to expedited

27   briefing.  The objecting Party shall file a motion within two court days of the meet and confer.

28   The Party identifying the expert shall file any opposition within three court days of filing of the

[PROPOSED] STIPULATED PROTECTIVE ORDER

A/76615626.1

1    opening brief, and no reply will be filed.  Both briefs shall be served by electronic mail, in

2    addition, to overnight mail.  The Parties agree that Exhibit A shall not be filed with the Court

3    and shall be deemed as "Confidential Information" within the meaning of this Protective Order.

4    No "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only"

5    Discovery Material may be provided to retained experts and/or expert consultants unless and

6    until such person has executed a Declaration of Compliance substantially in the form attached

7    to this Protective Order as Exhibit A, and such Declaration of Compliance has been served on

8    counsel for all Parties.  Further, upon service of a written objection to an expert or expert

9    consultant pursuant to this Paragraph 12, no information designated as "Confidential

10   Information" or "Highly Confidential Information - Attorneys' Eyes Only" by the objecting

11   Party  may be disclosed to the expert or expert consultant subject to objection unless and until

12   the time to file a motion with the Court has expired or the Court has ruled on the motion.

13            13.    This Protective Order has no effect upon, and shall not apply to, the Designating

14   Parties' use of their own Confidential Information or Highly Confidential Information for any

15   purpose.  Nothing in this Protective Order shall:  (i) prevent a Designating Party from

16   disclosing its own "Confidential Information" or "Highly Confidential Information - Attorneys'

17   Eyes Only" Discovery Material to officers, directors, employees, agents, or advisors, including

18   investment bankers and accountants, of the Designating Party; or (ii) impose any restrictions on

19   the use or disclosure by a Designating Party of documents, materials, or information designated

20   "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" if

21   such documents, materials, or information were both lawfully obtained by and lawfully retained

22   in the possession of such Designating Party independently of the discovery proceedings in this

23   Action.

24            14.    Without written permission from the Designating Party or a court order secured

25   after appropriate notice to all interested persons, a Receiving Party  may not file in the public

26   record in this action any "Confidential Information" or "Highly Confidential Information -

27   Attorneys' Eyes Only" Discovery Material.  A Receiving Party that seeks to file under seal any

28   "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only"

Case No. 2:14-cv-01699-LDG-VCF

[PROPOSED] STIPULATED PROTECTIVE ORDER

A/76615626.1

1  Discovery Material must comply with the applicable procedures of this Court.  The envelope

2  containing documents sought to be filed under seal must indicate that the documents are being

3  filed pursuant to this Protective Order and that the envelope shall not be opened absent further

4  order of the Court.

5        15.    The inadvertent production of any Discovery Material shall be without prejudice

6  to any claim that such Discovery Material is privileged or protected from discovery as work-

7  product or by reason of any other applicable privilege or immunity, including without limitation

8  the attorney-client privilege, and no Party or non-party shall be held to have waived any

9  otherwise applicable privilege or protection by such inadvertent production.  If the claim of

10  inadvertent production is made pursuant to this Paragraph with respect to information then in

11  the custody of another Party or non-party, such Party or non-party shall promptly return to the

12  claiming Party or non-party that material as to which the claim of inadvertent production has

13  been made and all copies thereof, and the receiving Party or non-party shall not use such

14  information for any purpose, expect as provided by Fed. R. Civ. P. 26(b)(5)(B).  Where the

15  Designating and Receiving Parties agree in writing with regard to particular requested

16  materials, a Designating Party may provide those requested materials for initial examination by

17  the Receiving Party in connection with the Action without waiving any privilege or protection

18  in this case or any other Federal or State proceeding.

19        16.    Unless a prompt challenge to a Designating Party's confidentiality designation is

20  necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later

21  significant disruption or delay of the litigation, a Receiving Party does not waive its right to

22  challenge a confidentiality designation by electing not to mount a challenge promptly after the

23  Designating Party discloses the designation.

24        a.    A Receiving Party that elects to initiate a challenge to a Designating

25  Party's confidentiality designation must do so in good faith and must begin the process by

26  conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)

27  with counsel for the Designating Party.  In conferring, the challenging Receiving Party must

28  explain the basis for its belief that the confidentiality designation was not proper and must give

Case No. 2:14-cv-01699-LDG-VCF

[PROPOSED] STIPULATED PROTECTIVE ORDER

A/76615626.1

the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Receiving Party may proceed to the next stage of the challenge process only if it first has engaged in this meet and confer process.

b.      A Receiving Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion in compliance with all applicable Federal and Local rules that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding subparagraph and that (to the extent possible) sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

c.      The burden of proof in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.  This provision applies only to challenge proceedings, and shall not be construed to affect the burden of proof for a motion to seal.

17.      Entering into, agreeing to, producing, or receiving "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material pursuant to, and/or otherwise complying with the terms of, this Protective Order, or the taking of any action pursuant to this Protective Order shall not:

a.      Constitute or operate as an admission by any Designating or Receiving Party that any particular document, material, testimony, or thing does or does not contain, reflect, or constitute a trade secret or any other type of Confidential Information or Highly Confidential Information;

b.      Prejudice in any way the rights of any Designating or Receiving Party to object to the production of documents it considers not subject to discovery, or operate as an admission by any Designating or Receiving Party that the restrictions and procedures set forth in

1    this Protective Order constitute adequate protection for any particular information deemed by

2    any Designating Party to be Confidential Information or Highly Confidential Information –

3    Attorneys' Eyes Only;

4           c.     Prejudice in any way the rights of any Designating or Receiving Party to

5    object to the relevancy, authenticity, or admissibility into evidence of any document, material,

6    testimony, or thing subject to this Protective Order, or otherwise constitute or operate as an

7    admission by any Designating or Receiving Party that any particular document, material,

8    testimony, or thing is or is not relevant, authentic, or admissible into evidence at any deposition,

9    at trial, or in a hearing;

10          d.     Prejudice in any way the rights of a Designating or Receiving Party to

11   seek a determination by the Court whether any Discovery Material should be subject to the terms

12   of this Protective Order;

13          e.     Prejudice in any way the rights of a Designating Party to petition the Court

14   for a further protective order relating to any purportedly Confidential Information or Highly

15   Confidential Information;

16          f.     Prejudice in any way the rights of a Designating or Receiving Party to

17   oppose another Party's or non-party's motion to seal; and/or

18          g.     Prevent the Parties to this Protective Order from agreeing, in writing, to

19   alter or waive the provisions or protections of this Protective Order with respect to any particular

20   Discovery Material.

21         18.     In the event additional persons or entities become Parties to this Action, none of

22   such Parties' counsel, experts or expert consultants retained to assist said counsel, shall have

23   access to Confidential Information or Highly Confidential Information produced by or obtained

24   from any Designating Party until said Party has executed and filed with the Court its agreement

25   to be fully bound by this Protective Order.  No "Confidential Information" or "Highly

26   Confidential Information - Attorneys' Eyes Only" Discovery Material may be provided to such

27   Parties' counsel, experts or expert consultants unless and until such person has executed a

28   Declaration of Compliance substantially in the form attached to this Protective Order as Exhibit

Case No. 2:14-cv-01699-LDG-VCF

[PROPOSED] STIPULATED PROTECTIVE ORDER

A/76615626.1

1   A, and such Declaration of Compliance has been served on counsel for all parties.

2         19.    It is the present intention of the Parties that the provisions of this Protective Order

3   shall govern discovery in this Action, but each of the Parties to this Protective Order shall be

4   entitled to seek modification of this Protective Order, or relief from it, by application to the Court

5   on notice to the other Parties here.

6         20.    The provisions of this Protective Order shall, absent written permission of the

7   Designating Party or further order of the Court, continue to be binding throughout and after the

8   conclusion of this Action, including without limitation any appeals in this Action.  Within thirty

9   (30) days after receiving notice of the entry of an order, judgment, or decree finally disposing of

10  this Action, including the exhaustion of all permissible appeals, all persons and entities having

11  received "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes

12  Only" Discovery Material, shall either make a good faith effort to return such material and all

13  copies thereof (including summaries and excerpts) to counsel for the Designating Party or

14  destroy all such "Confidential Information" or "Highly Confidential Information - Attorneys'

15  Eyes Only" Discovery Material and copies thereof (including summaries and excerpts) and

16  certify that fact to counsel for the Designating Party.  Outside counsel for the Parties shall be

17  entitled to retain all filings, court papers, deposition and trial transcripts, deposition and trial

18  exhibits, and attorney work product (regardless of whether such materials contain or reference

19  Discovery Materials designated as "Confidential Information" or "Highly Confidential

20  Information - Attorneys' Eyes Only" by any Designating Party), provided that such outside

21  counsel, and employees and agents of such outside counsel, shall not disclose any Confidential

22  Information or Highly Confidential Information contained or referenced in such materials to any

23  person except pursuant to court order or agreement with the Designating Party.  All materials, if

24  any, returned to the Parties or their counsel by the Court likewise shall be disposed of in

25  accordance with this Paragraph.  This Court shall have continuing jurisdiction to enforce the

26  terms of this Protective Order, including without limitation during any appeals in this Action.

27        21.    If any Receiving Party is:  (a) subpoenaed in or (b) served with a demand in

28  another action to which he, she or it is a party, or (c) served with any other legal process by one

Case No. 2:14-cv-01699-LDG-VCF

[PROPOSED] STIPULATED PROTECTIVE ORDER

A/76615626.1

not a party to this Action seeking Discovery Material that was produced or designated as "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" by someone other than the Receiving Party, the Receiving Party shall give actual written notice, by hand or facsimile transmission, within five (5) business days of receipt of such subpoena, demand, or legal process, to the Designating Party.  The Receiving Party shall not produce any of the Designating Party's "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material, until the Designating Party gives notice to the Receiving Party that the Designating Party consents to production, or opposes production of its "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material, and has had a reasonable opportunity to object to the production.  The Designating Party shall be solely responsible for asserting any objection to the requested production.  Nothing in this Paragraph shall be construed as requiring the Receiving Party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only" Discovery Material covered by this Protective Order, or to subject such person to any penalties for non-compliance with any legal process or order, or to seek any relief from this or any Court.

22.　　Any Designating or Receiving Party seeking enforcement of this Protective Order against any other Designating or Receiving Party may petition the Court by properly noticed motion, pursuant to this Court's rules, including a concise statement of the specific relief sought.

23.　　Violation by any person of any term of this Protective Order shall be punishable as a contempt of court.  No provision of this Protective Order shall require any person, corporation, or other entity not a Party to this Action to respond to any discovery request, except as may otherwise be required by law.

///

///

///

///

17

1   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:

2   Dated:  May 1, 2015

3

4   | SHOOK, HARDY & BACON LLP | BOIES, SCHILLER & FLEXNER LLP |
|---|---|
| By: */s/ Robert H. Reckers* | By: */s/ Kieran P. Ringgenberg* |
| Robert H. Reckers (*pro hac vice*)<br>600 Travis Street, Suite 3400<br>Houston, TX 77002<br>Telephone: (713) 227-8008<br>Facsimile: (713) 227-9508<br>rreckers@shb.com | Kieran P. Ringgenberg, Esq. (*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone: (510) 874-1000<br>Facsimile: (510) 874-1460<br>kringgenberg@bsfllp.com |
| *Attorneys for Plaintiff and Counterdefendants* | *Attorneys for Defendant and Counterclaimants* |

11  IT IS SO ORDERED:

12  DATED: _____ May 18 _____, 2015        By: _____

13                                                   United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER

Case No. 2:14-cv-01699-LDG-VCF

A/76615626.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ATTESTATION OF FILER**

The signatories to this document are myself and Robert H. Reckers, and I have obtained Mr. Reckers' concurrence to file this document on his behalf.

Dated: May 1, 2015                              BOIES, SCHILLER & FLEXNER LLP

                                       By:    */s/ Kieran P. Ringgenberg*
                                              Kieran P. Ringgenberg, Esq. (*pro hac vice*)
                                              1999 Harrison Street, Suite 900
                                              Oakland, CA 94612
                                              Telephone: (510) 874-1000
                                              Facsimile: (510) 874-1460
                                              kringgenberg@bsfllp.com

                                              *Attorneys for Defendant and*
                                              *Counterclaimants*

[PROPOSED] STIPULATED PROTECTIVE ORDER

Case No. 2:14-cv-01699-LDG-VCF

A/76615626.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT A</u>

<u>DECLARATION OF COMPLIANCE</u>

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Nevada on _____ [date] in the case of *Rimini Street, Inc. v. Oracle International Corp.*  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my Nevada agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:  _____

City and State where sworn and signed:  _____

Printed name:  _____
                          [printed name]

Signature:  _____
                        [signature]

1

## CERTIFICATE OF SERVICE

2        I hereby certify that on the 1st day of May, 2015, I electronically transmitted the

3    foregoing **[PROPOSED] STIPULATED PROTECTIVE ORDER** to the Clerk's Office using

4    the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in

5    this matter; all counsel being registered to receive Electronic Filing.

6

7

                      */s/ Ashleigh Jensen*

8                          An employee of Boies, Schiller & Flexner LLP

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 2:14-cv-01699-LDG-VCF

CERTIFICATE OF SERVICE

A/76615626.1