BOIES, SCHILLER & FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: (702) 382-7300
Facsimile: (702) 382-2755
rpocker@bsfllp.com

BOIES, SCHILLER & FLEXNER LLP
STEVEN C. HOLTZMAN (*pro hac vice*)
KIERAN P. RINGGENBERG (*pro hac vice*)
BEKO O. REBLITZ-RICHARDSON
  (*pro hac vice*)
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile:  (510) 874-1460
sholtzman@bsfllp.com
kringgenberg@bsfllp.com
brichardson@bsfllp.com

Attorneys for Counterclaimant Oracle America, Inc. and Defendant and Counterclaimant Oracle International Corp.

MORGAN, LEWIS & BOCKIUS LLP
THOMAS S. HIXSON (*pro hac vice*)
JOHN A. POLITO (*pro hac vice*)
NITIN JINDAL (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone:   415.442.1000
Facsimile:    415.442.1001
thomas.hixson@morganlewis.com
john.polito@morganlewis.com
nitin.jindal@morganlewis.com

DORIAN DALEY (*pro hac vice*)
DEBORAH K. MILLER (*pro hac vice*)
JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway
M/S 5op7
Redwood City, CA 94070
Telephone:   650.506.4846
Facsimile:    650.506.7114
dorian.daley@oracle.com
deborah.miller@oracle.com
jim.maroulis@oracle.com

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RIMINI STREET, INC., a Nevada corporation;<br><br>Plaintiff,<br><br>v.<br><br>ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Defendant. | Case No  2:14-cv-01699 LDG VCF<br><br>**DEFENDANT AND COUNTERCLAIMANT ORACLE INTERNATIONAL CORPORATION'S ANSWER TO RIMINI STREET INC.'S FIRST AMENDED COMPLAINT**<br><br>**JURY DEMAND** |
| ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Counterclaimants,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>Counterdefendants. | |

---

DEFENDANT AND COUNTERCLAIMANT ORACLE INTERNATIONAL CORPORATION'S ANSWER
TO FIRST AMENDED COMPLAINT AND JURY DEMAND

**ORACLE'S ANSWER TO FIRST AMENDED COMPLAINT**

Defendant Oracle International Corporation ("Oracle") answers Plaintiff Rimini Street's First Amended Complaint for declaratory relief as follows.

1. The allegations of Paragraph 1 are argument and require no response; to the extent a response is required, Oracle denies the allegations.

2. Oracle admits that it is one of the world's largest enterprise software companies and that it provides support for the enterprise software applications it licenses to customers. Oracle admits that Rimini holds itself out as a support provider to companies that license certain of Oracle's enterprise software applications. Oracle denies the remaining allegations of Paragraph 2.

3. Oracle lacks sufficient knowledge to form a belief about the truth of the allegations of Paragraph 3, and on that basis denies them; however to the extent that Rimini Street is "fast-growing" it is only because of its infringing business model involving, among other wrongful acts, illegal copying of Oracle's copyright software.

4. Oracle admits that it filed a Complaint against Rimini Street and Seth Ravin in the District of Nevada on January 25, 2010 ("*Rimini I*") alleging, among other things, direct infringement by, contributory infringement by, and vicarious liability of Rimini Street and Seth Ravin with respect to a number of Oracle's copyrights. Oracle admits it stated that "[t]hese registrations generally cover, but are not limited to, numerous versions of Oracle software, including the updates, patches and fixes incorporated in each relevant version, service packs of Oracle updates, patches and fixes, and individual exemplar Software and Support Materials, including certain Oracle knowledge management solutions and certain Oracle updates, patches and fixes, all of which Rimini Street copied without a license." Oracle denies the remaining allegations of Paragraph 4.

5. Oracle admits the allegations of Paragraph 5.

6. Oracle admits the allegations of Paragraph 6.

7. Oracle admits that the Court's February 13, 2014 Order found that Rimini infringed six of Oracle's copyrights relating to PeopleSoft software. Oracle denies the remaining

allegations of Paragraph 7.

8. Oracle denies the allegations of Paragraph 8.

9. Oracle admits that Rimini and Oracle jointly requested a case management conference in *Rimini I* on September 17, 2014. Oracle denies the remaining allegations of the first sentence of Paragraph 9. The second sentence of Paragraph 9 is a citation, to which no response is required. Oracle denies that Oracle's cited statements were limited to Rimini's support of PeopleSoft software, and admits the remaining allegations of the third sentence of Paragraph 9. The fourth sentence of Paragraph 9 is a citation, to which no response is required. Oracle admits that it told this Court that evidence of Rimini's allegedly new support process should not be included in *Rimini I*, but denies that it limited this statement to Rimini's infringement of Oracle's PeopleSoft software. Oracle admits that Oracle told this Court on September 17, 2014 that, "[w]ith six months to a year of intensive discovery, Oracle is confident it could show that Rimini's new support process is old wine in a new bottle and every bit as infringing as the old process. Completing discovery during this time would require Rimini to provide Oracle with relevant discovery faster than it has to date. For example, it has been over 7 months since Oracle began discussing updating discovery with Rimini, and Rimini still has not provided Oracle with an accurate list of customers Rimini has gained since the close of discovery." Dkt. 488 at 7 & n.4, *Rimini I*. Oracle denies the remaining allegations of the fifth sentence of Paragraph 9. The sixth sentence of Paragraph 9 is a citation, to which no response is required.

10. Oracle denies that Oracle's statements referencing future litigation to address Rimini Street's and Seth Ravin's post-2014 infringement were limited to Rimini Street's support of PeopleSoft software. Oracle admits the remaining allegations of Paragraph 10.

11. The allegations of the Paragraph 11 are argument and require no response; to the extent a response is required, Oracle denies the allegations.

12. Oracle admits that Rimini is a Nevada corporation with its headquarters in Las Vegas. Oracle admits that Rimini holds itself out as a support provider to companies that license certain of Oracle's enterprise software applications. Oracle denies the remaining

2

allegations of Paragraph 12.

13. Oracle admits the allegations of Paragraph 13.

14. Oracle admits the allegations of Paragraph 14.

15. Oracle does not contest that it is subject to personal jurisdiction in this Court with respect to this matter. Oracle admits that it has sought to enforce its intellectual property rights against Rimini Street and Seth Ravin in this Court. Oracle denies the remaining allegations of Paragraph 15.

16. Oracle does not contest that venue in this District is appropriate in this matter, and does not contest that it is subject to personal jurisdiction in this Court with respect to this matter. Oracle denies the remaining allegations of Paragraph 16.

17. Oracle admits the allegations of Paragraph 17.

18. The allegations of Paragraph 18 are argument and require no response; to the extent a response is required, Oracle restates its responses to Rimini's allegations in Paragraphs 1-17 as set forth above.

19. Oracle admits that it continues to allege that Rimini's business practices infringe certain of Oracle's copyrights. Oracle denies the remaining allegations of Paragraph 19, including that Rimini's current business model was modified to comply with the Court's February 13, 2014 Order and that Oracle's concerns are limited to Rimini's support of PeopleSoft software.

20. Oracle admits that the selective and incomplete quotes set forth in Paragraph 20 appear to have been taken from Oracle filings in this Court. Oracle denies the remaining allegations of Paragraph 20, including that these selective and incomplete quotes were limited to Rimini Street's infringement of Oracle's PeopleSoft software.

21. Oracle admits that the selective and incomplete quote set forth in Paragraph 21 appears to have been taken from Oracle filings in this Court. Oracle denies the remaining allegations of Paragraph 21, including that this selective and incomplete quote was limited to Rimini Street's infringement of Oracle's PeopleSoft software.

22. Oracle admits that Oracle told this Court on September 17, 2014 that

DEFENDANT AND COUNTERCLAIMANT ORACLE INTERNATIONAL CORPORATION'S ANSWER
TO FIRST AMENDED COMPLAINT AND JURY DEMAND

"[t]he only apparent difference between the 'new' and the 'old' does not appear to be a change in the development process, but that Rimini's conduct takes place in the cloud, i.e., on servers owned by Amazon web services or Windstream. But Amazon and Windstream's servers still are not the customers' facilities, and cross-using the software is still infringement no matter where that happens." Dkt. 488 at 5, *Rimini I*. Oracle denies the remaining allegations of Paragraph 22, including that Oracle's allegations are limited to Rimini Street's infringement of Oracle's PeopleSoft software.

23.   Oracle admits that Oracle told this Court on September 17, 2014 that, "[w]ith six months to a year of intensive discovery, Oracle is confident it could show that Rimini's new support process is old wine in a new bottle and every bit as infringing as the old process. Completing discovery during this time would require Rimini to provide Oracle with relevant discovery faster than it has to date. For example, it has been over 7 months since Oracle began discussing updating discovery with Rimini, and Rimini still has not provided Oracle with an accurate list of customers Rimini has gained since the close of discovery." Dkt. 488 at 7 & n.4, *Rimini I*. Oracle denies the remaining allegations of Paragraph 23.

24.   The allegations of Paragraph 24 are argument and require no response; to the extent a response is required, Oracle admits Oracle's Counterclaims assert that Rimini Street and Seth Ravin have directly infringed, have contributorily infringed, and are vicariously liable for infringement of a number of Oracle's copyrights.

25.   Oracle does not contest that there presently exists a justiciable controversy regarding Rimini's conduct related to its alleged support of certain of Oracle's PeopleSoft-branded software. Oracle denies the remaining allegations of Paragraph 25, including that this litigation is a "war."

26.   The allegations of Paragraph 26 are argument and require no response; to the extent a response is required, Oracle restates its responses to Rimini's allegations in Paragraphs 1-25.

27.   Oracle does not contest that there presently exists a justiciable controversy regarding Rimini's conduct related to its alleged support of certain Oracle software. The

4

remaining allegations of Paragraph 27 are argument and require no response; to the extent a response is required, Oracle denies the remaining allegations of Paragraph 27.

28. Oracle admits that it is the owner or exclusive licensee of the 61 copyright registrations listed in Paragraph 28, that these copyright registrations are valid and enforceable, and that these registrations cover certain of Oracle's software and support materials. Oracle denies the remaining allegations of Paragraph 28.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### Preclusion / Res Judicata

29. Some or all of Rimini's claim for declaratory relief is barred by res judicata on both claim preclusion and issue preclusion grounds. Rimini and Oracle are both parties to *Rimini I*. In ruling on motions for partial summary judgment, this Court has directed entry of judgment in favor of Oracle against Rimini. *See Rimini I*, Dkt. 474 and Dkt. 476. These rulings, as well as other decisions and actions in *Rimini I*, preclude in whole or in part the relief that Rimini requests or estop Rimini from seeking in whole or in part the relief that Rimini requests in this action.

### Second Affirmative Defense

30. Oracle withdraws its Second Affirmative Defense.

### Third Affirmative Defense

### Reservation of Rights

31. Oracle hereby gives notice that it intends to rely upon any other matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure, and that it reserves the right to seek leave to amend this Answer to add to, amend, withdraw, or modify these defenses as its investigation continues and as discovery may require.

### Prayer For Relief

WHEREFORE, as to Rimini's First Amended Complaint, Oracle respectfully prays for the following:

A. For an Order dismissing Rimini's Complaint and all claims and relief sought therein;

B. For entry of judgment for Oracle and against Rimini;

C. For an Order awarding Oracle its attorneys' fees and costs; and,

D. For an Order awarding Oracle such other and further relief as the Court deems just and proper.

DATED: June 8, 2015      MORGAN, LEWIS & BOCKIUS LLP

By: /s/ Thomas S. Hixson
Thomas S. Hixson
Attorneys for Counterclaimant
Oracle America, Inc. and Defendant and
Counterclaimant Oracle International Corp.

DEFENDANT AND COUNTERCLAIMANT ORACLE INTERNATIONAL CORPORATION'S ANSWER
TO FIRST AMENDED COMPLAINT AND JURY DEMAND

**DEMAND FOR JURY TRIAL**

In accordance with Fed. R. Civ. P. 38(b), Counterclaimants Oracle America, Inc., and Oracle International Corp. demand a trial by jury on all issues so triable.

DATED: June 8, 2015                    MORGAN, LEWIS & BOCKIUS LLP


By:      /s/ Thomas S. Hixson
Thomas S. Hixson
Attorneys for Defendant Oracle America, Inc.
and Defendant and Counterclaimant Oracle International Corp.