UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RIMINI STREET, INC., a Nevada corporation;<br><br>    Plaintiff,<br><br>    v.<br><br>ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>    Defendant<br><br>_____<br><br>ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION,<br><br>    Plaintiffs,<br><br>    v.<br><br>RIMINI STREET, INC.; and SETH RAVIN, an individual,<br><br>    Defendants. | 2:14-CV-01699-LRH-PAL<br><br>ORDER |

Before the court is counter-claimants Oracle America, Inc. and Oracle International Corporation's (collectively "Oracle") motion to strike affirmative defenses. Doc. #49. Counter-defendants Rimini Street, Inc. ("Rimini Street") and Seth Ravin ("Ravin") (collectively "counter-defendants") filed an opposition (Doc. #53) to which Oracle replied (Doc. #67).

## I. Facts and Procedural History

Defendant/counter-claimant Oracle develops and licenses intellectual property related to computer software and provides related services. Plaintiff/counter-defendant Rimini Street is a company that provides third-party maintenance and support services to companies that license Oracle's software applications. Counter-defendant Ravin is the owner and CEO of Rimini Street.

This is the second action between these parties in this district. In the first action, *Oracle USA., Inc.; et al. v. Rimini Street, Inc,; et al.*, case no. 2:10-cv-0106-LRH-PAL ("*Oracle*"), Oracle brought several claims against Rimini Street and Ravin for copyright infringement and other business related torts based on a software support service process used by Rimini Street to provide support services to customers who had licensed Oracle software. That action is still pending before this court and is currently scheduled for trial in the fall.

While *Oracle* was proceeding, Rimini Street allegedly changed the process by which it serviced customers who had licensed Oracle software. Subsequently, on October 15, 2014, Rimini Street initiated the present action for declaratory relief that its new process, enacted after July 31, 2014, does not infringe Oracle's software copyrights. *See* Doc. #1.[1] In response, Oracle filed an answer in which it alleged various counterclaims against both counter-defendants, including a claim for copyright infringement for Rimini Street's new support service model. Doc. #21. Counter-defendants then filed an answer to Oracle's counterclaims in which counter-defendants raised twelve affirmative defenses, including affirmative defenses for copyright misuse and limitations on exclusive use of computer programs under 17 U.S.C. § 117. Doc. #46. Thereafter, Oracle filed the present motion to strike affirmative defenses. Doc. #49.

## II. Legal Standard

A motion to strike an affirmative defense is brought pursuant to Federal Rule of Civil Procedure 12(f), under which a court may strike "from any pleading any insufficient defense or any

---

[1] Refers to the court's docket number.

redundant, immaterial, impertinent or scandalous material." FED. R. CIV. P. 12(f). Affirmative defenses are governed by the same pleading standard as complaints. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense.").

A complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 1949. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50.

**III.  Discussion**

In its motion, Oracle moves the court to strike counter-defendants' eighth affirmative defense for limitations on exclusive use of computer programs under 17 U.S.C. § 117 and tenth affirmative defense for copyright misuse. Doc. #49. The court shall address both affirmative defenses below.

**A.  17 U.S.C. § 117**

Section 117 of the Copyright Act includes two independent defenses to copyright infringement, Sections 117(a) and 117(c), and one dependent defense, Section 117(b). The court has reviewed the relevant statutory provisions and finds that none of the defenses are applicable in this action.

1    Section 117(a) of the Copyright Act provides that it is not copyright infringement for "the
2 owner of a copy of a computer program to make or authorize the making of another copy or
3 adaptation of that computer program provided: (1) that such a new copy or adaptation is created as
4 an essential step in the utilization of the computer program in conjunction with a machine and that
5 it is used in no other manner, or (2) that such new copy or adaptation is for archival purposes only
6 and that all archival copies are destroyed in the event that continued possession of the computer
7 program should cease to be rightful." 17 U.S.C. § 177(a). Here, Section 177(a) does not apply to
8 the present action because Oracle's customers only license, rather than buy, Oracle's copyrighted
9 software. Thus, they are not "owners" of the software within the meaning of Section 177(a) as a
10 matter of law. *See Vernor v. Autodesk, Inc.*, 621 F.3d 1102, 1111 (9th Cir. 2010) (holding that only
11 an "owner of a copy" may assert a Section 117(a) defense).

12    Section 177(c) is also inapplicable to the present action. Section 177(c) states that it is not
13 copyright infringement "for the owner or lessee of a machine to make or authorize the making of a
14 copy of a computer program if such copy is made solely by virtue of the activation of a machine
15 that lawfully contains an authorized copy of the computer program, for purposes only of
16 maintenance or repair of that machine, if - (1) such new copy is used in no other manner and is
17 destroyed immediately after the maintenance or repair is completed; and (2) with respect to any
18 computer program or part thereof that is not necessary for that machine to be activated, such
19 program or part thereof is not accessed or used other than to make such new copy by virtue of the
20 activation of the machine." 17 U.S.C. § 177(c). However, it is undisputed that Rimini Street does
21 not maintain or repair its customers' computer systems or computer hardware. Rather, they provide
22 support service for software licensed by its customers. Thus, any copies allegedly made by Rimini
23 are not protected incidental copies made during routine computer hardware maintenance. *See*
24 *Vernor*, 621 F.3d at 1111. Thus, because Rimini Street provides support services for computer
25 software and not maintenance or repair services for computer hardware, counter-defendants may
26 not assert a Section 177(c) defense.

4

Finally, the court finds that Section 177(b) is likewise unavailable to counter-defendants. Section 177(b) is a dependent defense and only applies to the lease, sale, or transfer of copies made pursuant to either Section 177(a) or (c). As neither Section 177(a) or (c) applies in this action, Section 177(b) likewise does not apply. Therefore, the court shall dismiss counter-defendants' eighth affirmative defense for limitations on exclusive use of computer programs under 17 U.S.C. § 117.

**B. Copyright Misuse**

"Copyright misuse is a judicially created affirmative defense to copyright infringement." *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1157 (9th Cir. 2011). The equitable defense of copyright misuse "forbids a copyright holder from securing an exclusive right or limited monopoly not granted by the Copyright Office" by preventing "copyright holders from leveraging their limited monopoly to allow them control of areas outside the monopoly." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1026 (9th Cir. 2001) (internal quotations omitted). The copyright misuse defense precludes a copyright owner from enforcing the copyright[2] during periods of misuse. *See Practice Mgmt. Info. Corp. v. Am. Med. Ass'n*, 121 F.3d 516, 520 (9th Cir. 1997).

In their affirmative defense for copyright misuse, counter-defendants allege that Oracle is using its software licenses to unlawfully leverage a monopoly in the support services market by drafting its licenses in such a way as to preclude licensees from seeking out third-party support service companies like Rimini Street.

The court has reviewed the documents and pleadings on file in this matter and finds that the licensing restrictions alleged by Rimini Street are well within Oracle's statutory rights as a copyright holder and therefore do not constitute copyright misuse. It is not misuse to exercise the "exclusive rights of copyright holders," including "refusing to license a copyrighted work or by

---

[2] The essence of the grant of a copyright is the exclusive right to exploit the work, including the rights to reproduce the work, distribute copies of the work, and prepare derivative works based upon the copyrighted material. 17 U.S.C. § 106.

doing so only on terms the copyright owner finds acceptable." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1027 (9th Cir. 2001). The alleged limitations on who may have access to the software and the manner in which it may be accessed fall squarely within the scope of Oracle's right to control reproduction and distribution of copyrighted works. *See UMG Recordings*, 92 F. Supp. 2d at 351 ("A [copyright holder's] exclusive rights . . . include the right, within broad limits, to curb the development of such a derivative market by refusing to license a copyrighted work or by doing so only on terms the copyright owner finds acceptable.")

      Rimini Street fails to allege any conduct that could constitute copyright misuse. Rimini Street contends that Oracle drafts its license agreements in such a manner that no other company can offer customers the support of a vendor without committing copyright infringement. But no where does Rimini Street allege that Oracle's licenses prohibit its licensees from seeking such vendors. Courts have consistently and summarily rejected the affirmative defense of copyright misuse where the copyright owner did not prohibit its licensees from either using or independently developing a competing product. *See Microsoft Corp.*, 123 F. Supp. 2d at 955-56. Here, Oracle's licensing agreements do not specifically preclude a customer from using a competing company or promising that it will not use competing services. The fact that there may not be any manner by which a competing company like Rimini can engage in its services without engaging in copyright infringement does not constitute copyright misuse. So long as the license does not require the customer to promise not to use a competitor's products or prohibit development of competing products, there is no misuse even if the license restrictions give the copyright holder an advantage over a competitor on non-copyrighted products or services. *See e.g., Practice Management Information Co. v. The American Medical Assoc.*, 121 F.3d 516, 521 (9th Cir. 1997) (finding that a licensing agreement that required its customers to not use a competitor's product was copyright misuse); *Apple, Inc. v. Psystar Corp.*, 673 F. Supp. 2d 931, 939 (9th Cir. 2009) (finding that a license agreement that prohibited customers from using plaintiff's product on a competitor's product, but did not prohibit customers from using a competitor's product, was not copyright

1 misuse). Therefore, the court finds that counter-defendants have failed to allege a claim for
2 copyright misuse and the court shall strike their eighth affirmative defense for copyright misuse
3 accordingly.

5     IT IS THEREFORE ORDERED that counter-claimants' motion to strike affirmative
6 defenses (Doc. #49) is GRANTED. Counter-defendants' eighth affirmative defense for limitations
7 on exclusive use of computer programs under 17 U.S.C. § 117 and tenth affirmative defense for
8 copyright misuse are DISMISSED.
9     IT IS SO ORDERED.
10     DATED this 9th day of July, 2015.

12                         LARRY R. HICKS
                           UNITED STATES DISTRICT JUDGE