UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RIMINI STREET, INC., a Nevada corporation;<br><br>    Plaintiff,<br><br>    v.<br><br>ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>    Defendant<br><br>ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION,<br><br>    Plaintiffs,<br><br>    v.<br><br>RIMINI STREET, INC.; and SETH RAVIN, an individual,<br><br>    Defendants. | 2:14-CV-01699-LRH-PAL<br><br>ORDER |

Before the court is plaintiffs and counter-defendants Rimini Street, Inc. ("Rimini Street") and Seth Ravin's ("Ravin") motion to preclude certain damages. Doc. #54.[1]

---

[1] Refers to the court's docket number.

I. **Facts and Procedural History**

Defendant/counter-claimant Oracle develops and licenses intellectual property related to computer software and provides related services. Plaintiff/counter-defendant Rimini Street is a company that provides third-party maintenance and support services to companies that license Oracle's software applications. Counter-defendant Ravin is the owner and CEO of Rimini Street.

This is the second action between these parties in this district. In the first action, *Oracle USA., Inc.; et al. v. Rimini Street, Inc,; et al.*, case no. 2:10-cv-0106-LRH-PAL ("*Oracle*"), Oracle brought several claims against Rimini Street and Ravin for copyright infringement and other business related torts based on a software support service process used by Rimini Street to provide support services to customers who had licensed Oracle software. That action went to trial in September and October 2015, and a jury verdict was returned on October 13, 2015.

While *Oracle* was proceeding, Rimini Street allegedly changed the process by which it serviced customers who had licensed Oracle software. Subsequently, on October 15, 2014, Rimini Street initiated the present action for declaratory relief that its new process, enacted after July 31, 2014, does not infringe Oracle's software copyrights. *See* Doc. #1. In response, Oracle filed an answer in which it alleged various counterclaims against both counter-defendants, including a claim for copyright infringement for Rimini Street's new support service model. Doc. #21. Oracle also sought damages for copyright infringement for conduct prior to February 2014, but after the December 2011 discovery deadline in the prior *Oracle* action. In response to Oracle's various activities in both actions, Rimini filed the present motion to preclude certain damages evidence, or in the alternative, to consolidate the two actions. Doc. #54. Rimini filed a duplicate motion in the separate *Oracle* action that has been already addressed by the court.

II. **Discussion**

In the present motion, defendants seek several rulings from the court. The court has reviewed the present motion and finds that several of defendants prospective rulings have either been addressed by the court in the separate *Oracle* action or may be foreclosed by the jury's verdict

in that action. Therefore, the court shall deny the pending motion without prejudice to allow defendants the opportunity to review their requests in light of these factors.

IT IS THEREFORE ORDERED that plaintiffs' motion to preclude damages (Doc. #54) is DENIED without prejudice.

IT IS FURTHER ORDERED that plaintiffs' motion to seal (Doc. #55) is GRANTED.

IT IS SO ORDERED.

DATED this 7th day of December, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE