UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RIMINI STREET, INC.,<br><br>         Plaintiff,<br><br> v.<br><br>ORACLE INTERNATIONAL CORPORATION,<br><br>         Defendant.<br>ORACLE AMERICA INC., et al.,<br><br>         Counter-Claimants,<br><br> v.<br><br>RIMINI STREET, INC., et al.,<br><br>         Counter-Defendants. | Case No. 2:14-cv-01699-LRH-PAL<br><br>**ORDER**<br><br>(Mot. to Seal – Dkt. #155) |

This matter is before the Court on the Motion to Seal (Dkt. #155) (the "Motion") filed by Plaintiff / Counter-Defendant Rimini Street, Inc. ("Rimini") on February 12, 2016. This Motion is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-9 of the Local Rules of Practice. The Court has considered the Motion, the Response (Dkt. #160) filed by Defendant / Counter-Claimants Oracle International Corporation and Oracle America, Inc. (jointly, "Oracle"), Rimini's Reply (Dkt. #171) and Amended Proposed Order (Dkt. #186), and Oracle's Notice of Withdrawal of Opposition in Part (Dkt. #187).

## **BACKGROUND**

This is a copyright action and the Court has entered a Stipulated Protective Order (Dkt. #58) governing documentation and testimony that is confidential to the parties' internal business strategies, research and development, and other sensitive information of a proprietary business or technical nature. *See also* Protective Order Concerning Documents Produced Pursuant to Technology-Assisted Protocol (Dkt. #189). The Motion initially sought leave to file

1

under seal certain parts of the parties' Joint Status Report (Dkt. #156) and the following sealed exhibits attached to the Declaration of Ryan Dykal (Dkt. #157):[1]

- Exhibit 7 (Dkt. #157-1): FRCP 26(s) Disclosures, which Oracle designated as "Highly Confidential – Attorneys' Eyes Only."
- Exhibits 12 (Dkt. #154-11), 13 (Dkt. #154-12), 15 (Dkt. #154-13), 19 (Dkt. #157-3), 21 (Dkt. #157-4), 22 (Dkt. #157-5): Correspondence between counsel for Oracle and Rimini containing discussions about and references to information designated as "Highly Confidential – Attorneys' Eyes Only" as well as other confidential business and proprietary information.
- Exhibit 17 (Dkt. #157-2): Spreadsheets containing Rimini customer lists which Rimini has designated as Highly Confidential- Attorneys' Eyes Only.

With regard to the Joint Status Report, Rimini contended that good cause exists for redacting and sealing certain portions because the report contains confidential material, including references to Rimini's customers and other confidential business and proprietary information.

Oracle opposed the Motion in part arguing that "Rimini should redact only those portions of Exhibit 17 that do not substantially overlap materials already in the public record." *See* Oracle's Resp. (Dkt. #160) at 4:8–9.  Oracle also asserted that that Rimini could not show good cause for Exhibits 19, 21, and 22 in light of the parties' past public filings and the arguments and evidence presented in open court during the trial in *Oracle USA, Inc. et al. v. Rimini Street, Inc. and Seth Ravin*, Case No. 2:10-cv-00106-LRH-PAL. *Id*. at 5:19–20.  Lastly, Oracle pointed out that Exhibits 12, 13, and 15 were already filed on the public record.  *Id*. at 6–7 (citing Dykal Decl. Ex. 12 (Dkt. #154-11), Ex. 13 (Dkt. #154-12), Ex. 15 (Dkt. #154-13)).  Despite submitting detailed arguments opposing sealing for Rimini's exhibits, Oracle's Response does not provide any information to rebut the public's right of access to Oracle's own Exhibit 7.

In its Reply (Dkt. #171), Rimini agreed to withdraw its request to seal Exhibits 12, 13, 15, 19, 21, and 22.  But Rimini maintained that Exhibit 17 should be sealed because the

---

[1] Rimini also filed a redacted version of the Joint Status Report (Dkt. #153) along with the public exhibits attached to the Declaration of Ryan Dykal (Dkt. #154).

spreadsheets are comprised of highly confidential business information, including Rimini's client information. Rimini further noted that the Court previously allowed such information to be filed under seal, *see* Order (Dkt. #127), and pointed out that Oracle's Opposition fails to identify any specific client names and information previously disclosed to the public.

After the briefing was closed, the parties apparently continued to negotiate their remaining disputes concerning this Motion. On March 18, 2016, Rimini filed (i) an amended public redacted version of the February 12, 2016 Joint Status Report (Dkt. #184); (ii) a public redacted version of Exhibit 17 (Dkt. #185-1); and (iii) public versions of Exhibits 19, 21, 22 (Dkt. ##185-2, 185-3, 185-4). Rimini also filed an Amended Proposed Order (Dkt. #186), which would authorize sealing for Exhibits 7 and 17. Based on Rimini's new filings, Oracle filed a Notice of Withdrawal of Opposition in Part (Dkt. #187) acknowledging that Rimini's sealing request has been narrowed to portions of the February 12, 2016 Joint Status Report, Oracle's Exhibit 7 in its entirety, and portions of Rimini's spreadsheets in Exhibit 17.

## **DISCUSSION**

As a general matter, there is a strong presumption of access to judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). However, the Ninth Circuit has carved out an exception to the strong presumption of access for certain discovery materials where the movant makes a particularized showing of "good cause" under Rule 26(c) of the Federal Rules of Civil Procedure that rebuts the public's right of access. *See Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122, 1135, 1138 (9th Cir. 2003); *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). Under *Kamakana* and its progeny, any request to seal must set forth either "good cause" or "compelling reasons" to support sealing. 447 F.3d at 1179. The "less exacting 'good cause' standard" generally applies to (1) "private materials unearthed during discovery" as such documents are not part of the judicial record, and (2) "previously sealed discovery" attached to non-dispositive motions. *Oliner v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir. 2014) (citing *Pintos*, 605 F.3d at 678); *but see Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016) (finding that the standards courts apply to

sealing requests turn on the relevance of the documents to the substantive merits of a case—not on the relief sought).

Having reviewed and considered the matter in accordance with the Ninth Circuit's directives set forth in *Kamakana* and its progeny, the Court finds that Rimini has met its burden of establishing good cause for the February 12, 2016 Joint Status Report (Dkt. #156) and spreadsheets in Exhibit 17 to remain sealed. However, Oracle has not asserted or shown what specific harm or prejudice it expects will result from disclosure of Exhibit 7. As the party who designated Exhibit 7 confidential, Oracle is required to meet the *Kamakana* standards to overcome the presumption of public access. Oracle did not identify with any particularity which documents contain trade secrets, or which contain research and development, and what prejudice or harm will come from disclosure. Given the parties' agreement that Exhibits 12, 13, 15, 19, 21, and 22 should not be sealed, the Court will direct the Clerk's office to unseal Exhibits 19, 21, and 22.

Accordingly,

**IT IS ORDERED:**

1. Rimini Street, Inc.'s Motion to Seal (Dkt. #155) is:
    a. GRANTED IN PART as to the February 12, 2016 Joint Status Report (Dkt. #156); and Exhibit 17 (Dkt. #157-2).
    b. DENIED IN PART as to Exhibit 7 (Dkt. #157-1); Exhibit 12 (Dkt. #154-11); Exhibit 13 (Dkt. #154-12); Exhibit 15 (Dkt. #154-13); Exhibit 19 (Dkt. #157-3); Exhibit 21 (Dkt. #157-4); and Exhibit 22 (Dkt. #157-5).
2. The Clerk of the Court SHALL UNSEAL Exhibit 19 (Dkt. #157-3); Exhibit 21 (Dkt. #157-4); and Exhibit 22 (Dkt. #157-5).
3. Exhibit 7 (Dkt. #157-1) shall remain under seal until April 15, 2016.
4. Oracle International Corporation shall have until **April 15, 2016,** to file a memorandum of points and authorities and any supporting declaration or affidavit to make a particularized showing as to why the documents should remain under seal.

///

5. If Oracle fails to timely comply with this Order, the Clerk of the Court will be directed to unseal the documents to make them available on the public docket.

Dated this 6th day of April, 2016.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE