UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RIMINI STREET, INC., <br><br>   Plaintiff, <br><br> v. <br><br>ORACLE INTERNATIONAL CORPORATION, <br><br>   Defendant. | Case No. 2:14-cv-01699-LRH-PAL <br><br>**ORDER** <br><br>(Mot. to Seal – Dkt. #175) |
| ORACLE AMERICA INC., et al., <br><br>   Counter-Claimants, <br><br> v. <br><br>RIMINI STREET, INC., et al., <br><br>   Counter-Defendants. | |

This matter is before the Court on the Motion to Seal (Dkt. #175) (the "Motion") filed by Defendant / Counter-Claimants Oracle International Corporation and Oracle America, Inc. (jointly, "Oracle") on February 28, 2016. Plaintiff / Counter-Defendant Rimini Street, Inc. ("Rimini") did not file a response to this Motion and the time for doing so has now passed.

The Motion seeks leave to file under seal certain portions of Oracle's Amended Counterclaims. Oracle filed a public, redacted version, *see* (Dkt. #173), and an unredacted version, *see* (Dkt. #174). Oracle filed the subject documents under seal because counsel for Rimini designated the redacted information as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only." *See* Mot. to Seal (Dkt. #175) at 2. Although Oracle expressed no concern regarding the confidentiality of the redacted information, pursuant to the Stipulated Protective Order (Dkt. #58), they were required to file the redacted information under seal. *See also* Protective Order Concerning Documents Produced Pursuant to Technology-Assisted Protocol (Dkt. #189).

As the party who designated the redacted information confidential, Rimini is required to meet the *Kamakana* standards to overcome the presumption of public access to judicial files, records, motions, and any exhibits. *See also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016) (finding that the standards courts apply to sealing requests turn on the relevance of the documents to the substantive merits of a case—not on the relief sought). The Court will allow the redacted information to remain sealed temporarily so that Rimini and its counsel may confer about what, if any, portions of the redacted information should be sealed. If Rimini determines that the redacted information or portion thereof should remain sealed, it is required to file within 14 days an appropriate memorandum of points and authorities making a particularized showing why the information should remain under seal. Pursuant to *Kamakana* and its progeny, any request to seal must set forth either good cause or compelling reasons to support sealing.

Accordingly,

**IT IS ORDERED:**

1. Oracle's Motion to Seal (Dkt. #175) is DENIED WITHOUT PREJUDICE.
2. The sealed, unredacted version of Oracle's Amended Counterclaims (Dkt. #174) shall remain under seal until **April 18, 2016**.
3. Rimini shall have until **April 18, 2016,** to file a memorandum of points and authorities and any supporting declaration or affidavit to make a particularized showing as to why the redacted information should remain under seal.
4. If Rimini fails to timely comply with this Order, the Clerk of the Court will be directed to unseal the unredacted version of Oracle's Amended Counterclaims (Dkt. #174) to make it available on the public docket.

Dated this 7th day of April, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE