1   BOIES, SCHILLER & FLEXNER LLP
    RICHARD J. POCKER (NV Bar No. 3568)
2   300 South Fourth Street, Suite 800
    Las Vegas, NV 89101
3   Telephone:    702.382.7300
    Facsimile:    702.382.2755
4   rpocker@bsfllp.com

5   BOIES, SCHILLER & FLEXNER LLP
    STEVEN C. HOLTZMAN (*pro hac vice*)
6   BEKO O. REBLITZ-RICHARDSON
       (*pro hac vice*)
7   1999 Harrison Street, Suite 900
    Oakland, CA 94612
8   Telephone:    510.874.1000
    Facsimile:    510.874.1460
9   sholtzman@bsfllp.com
    brichardson@bsfllp.com
10

11  Attorneys for Counterclaimant Oracle
    America, Inc. and Defendant and
12  Counterclaimant Oracle International Corp.

    MORGAN, LEWIS & BOCKIUS LLP
    THOMAS S. HIXSON (*pro hac vice*)
    JOHN A. POLITO (*pro hac vice*)
    NITIN JINDAL (*pro hac vice*)
    One Market, Spear Street Tower
    San Francisco, CA  94105
    Telephone:    415.442.1000
    Facsimile:    415.442.1001
    thomas.hixson@morganlewis.com
    john.polito@morganlewis.com
    nitin.jindal@morganlewis.com

    DORIAN DALEY (*pro hac vice*)
    DEBORAH K. MILLER (*pro hac vice*)
    JAMES C. MAROULIS (*pro hac vice*)
    ORACLE CORPORATION
    500 Oracle Parkway, M/S 5op7
    Redwood City, CA 94070
    Telephone:    650.506.4846
    Facsimile:    650.506.7114
    dorian.daley@oracle.com
    deborah.miller@oracle.com
    jim.maroulis@oracle.com

13

14

15                    UNITED STATES DISTRICT COURT

16                        DISTRICT OF NEVADA

| | |
|---|---|
| 17   RIMINI STREET, INC., a Nevada corporation; | Case No  2:14-cv-01699 LRH PAL |
| 18              Plaintiff, | **ORACLE'S MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO COURT ORDER (DKT. 201) AND IN SUPPORT OF MOTION TO SEAL (DKT. 155)** |
| 19        v. | |
| ORACLE INTERNATIONAL CORPORATION, | |
| 20   a California corporation, | |
|              Defendant. | |
| 21 | |
| 22   ORACLE AMERICA, INC., a Delaware corporation, *et al.*, | |
| 23              Counterclaimants, | |
| 24        v. | |
| RIMINI STREET, INC., a Nevada corporation, *et al.*, | |
| 25              Counterdefendants. | |

26

27

28

1    Pursuant to the Court's April 7, 2016 Order, Dkt. 201, Defendant and Counterclaimant

2  Oracle International Corporation and Counterclaimant Oracle America Inc. ("Oracle") submit

3  this Memorandum of Points and Authorities in support of Rimini Street, Inc.'s ("Rimini")

4  Motion to Seal Exhibit 7 to the Declaration of Ryan Dykal ("Exhibit 7"). Dkts. 155, 157-1.

5  Exhibit 7 is an excerpt of Oracle's Initial Disclosures that includes a description of Oracle's

6  damages claims in this case and a chart listing 264 Oracle employees with potentially

7  discoverable information. Oracle requests that the Court seal only the *employee names* on the

8  Oracle employee list contained in Exhibit 7. Oracle had previously designated the list of Oracle

9  employees as "Highly Confidential Information -- Attorneys' Eyes Only" pursuant to Local Rule

10  16.1-4. Oracle does not seek to seal the descriptions of its damages claims and other information

11  that accompanies the list of its employees.[1]

12    Discovery materials that are attached to non-dispositive filings can be sealed from the

13  public record upon a showing of "good cause." Dkt. 201 at 3; *Kamakana v. City & Cnty. of*

14  *Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). "For good cause to exist, the party seeking

15  protection bears the burden of showing that specific prejudice or harm will result if the materials

16  are not filed under seal." *Selling Source, LLC v. Red River Ventures, LLC*, No. 2:09-cv-01491,

17  2011 WL 1630338, at *1 (D. Nev. Apr. 29, 2011).

18    Good cause supports sealing the 264 employee names contained in Exhibit 7 because it

19  contains competitively sensitive non-public information[2] about Oracle. The chart of 264

20  employees, and the descriptions of their job responsibilities contained in the "Subject" column of

21  the chart, could be used by other companies, including Rimini, to contact or solicit Oracle's

22  employees. Indeed, Rimini has hired numerous employees directly from Oracle over the years,

23  including for example, Nancy Lyskawa. Jindal Decl. Ex. B (Rimini website profile of Lyskawa).

24  Disclosure of the Oracle employee list would make those efforts unfairly easier for Rimini and

25
26
27
28

[1] Accordingly, attached as Exhibit A to the Declaration of Nitin Jindal in Support of Oracle's Memorandum of Points and Authorities ("Jindal Decl.") is a version of the exhibit that redacts only the information Oracle seeks to seal and that can be filed publicly. Oracle has also redacted five Rimini customer names on Exhibit A that Oracle understands were not relevant to Rimini's use of the exhibit and that Oracle believes to be considered confidential by Rimini.

[2] Although individual employees might publicly disclose their employment status (*e.g.*, on LinkedIn.com), a list this large is not publicly available. Jindal Decl. ¶ 4.

1  other companies, to Oracle's direct competitive disadvantage.  *Spectrum Pharm., Inc. v. Sandoz*

2  *Inc.*, No. 2:12-cv-00111, 2014 WL 4202540, at *2 (D. Nev. Aug. 21, 2014) (finding good cause

3  to seal exhibits, the disclosure of which "could injure the parties' competitive posture");

4  *Hologram USA, Inc. v. Pulse Evolution Corp.*, No. 2:14-cv-00772, 2015 WL 105793, at *2 (D.

5  Nev. Jan. 7, 2015) (same); *Scott v. Snelling & Snelling, Inc.*, 732 F. Supp. 1034, 1045 (N.D. Cal.

6  1990) (employee lists "may derive some independent economic value by containing special

7  information such as the employees' skills and preferences which cannot be developed through

8  resort to public sources"); *Clark v. Metropolitan Life Ins. Co.*, No. 3:08-cv-00158, 2010 WL

9  1006823, *1 (D. Nev. Mar. 16, 2010) (sealing information that would reveal party's

10  "confidential" information about its "organization" and "capabilities").

11      As non-parties to the lawsuit, Oracle's employees also have a privacy interest in

12  maintaining the confidentiality of their identities.  CAL. CONST. ART. 1 SECT. 1 ("All people …

13  have inalienable rights.  Among these are . . .  pursuing and obtaining . . . privacy."); *Ochoa v.*

14  *McDonald's Corp.*, No. 14-cv-02098, 2015 WL 3545921, at *2 (N.D. Cal. June 5, 2015)

15  (granting motion to seal list of employees "for privacy reasons" where employees were "not

16  parties to this lawsuit and have not consented to the public disclosure of their personal

17  information related to their employment"); *Williams v. Chrysler Fin. Corp.*, 1999 WL 221119, at

18  *3 n.2 (E.D. La. Apr. 9, 1999) (acknowledging that documents were properly "filed under seal

19  subject to a protective order to ensure the confidentiality of the employees' names"); *cf. In re*

20  *Adobe Sys., Inc. Sec. Litig.*, 141 F.R.D. 155, 163 (N.D. Cal. 1992) (upholding confidentiality

21  designation of employee names).

22      Finally, Oracle's request is narrowly tailored.  Oracle has proposed targeted redactions

23  that allow meaningful information to be available to the public.

24      For these reasons, good cause supports sealing the 264 employee names contained in

25  Exhibit 7.

26

27

28

ORACLE'S MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO
COURT ORDER (DKT. 201) AND IN SUPPORT OF MOTION TO SEAL (DKT. 155)

1

DATED:  April 15, 2016          MORGAN, LEWIS & BOCKIUS LLP

2

3

By:_____/s/ Thomas S. Hixson_____

4

Thomas S. Hixson
Attorneys for Counterclaimant Oracle America,

5

Inc. and Defendant and Counterclaimant Oracle
International Corporation

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

1

2          I certify that on April 15, 2016, I electronically transmitted the foregoing

3   MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO COURT ORDER

4   (DKT. 201) AND IN SUPPORT OF MOTION TO SEAL (DKT. 155) to the Clerk's Office

5   using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all

6   counsel in this matter; all counsel are CM/ECF registrants.

7

8   Dated: April 15, 2016                        Morgan, Lewis & Bockius LLP

9

10                                               By:  _____ /s/ Thomas S. Hixson _____
                                                              Thomas S. Hixson
11
                                                 Attorneys for Counterclaimant
12                                               Oracle America, Inc. and
                                                 Defendant and Counterclaimant
13                                               Oracle International Corporation

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28