UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RIMINI STREET, INC.,<br><br>　　　　　　Plaintiff,<br>　v.<br>ORACLE INTERNATIONAL CORPORATION,<br>　　　　　　Defendant.<br>ORACLE AMERICA INC., et al.,<br>　　　　　　Counter-Claimants,<br>　v.<br>RIMINI STREET, INC., et al.,<br>　　　　　　Counter-Defendants. | Case No. 2:14-cv-01699-LRH-PAL<br><br>**ORDER**<br><br>(Mot. to Seal – Dkt. #155) |

This matter is before the Court on the Memorandum of Points and Authorities (Dkt. #204) ("Memorandum") filed by Defendant / Counter-Claimants Oracle International Corporation and Oracle America, Inc. (jointly, "Oracle") in response to the Court's April 4, 2016 Order (Dkt. #201) instructing them to file a memorandum of points and authorities and any supporting declaration or affidavit to make a particularized showing as to why certain documents should remain under seal.

The Motion to Seal (Dkt. #155), filed by Plaintiff / Counter-Defendant Rimini Street, Inc., sought leave to file under seal an exhibit attached to the Declaration of Ryan Dykal (Dkt. #157): Exhibit 7 (Dkt. #157-1), FRCP 26(s) disclosures, which Oracle designated as "Highly Confidential – Attorneys' Eyes Only." This document was attached as an exhibit to the parties' Joint Status Report (Dkt. #156). In its Memorandum (Dkt. #204), Oracle states it request that "the Court seal only the *employee names* on the Oracle employee list … Oracle does not

1

seek to seal the descriptions of its damages claims and other information that accompanies the list of its employees." *Id*. at 2.

This is a copyright action and the Court has entered a Stipulated Protective Order (Dkt. #58) governing documentation and testimony that is confidential to the parties' internal business strategies, research and development, and other sensitive information of a proprietary business or technical nature. *See also* Protective Order Concerning Documents Produced Pursuant to Technology-Assisted Protocol (Dkt. #189). Having reviewed and considered the matter in accordance with the Ninth Circuit's directives set forth in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and its progeny, the Court finds that Oracle has met its burden of establishing good cause for its employee's names to remain under seal. However, the Court informs the parties that the Clerk of the Court is not authorized to redact documents. The responsibility for redaction "rests solely with counsel and the parties." *See* D. Nev. Special Order No. 108; *see also* D. Nev. Special Order No. 109, § III, ¶ H. The Court therefore directs Oracle to file a redacted version of the subject document.

Accordingly,

**IT IS ORDERED:**

1. The unredacted Exhibit 7 (Dkt. #157-1), attached to the Declaration of Ryan Dykal (Dkt. #157) as an exhibit to the parties' Joint Status Report (Dkt. #156), shall remain under seal.

2. No later than April 27, 2016, Oracle SHALL FILE A REDACTED VERSION OF EXHIBIT 7, which obscures only the *employee names* on its FRCP 26(s) disclosures. Oracle shall also link these new filings in CM/ECF to the Joint Status Report (Dkt. #156) and the Declaration of Ryan Dykal (Dkt. #157).

Dated this 19th day of April, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE