UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RIMINI STREET, INC., <br><br> Plaintiff, <br><br> v. <br><br> ORACLE INTERNATIONAL CORPORATION, <br><br> Defendant. | Case No. 2:14-cv-01699-LRH-PAL <br><br> ORDER |

Canon 3C(1) of the Code of Conduct for United States Judges requires disqualification of a judge "in a proceeding in which the judge's impartiality might reasonably be questioned." The undersigned has applied for reappointment. I just learned today that the Chief Judge entered an order May 2, 2016 appointing a panel consisting of lawyers and other members of the community to consider my reappointment. The Judicial Committee on Code of Conduct Advisory Opinion, No. 97 directs that "during the period of time that the panel is evaluating the incumbent and considering what recommendation to make concerning reappointment, a perception would be created in reasonable minds that the magistrate's judge's ability to carry out judicial responsibilities with impartiality is impaired in any case involving an attorney or a party who is a member of the panel." The advisory opinion therefore advises a magistrate judge to recuse under Canon 3C(1), subject to remittal under Canon 3D.

Canon 3D is entitled Remittal of Disqualification. It establishes an alternative to withdrawing from a proceeding for a judge disqualified by Canon 3C(1). It provides that a judge disqualified under Canon 3C(1) "may except in the circumstances specifically set out in subsections (a) through (e)", participate in a case if the basis for the disqualification is disclosed under certain circumstances. First, the parties and their lawyers must receive full disclosure of

1  the basis for disqualification.  Second, the parties and their lawyers must have an opportunity to
2  confer outside the presence of the judge.  Third, all parties and their lawyers must agree in
3  writing or on the record that the judge should not be disqualified.  Fourth, the judge must be
4  willing to participate. Subsections (a) through (e) do not apply. Canon 3D also provides that any
5  agreement to allow the judge to continue to participate in the proceeding "should be incorporated
6  in the record of the proceeding."

7  The next hearing in this matter is set for Tuesday, May 10, 2016.  The court is
8  considering remittal of disqualification under Canon 3D.  Accordingly, the court is disclosing
9  that the following individuals are members of the panel considering my reappointment,

| | |
|---|---|
| W. West Allen, Esq; Chairperson | Attorney at Law |
| Honorable Nancy L. Allf | Eighth Judicial District Judge |
| Doreen Spears Hartwell, Esq. | Attorney at Law |
| Margaret M. Stanish, Esq. | Attorney at Law |
| Daniel W. Hamilton, Esq. | Dean, William S. Boyd, School of Law |
| Chuck Short | Consultant |
| Kimberly Farmer | Executive Director, State Bar of Nevada |

W. West Allen is counsel for Rimini in this case.  Pursuant to the provisions of Canon 3D, the court is disclosing the basis for disqualification and allowing the parties and their attorneys to confer to determine whether they will agree in writing or on the record on remittal of disqualification.

**IT IS ORDERED:**

1. The parties shall have until **May 9, 2016**, to confer with their clients to determine whether or not all concerned will agree in writing on the matter of remittal of disqualification based on Mr. Allen's membership on the panel to consider my reappointment.

2. The parties shall have until **10:00 a.m., May 9, 2016**, to file a brief notice of compliance and statement of whether or not all parties agree to remittal.

3. In the event all counsel and the parties agree to remittal, a simple statement to that effect shall be filed for the record.

4. In the event all counsel and the parties are unable to agree to remittal a simple statement to that effect shall be filed and the parties **shall not** identify any individual or party who agrees or does not agree.

5. In the event any counsel or party needs more time to consider remittal of disqualification before the May 10, 2016 hearing a simple statement to that effect should be filed **no later than 10:00 am May 9, 2016, with a statement of how much time is required so that the hearing may be vacated to avoid unnecessary expenditure of resources.**

DATED this 5th day of May, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE