UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RIMINI STREET, INC., a Nevada Corporation;<br><br>Plaintiff,<br><br>v.<br><br>ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Defendant.<br>——————————————————<br>ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION,<br><br>Counter-claimants,<br><br>v.<br><br>RIMINI STREET, INC.; and SETH RAVIN, an individual,<br><br>Counter-defendants. | Case No. 2:14-cv-1699-LRH-PAL<br><br>ORDER |

Before the court is counter-defendants Rimini Street, Inc. ("Rimini Street") and Seth Ravin's ("Ravin") motion to dismiss counterclaim. ECF No. 190. Counter-claimants Oracle America, Inc. and Oracle International Corporation (collectively "Oracle") filed an opposition and request to amend counterclaims (ECF No. 206) to which counter-defendants replied (ECF No. 211).

**I.  Facts and Procedural Background**

Defendant/counter-claimant Oracle develops and licenses intellectual property related to computer software and provides related services. Plaintiff/counter-defendant Rimini Street is a company that provides third-party maintenance and support services to companies that license Oracle's software applications. Counter-defendant Ravin is the owner and CEO of Rimini Street.

This is the second action between these parties in this district. In the first action, *Oracle USA., Inc.; et al. v. Rimini Street, Inc,; et al.*, case no. 2:10-cv-0106-LRH-PAL ("*Oracle*"), Oracle brought several claims against Rimini Street and Ravin for copyright infringement and other business related torts based on a software support service process Rimini Street used to provide support services to customers who had licensed Oracle software.

While *Oracle* was proceeding, Rimini Street allegedly changed the process by which it serviced customers who had licensed Oracle software. Subsequently, on October 15, 2014, Rimini Street initiated the present action for declaratory relief seeking a declaration from the court that its new process, enacted after July 31, 2014, does not infringe Oracle's software copyrights. *See* ECF No. 1. In response, Oracle filed an answer in which it alleged various counterclaims against counter-defendants, including a claim for copyright infringement for Rimini Street's new support service model. ECF No. 21. Subsequently, Oracle filed amended counterclaims. ECF No. 173. Thereafter, counter-defendants filed the present motion to dismiss Oracle's first counterclaim for copyright infringement as it relates to Oracle's E-Business Suite copyrighted software. ECF No. 190.

**II.  Discussion**

In their motion, counter-defendants contend that Oracle has failed to specifically allege how they infringed Oracle's E-Business Suite copyrighted software and, instead, only alleges bare and conclusory allegations that counter-defendants engaged in general copyright infringement. In opposition, Oracle has requested leave to amend its counterclaims to add additional supporting allegations to this claim. *See* ECF No. 206.

A party may amend its pleadings after a responsive pleading has been filed by leave of court. FED. R. CIV. P. 15(a)(2). Leave of court to amend should be freely given when justice so

requires and when there is no undue delay, bad faith, or dilatory motive on the part of the moving party. *See Wright v. Incline Village General Imp. Dist.*, 597 F.Supp.2d 1191 (D. Nev. 2009); *DCD Programs, LTD v. Leighton*, 883 F.2d 183 (9th Cir. 1987). Here, the court finds there is no undue delay, bad faith, or dilatory motive on behalf of Oracle in requesting leave to amend. Further, the court finds that this matter is still early in litigation and counter-defendants would not be prejudiced by allowing amendment. Accordingly, the court shall deny counter-defendants' motion and grant Oracle leave to amend its counterclaims.

IT IS THEREFORE ORDERED that counter-defendants' motion to dismiss (ECF No. 190) is DENIED without prejudice.

IT IS FURTHER ORDERED that counter-claimants shall have ten (10) days after entry of this order to file an amended counterclaim.

IT IS SO ORDERED.

DATED this 14th day of October, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE