GIBSON, DUNN & CRUTCHER LLP
Jeffrey T. Thomas (*pro hac vice*)
Michele L. Maryott (*pro hac vice*)
Joseph A. Gorman (*pro hac vice*)
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: (949) 451-3800
Facsimile: (949) 451-4220
jtthomas@gibsondunn.com
mmaryott@gibsondunn.com
jgorman@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
Samuel Liversidge (*pro hac vice*)
Eric D. Vandevelde (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
sliversidge@gibsondunn.com
evandevelde@gibsondunn.com

HOWARD & HOWARD ATTORNEYS
W. West Allen (Nevada Bar No. 5566)
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV 89169
Telephone: (702) 667-4843
Facsimile: (702) 567-1568
wwa@h2law.com

SHOOK, HARDY & BACON LLP
Robert H. Reckers (*pro hac vice*)
600 Travis Street, Suite 3400
Houston, TX 77002
Telephone: (713) 227-8008
Facsimile: (713) 227-9508
rreckers@shb.com

RIMINI STREET, INC.
Daniel B. Winslow (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone: (925) 264-7736
dwinslow@riministreet.com

John P. Reilly (*pro hac vice*)
3993 Howard Hughes Pkwy., Suite 500
Las Vegas, NV 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

*Attorneys for Plaintiff and Counterdefendant Rimini Street, Inc., and Counterdefendant Seth Ravin*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

RIMINI STREET, INC., a Nevada corporation,

      Plaintiff,

  v.

ORACLE INTERNATIONAL CORPORATION, a California corporation,

      Defendant.

| | |
|---|---|
| ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Counterclaimants,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br><br>Counterdefendants. | Case No. 2:14-cv-01699-LRH-CWH<br><br>**RIMINI STREET INC.'S MOTION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF RIMINI STREET, INC.'S ANSWER TO ORACLE'S SECOND AMENDED COUNTERCLAIMS** |

Pursuant to the Stipulated Protective Order governing confidentiality of documents entered by the Court on May 18, 2015 (Dkt. 58, "Protective Order"), Local Rules 10-5(b) and 16.1-4, and Rules 5.2 and 26(c) of the Federal Rules of Civil Procedure, Plaintiff and counterdefendant Rimini Street Inc. and counterdefendant Seth Ravin (collectively, "Rimini"), respectfully move this Court to grant leave to file under seal portions of Rimini's Answer to Oracle's Second Amended Counterclaims (the "Answer"). A public, redacted version of the Answer was filed on November 10, 2016, and an unredacted version will subsequently be filed under seal with the Court.

The Protective Order provides that: "Counsel for any Designating Party may designate any Discovery Material as 'Confidential Information' or 'Highly Confidential Information – Attorneys' Eyes Only' under the terms of this Protective Order only if such counsel in good faith believes that such Discovery Material contains such information and is subject to protection under Federal Rules of Civil Procedure 26(c). The designation by any Designating Party of any Discovery Material as 'Confidential Information' or 'Highly Confidential Information – Attorneys' Eyes Only' shall constitute a representation that any attorney for the Designating Party reasonably believes there is a valid basis for such designation." Protective Order ¶ 2 (emphasis added).

Rimini requests that the Court seal portions of Rimini's Answer because: (1) it cites information from Oracle America, Inc. and Oracle International Corporation (collectively, "Oracle")'s discovery responses or document productions that Oracle has designated as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" under the terms of the Protective Order; and (2) the document contains confidential information about Rimini's proprietary processes.

As to category (1), by designating the information Confidential or Highly Confidential, Oracle has represented that the information cited is subject to protection under Federal Rule of Civil Procedure 26(c). Protective Order ¶ 2. Thus Rimini, as the filing party, requests that the portions of Rimini's Answer containing material designated Confidential or Highly Confidential be filed under seal. Rimini does not independently contend that these portions are subject to such protection, but makes this request as a courtesy to Oracle.

As to category (2), Rimini moves to seal portions of the document that disclose proprietary and highly sensitive details about how Rimini provides services to its clients. Disclosure of this proprietary information regarding how Rimini provides services to its clients would provide Rimini's competitors a direct competitive advantage, disclosing trade secrets that would allow Rimini's competitors to adopt methods that have made Rimini successful and more easily allow them to compete in the third-party software service marketplace. *See Hologram USA, Inc. v. Pulse Evolution Corp.*, 2015 WL 105793), at \*2 (D. Nev. Jan. 7, 2015) (granting motion to seal when documents "contain[ed] information that could injure Plaintiffs' competitive posture in the . . . industry"); *Spectrum Pharm. Inc. v. Sandoz Inc.*, 2014 WL 4202540, at \*2 (D. Nev. Aug. 21, 2014) (granting motion to seal where documents contained "proprietary, business practice, trade secret, and technical information that could injure the parties' competitive posture"); *Clark v. Metro. Life Ins. Co.*, 2010 WL 1006823, at \*1 (D. Nev. Mar. 16, 2010) (granting motion to seal materials that would "bring attention to MetLife's confidential internal business deliberations, organization and capabilities."). Moreover, keeping these references under seal will not frustrate the public's visibility into the judicial process. Although Rimini has redacted certain descriptions of its processes, non-sensitive information contained in these documents remains unredacted. Thus Rimini respectfully moves to seal portions of its Answer.

Rimini has submitted all other portions of its Answer for filing in the Court's public files, which will allow public access to the filing except for the portions containing information that Oracle has designated as Confidential or Highly Confidential or that contain confidential information about Rimini's proprietary processes. Accordingly, this request to seal is narrowly tailored.

For the foregoing reasons, Oracle respectfully requests that the Court grant leave to file under seal portions of Rimini's Answer.

DATED: November 10, 2016

                                          GIBSON, DUNN & CRUTCHER LLP

                                          By: */s/ Jeffrey T. Thomas*
                                                        Jeffrey T. Thomas

*Attorneys for Plaintiff and Counterdefendant Rimini Street, Inc., and Counterdefendant Seth Ravin*

IT IS SO ORDERED.

DATED: November 22, 2016

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused to be electronically uploaded a true and correct copy in Adobe "pdf" format of the above document to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system. After the electronic filing of a document, service is deemed complete upon transmission of the Notice of Electronic Filing ("NEF") to the registered CM/ECF users. All counsel of record are registered users.

DATED: November 10, 2016

                                    GIBSON, DUNN & CRUTCHER LLP

                                    By: */s/ Jeffrey T. Thomas*
                                                Jeffrey T. Thomas

*Attorneys for Plaintiff and Counterdefendant Rimini Street, Inc., and Counterdefendant Seth Ravin*