**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RIMINI STREET, INC., | Case No. 2:14-cv-01699-LRH-CWH |
| Plaintiff, | |
| v. | |
| ORACLE INTERNATIONAL CORPORATION, et al, | **ORDER** |
| Defendants. | |

On December 16, 2016, this Court granted Oracle's motions to compel (ECF Nos. 252, 256) and ordered the parties to meet and confer and then submit a proposed order reflecting the procedures and time-line set by the Court in its hearing (Mins. of proceedings (ECF No. 372)). The parties filed competing proposed orders (Proposed orders (ECF Nos. 376, 378)). Upon review, the Court finds some combination of the parties' proposals is necessary to accurately reflect the Court's order.

IT IS ORDERED that Rimini shall provide the file-level metadata requested in Interrogatory Nos. 5 and 11 for all copies of Oracle's PeopleSoft, JD Edwards-, Siebel-, Oracle E-Business Suite-, and Oracle Database-branded software and support materials as follows:

1. The scope of this order includes the requested metadata from all environments and archives that Rimini created, is contractually permitted to access in order to provide support to its customers, or has actually accessed in providing support to its customers. This includes "access only" or "support only" environments, but excludes the production environments of Rimini's customers.

2. At Rimini's option, Rimini may provide copies of any environments or archives in lieu of the requested metadata.

3. By January 27, 2017, Oracle and Rimini shall meet and confer and work in a cooperative fashion to create a "Master List" of Rimini's current and former clients for which Oracle has

requested file-level metadata (*i.e.*, KDP information) for Oracle's PeopleSoft, JD Edwards-, Siebel-, Oracle E-Business Suite-, and Oracle Database-branded software and support materials in response to Oracle's Interrogatory Nos. 5 and 11 (the "Requested Metadata").

4. As to all current or former customers that have refused to authorize Rimini to provide this metadata (or copies in lieu) prior to entry of this Order, Rimini shall identify to Oracle the refusing current or former customers, and the environments and archives associated with each such current or former customer, by January 27, 2017.

5. Rimini shall identify to Oracle the current or former customers from which Rimini has requested authorization prior to entry of this Order that have agreed to authorize Rimini to provide this metadata (or copies in lieu) by January 27, 2017.

6. Rimini shall identify to Oracle the current or former customers from which Rimini has requested authorization prior to entry of this Order that have neither agreed nor refused to authorize Rimini to provide this metadata (or copies in lieu) to Oracle by January 27, 2017.

7. As to all other current or former customers, if Rimini has a good-faith belief that it must seek authorization from a given current or former customer to produce the requested metadata (or copies in lieu), Rimini must request (or re-request) authorization to produce the requested metadata (or copies in lieu) from each current or former customer by January 27, 2017, and must advise these customers that failure to agree or refuse to production of the requested metadata (or copies in lieu) by February 10, 2017 shall be deemed agreement to produce the requested metadata.

8. By February 16, 2017, with respect to the first 212 entries (20%) on the December 12, 2016 customer list that Rimini produced in response to Oracle's Interrogatory No. 1, Rimini must:

    A. Identify to Oracle any current or former customers that have refused to authorize Rimini to provide this metadata (or copies in lieu) as of that date and have not been previously disclosed under this Order, and must identify the environments and archives associated with each refusing customer.

    B. Produce the requested metadata (or copies in lieu) for the environments and

archives associated with all other current or former customers, if not yet produced.

9. Rimini Street and Oracle shall work together to keep the Master List up-to-date, including Rimini Street promptly notifying Oracle of clients that have refused to authorize Rimini Street to collect and produce the Requested Metadata (or that have not responded to such a request), as well as Oracle promptly notifying Rimini Street of clients that Oracle has subpoenaed and that have agreed to produce, or have already produced, the Requested Metadata.

10. Rimini Street and Oracle shall inform the Court at the February 23, 2017 status conference of the progress and efficacy of the above processes to determine the timing of subsequent productions of Requested Metadata with respect to the remaining Outstanding Clients.

DATED: January 13, 2017.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge

3