| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP<br>Jeffrey T. Thomas (*pro hac vice*)<br>Michele L. Maryott (*pro hac vice*)<br>Joseph A. Gorman (*pro hac vice*)<br>3161 Michelson Drive<br>Irvine, CA  92612-4412<br>Telephone:  (949) 451-3800<br>jtthomas@gibsondunn.com<br>mmaryott@gibsondunn.com<br>jgorman@gibsondunn.com<br><br>GIBSON, DUNN & CRUTCHER LLP<br>Samuel G. Liversidge (*pro hac vice*)<br>Eric D. Vandevelde (*pro hac vice*)<br>333 South Grand Avenue<br>Los Angeles, CA  90071-3197<br>Telephone:  (213) 229-7000<br>sliversidge@gibsondunn.com<br>evandevelde@gibsondunn.com<br><br>HOWARD & HOWARD ATTORNEYS<br>W. West Allen (Nevada Bar No. 5566)<br>3800 Howard Hughes Parkway, Suite 1000<br>Las Vegas, NV  89169<br>Telephone:  (702) 667-4843<br>wwa@h2law.com<br><br>*Attorneys for Plaintiff and Counterdefendant Rimini Street, Inc., and Counterdefendant Seth Ravin* | DEBEVOISE & PLIMPTON LLP<br>James J. Pastore (*pro hac vice*)<br>919 Third Avenue<br>New York, NY 10022<br>Telephone:  (212) 909-6000<br>jjpastore@debevoise.com<br><br>DEBEVOISE & PLIMPTON LLP<br>Jeffrey P. Cunard (*pro hac vice*)<br>801 Pennsylvania Avenue N.W.<br>Washington, DC 20004<br>Telephone:  (202) 383-8000<br>jpcunard@debevoise.com<br><br>RIMINI STREET, INC.<br>Daniel B. Winslow (*pro hac vice*)<br>6601 Koll Center Parkway, Suite 300<br>Pleasanton, CA  94566<br>Telephone:  (925) 264-7736<br>dwinslow@riministreet.com<br><br>RIMINI STREET, INC.<br>John P. Reilly (*pro hac vice*)<br>3993 Howard Hughes Parkway, Suite 500<br>Las Vegas, NV  89169<br>Telephone:  (336) 402-4068<br>jreilly@riministreet.com |

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIMINI STREET, INC., a Nevada corporation,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ORACLE INTERNATIONAL CORPORATION, a California corporation, and ORACLE AMERICA, INC., a Delaware corporation,<br><br>　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO. 2:14-CV-01699-LRH-CWH<br><br>**RIMINI STREET, INC.'S NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiff Rimini Street, Inc. ("Rimini") respectfully moves this Court, pursuant to Rules 15 and 16 of the Federal Rules of Civil Procedure and Rules 15-1 and 16-1 of this Court's Local Rules of Civil Practice, for an order granting Rimini leave to file its Third Amended Complaint, a copy of which is attached to this Motion as Exhibit A.  Oracle has agreed not to oppose this Motion, ECF No. 432, and this Court has ordered that this Motion will be considered unopposed.  ECF No. 437.  And as detailed in this Motion, there is good cause to permit Rimini to file this pleading.  Moreover, Rimini meets the liberal amendment standard of Rule 15(a).

This Motion is based upon this Notice, the following Memorandum of Points and Authorities, the proposed Third Amended Complaint attached hereto as Exhibit A, the parties' stipulation and the Court's Order that this Motion will be considered unopposed (ECF Nos. 432, 437), the entire record in this matter, and any such further oral argument that may be submitted prior to the determination of this Motion.

Dated:  April 4, 2017

GIBSON, DUNN & CRUTCHER LLP

By:  /s/ Jeffrey T. Thomas
Jeffrey T. Thomas

*Attorneys for Plaintiff and Counterdefendant Rimini Street, Inc., and Counterdefendant Seth Ravin*

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................1

II. BACKGROUND .....................................................................................................2

III. LEGAL STANDARD ..............................................................................................3

IV. ARGUMENT ...........................................................................................................3

    A.    Good Cause Exists Because Rimini Acted Diligently and Could Not Have Asserted These Claims Before the Deadline......................................................4

    B.    Leave to Amend Is Also Appropriate Under Rule 15......................................5

V. CONCLUSION .........................................................................................................6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Acad. of Country Music v. ACM Records, Inc.*,
   2014 WL 2586859 (C.D. Cal. June 10, 2014) ...................................................................... 4

*Chudacoff v. Univ. Med. Ctr. of S. Nev.*,
   649 F.3d 1143 (9th Cir. 2011) ............................................................................................ 5

*Eckert Cold Storage, Inc. v. Behl*,
   943 F. Supp. 1230 (E.D. Cal. 1996) .................................................................................. 3

*Fed. Deposit Ins. Corp. v. Ching*,
   2015 WL 5834554 (E.D. Cal. Oct. 2, 2015) ....................................................................... 4

*Henderson v. United Student Aid Funds, Inc.*,
   2014 WL 4658744 (S.D. Cal. Sept. 17, 2014) .................................................................... 5

*Johnson v. Mammoth Recreations, Inc.*,
   975 F.2d 604 (9th Cir. 1992) .............................................................................................. 3

*Krieger v. Atheros Commc'ns, Inc.*,
   2011 WL 2550831 (N.D. Cal. June 25, 2011) ............................................................... 3, 5

*Macias v. City of Clovis*,
   2016 WL 1162637 (E.D. Cal. Mar. 24, 2016) ................................................................... 4

*Orozco v. Midland Credit Mgmt. Inc.*,
   2013 WL 3941318 (E.D. Cal. July 30, 2013) ..................................................................... 4

*Owens v. Kaiser Found. Health Plan, Inc.*,
   244 F.3d 708 (9th Cir. 2001) .............................................................................................. 5

**Rules**

Fed. R. Civ. P. 15 ..................................................................................................................... 3, 5

Fed. R. Civ. P. 16 ..................................................................................................................... 3, 5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Rimini files this unopposed motion to amend its complaint to add claims in response to Oracle's recent conduct and corresponding declaratory relief claims. Whereas Oracle's new claims seek a declaratory judgment that its recent willful conduct purporting to revoke Rimini's access to its website is *not* unlawful, Rimini seeks to assert claims that the conduct *is* unlawful. Rimini could not have asserted these claims before Oracle's recent conduct, and there is therefore good cause to allow the amendment.

On January 17, 2017 (the stipulated deadline for Oracle's response to Rimini's Second Amended Complaint and six weeks after the deadline to amend pleadings), Oracle sent Rimini a letter providing Rimini 60 days' notice of Oracle's intent to "terminate and revoke any and all permissions, licenses and rights that [Rimini] has been granted to access Oracle's support websites." On the same day, Oracle filed its Third Amended Counterclaims, asserting three new declaratory judgment claims and seeking a declaration that its attempted revocation of Rimini's access to Oracle's support websites does not constitute tortious interference or otherwise unlawful conduct. Recognizing that it may very well be engaged in unlawful conduct, Oracle alleged that there exists a "justiciable controversy regarding not only any right Rimini may purport to have to access or use any of Oracle's support websites but Oracle's right to terminate any such right." Oracle further alleged that it "reasonably believes that Rimini will immediately assert claims against Oracle based on that termination," and subsequently stipulated that Rimini could amend its complaint to add claims based on Oracle's revocation of Rimini's access to Oracle's support websites.

There is good cause to permit amendment under Rule 16. Discovery of new facts after the deadline to amend is a textbook case of good cause, and Rimini could not have previously asserted these claims because Oracle had not yet taken the unlawful and anti-competitive action of purporting to revoke Rimini's access to its websites. Rimini also meets the more liberal standard of Rule 15 (as is required on a Rule 16 motion) because it has Oracle's

written consent to file the claims (ECF No. 432), and the Court has ordered that this motion would be considered unopposed (ECF No. 437).  Leave to amend should be granted.

## II.   BACKGROUND

The operative scheduling order in this case set the "[l]ast date to amend pleadings" as December 5, 2016.  ECF No. 227.  Consistent with that order, on December 5, 2016, Rimini filed a motion for leave to file its Second Amended Complaint (and the Second Amended Complaint itself), alleging that Oracle's ongoing and recent actions, including actions Rimini learned about in discovery, interfered with Rimini's current and prospective business relationships, among other claims.  ECF No. 346.

On January 17, 2017—the date Oracle's responsive pleading was due—Oracle sent Rimini a letter purporting to terminate and revoke "any and all permissions, licenses, and rights that [Rimini] has been granted to access or use Oracle's support websites," and "demand[ing] that Rimini cease and desist from any further access or use of those sites," effective sixty days from the date of the letter.  ECF No. 397-1 at 1.  Oracle stated that its purported "revocation extends to any permission, license, or right granted or allegedly granted to Rimini by a Rimini customer, Rimini prospective customer, or other third party."  *Id.* Oracle did so even though Rimini has supported its clients for *over ten years* by accessing and downloading the materials that its clients paid for and are entitled to receive, and even though Oracle does not prohibit the clients themselves from accessing Oracle's websites to complete the exact same downloading of the exact same files.

That same day, Oracle filed its Third Amended Counterclaims.  ECF No. 397.  Among other amendments, Oracle added claims seeking declaratory judgment that its attempted revocation of Rimini's access to its website did not: (1) intentionally interfere with contractual relations; (2) intentionally interfere with prospective economic advantage; or (3) violate California Business and Professions Code § 17200.  *Id.* ¶¶ 233-258.  Oracle alleged that there exists a "justiciable controversy regarding not only any right Rimini may purport to have to access or use any of Oracle's support websites but Oracle's right to terminate any such right."  *Id.* ¶ 155.  Oracle further alleged that it "reasonably believes that Rimini will immediately

assert claims against Oracle based on that termination." *Id.* ¶ 154; *see also* ¶¶ 234, 242 ("an actual justiciable controversy exists by way of the credible threat of immediate litigation").

Oracle plainly anticipated and invited the claims that Rimini now seeks to assert in its proposed Third Amended Complaint, attached to this motion as Exhibit A. And Oracle agreed not to oppose a motion to file a Third Amended Complaint. ECF No. 432. This Court further ordered that such a motion would be considered unopposed. ECF No. 437.

### III.   LEGAL STANDARD

Where, as here, a party seeks to amend its complaint after the deadline to amend pleadings, courts analyze the motion under Federal Rule of Civil Procedure 16, which governs amendment of scheduling orders. Under Rule 16, a court may permit the filing of an amended complaint where the moving party demonstrates good cause. Fed. R. Civ. P. 16(b)(4). The "'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). In other words, where, as here, the party could not reasonably have discovered the facts underlying the proposed amendment before the deadline to amend, good cause is established. *Id.*

If a party demonstrates good cause under Rule 16, the court then applies the traditional Rule 15 analysis for amending pleadings. *Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1232 n.3 (E.D. Cal. 1996). Under Rule 15, a party may amend its pleading where, as here, it has "the opposing party's written consent." Fed. R. Civ. P. 15(a)(2); *Krieger v. Atheros Commc'ns, Inc.*, 2011 WL 2550831, at *1 (N.D. Cal. June 25, 2011) (finding that a stipulation the court entered as an order "constitute[d] written consent by Defendants to the filing of an amended complaint").

### IV.   ARGUMENT

Rimini's proposed amendment easily satisfies both Rule 16's good cause standard and Rule 15's liberal amendment standard. *See* ECF No. 437. There is good cause to amend because Rimini seeks to add claims and allegations relating to Oracle's actions that took place after the deadline to amend, which Rimini could not have asserted at any earlier time. And

Rule 15 is satisfied because Rimini has Oracle's written consent to amend. Leave to amend should therefore be granted.

### A. Good Cause Exists Because Rimini Acted Diligently and Could Not Have Asserted These Claims Before the Deadline

Only after the deadline to amend pleadings had passed did Oracle send Rimini the letter upon which Rimini's new claims and theories are based. None of the claims that Rimini now seeks to assert existed until Oracle sent that letter. Thus, Rimini could not have brought its revocation-based claims and allegations before the amendment deadline, and there is good cause to amend. Oracle recognized this by agreeing not to oppose a motion for leave to file an amended complaint asserting claims relating to the letter. ECF No. 432.

Discovery of new facts or evidence is a "common and well established" example of sufficient "good cause" to amend a pleading after a deadline has passed. *Macias v. City of Clovis*, 2016 WL 1162637, at *4 (E.D. Cal. Mar. 24, 2016) (collecting cases); *see, e.g., Acad. of Country Music v. ACM Records, Inc.*, 2014 WL 2586859, at *3 (C.D. Cal. June 10, 2014) ("the facts apparently available to Plaintiff at the time of the . . . cut-off for the amendment of pleadings were not sufficient to expect Plaintiff to have sought to amend its pleading to add a cancellation claim"); *Orozco v. Midland Credit Mgmt. Inc.*, 2013 WL 3941318, at *4 (E.D. Cal. July 30, 2013) (permitting Rule 16 amendment where there was "significant" "new evidence").

Here, the new facts and evidence on which Rimini's claims are based did not arise until Oracle sent its letter and filed its new counterclaims on January 17, 2017. Oracle admits as much in its allegation that it "reasonably believes that Rimini will immediately assert claims against Oracle based on [its] termination" (ECF No. 397 ¶ 154), and its stipulation not to oppose this motion (ECF No. 432). As a result, the timing of Rimini's amendment is directly attributable to Oracle's own willful actions, over which Rimini had no control. *See, e.g., Fed. Deposit Ins. Corp. v. Ching*, 2015 WL 5834554, at *2 (E.D. Cal. Oct. 2, 2015) ("Motions are more often granted when the opposing party's actions caused delay or when the delay is due to an outside intervening cause."); *Orozco*, 2013 WL 3941318, at *3 ("It is

defendant's dawdling, not plaintiff's, that caused evidence of phone calls to be revealed only after the original . . . amendment deadline."). Upon learning of Oracle's new actions, Rimini was diligent in reaching out to Oracle to obtain a stipulation and in filing this motion for leave in compliance therewith.

### B.     Leave to Amend Is Also Appropriate Under Rule 15

Where a party meets the Rule 16 good cause standard, the Court turns to the Rule 15 standard, under which a party may amend "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, the Rule 15 inquiry is simple because Rimini has Oracle's written consent. *Cf. Krieger*, 2011 WL 2550831, at *1 (finding that a stipulation the court entered as an order "constitute[d] written consent by Defendants to the filing of an amended complaint").

But even if Rimini needed to seek the Court's leave under Rule 15, Rimini easily meets Rule 15's liberal policy of granting leave to amend "freely," where "justice so requires" (Fed. R. Civ. P. 15(a)(2)), which the Ninth Circuit construes with "extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (internal quotation marks omitted). Under Rule 15, courts deny requests for leave to amend only where there is a "showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011).

Here, Oracle's invitation of these claims through its counterclaims and its agreement not to oppose this motion show that there is no bad faith, undue delay, futility, or prejudice. Specifically, Oracle's allegation that there is a "justiciable controversy regarding not only any right Rimini may purport to have to access or use any of Oracle's support websites but also Oracle's right to terminate any such right," and stipulation to the filing of an amended complaint, both undermine any allegation of bad faith. ECF No. 397 ¶ 155; ECF No. 432. Oracle's agreement to the deadline for Rimini to amend also precludes any claim of undue delay. ECF No. 432; *see Henderson v. United Student Aid Funds, Inc.*, 2014 WL 4658744, at *1, *4 (S.D. Cal. Sept. 17, 2014) (finding good cause where the party sought leave to amend

three months after discovering new facts). Nor can Oracle claim prejudice resulting from claims it invited (ECF No. 397 ¶¶ 155, 234, 242, 252) and agreed by stipulation not to oppose (ECF No. 432). Finally, the non-futility of Rimini's claims is beyond question—by filing claims for declaratory judgment that its conduct is not unlawful and alleging that there is a justiciable controversy over Rimini's access rights, Oracle recognized that its conduct at the very least bordered on tortious. *See* ECF No. 397 ¶¶ 155, 234, 242, 252. And Oracle's stipulation further confirms the non-futility of Rimini's claims. ECF No. 432. Thus, even if Rimini were required to obtain the Court's leave to file its complaint under Rule 15 notwithstanding Oracle's consent to this motion, Rimini would easily satisfy that liberal standard.

## V. CONCLUSION

Rimini respectfully requests that the Court grant its unopposed Motion for Leave to File a Third Amended Complaint.

Dated: April 4, 2017

                                      GIBSON, DUNN & CRUTCHER LLP

                                      By: */s/ Jeffrey T. Thomas*
                                                  Jeffrey T. Thomas

*Attorneys for Plaintiff and Counterdefendant Rimini Street, Inc., and Counterdefendant Seth Ravin*

# CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused to be electronically uploaded a true and correct copy in Adobe PDF format of the above document to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system.  After the electronic filing of a document, service is deemed complete upon transmission of the Notice of Electronic Filing to the registered CM/ECF users.  All counsel of record are registered users.

DATED:  April 4, 2017

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Jeffrey T. Thomas
Jeffrey T. Thomas

*Attorneys for Plaintiff and Counterdefendant Rimini Street, Inc., and Counterdefendant Seth Ravin*