UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RIMINI STREET, INC. a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ORACLE INTERNATIONAL CORPORATION, a California Corporation,<br><br>Defendant.<br>_____<br><br>ORACLE AMERICA, INC., a Delaware Corporation; and ORACLE INTERNATIONAL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>RIMINI STREET, INC.; and SETH RAVIN, an individual,<br><br>Counter-defendants. | Case No. 2:14-cv-1699-LRH-(CWH)<br><br>ORDER |

Before the court is counter-claimants Oracle International Corporation and Oracle America, Inc.'s (collectively "Oracle") motion to strike plaintiff/counter-defendants Rimini Street, Inc. ("Rimini Street") and Seth Ravin's ("Ravin") affirmative defense of copyright misuse. ECF No. 439. Counter-defendants filed an opposition (ECF No. 461) to which Oracle replied (ECF No. 462).

1    I.      **Facts and Procedural Background**

2            Defendant/counter-claimant Oracle develops, manufacturers, and licenses computer

3    software. Rather than sell its software to consumers outright, Oracle licenses its software to

4    customers through software licensing agreements which govern the customers' rights to use the

5    software. Along with its software licensing business, Oracle also provides software maintenance

6    and support services to its software licensees through separate software support service contracts.

7    Oracle holds a number of federal copyrights for its various software applications, including the

8    particular software applications at issue in this action.

9            Plaintiff Rimini Street provides third-party maintenance and support services to

10   consumers who license software applications from other software companies and competes

11   directly with Oracle to provide these after-license services. Rimini Street does not develop or

12   manufacture its own competing software applications and holds no federal copyrights. Rather,

13   Rimini Street contracts with software licensees to provide software maintenance and support

14   services for certain software applications including the particular Oracle copyrighted software

15   application at issue in this action. Counter-defendant Seth Ravin ("Ravin") is the owner and

16   CEO of Rimini Street.

17           This is the second action between the parties. In the first action, *Oracle USA., Inc. v.*

18   *Rimini Street, Inc.*, case no. 2:10-cv-0106-LRH-(VCF) ("*Oracle I*"), Oracle brought several

19   claims against Rimini Street and Ravin for copyright infringement and other business-related

20   torts based on (1) the process Rimini Street used to provide software maintenance and support

21   services to customers who had licensed Oracle software, and (2) the manner in which

22   Rimini Street accessed and preserved copies of Oracle's copyrighted software source code. *See*

23   *Oracle I*, case no. 2:10-cv-0106-LRH-(VCF), ECF No. 1. While litigation in *Oracle I* was

24   proceeding, Rimini Street allegedly changed the manner by which it accessed and preserved its

25   customer's licensed software and the process by which it provided software maintenance and

26   support services to its clients in response to the court's summary judgment orders (*Oracle I*,

27   case no. 2:10-cv-0106-LRH-VCF, ECF Nos. 474, 476). Subsequently, on October 15, 2014,

28   Rimini Street initiated the present action against Oracle seeking a declaration from the court that

                                                   2

its new software maintenance and support processes do not infringe Oracle's software copyrights. *See* ECF No. 1.

After Rimini Street initiated the present action Oracle filed counterclaims against Rimini Street and Ravin for copyright infringement and other business related torts. ECF No. 21. Oracle then twice amended its counterclaims to add new allegations and claims against counter-defendants. ECF Nos. 173, 306.

On January 17, 2017, Oracle sent Rimini Street a letter providing 60 days' notice of Oracle's intent to revoke Rimini Street's access to Oracle's various support websites.[1] After the sixty-day period ran, Oracle allegedly revoked and terminated all of Rimini Street's access to Oracle's support websites, thereby allegedly preventing Rimini Street from carrying out certain support services for Rimini Street's clients. Also on January 17, 2017, Oracle filed its third and final amended counterclaims against Rimini Street and Ravin. ECF No. 397. In response, Rimini Street and Ravin filed an answer to Oracle's third amended counterclaims. ECF No. 410. As part of their answer, counter-defendants raised an affirmative defense alleging that Oracle's revocation of Rimini Street's authorization to access Oracle's support websites constitutes copyright misuse. *Id*. Thereafter, Oracle filed the present motion to strike Rimini Street and Ravin's copyright misuse affirmative defense. ECF No. 439.

## II.    Legal Standard

A motion to strike an affirmative defense is brought pursuant to Federal Rule of Civil Procedure 12(f), under which a court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous material." FED. R. CIV. P. 12(f). A "motion to strike is proper when a defense is insufficient as a matter of law." *Oracle Am., Inc. v. Micron Tech., Inc.*, 817 F. Supp. 2d 1128, 1131-31 (N.D. Cal. 2011).

Affirmative defenses are governed by the same pleading standard as complaints. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979) ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."). To

---

[1] Oracle hosts several different websites on which Oracle offers various software updates, patches, and other software support materials and documentation for licensees of Oracle's software. These support websites are made available to licensees through client logins which allow the licensees to access the websites and download particular fixes and support materials for the licensee's particular licensed Oracle software application.

1    sufficiently allege an affirmative defense under Rule 8(a)(2), viewed within the context of a

2    Rule 12(f) motion to strike, the affirmative defense must "contain sufficient factual matter,

3    accepted as true, to 'state a [defense] that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

4    662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A defense has facial plausibility when the

5    pleaded factual content allows the court to draw the reasonable inference, based on the court's

6    judicial experience and common sense, that the defense has merit. *See Id.* at 678-679. Further, in

7    reviewing a motion to strike an affirmative defense, the court accepts the factual allegations in

8    the affirmative defense as true. *Id.* However, bare assertions in a defense amounting "to nothing

9    more than a formulaic recitation of the elements of a [defense] are not entitled to an assumption

10   of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at

11   698) (internal quotation marks omitted).

12   **III.    Discussion**

13          "Copyright misuse is a judicially created affirmative defense to copyright infringement."

14   *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1157 (9th Cir. 2011). The equitable defense of

15   copyright misuse "forbids a copyright holder from securing an exclusive right or limited

16   monopoly not granted by the Copyright Office" by preventing "copyright holders from

17   leveraging their limited monopoly to allow them control of areas outside the monopoly." *A&M*

18   *Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1026 (9th Cir. 2001) (internal quotations omitted).

19   The defense precludes a copyright owner from enforcing the copyright during periods of misuse.

20   *See Practice Mgmt. Info. Corp. v. Am. Med. Ass'n*, 121 F.3d 516, 520 (9th Cir. 1997).

21          In their answer to Oracle's third amended counterclaims, Rimini Street and Ravin have

22   raised an affirmative defense that Oracle has engaged in copyright misuse by revoking

23   Rimini Street's authorization to access Oracle's support websites. *See* ECF No. 410. Specifically,

24   counter-defendants allege that Oracle is attempting to unlawfully leverage a monopoly in the

25   support services market by revoking Rimini Street's authorization to access Oracle's support

26   service websites on behalf of its clients. Counter-defendants contend that these support websites

27   are the only way for Rimini Street's clients, who have licensed Oracle's copyrighted software, to

28   access and use certain copyrighted documents and support materials that are hosted on those

1    websites. Further, counter-defendants allege that the technical design of Oracle's support

2    websites makes it near impossible for the individual licensees to identify all of the documents

3    and materials that the licensees are entitled to under the software licenses, thereby forcing the

4    licensees to employ Oracle's uncopyrightable support services. Therefore, counter-defendants

5    argue that Oracle is misusing its software copyright by effectively requiring its customers to

6    either purchase Oracle's non-copyrightable software maintenance and support services or forego

7    the support materials for which the licensees are entitled.

8         The court has reviewed the documents and pleadings on file in this matter and finds that

9    Oracle's conduct in revoking Rimini Street's access to its support websites does not constitute

10   copyright misuse as a matter of law. First, the court notes that Rimini Street's allegations center

11   on Oracle's use of its property rights as owner of its websites to restrict Rimini Street's access to

12   those websites rather than any of the exclusive rights granted to Oracle under the Copyright Act

13   like licensing the work or determining how the work can be reproduced. Conduct, which does

14   not rely on the party's rights under the Copyright Act, cannot constitute copyright misuse. *See*

15   *Napster, Inc.*, 239 F.3d at 1027 (stating that to constitute copyright misuse, the challenged

16   conduct must attempt to extend a copyright beyond the Copyright Act's limitations). Nowhere in

17   their affirmative defense do counter-defendants allege that Oracle relied on any of its copyrights

18   in revoking Rimini Street's access to Oracle's support websites. A party's failure to allege or

19   point to any copyright employed "to prohibit directly the independent development or use of a

20   competing product" precludes a finding of copyright misuse. *Microsoft Corp. v. Computer*

21   *Support Servs. Of Carolina, Inc.*, 123 F. Supp. 2d 945, 956 (W.D. N.C. 2000).

22        Second, counter-defendants' argument that Oracle's exercise of its property rights as

23   owner of a website constitutes copyright misuse because Oracle's copyrighted support materials

24   are made available only on those support websites is without legal support and merit. Counter-

25   defendants' argument would lead to the nonsensical legal result that a website owner could

26   exclude another party from accessing a website that does not contain any copyrighted materials,

27   but then could not exclude that party from accessing the website if it contained any copyrighted

28   materials. Counter-defendants' argument is not supported by any logical or legal authority and

would result in an impermissible and unsupported expansion of the doctrine of copyright misuse to legal realms outside of copyrights.

Finally, the court finds that Oracle's conduct does not constitute copyright misuse as a matter of law because Oracle's revocation of Rimini Street's authorization to access Oracle's support websites does not preclude the software licensees from accessing those same websites and obtaining the copyrighted documents and support materials that the licensee is entitled to under the software licenses. In fact, despite Oracle's conduct, the software licensees are still able to access and download all support materials and documentation that the licensee is entitled to without having to purchase Oracle's software maintenance and support services. Nor does Oracle's conduct in revoking Rimini Street's authorization to access a website elicit any promise from Oracle's software licensees that the licensee will only use Oracle's software maintenance and support services and not use such services from any competing company. The fact that there may not be any manner by which Rimini Street can perform some of its contracted services because of Oracle's conduct does not mean that Oracle engaged in copyright misuse. Courts have consistently and summarily rejected the affirmative defense of copyright misuse where the copyright owner did not prohibit its licensees from either using or independently developing a competing product. *See Microsoft Corp.*, 123 F. Supp. 2d at 955-56. So long as Oracle's alleged conduct does not require the customer to promise not to use a competitor's products or prohibit development of competing products, there is no copyright misuse even if the conduct gives the copyright holder an advantage over a competitor on non-copyrighted products or services. *See e.g., Apple, Inc. v. Psystar Corp.*, 673 F. Supp. 2d 931, 939 (9th Cir. 2009) (finding that a license agreement that prohibited customers from using plaintiff's product on a competitor's product, but did not prohibit customers from using a competitor's product, was not copyright misuse). Therefore, the court finds that counter-defendants' affirmative defense of copyright infringement fails as a matter of law and the court shall grant Oracle's motion and strike the defense accordingly.

///

///

IT IS THEREFORE ORDERED counter-claimants' motion to strike (ECF No. 439) is GRANTED in accordance with this order. Counter-defendants' first affirmative defense for copyright misuse is DISMISSED.

IT IS SO ORDERED.

DATED this 17th day of November, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE