GIBSON, DUNN & CRUTCHER LLP
Jeffrey T. Thomas (*pro hac vice*)
Michele L. Maryott (*pro hac vice*)
Joseph A. Gorman (*pro hac vice*)
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: (949) 451-3800
jtthomas@gibsondunn.com
mmaryott@gibsondunn.com
jgorman@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
Samuel G. Liversidge (*pro hac vice*)
Eric D. Vandevelde (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
sliversidge@gibsondunn.com
evandevelde@gibsondunn.com

HOWARD & HOWARD ATTORNEYS
W. West Allen (Nevada Bar No. 5566)
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV 89169
Telephone: (702) 667-4843
wwa@h2law.com

DEBEVOISE & PLIMPTON LLP
James J. Pastore (*pro hac vice*)
919 Third Avenue
New York, NY 10022
Telephone: (212) 909-6000
jjpastore@debevoise.com

DEBEVOISE & PLIMPTON LLP
Jeffrey P. Cunard (*pro hac vice*)
801 Pennsylvania Avenue N.W.
Washington, DC 20004
Telephone: (202) 383-8000
jpcunard@debevoise.com

RIMINI STREET, INC.
Daniel B. Winslow (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone: (925) 264-7736
dwinslow@riministreet.com

RIMINI STREET, INC.
John P. Reilly (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (336) 402-4068
jreilly@riministreet.com

*Attorneys for Plaintiff and Counterdefendant Rimini Street, Inc., and Counterdefendant Seth Ravin*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIMINI STREET, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>ORACLE INTERNATIONAL CORPORATION, a California corporation, and ORACLE AMERICA, INC., a Delaware corporation,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO. 2:14-CV-01699-LRH-CWH<br><br>**EMERGENCY MOTION PURSUANT TO L.R. 7-4 AND 26-7 FOR LIMITED EXTENSION OF FACT DISCOVERY DEADLINE TO ACCOMMODATE DEPOSITIONS** |

Gibson, Dunn & Crutcher LLP

EMERGENCY MOTION FOR LIMITED EXTENSION OF FACT DISCOVERY DEADLINE TO ACCOMMODATE DEPOSITIONS
CASE NO. 2:14-CV-01699-LRH-CWH

Plaintiff and Counterdefendant Rimini Street, Inc. and Counterdefendant Seth Ravin (together, "Rimini") submit this **emergency** motion under L.R. 7-4 and 26-7 requesting an order extending the fact discovery deadline three weeks, from February 28, 2018, to March 19, 2018, for the limited purpose of completing the final depositions in this case, which have been noticed but not yet scheduled by the parties due to witness and attorney availability.

## INTRODUCTION

Rimini requests a brief extension of the fact discovery deadline to allow the parties to complete 10 depositions of party witnesses that have been noticed but that cannot reasonably be completed by the close of fact discovery on February 28, 2018. Although the parties have been working diligently to complete fact discovery by the cutoff, there are at least 19 party and third-party depositions (noticed by *both* parties) already scheduled to take place in February, and it has become virtually impossible to find acceptable dates in February for the remaining 10 party depositions that have been noticed for February but not yet scheduled and confirmed. There is no conceivable prejudice to Oracle from this limited extension—and Oracle identified none during the parties' extensive meet and confer—as Rimini does not seek to modify any other discovery deadline, and no trial date has been set. Despite Rimini's multiple attempts to meet and confer with Oracle over the last several weeks to arrive at a workable solution, Oracle refuses to agree to any extension whatsoever, thus necessitating this motion.

## ARGUMENT

Rimini seeks this extension on an emergency basis because the February 28, 2018 fact discovery deadline is quickly approaching, and there are still numerous depositions that both Rimini and Oracle must take. The Court should grant an extension because good cause exists and there is no prejudice to Oracle. *See Crockett & Myers, Ltd. v. Napier, Fitzgerald & Kirby, LLP*, 430 F. Supp. 2d 1157, 1163 (D. Nev. 2006) (good cause exists to extend a discovery deadline where the movant has been diligent).

Following the substantial completion of document productions in October 2017, the parties have been diligently deposing witnesses. But due to the voluminous number of depositions to be taken (the parties agreed to 25 party and 35 third-party depositions per side

2

EMERGENCY MOTION FOR LIMITED EXTENSION OF FACT DISCOVERY DEADLINE TO ACCOMMODATE DEPOSITIONS
CASE NO. 2:14-CV-01699-LRH-CWH

Gibson, Dunn & Crutcher LLP

(*see* ECF No. 353 at 7–9)), there are at least **19 party and third-party witness depositions** already confirmed to take place in February.  These depositions, which have been noticed by *both parties*, are scheduled to occur all over the country.  As of now, there are multiple days in February where two or even three depositions are scheduled to occur on the same day.  Against this already challenging backdrop, the parties are attempting to schedule another **10** party depositions.  Despite exchanging numerous emails and calls, the parties have yet to succeed on confirming dates for those depositions.  *See* Decl. of Eric D. Vandevelde at ¶ 3.  There are simply not enough dates in February to work with given witness and attorney availability.  It is solely for these 10 unconfirmed party depositions that Rimini seeks an extension of the fact discovery deadline.

In light of the number of depositions that both parties were permitted to take and had noticed, Rimini anticipated that deposition scheduling in February would be a challenge.  Rimini, thus, attempted to meet and confer with Oracle in January—by email and in two separate calls—to reach agreement on a limited extension.  *Id.* at ¶¶ 5–7.  Every time, however, Oracle rejected Rimini's attempts, without offering any basis (other than emphasizing that the fact discovery cutoff is February 28).  Indeed, on the most recent meet and confer call, Oracle claimed it would be prejudiced for multiple reasons if some depositions occurred in March, but Oracle's counsel declined to articulate any of those reasons, and, when pressed, Oracle asserted that it had no obligation to do so.  *Id.* at ¶ 8.  But there is no possible prejudice to Oracle by a three-week extension of the fact discovery deadline to accommodate a limited number of depositions on both sides, as no other deadlines in the case schedule would be impacted.  Oracle's refusal to agree to this narrow request, and its unwillingness to engage in a good faith discussion about what prejudice Oracle believes it will incur, have necessitated this emergency motion.

Rimini now respectfully requests the Court grant a limited extension of fact discovery until March 19, 2018, so the parties may depose those witnesses whose depositions have been noticed but not yet confirmed.  Those witnesses are:

- Charles Rozwat;
- Harika Mandala;
- Sam Chan;
- Gladys Lau;
- Jennifer Affleck;
- Richard Allison (for two days, in his individual and 30(b)(6) capacities);
- Oracle's to-be-named corporate representative(s) on Rimini's Fifth 30(b)(6) Notice (licensing topics for which Mr. Allison was not designated);
- Oracle's to-be-named corporate representative(s) on Rimini's Sixth 30(b)(6) Notice (anticompetitive conduct);
- Oracle's to-be-named corporate representative(s) on Rimini's Seventh 30(b)(6) Notice (financial topics); and
- Oracle's to-be-named corporate representative(s) on Rimini's Eighth 30(b)(6) Notice (marketing and false statements).[1]

Rimini also remains willing to consider any proposal from Oracle regarding moving other depositions to March. Rimini believes that a limited extension to depose 10 witnesses in March will lead to a more orderly and efficient discovery process.

Dated: February 5, 2018

        GIBSON, DUNN & CRUTCHER LLP

        By: */s/ Jeffrey T. Thomas*
                Jeffrey T. Thomas

*Attorneys for Plaintiff and Counterdefendant Rimini Street, Inc., and Counterdefendant Seth Ravin*

102442298

---

[1] Oracle agreed to take the depositions of Rimini employee Sundeep Mekala and former employee Charlotte Goodman after the discovery cutoff. Ms. Goodman suffered an injury necessitating her being deposed in March, and Mr. Mekala, who lives and works in India, is attempting to obtain a visa and may not be able to do so before March.

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused to be electronically uploaded a true and correct copy in Adobe "pdf" format of the above document to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system. After the electronic filing of a document, service is deemed complete upon transmission of the Notice of Electronic Filing ("NEF") to the registered CM/ECF users. All counsel of record are registered users.

DATED: February 5, 2018

        GIBSON, DUNN & CRUTCHER LLP

        By: */s/ Jeffrey T. Thomas*
             Jeffrey T. Thomas

*Attorneys for Plaintiff and Counterdefendant Rimini Street, Inc., and Counterdefendant Seth Ravin*

Gibson, Dunn & Crutcher LLP

5

EMERGENCY MOTION FOR LIMITED EXTENSION OF FACT DISCOVERY DEADLINE TO ACCOMMODATE DEPOSITIONS
CASE NO. 2:14-CV-01699-LRH-CWH