| | |
|---|---|
| BOIES SCHILLER FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone:     702.382.7300<br>Facsimile:      702.382.2755<br>rpocker@bsfllp.com | MORGAN, LEWIS & BOCKIUS LLP<br>THOMAS S. HIXSON (*pro hac vice*)<br>JOHN A. POLITO (*pro hac vice*)<br>NITIN JINDAL (*pro hac vice*)<br>One Market, Spear Street Tower<br>San Francisco, CA  94105<br>Telephone:     415.442.1000<br>Facsimile:      415.442.1001<br>thomas.hixson@morganlewis.com<br>john.polito@morganlewis.com<br>nitin.jindal@morganlewis.com |
| BOIES SCHILLER FLEXNER LLP<br>WILLIAM ISAACSON (*pro hac vice*)<br>KAREN DUNN (*pro hac vice*)<br>1401 New York Avenue, NW, 11th Floor<br>Washington, DC 20005<br>Telephone: (202) 237-2727<br>Facsimile: (202) 237-6131<br>wisaacson@bsfllp.com<br>kdunn@bsfllp.com | DORIAN DALEY (*pro hac vice*)<br>DEBORAH K. MILLER (*pro hac vice*)<br>JAMES C. MAROULIS (*pro hac vice*)<br>ORACLE CORPORATION<br>500 Oracle Parkway, M/S 5op7<br>Redwood City, CA 94070<br>Telephone:     650.506.4846<br>Facsimile:      650.506.7114<br>dorian.daley@oracle.com<br>deborah.miller@oracle.com<br>jim.maroulis@oracle.com |
| BOIES SCHILLER FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>BEKO O. REBLITZ-RICHARDSON<br>(*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone:     510.874.1000<br>Facsimile:      510.874.1460<br>sholtzman@bsfllp.com<br>brichardson@bsfllp.com | *Attorneys for Counterclaimants and Defendants Oracle America, Inc. and Oracle International Corporation* |

UNITED STATE DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| RIMINI STREET, INC., a Nevada corporation;<br><br>Plaintiff,<br><br>vs.<br><br>ORACLE INTERNATIONAL CORPORATION, a California corporation, et al.<br><br>Defendant.<br><br>ORACLE AMERICA, INC., a Delaware corporation, *et al.*,<br><br>Counterclaimants,<br><br>vs.<br><br>RIMINI STREET, INC., a Nevada corporation, *et al.*,<br><br>Counterdefendants. | CASE NO  2:14-CV-01699 LRH CWH<br><br>**ORACLE'S OPPOSITION TO RIMINI STREET'S EMERGENCY MOTION AND ORACLE'S CROSS-MOTION FOR A PROTECTIVE ORDER** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

ORACLE'S OPPOSITION TO RIMINI STREET'S EMERGENCY MOTION
AND CROSS-MOTION FOR A PROTECTIVE ORDER

DB3/ 201774957

# TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION ................................................................................................................ 1

II. RIMINI'S MODIFICATION OF ITS MOTION AT 2:10 P.M. TODAY ........................... 2

III. STATEMENT OF FACTS .................................................................................................. 2

IV. LEGAL STANDARD .......................................................................................................... 4

V. ARGUMENT ....................................................................................................................... 5

    A. Rimini's Motion Is Procedurally Improper ............................................................. 5

    B. Rimini Lacks Good Cause to Modify the Fact Discovery Deadline ....................... 6

        1. Rimini Could Have Obtained the Witness Testimony Before the Close of Fact Discovery ................................................................................. 6

    C. Rimini Could Have Obtained Appropriate Rule 30(b)(6) Discovery Before the End of Fact Discovery and the Court Should Issue a Protective Order ............ 7

        1. Rimini's Unacceptable Delay ....................................................................... 7
        2. Rimini's Rule 30(b)(6) Notices Are Excessive and Abusive ...................... 9

    D. Rimini Improperly Seeks a Bifurcated Fact-Discovery Phase ............................. 12

VI. CONCLUSION .................................................................................................................. 12

ORACLE'S OPPOSITION TO RIMINI STREET'S EMERGENCY MOTION
AND CROSS-MOTION FOR A PROTECTIVE ORDER
ii

DB3/ 201774957

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Apple Inc. v. Samsung Elecs. Co., Ltd.*,
   No. 11-1846, 2012 WL 1511901 (N.D. Cal. Jan. 27, 2012) ..................................5, 9

*BTG180, LLC v. Fun Club USA, Inc.*,
   No. 14-cv-188, 2014 WL 2960355 (D. Nev. June 27, 2014) ..................................4

*In re Sulfuric Acid Antitrust Litig.*,
   231 F.R.D. 320 (N.D. Ill. 2005) ..................................10

*In re W. States Wholesale Natural Gas Antitrust Litig.*,
   715 F.3d 716 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*,
   135 S. Ct. 1591 (2015) ..................................5

*Oracle USA, Inc. v. Rimini Street, Inc.*,
   209 F. Supp. 3d 1200, 1215 (D. Nev. 2016), *aff'd in part*, *vacated in part*,
   *rev'd in part*, *Oracle USA, Inc. Rimini Street, Inc.*,
   879 F.3d 948 (9th Cir. 2018) ..................................12

*Spencer-Ross v. Home Depot, U.S.A., Inc.*,
   No. 13-cv-0185, 2013 WL 4714351 (D. Nev. Aug. 30, 2013) ..................................5

*State Farm Mut. Auto Ins. Co. v. New Horizont, Inc.*,
   254 F.R.D. 227 (E.D. Penn. 2008) ..................................10

**RULES**

Fed. R. Civ. P.
   16(b) ..................................4, 5
   26 ..................................5, 9
   30(b)(1) ..................................10
   30(b)(6) .................................. passim

Local Rule
   7-4 ..................................5, 6
   26-4 ..................................4, 6
   26-7 ..................................5, 6

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

ORACLE'S OPPOSITION TO RIMINI STREET'S EMERGENCY MOTION
AND CROSS-MOTION FOR A PROTECTIVE ORDER
iii

DB3/ 201774957

## I. INTRODUCTION

Rimini's procedurally improper motion is an "emergency" of its own making, following Rimini's abusive barrage of last-minute and burdensome deposition notices. Discovery commenced nearly three years ago in this case, ECF No. 48, and after several extensions of the discovery cutoff, the parties were poised to make a major push to close fact discovery by the February 28 deadline, with fifteen depositions and multiple third-party depositions scheduled for this month. Without any explanation for its delay, Rimini waited until the closing weeks of fact discovery to seek additional depositions on **more than 100** 30(b)(6) topics (and subtopics) and additional depositions from five individual Oracle witnesses. Rimini noticed two of these depositions on the very day Rimini sought this "emergency relief." Rimini could have noticed and scheduled these depositions months or years earlier, as this Court's rules require. For example, Rimini waited until January 25, 2018, to notice the deposition of Charles Rozwat, the Oracle executive who has been in charge of Oracle's support business since before this case was filed. Similarly, Rimini's overbroad 30(b)(6) notices seek testimony regarding foundational issues about which Rimini could have noticed depositions at any time, and/or issues about which Oracle deponents already have testified.

Regarding the individual Oracle deponents, Oracle offered to make *every one* of its individually noticed deponents available *before* the close of fact discovery. As of the date Rimini filed its "emergency" motion, Rimini had refused to accept any of Oracle's proposed dates.

Regarding the multiple 30(b)(6) notices, covering more than 100 items, Rimini has no excuse for waiting until the close of discovery to seek this testimony. For example, one of the notices seeks detailed information regarding the accounting, finance, and revenue-recognition policies concerning Oracle's support business. Rimini does not and cannot offer any explanation for why it failed to seek this testimony in 2015, 2016, or 2017. Rimini's failure to take this discovery is not an "emergency." Indeed, Rimini's strategy appears to be to force Oracle representatives to provide testimony on 100 topics within a compressed time period (even if Rimini obtains the time extension it seeks) in the hope of generating incomplete or inaccurate

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Philadelphia

ORACLE'S OPPOSITION TO RIMINI STREET'S EMERGENCY MOTION
AND CROSS-MOTION FOR A PROTECTIVE ORDER
1

DB3/ 201774957

testimony during a unilateral, Rimini-only fact-discovery period. Rimini's conduct is improper and warrants granting a protective order.

## II. RIMINI'S MODIFICATION OF ITS MOTION AT 2:10 P.M. TODAY

At 2:10 p.m. today, Rimini informed Oracle by email that Rimini can proceed with four of the individual witness depositions (Messrs. Rozwat and Chan, Ms. Lau, and Ms. Affleck) in February that Rimini represented to this Court could *not* be scheduled before the close of fact discovery. Hixson Decl., Ex. A. To Oracle's knowledge, Rimini has not informed the Court or modified its emergency motion. Oracle will produce these witnesses on the dates offered in February. Oracle has not, however, modified this opposition brief to take account of Rimini's apparent change in position because: (a) Oracle believes it is important to respond to the motion as filed; and (b) Oracle is concerned that Rimini may change its position yet again, and seek to move one or all of these depositions beyond the discovery cutoff. Rimini's last-minute change of position only underscores that Rimini has not been diligent in seeking discovery, and Rimini never needed "emergency" relief from this Court. The parties have had three years to complete discovery, and Rimini's slapdash approach to discovery is improper.

## III. STATEMENT OF FACTS

Rimini filed this action on October 15, 2014, ECF No. 1, and the action commenced on January 26, 2015, after Rimini served Oracle with the complaint. ECF No. 7. Oracle served its initial disclosures on May 6, 2015, and thereafter the Court issued an initial scheduling Order, setting the close of fact discovery for May 24, 2016. ECF No. 103. Thereafter, Oracle thrice agreed with Rimini to extend the fact discovery cutoff date: first to July 25, 2016, then to April 13, 2017, and yet again to February 28, 2018. ECF Nos. 110, 227, 372.

As the Court is well aware, the parties have engaged in very extensive, complicated document discovery over the past three years. During this time, Rimini took eight individual Oracle witness depositions, four 30(b)(6) depositions, and six third-party depositions. Hixson Decl. ¶¶ 3-5. In 2015, Rimini deposed *zero* Oracle witnesses; and in 2016, Rimini deposed *one* Oracle witness. Hixson Decl. ¶¶ 3-4. Turning to the months leading up to the February 28 close

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ORACLE'S OPPOSITION TO RIMINI STREET'S EMERGENCY MOTION
AND CROSS-MOTION FOR A PROTECTIVE ORDER
2

of discovery, Rimini deposed *three* Oracle witnesses in November, *three* in December, and *one* in January.  Hixson Decl. ¶¶ 6-9.

As fact discovery was approaching its thrice-extended deadline, Rimini and Oracle agreed to the depositions of fifteen party deponents and multiple third-party deponents in February 2018. Hixson Decl. ¶¶ 9-10.  Those depositions are proceeding.

On December 18, 2017, Rimini served its Fourth 30(b)(6) notice, seeking testimony on numerous topics relating to security.  Hixson Decl. ¶ 11, Ex. B.  Oracle provided a witness on these topics on February 7, and this deposition is complete.  Rimini did not ask questions about all of the noticed topics.  Hixson Decl. ¶ 12.

On January 3, 2018, Rimini served its Fifth 30(b)(6) notice, seeking testimony on 26 topics (and subtopics) largely concerning Oracle's licensing practices.  Hixson Decl. ¶ 13, Ex. C. Oracle offered Richard Allison, a Senior Vice President, to testify in his personal capacity and on these topics on February 1 and 2; Rimini declined, citing unavailability.  Hixson Decl. ¶ 14, Ex. D.  Oracle then offered February 12 and 13 for this deposition; and again Rimini declined, citing unavailability.  *Id.*

Rather than take the depositions it had noticed, Rimini was hard at work drafting more deposition notices.  On January 16, 2018, Rimini served its Sixth 30(b)(6) notice, seeking testimony on 16 topics concerning Oracle's auditing practices.  Hixson Decl. ¶ 15, Ex. E.  Nine days later, Rimini served its Seventh 30(b)(6) notice, seeking testimony on 23 topics (or subtopics) concerning Oracle's accounting, financial, and revenue recognition policies for its support business – issues that have been addressed in Oracle's SEC filings before this case was filed and before Rimini even existed.  Hixson Decl. ¶ 16, Ex. F.  Finally, on January 30, 2018, Rimini served its Eighth 30(b)(6) notice, seeking testimony on 41 topics (and subtopics) concerning Oracle's efforts to compete with Rimini—efforts Rimini has been challenging for years.  Hixson Decl. ¶ 17, Ex. G.

Rimini was not finished noticing depositions.  In late January and early February 2018, Rimini served four additional deposition notices on Oracle.  On January 25, Rimini served notices

for Samuel Chan (whom other deponents had discussed at deposition), Hixson Decl. ¶ 18, Ex. H, and Charles Rozwat, the head of Oracle's support business.  Hixson Decl. ¶ 19, Ex. I.  Although Oracle did not believe Rimini was acting in good faith, Oracle proposed dates in February for each of these fact witnesses; Rimini declined the proposed date for Mr. Chan, citing unavailability, and ignored Oracle's proposed date for Mr. Rozwat and alternative date for Mr. Chan that Oracle offered after Rimini rejected the first date.  On February 5, Rimini noticed the depositions of Gladys Lau and Jennifer Affleck, Hixson Decl. ¶¶ 20-21, Exs. J-K, two Oracle employees whose names appear in documents and deposition transcripts.  Hixson Decl. ¶¶ 22-24.  Hours after noticing the final two depositions, Rimini brought this "emergency motion," seeking a nearly three-week extension of the discovery cutoff date, and citing the difficulty of scheduling depositions in February.

If Rimini obtains the relief it is seeking, it will need to conduct more depositions of Oracle witnesses in the first two weeks of March than it conducted in all of November, December, and January combined.  In fact, if Rimini obtains this relief, it will take the depositions of far more Oracle witnesses in this two-week period than it took in 2015 and 2016 combined.

### IV.    LEGAL STANDARD

The applicable Federal Rules of Civil Procedure and Local Rules – neither of which Rimini cites – require Rimini to make a showing of good cause to extend the fact discovery deadline.  Federal Rule 16(b) states that "[a] schedule may be modified only for good cause and with the judge's consent."  Local Rule 26-4 specifies the showing Rimini would need to make in its motion:  "A motion . . . to extend a discovery deadline . . . must include:  (a) A statement specifying the discovery completed; (b) A specific description of the discovery that remains to be completed; (c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and (d) A proposed schedule for completing all remaining discovery").  Under Rule 16(b)'s good cause inquiry, "[t]he focus . . . is upon the moving party's reason for seeking modification. ***If that party was not diligent, the inquiry should end***."  *BTG180, LLC v. Fun Club USA, Inc.*, No. 14-cv-188, 2014 WL 2960355,

at *3 (D. Nev. June 27, 2014) (emphasis added); *see also In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (noting that Rule 16(b)'s "good cause" standard focuses on the diligence of the party seeking amendment).

A party seeking to preclude a Rule 30(b)(6) deposition may apply to the court for a protective order under Rule 26(c)(1). *See, e.g.*, *Spencer-Ross v. Home Depot, U.S.A., Inc.*, No. 13-cv-0185, 2013 WL 4714351 (D. Nev. Aug. 30, 2013); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-1846, 2012 WL 1511901 (N.D. Cal. Jan. 27, 2012). The court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including" an order "forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1). Under Rule 26(b)(2)(C), a court must grant a protective order if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." *Id.*; *see also* Fed R. Civ. P. 26 advisory committee's note (1983 amendment) ("[T]he spirit of the rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues by overuse of discovery . . . .").

## V. ARGUMENT

Rimini's "emergency" motion (the "Motion") should be denied because it is procedurally improper, Rimini cannot establish the requisite "good cause" to modify the scheduling order because Rimini was not diligent, and Rimini's 30(b)(6) depositions are abusive and seek to impose an undue burden on Oracle.

### A. Rimini's Motion Is Procedurally Improper

Rimini filed the Motion pursuant to Local Rules 7-4 and 26-7. Neither rule permits Rimini to seek its requested relief. That is especially true where, as here, Rimini filed an "emergency" motion because it failed to effectively manage discovery deadlines that have been in place since December 2016. ECF No. 353. "Emergency motions should be rare. A party or attorney's ***failure to effectively manage deadlines, discovery, trial, or any other aspect of***

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ORACLE'S OPPOSITION TO RIMINI STREET'S EMERGENCY MOTION
AND CROSS-MOTION FOR A PROTECTIVE ORDER
5

*litigation does **not** constitute an emergency*." L.R. 7-4(b) (emphasis added). Oracle respectfully submits that the Court should deny Rimini's procedurally improper motion on this basis alone. *See* L.R. 26-7(d) ("The court may determine whether a discovery dispute is an emergency. Written requests for judicial assistance to resolve an emergency discovery dispute must satisfy LR 7-4."); L.R. 7-4(c) ("Failure to comply with the requirements for submitting an emergency motion may result in denial of the motion.")

Further, Rimini makes no attempt, whatsoever, to meet its obligation under Local Rule 26-4(c), which mandates that "[a] motion . . . to extend a discovery deadline . . . ***must include*** . . . [t]he reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan." (Emphasis added.) Indeed, Rimini fails to cite this rule.

### B. Rimini Lacks Good Cause to Modify the Fact Discovery Deadline

For unexplained reasons, Rimini waited until the eleventh hour to notice far more depositions for February than Rimini has taken during the three-years of discovery in this case. Further, as discussed above, Rimini repeatedly has declined to accept deposition dates that Oracle has offered.[1] Rimini has not even attempted to make a showing of good cause for this delay and thus under Local Rule 7-4 and Local Rule 26-4(c), which Rimini disregards, its motion should be denied.

#### 1. Rimini Could Have Obtained the Witness Testimony Before the Close of Fact Discovery

Rimini has failed to meet its burden of showing why it could not complete fact discovery by the thrice-extended deadline. Indeed, the record is clear that Rimini could have obtained the discovery it seeks by the deadline. As to the five individual witnesses, Oracle offered deposition dates for each before the close of fact discovery: (a) Richard Allison was offered on January 18, and February 1, 2, 12, and 13; (b) Charles Rozwat was offered on February 27; (c) Samuel Chan

---

[1] Rimini's motion suggests that *both* parties require an extension of the fact discovery deadline. Oracle has been diligently conducting discovery for years and seeks no extension.

was offered on February 22 or 23; (d) Gladys Lau was offered on February 22; and (e) Jennifer Affleck was offered on February 28. Hixson Decl. ¶ 14, 25-28, Exs. D, L-O.

Rimini's suggestion that discovery should be extended because February is a busy month is premised on the false assumption that this discovery could only be taken in February. Even before Rimini filed its complaint in 2014, Mr. Rozwat was the head of Oracle's support business, and Rimini certainly could have anticipated deposing him over the following 38 months. Hixson Decl. ¶ 29. Likewise, Mr. Allison testified at trial in September 2015 in the *Rimini I* matter, and Rimini has long known it would need to depose him. Hixson Decl. ¶ 30, Ex. P. (Despite that reality, Rimini rejected the five dates that Oracle did offer for his deposition. Hixson Decl. ¶ 14.) Mr. Chan and Ms. Lau were identified in numerous Oracle documents produced in or before August 2017, and were discussed at depositions on November 15 and 17, respectively. Hixson Decl. ¶¶ 22-24, 31. Ms. Affleck also was discussed in numerous Oracle documents produced in or before August 2017, and she too was discussed at deposition in January 2017. Hixson Decl. ¶¶ 23-24. All of these depositions could have been scheduled months or years ago.

It should be noted that Rimini incorrectly states in a footnote that discovery should be extended because Oracle has agreed to take the deposition of Sundeep Mekala in March. *See* Mot. at 4, n.1. However, Oracle accepted Rimini's offer to depose Mr. Mekala on February 28, and Rimini reports that he has obtained a visa. Hixson Decl. ¶¶ 32, 43-44, Exs. Q, BB-CC. Finally, Rimini's motion includes Harika Mandla in the list of witnesses to be deposed in March, but Oracle has accepted Rimini's proposed February 22 deposition date for Ms. Mandla, and Oracle is not seeking an extension of the discovery cutoff. Hixson Decl. ¶ 33, Ex. R.

**C.  Rimini Could Have Obtained Appropriate Rule 30(b)(6) Discovery Before the End of Fact Discovery and the Court Should Issue a Protective Order**

**1.  Rimini's Unacceptable Delay**

Rimini also has no justification for waiting until the closing weeks of fact discovery to notice four 30(b)(6) notices encompassing over 100 topics and subtopics. Rimini served its Fifth, Sixth, Seventh, and Eighth Notices of Deposition Under Fed. R. Civ. P. 30(b)(6) to Oracle

(together, the "30(b)(6) Notices") on January 3, January 16, January 25, and January 30, 2018, which it ostensibly noticed for February 2, February 27, February 27, and February 26, respectively. Hixson Decl. ¶¶ 13, 15-17, Exs. C, E-G.

The 30(b)(6) Notices largely seek foundational discovery that Rimini could have sought at any point during the last nearly three years of fact discovery. For example, the Fifth 30(b)(6) Notice (Hixson Decl. ¶ 13, Ex. C) concerns analysis of license terms that Rimini has known to be at issue in this case since it filed the original complaint on ***October 15, 2014***.[2] ECF No. 1. The Seventh 30(b)(6) Notice (Hixson Decl. ¶ 16, Ex. F) seeks testimony regarding finance and accounting issues about which Rimini could have deposed an Oracle witness at any time after Oracle produced its financial records in June 2016. Similarly, the Sixth and Eighth 30(b)(6) Notices (Hixson Decl. ¶¶ 15, 17, Exs. E, G) concern topics related to Rimini's allegations against Oracle concerning audits, retaliation, and competition. Rimini added those claims to this case on ***December 5, 2016***. ECF No. 346.

Just as Oracle offered dates for the individual deponents' availability, Oracle served objections and responses to Rimini's Fifth and Sixth 30(b)(6) Notices on January 16 and January 24, 2018, respectively. Hixson Decl. ¶¶ 34-35, Exs. S-T. It did so with the initial expectation that it may be feasible to schedule them before the close of fact discovery. Oracle offered to make Richard Allison available to testify regarding nearly all of the topics in Rimini's Fifth 30(b)(6) Notice on February 1 and 2.[3] Despite the fact that February 2 was ***the date*** that Rimini had noticed for its Fifth 30(b)(6) Notice, Rimini rejected the date and proposed taking the deposition *after* the close of fact discovery. Hixson Decl. ¶ 14, Ex. D. Oracle then offered to make Mr. Allison available on February 12 and 13, but Rimini also rejected that proposal,

---

[2] *See* Hixson Decl., Ex. C; *see also* Footnote 3.

[3] Oracle previously offered on December 28, 2017 to make Mr. Allison available for a deposition on January 18 both in his personal capacity and as a corporate designee regarding a single topic in Rimini's Third 30(b)(6) notice. Hixson Decl. ¶ 25, Ex. L. Absent any response from Rimini, Oracle withdrew the offered deposition date on January 11, at which time Rimini replied that it had "assumed that Oracle would also designate Mr. Allison in response to Rimini's 30(b)(6) Notice, in light of his testimony in Rimini I . . . ." Hixson Decl. ¶ 36, Ex. U. In other words, Rimini knew *before discovery even started* the identity of the Oracle witness that it expected would be designated by Oracle to testify regarding the topics in Rimini's Fifth 30(b)(6) Notice, as well as the likely scope of that testimony. Yet it waited to served that 30(b)(6) notice until the month before the close of fact discovery.

1  seeking once again to take his deposition after the close of fact discovery. *Id.*

2  Rimini's refusal to accept any of Oracle's offered dates for Mr. Allison's 30(b)(6)
3  deposition, combined with Rimini's service of two additional 30(b)(6) notices in the last week of
4  January 2018, made it clear to Oracle that Rimini had no interest in timely scheduling depositions
5  regarding its 30(b)(6) Notices. In other words, Rimini has been *anything but* diligent in noticing
6  and trying to schedule the 30(b)(6) Notices, and certainly has failed to demonstrate good cause to
7  extend the fact discovery deadline.

### 2. Rimini's Rule 30(b)(6) Notices Are Excessive and Abusive

The posture of Rimini's Motion highlights the abusive and unduly burdensome nature of Rimini's 30(b)(6) Notices. As detailed above, Rimini either deliberately or unjustifiably waited until the closing weeks of fact discovery to serve multiple 30(b)(6) Notices that encompass a combined fifty topics, plus fifty-six additional subtopics. Noticing 30(b)(6) depositions on more than 100 topics and subtopics during the last month of fact discovery (and shortest month of the year) does not further the proper truth-seeking function of discovery. Rather, it is a calculated strategy to force Oracle to produce and prepare multiple witnesses on an unreasonably compressed timeline in the hope that doing so may prompt a misstep by Oracle's witnesses. The Court should grant Oracle a protective order to avoid this prejudice.[4]

The Federal Rules of Civil Procedure do not condone Rimini's discovery tactics. In *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2012 WL 1511901 at *2, the court issued a protective order as to a 30(b)(6) notice with over 200 topics because "[t]o require Apple to respond to this notice would be to ignore the directive of Fed. R. Civ. P. 26(b)(2)(C)(iii) to limit the extent of otherwise relevant discovery where the benefit to and need of the propounding party is outdone by the burden, expense, and in this case—*impracticable demand* imposed on the other side." (Emphasis added). The court further explained that Rule 30(b)(6):

---

[4] Oracle previously designated Edward Screven to provide testimony regarding Topics 12, 14, and 15 in Rimini's Sixth 30(b)(6) Notice. Mr. Screven's deposition took place on February 7, 2018. Thus, Oracle's requested protective order does not encompass Topics 12, 14, or 15 of Rimini's Sixth 30(b)(6) Notice. Notably, however, Rimini's deposition of Mr. Screven demonstrates its abuse of the 30(b)(6) process. Rimini failed to question Mr. Screven on a substantial number of noticed subtopics on which Mr. Screven had prepared, while at the same time extensively questioned Mr. Screven about multiple topics that were beyond the scope of the notice. Hixson Decl. ¶ 12.

> does not extend to burdening the responding party with production and preparation of a witness on every facet of the litigation. This would render unworkable the obligation of the responding party to 'make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter,' as that task becomes less realistic and increasingly impossible as the number and breadth of noticed subject areas expand.

*Id*. Rimini has noticed such an overwhelming number of topics for depositions falling within such a short window of time that it frustrates Oracle's ability to fulfill its obligations to identify and adequately prepare witnesses, and thus defeats the purpose of 30(b)(6) depositions.

The excessive burden that Rimini's overbroad 30(b)(6) Notices impose on Oracle is particularly egregious at this late stage of fact discovery, and would not be ameliorated by a nearly three-week extension. Oracle is entitled to "reasonable written notice" of depositions. Fed. R. Civ. P. 30(b)(1). The extremely broad scope of the 30(b)(6) Notices, with so little time to identify and prepare multiple witnesses – even under Rimini's proposed time extension – is not reasonable. Reasonableness is "case-specific and fact-intensive," and what might be reasonable in a smaller case is unreasonable here, where Rimini has been aware of the competing discovery demands and the unlikelihood of accommodating the schedules of the deponents and lawyers at this late stage. *See In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320 (N.D. Ill. 2005) (denying in relevant part a motion to compel where the noticing party was well-aware of the challenges of scheduling depositions just before the discovery cutoff). Rimini has offered no justification for noticing over 100 30(b)(6) topics so close to the end of fact discovery. The notices are therefore improper. *See, e.g., State Farm Mut. Auto Ins. Co. v. New Horizont, Inc.*, 254 F.R.D. 227, 237 (E.D. Penn. 2008) (denying a motion to compel a fourth 30(b)(6) noticed thirteen days before the end of discovery for lack of good cause); *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. at 328 (noting that "[c]omplex cases . . . must have enforceable discovery deadlines" and "the conditions giving rise to [the movant's] predicament are attributable to having waited to the last minute to notice the depositions").

Moreover, by flooding Oracle with these broad 30(b)(6) Notices at the end of discovery,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ORACLE'S OPPOSITION TO RIMINI STREET'S EMERGENCY MOTION
AND CROSS-MOTION FOR A PROTECTIVE ORDER
10

Rimini clearly intended to cause Oracle witnesses to sit multiple times for redundant testimony. That is evidenced by the fact that the 30(b)(6) Notices seek testimony regarding issues about which individual Oracle witnesses have already testified.  For example, Topic 5 in Rimini's Sixth 30(b)(6) Notice seeks testimony regarding Oracle's Matching Service Level ("MSL") policy, which Oracle's Robbin Henslee already testified about at length.  *See* Hixson Decl. ¶ 37, Ex. V (Henslee Depo. at 54:7-66:2, 75:4-76:7, 80:8-83:9, 140:4-19).  Ms. Henslee also testified about Oracle's relationships with Oracle user groups, *id.* at 95:25-102:13, and certain members of the Support Advisory Board, *id.* at 92:1-95:16, which overlap with Topics 8 and 9 in Rimini's Sixth 30(b)(6) Notice.  Oracle's Lisa Schreiber likewise testified about whether Oracle terminates other support services for customers who contract with third parties for support on the products at issue (Sixth 30(b)(6) Notice, Topic 11) and how Oracle handles support requests from support customers whose support contracts expire (Sixth 30(b)(6) Notice, Topic 13).  *See* Hixson Decl. ¶ 38, Ex. W (Schreiber Depo. at 219:13-232:24, 233:1-237:25).  Multiple Oracle witnesses have testified at length about Oracle's efforts to compete with Rimini and third-party support providers (Eighth 30(b)(6) Notice, Topic 1), including Oracle's communications with Oracle licensees relating to Rimini or third-party support providers.  *E.g.*, Hixson Decl. ¶¶ 39-41, Exs. X, Y, Z (Schwartz Depo. at 54:2-65:17; Stonaker Depo. at 13:11-14:13, 96:9-99:12, 135:8-136:15, 163:5-166:20; Solomon Depo. at 31:18-33:11, 46:15-47:21, 120:13-132:13).  Rimini's Eighth 30(b)(6) Notice even calls for duplicative testimony regarding issues that witnesses testifying in their personal capacities *and* Oracle witnesses testifying *as corporate representatives* already have discussed, such as the use of Oracle internal websites and other resources related to competition with third-party support providers.  *See, e.g.*, Hixson Decl. ¶¶ 39-40, 42, Exs. X, Y, AA (Schwartz Depo. at 54:2-65:17; Stonaker Depo. at 49:13-50:2; McCarthy Rule 30(b)(6) Depo. at 161:9-164:6).  Had Rimini's 30(b)(6) Notices been timely served, the appropriate Oracle designees could have sat for both their personal and Rule 30(b)(6) depositions in a consolidated format.

        The Court should not reward Rimini's abusive discovery tactics by requiring Oracle to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ORACLE'S OPPOSITION TO RIMINI STREET'S EMERGENCY MOTION
AND CROSS-MOTION FOR A PROTECTIVE ORDER
11

designate, prepare, and make available multiple witnesses to testify – whether for the first or second time, regardless of the date – in response to such belated, overbroad, cumulative, and unduly burdensome Rule 30(b)(6) Notices.

### D. Rimini Improperly Seeks a Bifurcated Fact-Discovery Phase

In addition to the fact that Rimini's motion is procedurally flawed, meritless, and designed to impose an undue burden on Oracle, it also would create an unwarranted and inappropriate Rimini-only fact discovery period. Oracle is scheduled to complete discovery by the end of February, and thus, the extension that Rimini seeks would be a period when *only Rimini* was conducting fact discovery. During this exclusive period, Rimini seeks to depose far more Oracle witnesses than it deposed in 2015 and 2016 combined, and more witnesses that it deposed in the three months leading up to the last month of fact discovery. Such asymmetrical discovery is an invitation to gamesmanship, which is particularly troubling in light of Judge Hicks's prior finding that Rimini has engaged in "significant litigation misconduct." *Oracle USA, Inc. v. Rimini Street, Inc.*, 209 F. Supp. 3d 1200, 1215 (D. Nev. 2016), *aff'd in part*, *vacated in part*, *rev'd in part*, *Oracle USA, Inc. Rimini Street, Inc.*, 879 F.3d 948 (9th Cir. 2018). The relief Rimini seeks also would set a dangerous precedent, as it would encourage litigants to sandbag in the hopes of obtaining a fact discovery period in which their adversary was solely supplying discovery, not obtaining discovery. Recognizing dangers of this type, the District Court of Nevada sensibly requires parties seeking to extend the discovery cutoff to show why they did not complete the discovery within the deadline. Rimini has entirely failed to make that showing, and its failure to proceed in a diligent fashion should not be rewarded.

## VI. CONCLUSION

For these reasons, Oracle respectfully requests that the Court deny Rimini's emergency motion to modify the case schedule and grant Oracle's cross-motion for a protective order as to Rimini's Fifth, Sixth, Seventh and Eighth Rule 30(b)(6) notices.

//

//

| | | |
|---|---|---|
| Dated: February 9, 2018 | | MORGAN, LEWIS & BOCKIUS LLP |

By: _/s/ Thomas S. Hixson_
Thomas S. Hixson

Attorneys for Counterclaimants and
Defendants Oracle America, Inc. and
Oracle International Corporation

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of February, 2018, I electronically transmitted the foregoing **ORACLE'S OPPOSITION TO RIMINI STREET'S EMERGENCY MOTION AND ORACLE'S CROSS-MOTION FOR A PROTECTIVE ORDER** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

DATED: February 9, 2018                MORGAN, LEWIS & BOCKIUS LLP


By: _____*/s/ Thomas S. Hixson*_____
            Thomas S. Hixson

Attorneys for Counterclaimants and
Defendants Oracle America, Inc. and
Oracle International Corporation

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

CERTIFICATE OF SERVICE
14

DB3/ 201774957