GIBSON, DUNN & CRUTCHER LLP
Jeffrey T. Thomas (*pro hac vice*)
Michele L. Maryott (*pro hac vice*)
Joseph A. Gorman (*pro hac vice*)
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: (949) 451-3800
jtthomas@gibsondunn.com
mmaryott@gibsondunn.com
jgorman@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
Samuel G. Liversidge (*pro hac vice*)
Eric D. Vandevelde (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
sliversidge@gibsondunn.com
evandevelde@gibsondunn.com

HOWARD & HOWARD ATTORNEYS
W. West Allen (Nevada Bar No. 5566)
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV 89169
Telephone: (702) 667-4843
wwa@h2law.com

DEBEVOISE & PLIMPTON LLP
James J. Pastore (*pro hac vice*)
919 Third Avenue
New York, NY 10022
Telephone: (212) 909-6000
jjpastore@debevoise.com

DEBEVOISE & PLIMPTON LLP
Jeffrey P. Cunard (*pro hac vice*)
801 Pennsylvania Avenue N.W.
Washington, DC 20004
Telephone: (202) 383-8000
jpcunard@debevoise.com

RIMINI STREET, INC.
Daniel B. Winslow (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone: (925) 264-7736
dwinslow@riministreet.com

RIMINI STREET, INC.
John P. Reilly (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (336) 402-4068
jreilly@riministreet.com

*Attorneys for Plaintiff and Counterdefendant Rimini Street, Inc., and Counterdefendant Seth Ravin*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIMINI STREET, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>ORACLE INTERNATIONAL CORPORATION, a California corporation, and ORACLE AMERICA, INC., a Delaware corporation,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO. 2:14-CV-01699-LRH-CWH<br><br>**REPLY IN SUPPORT OF EMERGENCY MOTION FOR LIMITED EXTENSION OF FACT DISCOVERY DEADLINE TO ACCOMMODATE DEPOSITIONS AND OPPOSITION TO ORACLE'S CROSS-MOTION FOR A PROTECTIVE ORDER** |

Gibson, Dunn & Crutcher LLP

RIMINI'S REPLY ISO MOTION FOR LIMITED EXTENSION AND
OPPOSITION TO ORACLE'S CROSS-MOTION FOR A PROTECTIVE ORDER
CASE NO. 2:14-CV-01699-LRH-CWH

# TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................................................1

II. ARGUMENT ..........................................................................................................................3

      A.    Rimini Has Worked Diligently to Resolve Discovery in This Complex Case ...........................................................................................................................3

           1.    Rimini Has Completed an Enormous Amount of Discovery in Just the Five Months Since Documents Were Produced by Oracle ..................................................................................................................3

           2.    The Inability to Schedule the Remaining Five Depositions Has Nothing to Do with Any Purported Lack of Diligence ...........................4

           3.    Oracle's Arguments Lack Merit................................................................5

      B.    Oracle Failed to Identify Any Prejudice Because There Is None .......................6

      C.    Rimini's Emergency Motion Is Procedurally Proper..........................................6

      D.    Oracle's Request for a Protective Order Should Be Denied ..............................7

III. CONCLUSION ....................................................................................................................10

i

RIMINI'S REPLY ISO MOTION FOR LIMITED EXTENSION AND
OPPOSITION TO ORACLE'S CROSS-MOTION FOR A PROTECTIVE ORDER
CASE NO. 2:14-CV-01699-LRH-CWH

Gibson, Dunn & Crutcher LLP

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Anoruo v. Shinseki*,
   2013 WL 4546795 (D. Nev. Aug. 27, 2013) ................................................................1, 8

*Apple Inc. v. Samsung Elecs. Co.*,
   2012 WL 1511901 (N.D. Cal. Jan. 27, 2012) ....................................................................9

*Crockett & Myers, Ltd. v. Napier, Fitzgerald & Kirby, LLP*,
   430 F. Supp. 2d 1157 (D. Nev. 2006) ...............................................................................3

*Grasso v. Galanter*,
   2014 WL 12703978 (D. Nev. May 22, 2014) ...................................................................7

*Mason v. Silva*,
   2013 WL 2338720 (S.D. Cal. May 28, 2013) ...................................................................8

*State Farm Mut. Auto Ins. Co. v. New Horizont, Inc.*,
   254 F.R.D. 227 (E.D. Pa. 2008) ...................................................................................9, 10

*In re Sulfuric Acid*,
   231 F.R.D. 320 (N.D. Ill. Aug. 26, 2005) .........................................................................9

*Wells Fargo Bank, N.A. v. Iny*,
   2014 WL 1391055 (D. Nev. Apr. 9, 2014) ........................................................................7

**Rules**

Fed. R. Civ. P. 30 ...............................................................................................................1, 5, 8

L.R. 26-4 ....................................................................................................................................6

Local Rule 26-7(b) ....................................................................................................................7

Local Rule 26-7(c) ....................................................................................................................7

ii
RIMINI'S REPLY ISO MOTION FOR LIMITED EXTENSION AND
OPPOSITION TO ORACLE'S CROSS-MOTION FOR A PROTECTIVE ORDER
CASE NO. 2:14-CV-01699-LRH-CWH

Gibson, Dunn & Crutcher LLP

# I. INTRODUCTION

Rimini has proposed a simple solution to a simple problem: a brief and limited extension of the fact discovery deadline from February 28, 2018, to March 19, 2018, (three weeks) to allow the parties to complete what is now five remaining depositions (out of more than 70 total depositions that have been taken or are confirmed to be taken in the case) in early March. Oracle has identified *no prejudice* that would result from this limited extension—nor could it. No other extensions to the case schedule are necessary. No additional discovery is being added. No trial date has been set.

Oracle's opposition to this proposed limited extension rests entirely on the fiction that Rimini has not been diligent in taking deposition discovery. Oracle is wrong. ***Rimini has noticed every Oracle deposition it intends to take for a date within the fact discovery period and with more than a reasonable time between service of the deposition notice and the noticed deposition date.*** Indeed, all of the five party depositions that remain at issue in this motion were noticed for dates before the fact discovery cutoff and were served between ***27 and 83 days*** prior to the noticed date of the deposition. *See Anoruo v. Shinseki*, 2013 WL 4546795, at *2–3 (D. Nev. Aug. 27, 2013) (finding that 26-days' notice was reasonable). However, for three of those depositions—Rimini's Sixth, Seventh, and Eighth Rule 30(b)(6) notices—Oracle either has not designated a witness, or has designated a witness for some topics but not others and not provided any dates for the designated witness. The other two depositions are the deposition of Richard Allison in both his personal capacity and 30(b)(6) capacity relating to Oracle license agreements and third-party licensing. Notices for those depositions were served on November 1, 2017, and January 3, 2018, respectively—two months before the discovery cutoff. Oracle rejected Rimini's noticed date, and the parties could not agree on a mutually acceptable date for a two-consecutive-day deposition, particularly given Mr. Allison's apparent unavailability in late February due to the close of Oracle's fiscal quarter, and the nearly 25 other depositions scheduled for February. The failure to schedule these depositions, including those for which Oracle has not even designated a witness, is not due to any purported lack of diligence on Rimini's part.

1
RIMINI'S REPLY ISO MOTION FOR LIMITED EXTENSION AND
OPPOSITION TO ORACLE'S CROSS-MOTION FOR A PROTECTIVE ORDER
CASE NO. 2:14-CV-01699-LRH-CWH

Gibson, Dunn & Crutcher LLP

To claim that Rimini has not been diligent, Oracle misrepresents or omits key facts:

- Oracle claims that "Oracle offered to make every one of its individually noticed deponents available before the close of fact discovery." Opp. at 1. But Oracle omits that it rejected Rimini's noticed date for nearly every single one of those witnesses, instead forcing Rimini to accept dates in the last two weeks of the discovery period. Vandevelde Supp. Decl. ¶¶ 20–21, Exs. D & E.

- Oracle points out that Rimini took one deposition in 2015 and 2016 combined. But Oracle misleadingly omits that Rimini's claims against Oracle were not added to this case until Rimini filed its Second Amended Complaint *in December 2016*. And custodial documents related to those claims were not due to be produced until **September 15, 2017**. Only after reviewing those (hundreds of thousands of) documents could deposition discovery begin in earnest.

- Oracle states that "if Rimini obtains the relief it is seeking, it will need to conduct more depositions of Oracle witnesses in the first two weeks of March than it conducted in all of November, December and January combined." Opp. at 4. That is false—Rimini took 7 party depositions in those months and there are 5 remaining to be taken in March.

- Oracle fails to note that it has ***never proposed any date whatsoever*** for three of the five depositions that remain to be scheduled, for which deposition notices were served in January.

Rather than agree to a reasonable extension to accommodate scheduling (as would ordinarily occur as a matter of courtesy without any need for judicial intervention), Oracle has doubled down and filed a motion to quash Rimini's timely 30(b)(6) deposition notices (without meeting and conferring). Vandevelde Supp. Decl. ¶ 25. That request is baseless. Tellingly, Oracle does not argue in its cross-motion that any particular topic or set of topics from any of the notices is overbroad or unjustified in any way. Instead, Oracle argues that the four deposition notices are "excessive and abusive" because they supposedly amount to "more than 100 topics and subtopics" combined. Putting aside that counting "subtopics"—which both parties have generally included for the avoidance of any doubt as to the scope of a topic—is a poor way to estimate the scope of a 30(b)(6) notice, there is nothing unusual or improper about the number of topics in Rimini's notices in the context of this case. Indeed, *Oracle's* most recent 30(b)(6) notice—its Fifth Notice served on January 17, 2018—contained 72 topics and subtopics for just that notice alone. And the 72nd topic was "all Topics addressed by Rimini's Fourth Notice of Deposition," essentially incorporating many more topics by reference. Nor is there anything improper about the timing of Rimini's 30(b)(6) deposition notices. Rimini

2

RIMINI'S REPLY ISO MOTION FOR LIMITED EXTENSION AND
OPPOSITION TO ORACLE'S CROSS-MOTION FOR A PROTECTIVE ORDER
CASE NO. 2:14-CV-01699-LRH-CWH

served all of the 30(b)(6) notices at issue in Oracle's cross-motion in January and noticed the depositions for a date between 27 and 42 days after the deposition notice was served.

If Oracle needs more time to prepare its 30(b)(6) designees, then a brief extension is the answer, not seeking to obstruct Rimini from taking proper discovery. And if Oracle's concern is the breadth of the notices, then the answer is to meet and confer on them—which Oracle never attempted before filing its cross-motion.

Rimini therefore respectfully requests that the Court grant Rimini's motion for a brief extension of the fact discovery deadline, and deny Oracle's improper request for a protective order.

## II.  ARGUMENT

**A.   Rimini Has Worked Diligently to Resolve Discovery in This Complex Case**

Good cause exists to extend a discovery deadline where the movant has been diligent. *See Crockett & Myers, Ltd. v. Napier, Fitzgerald & Kirby, LLP*, 430 F. Supp. 2d 1157, 1163 (D. Nev. 2006). As discussed below and in Rimini's Opening Brief (Mot. at 2–3), Rimini has diligently sought to complete discovery by the February 28, 2018 deadline.

**1.   Rimini Has Completed an Enormous Amount of Discovery in Just the Five Months Since Documents Were Produced by Oracle**

Rimini filed this case in October 2014 seeking a declaratory judgment that its support processes do not infringe Oracle's copyrights. It was not until December 19, 2016, however, that Rimini filed a Second Amended Complaint, adding five additional causes of action, including interference with contract, interference with prospective economic advantage, violation of the Lanham Act, unfair competition, and violation of the Nevada Deceptive Trade Practices Act. Vandevelde Supp. Decl. ¶ 2. Under the Technology Assisted Review ("TAR") protocol agreed to by the parties, custodial document productions relating to those claims were not produced until September 15, 2017. *Id.* ¶¶ 3–5.

Rimini thus had only from mid-September 2017 through February 2018—five and a half months—to review the hundreds of thousands of documents Oracle produced, to engage in follow-up regarding additional document discovery, and to take more than 20 depositions of

Gibson, Dunn & Crutcher LLP

Oracle witnesses. Rimini has deposed ten of those witnesses, and eight others are confirmed for deposition in February. *Id.* ¶ 10–11.

Meanwhile, Oracle has taken or is set to take ***ten*** depositions of Rimini witnesses in February alone. *Id.* ¶ 11. On top of the party discovery, both Oracle and Rimini have deposed five third parties between September 2017 and January 2018, and at least five additional third-party depositions are scheduled to be taken in February. *Id.* ¶ 24.

    **2.    The Inability to Schedule the Remaining Five Depositions Has Nothing to Do with Any Purported Lack of Diligence**

Only five party depositions remain unscheduled in this case, including multiple 30(b)(6) depositions[1] for which Oracle has refused to designate a witness or provide dates. Those depositions are:

1. Richard Allison in his personal capacity;

2. Richard Allison in his capacity as Oracle's 30(b)(6) designee on Rimini's Fifth 30(b)(6) notice pertaining to licensing topics, and Oracle's designee as to one topic pertaining to Sierra-Cedar from a prior 30(b)(6) notice;

3. Oracle's 30(b)(6) designee for Rimini's Sixth 30(b)(6) notice, relating to certain Oracle anti-competitive policies;

4. Oracle's 30(b)(6) designee for Rimini's Seventh 30(b)(6) notice, relating to certain Oracle financial information for damages; and

5. Oracle's 30(b)(6) designee for Rimini's Eighth 30(b)(6) notice, relating to Oracle's marketing and false statements.

Oracle has not even designated a witness for the Seventh and Eighth Notices. *Id.* ¶¶ 18–19. Oracle has designated a witness, Mr. Koop, for some topics of the Sixth Notice, but has not designated a witness for the other topics and has not offered a deposition date for Mr. Koop. *Id.* ¶¶ 16–17. Certainly, Rimini cannot be blamed for the inability to schedule those depositions.

As to Mr. Allison, Rimini served a notice for his individual deposition on November 1, 2017, and 30(b)(6) notices for topics for which Mr. Allison is designated on October 30, 2017, and January 3, 2018—well before the discovery cutoff. *Id.* ¶ 13. The parties simply have been

---

[1] Consistent with the parties' approach in *Rimini I*, the parties have each noticed multiple 30(b)(6) depositions where each deposition notice covers a particular subject. For example, Oracle has served five 30(b)(6) notices in *Rimini II* covering the subjects of environments, archives, revocation, E-Business Suite processes, and security, respectively.

4

RIMINI'S REPLY ISO MOTION FOR LIMITED EXTENSION AND
OPPOSITION TO ORACLE'S CROSS-MOTION FOR A PROTECTIVE ORDER
CASE NO. 2:14-CV-01699-LRH-CWH

Gibson, Dunn & Crutcher LLP

unable to find mutually agreeable dates for what will be two consecutive days of depositions. Rimini initially proposed dates in early February, but Oracle delayed weeks in responding and, when it did, designated him for additional and different topics. Rimini then indicated it was available to take the deposition in late February, but Oracle rejected those dates because Mr. Allison will be attending to matters associated with the close of Oracle's fiscal quarter. Vandevelde Opening Decl., Ex. B at 8. Rimini thus proposed to take these difficult-to-schedule depositions in early March, after Mr. Allison was no longer consumed with the close of the fiscal quarter, but Oracle refused. Vandevelde Supp. Decl. ¶ 15.

### 3. Oracle's Arguments Lack Merit

Oracle's primary argument is that Rimini was not diligent because it supposedly could have taken depositions earlier than it did. But even if it were true that Rimini could have noticed depositions earlier (it is not) that still does not demonstrate lack of diligence. Rimini noticed every deposition it seeks to take in this case for a date within the discovery cutoff. And it served those deposition notices more than a reasonable time in advance of the noticed dates as required by Federal Rule of Civil Procedure 30. Indeed, for the depositions still not scheduled, the shortest period between service of the notice and the noticed date was 27 days—nearly four weeks. *Id.* ¶ 19. There is absolutely no legal basis for Oracle's argument that Rimini failed to meet its discovery obligations when Rimini timely noticed depositions to fall within the discovery period.

Oracle next makes a series of unsupported arguments that Rimini could have deposed certain witnesses earlier. It argues that Rimini knew since September 2015 that it would need to depose Mr. Allison. Opp. at 7. But to suggest that Rimini should have deposed Mr. Allison in 2015—*before* all of his custodial documents were produced in the fall of 2017—defies logic. Vandevelde Supp. Decl. ¶ 4. Oracle's argument that Rimini should have deposed Mr. Rozwat in 2014 (Opp. at 7) fails for the same reason.

Oracle also argues that Rimini did not take enough depositions in November and December 2017, and January 2018. Opp. at 3. However, *Rimini and Oracle took essentially*

5

RIMINI'S REPLY ISO MOTION FOR LIMITED EXTENSION AND
OPPOSITION TO ORACLE'S CROSS-MOTION FOR A PROTECTIVE ORDER
CASE NO. 2:14-CV-01699-LRH-CWH

Gibson, Dunn &
Crutcher LLP

*the same number of party depositions in those months* and are scheduled to take a similar number of depositions in February:

|  | November | December | January | February (Taken or Scheduled) |
|---|---|---|---|---|
| **Party depositions taken by Rimini** | 3 | 3 | 1 | 9 |
| **Party depositions taken by Oracle** | 2 | 4 | 1 | 10 |

*Id.* ¶¶ 10–11.  As the above chart shows, the notion that Rimini has delayed while Oracle has been diligent is a fiction.  The reason Rimini still has five depositions of Oracle that have not been scheduled is *not* that Rimini has been less diligent than Oracle—it is because the parties were able to cooperate to schedule the ten depositions Oracle seeks to take in February, but cannot find mutually acceptable dates for Mr. Allison's deposition (due to Oracle's fiscal calendar), and Oracle has not provided any dates at all for the others.

**B.  Oracle Failed to Identify Any Prejudice Because There Is None**

Rimini pointed out in its opening brief that there is "no conceivable prejudice to Oracle" from a short extension of deposition discovery.  Mot. at 2.  Oracle has confirmed as much by not claiming any prejudice whatsoever in its brief.  There is no conceivable claim of prejudice because Rimini does not seek to change any other case deadlines or to add any new discovery events, and no trial date has even been set.  *See* ECF No. 364.

**C.  Rimini's Emergency Motion Is Procedurally Proper**

Oracle's argument that Rimini's motion is procedurally improper is baseless.  Rimini properly seeks emergency relief under Local Rules 7-4 and 26-7.  Given the parties' inability to confirm dates for the remaining, properly noticed depositions, and the looming discovery deadline, it is appropriate to seek an extension.  Such motions must be made at least 21 days prior to the deadline.  *See* L.R. 26-4 (stating that a motion to extend a discovery deadline must be filed "within 21 days of the subject deadline").  Rimini filed its motion 22 days before the fact discovery deadline.

6
RIMINI'S REPLY ISO MOTION FOR LIMITED EXTENSION AND
OPPOSITION TO ORACLE'S CROSS-MOTION FOR A PROTECTIVE ORDER
CASE NO. 2:14-CV-01699-LRH-CWH

Gibson, Dunn & Crutcher LLP

Oracle argues that a "failure to effectively manage deadlines" is not an emergency; but, Rimini's motion does not involve failure to manage deadlines. As Rimini explained in its motion, and as explained above, there remain a handful of party depositions that have been noticed for February; and due to either scheduling difficulties or Oracle's failure to produce a witness, those depositions have not been scheduled within the fact discovery period. A short, limited extension to allow those depositions to proceed in March is required.

**D.     Oracle's Request for a Protective Order Should Be Denied**

Oracle requests a protective order under Rule 26(c)(1) to block Rimini from completing the remaining 30(b)(6) depositions. Rule 26(c)(1) provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party seeking a protective order "*must* include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." *Id.* (emphasis added). Local Rule 26-7(c) similarly provides that a discovery motion, including one for a protective order, "will not be considered unless the movant . . . has made a good-faith effort to meet and confer," and the motion is accompanied by a "declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request."

Oracle has not shown good cause for a protective order. Nor has it even attempted to meet and confer with Rimini concerning the scope of the 30(b)(6) notices. Rimini respectfully submits that the Court should deny Oracle's improper cross-motion for that reason alone. *See Wells Fargo Bank, N.A. v. Iny*, 2014 WL 1391055, at *1–2 (D. Nev. Apr. 9, 2014) (denying motion to quash and motion for protective order because they "suffer from a threshold defect in that they do not contain a proper meet and confer certification"); *Grasso v. Galanter*, 2014 WL 12703978, at *1 (D. Nev. May 22, 2014) (denying motion to quash because it "provides no certification of a good faith attempt to meet and confer").[2]

---

[2] Local Rule 26-7(b) also states that "[a]ll motions . . . for a protective order must set forth in full the text of the discovery originally sought and any response to it." Oracle's cross-motion is further deficient on this ground, as it fails to provide the full text of the discovery originally sought in Rimini's 30(b)(6) notices and any response to it.

7
RIMINI'S REPLY ISO MOTION FOR LIMITED EXTENSION AND
OPPOSITION TO ORACLE'S CROSS-MOTION FOR A PROTECTIVE ORDER
CASE NO. 2:14-CV-01699-LRH-CWH

Gibson, Dunn & Crutcher LLP

The Court should deny Oracle's deficient cross-motion for at least five additional reasons. ***First,*** Oracle already agreed to provide a witness for Rimini's Fifth and Sixth 30(b)(6) Notices. Vandevelde Supp. Decl. ¶¶ 13–14, 16, Ex. C; ECF No. 685, Ex. S at 8; *id.*, Ex. T at 5–6. In doing so, Oracle raised no argument that those notices were somehow excessive or abusive, as it now claims.

***Second,*** Oracle argues that a protective order is warranted because Rimini did not notice its Fifth, Sixth, Seventh, and Eighth 30(b)(6) notices until January 2018, and because those notices largely seek "foundational" discovery that Rimini could have sought at any time over the last three years. But that is both irrelevant and wrong. It is irrelevant because Rimini properly noticed each of those depositions within the fact discovery cutoff and with a reasonable period between service of the notice and the deposition date. It is also wrong because many of those depositions could not have been noticed earlier. Rimini's Seventh 30(b)(6) Notice concerns Oracle's financial information, but Oracle still has not produced the financial documents responsive to Rimini's discovery requests. Vandevelde Supp. Decl. ¶ 18. Similarly, Mr. Allison is designated as a witness for the Fifth 30(b)(6) Notice as well as one 30(b)(6) topic concerning Sierra-Cedar from a prior notice. Questioning covering both notices should occur on the same day. Yet Oracle only produced the Sierra-Cedar documents *less than two weeks ago*, on February 1, 2018. *Id.* ¶ 9. Rimini's Sixth 30(b)(6) Notice (concerning Oracle's anti-competitive conduct) and Eighth 30(b)(6) Notice (concerning Oracle's false statements) encompass the documents, written discovery responses, and individual witness testimony provided in discovery and are properly some of the last depositions to occur in the case.

***Third,*** Oracle claims the deposition notices are improper because Oracle supposedly has insufficient time to prepare witnesses. Opp. at 9–10. Under Rule 30, Rimini was required to provide "reasonable written notice" of the depositions. Fed. R. Civ. P. 30(b)(1). And "nearly a month's notice" is reasonable. *Anoruo*, 2013 WL 4546795, at *3; *see also Mason v. Silva*, 2013 WL 2338720, at *1 (S.D. Cal. May 28, 2013) ("10 days' notice is customarily expected"). Rimini served its final, Eighth 30(b)(6) notice on January 30, 2018, nearly a month before the February 28, 2018 fact discovery deadline. Vandevelde Supp. Decl. ¶ 19. If Oracle believes it

8

Gibson, Dunn & Crutcher LLP

RIMINI'S REPLY ISO MOTION FOR LIMITED EXTENSION AND
OPPOSITION TO ORACLE'S CROSS-MOTION FOR A PROTECTIVE ORDER
CASE NO. 2:14-CV-01699-LRH-CWH

still does not have enough time to prepare its witnesses, then the obvious solution is a brief extension, not a protective order.

**Fourth,** Oracle argues that the four deposition notices are "excessive and abusive" because they supposedly amount to "more than 100 topics and subtopics" combined. Opp. at 1. Such a superficial analysis of the deposition notices—topic counting—cannot sustain Oracle's burden to show that the deposition notices are somehow improper. Indeed, while the parties in this case have generally provided subtopics so that there is no ambiguity as to scope of the deposition, the explicit spelling out of those subtopics does not somehow increase the scope of the deposition. Oracle fails to identify a single topic or subtopic that it believes is improper.

Rimini's 30(b)(6) deposition notices are also comparable to Oracle's in this case. Indeed, Oracle's most recent 30(b)(6) notice—its Fifth Notice—contains 72 topics and subtopics for just that notice alone. Vandevelde Supp. Decl. ¶ 23. And the 72nd topic is "all Topics addressed by Rimini's Fourth Notice of Deposition," apparently incorporating by reference the entirety of one of Rimini's own notices. *Id.* Rimini designated a witness for that deposition, and the deposition is proceeding on February 20, 2018. It counts as one deposition for purposes of each party's limit of 25 depositions each. The depositions Rimini is seeking, in contrast, will count as four.

**Fifth,** all the cases Oracle cites are inapposite. In *Apple Inc. v. Samsung Electronics Co.*, 2012 WL 1511901, at *2 (N.D. Cal. Jan. 27, 2012), the court granted a motion for a protective order where a single 30(b)(6) notice identified over 600 topics and subtopics. The total number of topics and subtopics in Rimini's four 30(b)(6) notices pales in comparison. Oracle then cites two out-of-Circuit decisions—*In re Sulfuric Acid*, 231 F.R.D. 320, 328 (N.D. Ill. Aug. 26, 2005), and *State Farm Mutual Auto Insurance Co. v. New Horizont, Inc.*, 254 F.R.D. 227, 237 (E.D. Pa. 2008)—to argue that Rimini did not provide reasonable written notice of the remaining 30(b)(6) depositions. In *In re Sulfuric Acid*, the court concluded that ten days' notice was insufficient where the notice was served two weeks before the close of discovery, and the serving party had taken no action in the months prior. 231 F.R.D. at 327–28. And in

9

Gibson, Dunn & Crutcher LLP

RIMINI'S REPLY ISO MOTION FOR LIMITED EXTENSION AND
OPPOSITION TO ORACLE'S CROSS-MOTION FOR A PROTECTIVE ORDER
CASE NO. 2:14-CV-01699-LRH-CWH

*State Farm*, the court ruled that thirteen days' notice was insufficient. 254 F.R.D. at 237. But Rimini's most-recent, Eighth 30(b)(6) notice provides nearly three times as much notice as in *In re Sulfuric Acid* (and over twice as much as in *State Farm*), and was served while Rimini was diligently preparing for, taking, and defending numerous depositions, and actively participating in written discovery.

Rimini, thus, respectfully requests that the Court deny Oracle's baseless cross-motion for a protective order.

### III.  CONCLUSION

Rimini respectfully requests that the Court grant a 19-day extension of the fact discovery deadline so the parties may take the five remaining depositions that have been noticed but not yet confirmed, and deny Oracle's cross-motion for a protective order.

Dated:  February 12, 2018

GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Jeffrey T. Thomas*
Jeffrey T. Thomas

*Attorneys for Plaintiff and Counterdefendant Rimini Street, Inc., and Counterdefendant Seth Ravin*

10
RIMINI'S REPLY ISO MOTION FOR LIMITED EXTENSION AND
OPPOSITION TO ORACLE'S CROSS-MOTION FOR A PROTECTIVE ORDER
CASE NO. 2:14-CV-01699-LRH-CWH

Gibson, Dunn & Crutcher LLP

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused to be electronically uploaded a true and correct copy in Adobe "pdf" format of the above document to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system. After the electronic filing of a document, service is deemed complete upon transmission of the Notice of Electronic Filing ("NEF") to the registered CM/ECF users. All counsel of record are registered users.

DATED: February 12, 2018

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Jeffrey T. Thomas*
Jeffrey T. Thomas

*Attorneys for Plaintiff and Counterdefendant Rimini Street, Inc., and Counterdefendant Seth Ravin*

11
RIMINI'S REPLY ISO MOTION FOR LIMITED EXTENSION AND
OPPOSITION TO ORACLE'S CROSS-MOTION FOR A PROTECTIVE ORDER
CASE NO. 2:14-CV-01699-LRH-CWH

Gibson, Dunn & Crutcher LLP