UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

RIMINI STREET, INC., a Nevada Corporation,

Plaintiff,

v.

ORACLE INTERNATIONAL CORPORATION, a California corporation,

Defendant.
_____

ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION,

Counter-claimants,

v.

RIMINI STREET, INC.; and SETH RAVIN, an individual,

Counter-defendants.

Case No. 2:14-cv-1699-LRH-(CWH)

ORDER

Before the court is plaintiff and counter-defendant Rimini Street, Inc.'s ("Rimini Street") motion for reconsideration, to amend scheduling order, and for leave to file a fourth amended complaint. ECF No. 644. Defendant and counter-claimants Oracle International Corporation and Oracle America, Inc. (collectively "Oracle") filed an opposition (ECF No. 653) to which Rimini Street replied (ECF No. 658).

1

I.      **Facts and Procedural Background**

Counter-claimant Oracle develops, manufacturers, and licenses computer software. Rather than sell its software to consumers outright, Oracle licenses its software to customers through software licensing agreements which govern the customers' rights to use the software. Along with its software licensing business, Oracle also provides software maintenance and support services to its software licensees through separate software support service contracts. Oracle holds a number of federal copyrights for its various software applications, including the particular software applications at issue in this action.

Plaintiff Rimini Street provides third-party maintenance and support services to consumers who license software applications and competes directly with Oracle to provide these after-license services. Rimini Street does not develop or manufacture its own competing software applications and holds no federal copyrights. Rather, Rimini Street contracts with software licensees to provide software maintenance and support services for certain software applications including the particular Oracle copyrighted software applications at issue in this action. Counter-defendant Ravin is the owner and CEO of Rimini Street.

This is the second action between the parties. In the first action, *Oracle USA., Inc. v. Rimini Street, Inc.*, case no. 2:10-cv-0106-LRH-PAL ("*Oracle I*"), Oracle brought several claims against Rimini Street and Ravin for copyright infringement and other business torts based on (1) the process Rimini Street used to provide software maintenance and support services to customers who had licensed Oracle software, and (2) the manner in which Rimini Street accessed and preserved copies of Oracle's copyrighted software source code. *See Oracle I*, case no. 2:10-cv-0106-LRH-(VCF), ECF No. 1. While litigation in *Oracle I* was proceeding, Rimini Street allegedly changed the manner by which it accessed and preserved its customers' licensed software and the process by which it provided software maintenance and support services to its clients in response to the court's summary judgment orders (*Oracle I*, case no. 2:10-cv-0106-LRH-(VCF), ECF Nos. 474, 476). Subsequently, on October 15, 2014, Rimini Street initiated the present action against Oracle seeking a declaration from the court that its new

software maintenance and support processes do not infringe Oracle's software copyrights. *See* ECF No. 1.

After Rimini Street initiated the present action, Rimini Street twice amended its complaint to add new allegations and claims against Oracle. ECF Nos. 63, 367. Finally, on May 2, 2017, Rimini Street filed its third amended complaint against Oracle in response to activity Oracle allegedly engaged in during January 2017. ECF No. 487. Oracle filed a motion to dismiss Rimini Street's third amended complaint (ECF No.505) which was granted in-part and denied in-part by the court (ECF No. 633). Thereafter, Rimini Street filed the present motion for reconsideration, to amend the scheduling order, and for leave to file a fourth amended complaint. ECF No. 644.

**II.     Discussion**

Where, as here, a party seeks to amend its complaint after the deadline to amend pleadings, a motion to amend is reviewed under Rule 16 of the Federal Rules of Civil Procedure which governs the amendment of scheduling orders. Under Rule 16, a court may permit the filing of an amended complaint where the moving party demonstrates good cause. FED. R. CIV. P. 16(b)(4). In contrast with Rule 15's liberal standard for amending pleadings, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). Generally, where the party seeking amendment could not have reasonably discovered the facts underlying the proposed amendment, or where the facts underlying the proposed amendment arise after the start of litigation, good cause is established. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Here, the court has reviewed Rimini Street's motion and the proposed fourth amendment complaint and finds that good cause does not exist to grant the motion. The proposed amended complaint, attached to the motion in accordance with Local Rule 15-1(a), adds "new" allegations to Rimini Street's dismissed intentional interference with prospective economic advantage and Lanham Act claims which Rimini Street now argues addresses the court's basis for dismissal and only became available after it filed its third amended complaint in May 2017. *See* ECF No. 644,

3

Ex. 1. However, as addressed below, the court finds that Rimini Street has failed to meet the standard for amending the court's scheduling order and allowing for the filing of an amended complaint.

In the court's prior order dismissing Rimini Street's intentional interference with prospective economic advantage and Lanham Act claims, the court found that Rimini Street's factual allegations failed to sufficiently allege all necessary elements of those claims. *See* ECF No. 633. Rimini Street now contends that it has obtained evidence from discovery disclosed in June 2017, that would allow it to sufficiently allege these claims. However, the identified evidence, although disclosed after the filing of the third amended complaint, does not establish good cause to amend the scheduling order. In fact, although the evidence was disclosed in 2017, Rimini Street had knowledge of similar evidence including Oracle's internal documents and marketing promotions and materials as far back as 2014, which would have supported the present allegations. Further, Rimini Street has failed to establish that it could not have reasonably discovered the facts underlying the proposed amended complaint in some other manner than Oracle's discovery. The court notes that most of the "new" allegations, although not as fully developed as alleged in the amended complaint, are based on evidence either known to Rimini Street or that could have been reasonably discovered prior to May 2017, particularly as it relates to the allegations concerning Rimini Street's own current and prospective customers. Moreover, it is undisputed that none of the "new" allegations involve conduct that arose after the filing of Rimini Street's third amended complaint. *Johnson*, 975 F.2d at 609. As such, the court finds that Rimini Street has failed to meet its burden to amend the scheduling order.

Additionally, the court finds that allowing Rimini Street the opportunity to file a *fifth* complaint in this action at this late stage of the litigation would be unduly prejudicial to Oracle, especially as discovery is almost closed in this case. The court denied Oracle a similar request for leave to file fourth amended counterclaims in a previous order for similar reasons. *See* ECF No. 635. Accordingly, the court shall deny Rimini Street's motion.

///

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration, to amend scheduling order, and for leave to file a fourth amended complaint (ECF No. 644) is DENIED.

IT IS SO ORDERED.

DATED this 5th day of June, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE