# EXHIBIT B
# March 10, 2014 Letter from Robert H. Reckers to Geoffrey M. Howard

March 10, 2014

**Robert H. Reckers**

JPMorgan Chase Tower
600 Travis Street, Suite 1600
Houston
Texas 77002-2992
713.227.8008
713.227.9508 Fax
rreckers@shb.com

**VIA E-MAIL**

Geoffrey M. Howard
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111-4067
geoff.howard@bingham.com

Re:   *Oracle USA, Inc. et al. v. Rimini Street, Inc. and Seth Ravin*
      Case No. 2:10-cv-0106-LRH-PAL (D. Nev. filed Jan. 25th, 2010)

Geoff:

Rimini has reviewed and carefully considered your letter of February 25, 2014. We are happy to work with you concerning several of the issues you identified, and I can also report that Rimini Street, Inc. has initiated its own review process to ensure compliance with the Court's February 13 Order, notwithstanding that Rimini respectfully disagrees with portions of it. Both efforts are ongoing, and I provide details of them below.

There are some areas where we disagree with your assessment of the Order, however, which I will turn to before addressing Oracle's "demands" set forth in your letter.

First, the Court did not find that Rimini "had no license defense." To the contrary, the Court rejected Oracle's position and held that "Rimini may assert the City of Flint's license in this action." Dkt. 474 at 10. The Court has thus confirmed that third party maintenance is legal, as Rimini has long contended.

Second, the Court did not find that Rimini's "business practices" constituted copyright infringement. The Court's detailed, methodical analysis recognized that each alleged act of infringement must be analyzed in light of the specific license rights granted to the client on whose behalf Rimini is working. Based on the Court's conclusion that Rimini may assert its clients' license rights in defense of Oracle's infringement claim, Rimini intends to continue asserting its clients' relevant license rights. As you know, those rights are varied, and the Court's ruling therefore should not be read so broadly as to apply to licenses not analyzed in the Order.

We also disagree with Oracle's contention that the PeopleSoft licenses are "generally uniform." We have noted numerous differences – including in the wording and placement of the "facilities" language (in the licenses that have it), additional and differing grants of rights, and numerous modifying amendments and schedules. The Court has not reached these licenses yet, and they must be reviewed individually.

Geneva
Houston
Kansas City
London
Miami
Orange County
San Francisco
Tampa
Washington, D.C.

413696 v1

Just as other licensees are subject to different terms, they are also subject to different facts. For example, the Court encountered a lack of evidence in the summary judgment record concerning Section 14 of the City of Flint's license agreement and Section 10 of Pittsburgh's license agreement. Rimini intends to supply additional evidence in connection with other clients and the license defenses available to them.

Third, while the Court did find that Rimini exceeded the license rights granted to the City of Flint and Pittsburgh Public Schools with respect to nine specific software installations, Rimini has outstanding affirmative defenses that must be resolved before Oracle's *prima facie* case as to these licensees will support a final judgment. Some of the remaining defenses include laches, equitable estoppel, waiver, and fair use for non-complete copies. Oracle has moved for summary judgment as to some, but not all, of these defenses, and we continue to await the Court's analysis as to those defenses. Thus, while we can cooperatively address the conduct identified in the Court's February 13 Order, Rimini reserves all rights to defend against Oracle's infringement claim.

As part of Rimini's ongoing review in light of the Court's Order, we are able to disclose the following efforts currently completed or underway:

First, Rimini ceased offering hosting services for PeopleSoft, JD Edwards, and Siebel products in late 2012 and now is working to migrate existing clients off of Rimini's systems as quickly as possible. That project is underway. As you know, clients rely on Rimini-hosted environments to support their critical business software. As such, Rimini cannot deactivate these environments until the clients establish support environments on their own facilities. Rimini is working diligently with its clients to establish such client-hosted support environments, and we are willing to confer with you on an ongoing basis regarding the status of this project.

Second, Rimini is taking steps to quarantine and preserve data – consistent with what you requested in your February 25 letter. Specifically, Rimini is continuing to preserve all PeopleSoft environments in accordance with its discovery obligations. Rimini can also confirm that its hold notice remains in effect, and all relevant data is being preserved.

Third, Rimini will provide the following information to Oracle, consistent with what you requested in your February 25 letter:

1. Rimini is compiling an updated client list, along with a listing of any Rimini-hosted PeopleSoft, JDE and Siebel environments created after the close of fact discovery

2. Rimini is also compiling a list of the PeopleSoft updates created on any Rimini-hosted environment.

Geneva
Houston
Kansas City
London
Miami
Orange County
San Francisco
Tampa
Washington, D.C.

413696 v1

3. Rimini will prepare a list of clients that received updates generated on Rimini-hosted environments.

4. As previously discussed, Rimini will provide details regarding its progress in migrating PeopleSoft, JD Edwards, and Siebel environments off of its systems, including details regarding anticipated changes to its development process to avoid alleged "cross use."

Once the above mentioned information have been compiled and provided, I agree that it makes sense for the parties to confer regarding further discovery that should be conducted and regarding further pre-trial activities.

Finally, we remind Oracle of its ongoing mutual discovery obligations. For instance, Rimini asks that Oracle supplement its productions to ensure that all client licenses have been produced, including license agreements for any new clients identified in Rimini's supplemental discovery responses.

Sincerely,

*/s/Robert H. Reckers*

Geneva
Houston
Kansas City
London
Miami
Orange County
San Francisco
Tampa
Washington, D.C.

413696 v1