GIBSON, DUNN & CRUTCHER LLP
Jeffrey T. Thomas (*pro hac vice*)
Michele L. Maryott (*pro hac vice*)
Joseph A. Gorman (*pro hac vice*)
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: (949) 451-3800
jtthomas@gibsondunn.com
mmaryott@gibsondunn.com
jgorman@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
Samuel G. Liversidge (*pro hac vice*)
Eric D. Vandevelde (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
sliversidge@gibsondunn.com
evandevelde@gibsondunn.com

HOWARD & HOWARD ATTORNEYS
W. West Allen (Nevada Bar No. 5566)
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV 89169
Telephone: (702) 667-4843
wwa@h2law.com

DEBEVOISE & PLIMPTON LLP
James J. Pastore (*pro hac vice*)
919 Third Avenue
New York, NY 10022
Telephone: (212) 909-6000
jjpastore@debevoise.com

DEBEVOISE & PLIMPTON LLP
Jeffrey P. Cunard (*pro hac vice*)
801 Pennsylvania Avenue N.W.
Washington, DC 20004
Telephone: (202) 383-8000
jpcunard@debevoise.com

RIMINI STREET, INC.
Daniel B. Winslow (*pro hac vice*)
6601 Koll Center Parkway, Suite 300
Pleasanton, CA 94566
Telephone: (925) 264-7736
dwinslow@riministreet.com

RIMINI STREET, INC.
John P. Reilly (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV 89169
Telephone: (336) 908-6961
jreilly@riministreet.com

*Attorneys for Plaintiff and Counterdefendant Rimini Street, Inc., and Counterdefendant Seth Ravin*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RIMINI STREET, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>ORACLE INTERNATIONAL CORPORATION, a California corporation, and ORACLE AMERICA, INC., a Delaware corporation,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO. 2:14-cv-01699-LRH-CWH<br><br>**RIMINI'S STATEMENT OF NON-OPPOSITION TO ORACLE'S MOTION PURSUANT TO 17 U.S.C. § 410(c) THAT EVIDENTIARY PRESUMPTION APPLY TO ORACLE'S COPYRIGHT REGISTRATIONS [DKT. 867]** |

Plaintiff and Counterdefendant Rimini Street, Inc. and Counterdefendant Seth Ravin (together, "Rimini") file this Statement of Non-Opposition to Oracle International Corporation and Oracle America, Inc.'s (together, "Oracle") Motion Pursuant to 17 U.S.C. § 410(c) that Evidentiary Presumption Apply to Oracle's Copyright Registrations ("Motion"), Dkt. No. 867.

Rimini's Non-Opposition is limited to the specific relief requested by Oracle: that the Court apply the "presumption of evidentiary validity pursuant to 17 U.S.C. § 410(c) to the 39 certificates of registration at issue in this motion." Mot. at 24. Rimini takes no position at this time on any registrations other than the 39 addressed in Oracle's Motion. Nor does Rimini take a position on the *actual* validity of 39 registrations in Oracle's Motion. Rather, Rimini merely states its non-opposition to the application of Section 410(c)'s *presumption* to the 39 registrations. As is common with respect to Section 410(c) motions, Rimini reserves all rights to litigate any further disputes relating to the copyright registrations, including their ultimate validity. *See, e.g.*, *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1145–46 (9th Cir. 2003) ("The presumption of the validity of a registered copyright may be overcome by the 'offer [of] some evidence or proof to dispute or deny the plaintiff's prima facie case of infringement.'") (quoting *Entm't Research Group v. Genesis Creative Grp. Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997)); *United Fabrics Int'l, Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1258 (9th Cir. 2011) (The conclusion that a party "is presumed to own a valid copyright" under section 410(c) "is not tantamount to holding that [the party] in fact owns a valid copyright. That issue may still need to be resolved as this case moves forward."). Further, Rimini does not assent to any other legal or factual claims made by Oracle in its Motion.[1]

---

[1] Oracle incorrectly states that Rimini "refused to stipulate to the validity of these copyright registrations." Mot. at 1. This statement is false and misleading for two reasons. First, Rimini has never refused to stipulate. Just one week before filing its Motion, Oracle asked Rimini to stipulate to the validity of its copyright registrations, and Rimini advised Oracle that it would consider the issue. Oracle never mentioned that it would be filing a motion, never told Rimini that it needed a response by a certain date, and never responded to Rimini's email indicating that it had any concerns about Rimini's assurance that it would consider the issue in good faith. Second, Oracle is not even seeking a ruling that the registrations are valid. Rather, it is merely asking the Court to apply the Section 410(c) *presumption* to 39 registrations. Oracle has never approached Rimini about whether Rimini would stipulate to application of that presumption. Oracle has therefore unnecessarily filed a Motion, hundreds of pages of exhibits, and five declarations—wasting time and resources—all because it failed to adequately meet and confer.

Dated: October 26, 2018

                                        GIBSON, DUNN & CRUTCHER LLP

                                        By:  /s/ Jeffrey T. Thomas
                                                                Jeffrey T. Thomas

*Attorneys for Plaintiff and Counterclaimant Rimini Street, Inc. and Counterdefendant Seth Ravin*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused to be electronically uploaded a true and correct copy in Adobe "pdf" format of the above document to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system. After the electronic filing of a document, service is deemed complete upon transmission of the Notice of Electronic Filing ("NEF") to the registered CM/ECF users. All counsel of record are registered users.

DATED: October 26, 2018

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Jeffrey T. Thomas*
Jeffrey T. Thomas

*Attorneys for Plaintiff and Counterclaimant Rimini Street, Inc. and Counterdefendant Seth Ravin*