| | |
|---|---|
| BOIES SCHILLER FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone:    702.382.7300<br>Facsimile:    702.382.2755<br>rpocker@bsfllp.com<br><br>BOIES SCHILLER FLEXNER LLP<br>WILLIAM ISAACSON (*pro hac vice*)<br>KAREN DUNN (*pro hac vice*)<br>1401 New York Avenue, NW, 11th Floor<br>Washington, DC 20005<br>Telephone: (202) 237-2727<br>Facsimile: (202) 237-6131<br>wisaacson@bsfllp.com<br>kdunn@bsfllp.com<br><br>BOIES SCHILLER FLEXNER LLP<br>STEVEN C. HOLTZMAN (*pro hac vice*)<br>KATHLEEN R. HARTNETT (*pro hac vice*)<br>BEKO O. REBLITZ-RICHARDSON<br>(*pro hac vice*)<br>1999 Harrison Street, Suite 900<br>Oakland, CA 94612<br>Telephone:    510.874.1000<br>Facsimile:    510.874.1460<br>sholtzman@bsfllp.com<br>khartnett@bsfllp.com<br>brichardson@bsfllp.com | MORGAN, LEWIS & BOCKIUS LLP<br>BENJAMIN P. SMITH (*pro hac vice*)<br>JOHN A. POLITO (*pro hac vice*)<br>SHARON R. SMITH (*pro hac vice*)<br>FRANK KENNAMER (*pro hac vice*)<br>One Market, Spear Street Tower<br>San Francisco, CA 94105<br>Telephone:    415.442.1000<br>Facsimile:    415.442.1001<br>benjamin.smith@morganlewis.com<br>john.polito@morganlewis.com<br>sharon.smith@morganlewis.com<br>frank.kennamer@morganlewis.com<br><br>DORIAN DALEY (*pro hac vice*)<br>DEBORAH K. MILLER (*pro hac vice*)<br>JAMES C. MAROULIS (*pro hac vice*)<br>ORACLE CORPORATION<br>500 Oracle Parkway, M/S 5op7<br>Redwood City, CA 94070<br>Telephone:    650.506.4846<br>Facsimile:    650.506.7114<br>dorian.daley@oracle.com<br>deborah.miller@oracle.com<br>jim.maroulis@oracle.com<br><br>*Attorneys for Defendants and Counterclaimants Oracle America, Inc. and Oracle International Corp.* |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RIMINI STREET, INC., a Nevada corporation,<br>                    Plaintiff,<br><br>         v.<br><br>ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br>                    Defendants. | Case No. 2:14-cv-01699 LRH CWH<br><br>**ORACLE'S MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL BRIEF IN SUPPORT OF ORACLE'S MOTION TO MODIFY THE PROTECTIVE ORDER (ECF NO. 1223)** |
| ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br>                    Counterclaimants,<br><br>         v.<br><br>RIMINI STREET, INC., a Nevada corporation; SETH RAVIN, an individual,<br>                    Counterdefendants. | Judge:    Hon. Larry R. Hicks<br><br><br>**FILED UNDER SEAL** |

Pursuant to LR 7-2(g), Oracle seeks leave to file the attached supplemental brief in support of Oracle's motion to modify the protective order (ECF No. 1223, the "Motion").

Oracle's supplemental brief describes two developments that occurred after the parties completed their briefing on the Motion and that are relevant to the Motion.  *See PROF-2013-S3 Legal Title Trust IV by U.S. Bank Nat'l Ass'n v. REO Inv. Advisors V LLC*, No. 17-CV-277-JCM-CWH, 2018 WL 6419292, at *3 (D. Nev. Dec. 6, 2018) (granting motion for leave to file supplemental brief pursuant to LR 7-2(g) because it "include[d] new evidence"); *Ra Se. Land Co. LLC v. First Am. Title Ins. Co.*, No. 14-CV-01621-MMD-NJK, 2016 WL 4591740, at *2 (D. Nev. Sept. 2, 2016) (granting motion for leave to file supplemental brief pursuant to LR 7-2(g) because it included newly identified testimony "which [the movant] believes will aid the Court in resolving" the relevant dispute).

***First***, during a hearing before Magistrate Judge Ferenbach on April 4, 2019 in *Rimini I*, concerning Oracle's motion for discovery into Rimini's injunction compliance in *Rimini I*, Rimini's counsel argued that Oracle should not be permitted to conduct discovery in *Rimini I* in part because Oracle already has discovery from *Rimini II*.  Rimini's counsel repeatedly indicated – contrary to the position Rimini has taken on the Motion pending before Your Honor – that Oracle can use that *Rimini II* discovery in *Rimini I*.  Oracle's proposed supplemental brief includes the transcript from the hearing and quotes the relevant statements by Rimini's counsel.

***Second***, despite those representations and arguments at the *Rimini I* hearing, Rimini has refused to withdraw its opposition to the Motion.  Oracle's proposed supplemental brief includes the letters containing Oracle's request and Rimini's responses.

Good cause exists to permit Oracle to submit the attached supplemental brief, which addresses developments subsequent to the parties' briefing of the Motion that are relevant to the Motion and relief requested.  Rimini's repeated invocation of the *Rimini II* discovery at the *Rimini I* hearing – including its claim that Oracle can and should use *Rimini II* discovery in *Rimini I* – demonstrate the relevance of the *Rimini II* materials to the current injunction compliance proceedings in *Rimini I*, and thus why the Motion should be granted.  Second, Rimini's continued opposition to the Motion, particularly in light of its statements to the Court

1

ORACLE'S MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL BRIEF IN SUPPORT OF ORACLE'S MOTION TO MODIFY THE PROTECTIVE ORDER (ECF NO. 1223)

on April 4, reflects improper and prejudicial gamesmanship. Rimini should not be permitted to reference the *Rimini II* discovery while opposing discovery in *Rimini I* and at the same time refuse to permit Oracle to use that discovery in *Rimini I*.

DATED: April 24, 2019          BOIES SCHILLER FLEXNER LLP

By: */s/ Richard J. Pocker*
Richard J. Pocker
Attorneys for Defendants and Counterclaimants
Oracle America, Inc. and Oracle International Corp.

2

ORACLE'S MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL BRIEF IN SUPPORT OF ORACLE'S MOTION TO MODIFY THE PROTECTIVE ORDER (ECF NO. 1223)