1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                              DISTRICT OF NEVADA

8                                      * * *

9    RIMINI STREET, INC.,                        Case No. 2:14-cv-01699-LRH-CWH

10              Plaintiff/Counterdefendant,       ORDER

11        v.

12   ORACLE INTERNATIONAL CORP.,
     and ORACLE AMERICA, INC.,
13
                Defendants/Counterclaimants.
14

15

16        Pending before the Court are numerous motions filed by both plaintiff/counterdefendant

17   Rimini Street, Inc., ("Rimini") and defendants/counterclaimants Oracle International Corp. and

18   Oracle America, Inc. (collectively "Oracle"). This order will resolve all the non-summary

19   judgment related motions pending before the undersigned.

20                                **I. Motions to Seal**

21        There are currently 26 motions to seal pending before the undersigned. Oracle has filed 11

22   motions to seal (ECF Nos. 873, 885, 903, 928, 1023, 1080, 1133, 1140, 1141, 1148, 1178), and

23   Rimini has filed 15 motions to seal (ECF Nos. 912, 926, 957, 973, 984, 1003, 1034, 1082, 1154,

24   1163, 1186, 1194, 1214, 1219). The parties seek to seal numerous exhibits attached to substantive

25   filings and the portions of their summary judgment briefs that refer to those exhibits.

26        There is a general presumption that court records should be open and accessible to the

27   public. *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). With non-dispositive motions,

28   this presumption is automatically overcome by a showing that the material to be filed under seal

                                             1

is being done so pursuant to a valid protective order. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)). In *Foltz*, however, the Ninth Circuit held that when parties seek to seal documents related to dispositive motions, the presumption is not automatically overcome, and the Court must balance the equities to determine whether the documents should be sealed. *Id*. at 1136. For exhibits to dispositive motions, the Court must weigh the "public interest in understanding the judicial process" with "whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Hagestad*, 49 F.3d at 1434 (citing *EEOC v. Erection Co., Inc.*, 900 F.2d 168, 170 (9th Cir. 1990)). The party seeking to have the information sealed must articulate "compelling reasons" as to why the Court should seal the documents. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

The Court has reviewed the motions to seal and the underlying documents, and it finds that the exhibits and portions of the summary judgment briefs addressing them should be sealed. The information Oracle seeks to seal mostly consists of confidential financial and pricing information, business and internal development strategies, and information regarding its individually-negotiated customer licenses. Many of the exhibits it seeks to seal identify customers by name and detail Oracle's business relationship with them, including the terms of the specific software license agreement between Oracle and the customer. The information Rimini seeks to seal is largely the same, consisting mostly of information detailing its relationships with its customers. The public does not have a strong interest in learning about the specific agreements between the parties and their customers because it is largely not relevant to this case; at issue here is whether Rimini has infringed on Oracle's copyrights. Revealing this customer information would likely harm both Oracle and Rimini's competitive standing by allowing competitors and customers a glimpse into their negotiation strategies, which is a compelling reason to keep it under seal. *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). Additionally, the third parties not involved in this litigation would be placed at a competitive disadvantage (for the same reason) if information regarding their confidential business dealings was made public. *See Music Group*

2

*Macao Commercial Offshore Limited v. Foote*, 2015 WL 3993147, at \*2 (N.D. Cal. June 30, 2015) (invasion of a third party's privacy interest is a "compelling reason" for filing a document under seal). The Court also notes that the parties have filed redacted versions of all the sealed motions in the public record, which limits the harm done to the public.

The Court will accordingly grant all the motions to seal.

## II. Oracle's 17 U.S.C. §410(c) Motion

Oracle's first substantive motion requests that the Court exercise its discretion and apply an evidentiary presumption of validity to over three dozen of the copyrights at issue in this case. (ECF No. 867 at 6). 17 U.S.C. §410(c) allows the Court to deem certain certificates of copyright registration as "prima facie evidence" of the validity of the copyright and of the facts stated in the certificate. Oracle seeks to have the Court deem 39 of the 136 copyrights at issue in this case prima facie evidence that it was the lawful holder of those copyrights; the other 97 copyrights at issue are already entitled to an assumption of validity because they were registered within five years of their first publication. 17 U.S.C. §410(c). Oracle also seeks to prevent Rimini from challenging the validity of 17 of the 39 copyrights not afforded the automatic presumption because in previous litigation in this Court, a jury, *inter alia*, found that Rimini had infringed those 17 copyrights. (ECF No. 867 at 7). Rimini filed a motion of non-opposition to Oracle's motion, but it noted that it wished to reserve the right to overcome the prima facie presumption of copyright validity at trial. (ECF No. 961 at 2).

The Court will grant Oracle's motion. Local Rule 7-2(d) states that a failure of any party to contest a motion constitutes consent to the granting of the motion. Because Rimini explicitly did not oppose Oracle's motion and instead reserved argument for trial, the Court will apply the §410(c) presumption of validity to the following 22 copyrights: (1) TX 7-095-798; (2) TX 8-151-290; (3) TX 6-541-029; (4) TX 6-541-047; (5) TX 8-060-246; (6) TX 8-060-225; (7) TX 8-060-232; (8) TX 8-060-249; (9) TX 8-060-264; (10) TX 8-060-259; (11) TX 8-060-258; (12) TX 8-060-255; (13) TX 8-108-902; (14) TX 8-108-914; (15) TX 8-108-944; (16) TX 8-108-891; (17) TX 8-108-968; (18) TX 8-108-961; (19) TX 8-108-850; (20) TX 8-108-924; (21) TX 7-781-659; (22) 7-781-641.

The Court also finds that issue preclusion prevents Rimini from relitigating whether Oracle is the valid copyright holder of the other 17 copyrights at issue. Those are: (1) TX 7-065-376; (2) TX 7-065-381; (3) TX 7-063-688; (4) TX 7-065-319; (5) TX 7-063-683; (6) TX 7-063-668; (7) TX 7-077-447; (8) TX 7-077-451; (9) TX 7-092-406; (10) TX 7-092-603; (11) TX 7-092-583; (12) TX 7-092-617; (14) TX 6-541-033; (15) TX 6-941-989; (16) TX 6-941-988; (17) TX 6-941-990). The doctrine of issue preclusion prevents a party from relitigating an issue already decided in a previous action if: (1) there was a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated in that action; (3) the issue was lost as a result of a final judgment in that action; and (4) the party against whom issue preclusion is asserted was present in the previous action. *U.S. Internal Revenue Serv. v. Palmer*, 207 F.3d 566, 568 (9th Cir. 2000). All of these elements are clearly met here. Oracle and Rimini were both present in their current forms in the previous lawsuit,[1] and Rimini had an opportunity to litigate the issue of Oracle's ownership of the copyrights and did so through summary judgment briefing before agreeing not to contest the issue prior to trial. (*See Oracle I*, ECF No. 401 at 2–3). There was also a final judgment in the action when the jury found Rimini liable for copyright infringement, and the Ninth Circuit upheld the jury's findings on appeal. (*Oracle I*, ECF No. 896); *Oracle USA, Inc. v. Rimini Street, Inc.*, 879 F.3d 948 (9th Cir. 2018), *rev'd on other grounds*, 139 S.Ct. 873 (2019). Thus, the doctrine of issue preclusion applies, and Rimini cannot contest the validity of the 17 copyrights listed above at trial.

### III. Rimini's Motion to Strike

Rimini has also filed a motion to strike two exhibits attached to two of Oracle's responses to its (Rimini's) motions for summary judgment. (ECF No. 1151). Rimini seeks to strike Exhibit B (ECF No. 1055-2) to Oracle's response to Rimini's motion for partial summary judgment as to "Certain Undisputed Process" and Exhibit 35 (ECF No. 1000-2) to Oracle's response to Rimini's motion for partial summary judgment on Oracle's already adjudicated claims. (ECF No. 1151 at 3). Rimini states that both Exhibit B and Exhibit 35 exceed Local Rule 7-3's requirement that responses to motions for summary judgment be no more than 30 pages in length, including

---

[1] Case No. 2:10-cv-106 (*Oracle I*).

4

statements of fact; Exhibit B is 55 pages in length (for a total of 85 pages), and Exhibit 35 is 2 pages in length (for a total of 32 pages). Rimini argues that it is prejudiced by the additional statements of fact because they "effectively give Oracle an additional 57 pages to respond to Rimini's motions," whereas Rimini limited to what was allowed by the Local Rules. (ECF No. 1151 at 5). In response, Oracle argues that it did not violate any of the Local Rules because "[t]he inclusions of Exhibit B and Exhibit 35 to describe *additional disputes of fact* to further clarify the record and assist the Court does not violate the letter or spirit of the rule." (ECF No. 1182 at 4) (emphasis in original).

The Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). As Oracle notes in its response, motions to strike are generally disfavored by the Court. *D.E. Shaw Laminar Portfolios, LLC v. Archon Corp.*, 570 F.Supp.2d 1262, 1271 (D. Nev. 2008). Whether to grant a motion to strike lies within the sound discretion of the District Court. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). Courts "often require a showing of prejudice by the moving party" before granting a motion to strike. *Roadhouse v. Las Vegas Metro. Police Dep't*, 290 F.R.D. 535, 543 (D. Nev. 2013) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524 (1993), *rev'd on other grounds*, 510 U.S. 517 (1994)).

The Court agrees with Rimini that it has been prejudiced by Oracle's failure to abide by the District's page limit. Exhibit B consists of 55 pages of tables offering a line-by-line analysis and refutation of Rimini's statement of facts complete with citations to the record and the Ninth Circuit's opinion in *Oracle I*. This exhibit is not evidentiary in nature; instead, it consists solely of arguments made by Oracle's lawyers. Exhibit 35, although only two pages in length, is identical to Exhibit B in terms of form and content. Both of these exhibits are clear attempts to bypass the District's rule on summary judgment page limits. Oracle cannot circumvent the Local Rules' page limit on motions for summary judgment by attaching non-evidentiary documents to briefs and disguising them as evidentiary exhibits. Despite Oracle's assertions to the contrary, the purpose of Local Rule 7-3 is to prevent parties from doing precisely what Oracle has done here, namely attaching exhibits that, instead of presenting evidence of claims made in the brief, merely continue

the brief's arguments. If Oracle believed it was necessary to file a response brief longer than 30 pages, it should have filed for leave to exceed the page limits. But it did not do so. This Court has previously granted motions to strike when parties have exceeded page limits without first seeking court approval. *See, e.g., Magdaluyo v. MGM Grand Hotel, LLC*, 2017 WL 736875, at \*6 (D. Nev. Feb. 24, 2017) (striking supplemental documents filed by the plaintiff because they were "improper attempts to evade the page limits for argument").

The prejudice to Rimini is clear: by not following the rules, Oracle has taken 57 extra pages to argue that disputes of material fact exist as to Rimini's motions for partial summary judgment. Rimini was not afforded the opportunity to include 57 extra pages of factual assertions to refute Oracle's arguments or to argue against its five motions for summary judgment. Therefore, the Court will strike the two exhibits from the docket and will not consider them when deciding Rimini's motions for summary judgment.

## IV. Further Filings

In Rimini's motion to strike, Rimini states that prior to the dispositive motion deadline, it attempted to meet and confer with Oracle to adopt reasonable limitations on the number of summary judgment motions the parties could file, but Oracle rebuffed its efforts. (ECF No. 1151 at 2–3). The result of this, Rimini continues, was Oracle filing *five* motions for summary judgment, each of which is at least 20 pages. (*Id*.)

The Court agrees with Rimini that there should be some guidance as to how the parties will proceed with filings in this case. After careful consideration, and to streamline future filings of substantive motions, the Court is providing the following instructions to both parties. For each type of motion (i.e. motions *in limine*, motions requesting a *Daubert* hearing), the parties are limited to **one filing** no more than **30 pages** in length, not including tables of contents, tables of authorities, signature pages, or other non-substantive portions of the filing. Exhibits are limited to no more than **100 pages** per filing, not including cover pages, and they must be evidentiary in nature. Exhibits that continue arguments made in the motion will be stricken from the record, and the offending party will be subject to appropriate sanctions. The Court believes that the limitation on the number of documents filed will effectuate a speedier resolution in this case, and in most

cases, concise briefing is preferable to all parties, including the Court. Notwithstanding these limitations, the Local Rule on page limits (LR 7-3) still applies to all future filings. As an illustration, a party may file one 30-page motion *in limine*, but a pretrial brief may only be 24 pages in length and must otherwise comply with LR 7-3. If a party has need to make a substantive filing greater than 30 pages, it must request permission to do so in accordance with LR 7-3(c) and demonstrate good cause with specificity. Filing a motion over the page limit alongside a motion to exceed page limits is not permitted. Additionally, all courtesy copies of unsealed motions and exhibits provided to the Court must include the electronic docketing spray on the top of the page. Courtesy copies that do not include the electronic docketing spray will not be accepted. Finally, all references to previously-filed, unsealed exhibits or documents within motions must be accompanied by a citation to the electronic docketing number.

### V. Conclusion

IT IS THEREFORE ORDERED that the pending motions to seal (ECF Nos. 873, 885, 903, 912, 926, 928, 957, 973, 984, 1003, 1023, 1034, 1080, 1082, 1133, 1140, 1141, 1148, 1154, 1163, 1178, 1186, 1194, 1214, and 1219) are **GRANTED**.

IT IS FURTHER ORDERED that Oracle's 17 U.S.C. §410(c) motion (ECF No. 867) is **GRANTED**.

IT IS FURTHER ORDERED that Rimini's motion to strike (ECF No. 1151) is **GRANTED**. The Clerk of Court is directed to **STRIKE** the following documents from the docket: ECF Nos. 1000-2, 1038-29, 1055-2, and 1085-2.

IT IS SO ORDERED.

DATED this 4th day of June, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE