| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone: 702.382.7300<br>Facsimile: 702.382.2755<br>rpocker@bsfllp.com<br><br>PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP<br>WILLIAM A. ISAACSON (*pro hac vice*)<br>KAREN DUNN (*pro hac vice*)<br>2001 K Street, NW<br>Washington, DC 20006<br>Telephone: 202.223.7300<br>Facsimile: 202.223.7420<br>wisaacson@paulweiss.com<br>kdunn@paulweiss.com | MORGAN, LEWIS & BOCKIUS LLP<br>BENJAMIN P. SMITH (*pro hac vice*)<br>JOHN A. POLITO (*pro hac vice*)<br>SHARON R. SMITH (*pro hac vice*)<br>One Market, Spear Street Tower<br>San Francisco, CA  94105<br>Telephone: 415.442.1000<br>Facsimile: 415.442.1001<br>benjamin.smith@morganlewis.com<br>john.polito@morganlewis.com<br>sharon.smith@morganlewis.com<br><br>DORIAN DALEY (*pro hac vice*)<br>DEBORAH K. MILLER (*pro hac vice*)<br>JAMES C. MAROULIS (*pro hac vice*)<br>ORACLE CORPORATION<br>500 Oracle Parkway, M/S 5op7<br>Redwood City, CA 94070<br>Telephone: 650.506.4846<br>Facsimile: 650.506.7114<br>dorian.daley@oracle.com<br>deborah.miller@oracle.com<br>jim.maroulis@oracle.com |

*Attorneys for Defendants and Counterclaimants Oracle America, Inc. and Oracle International Corporation*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RIMINI STREET, INC., a Nevada corporation;<br>   Plaintiff,<br>v.<br>ORACLE INTERNATIONAL CORPORATION, a California corporation, and ORACLE AMERICA, INC., a Delaware corporation<br>   Defendants. | Case No.  2:14-cv-01699-LRH-DJA<br><br>**ORACLE'S MOTION TO REALIGN THE PARTIES AND BIFURCATE TRIAL** |
| ORACLE AMERICA, INC., a Delaware corporation; and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br>   Counterclaimants,<br>v.<br>RIMINI STREET, INC., a Nevada corporation, *et al.*,<br>   Counterdefendants. | |

ORACLE'S MOTION TO REALIGN THE PARTIES AND BIFURCATE TRIAL

**TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | FACTUAL AND PROCEDURAL BACKGROUND | 2 |
| III. | THE COURT SHOULD REALIGN THE PARTIES FOR THE JURY TRIAL | 5 |
| IV. | THE COURT SHOULD HOLD A SEPARATE BENCH TRIAL ON THE ACCOUNTING AND UNFAIR COMPETITION CLAIMS IMMEDIATELY FOLLOWING A JURY TRIAL ON ALL OTHER REMAINING CLAIMS | 9 |
| V. | CONCLUSION | 13 |

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Allergan, Inc. v. Athena Cosmetics, Inc.*,
   2013 WL 12142655 (C.D. Cal. Mar. 6, 2013) ...................................................................10

*Cox Commc'ns Inc. v. Sprint Commc'ns Co. L.P.*,
   2017 WL 4848814 (D. Del. Oct. 26, 2017) .................................................................... 6, 8

*Danjaq LLC v. Sony Corp.*,
   263 F.3d 942 (9th Cir. 2001) ............................................................................................13

*Delphi Corp. v. Auto. Techs. Int'l, Inc.*,
   No. 2:08-cv-11048 (E.D. Mich. Sept. 25, 2008) ................................................................6

*Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*,
   890 F.2d 165 (9th Cir. 1989) ............................................................................................10

*Fair Isaac Corp. v. Fed. Ins. Co.*,
   408 F. Supp. 3d 1019 (D. Minn. 2019) ............................................................................10

*FCE Benefits Adm'rs, Inc. v. Training, Rehab. & Dev. Inst., Inc.*,
   2016 WL 4426897 (N.D. Cal. Aug. 22, 2016) ............................................................. 7, 8

*Guidetech, Inc. v. Brilliant Instruments, Inc.*,
   2014 WL 12643007 (N.D. Cal. Mar. 25, 2014) .................................................................6

*Kerr Corp. v. N. Am. Dental Wholesalers, Inc.*,
   2011 WL 4965111 (C.D. Cal. Oct. 18, 2011) ....................................................................6

*Linear Grp. Servs., LLC v. Attica Automation, Inc.*,
   2014 WL 4206871 (E.D. Mich. Aug. 25, 2014) ........................................................... 6, 8

*Lloyd's of London Syndicate 2987 v. Bison Drilling & Field Servs., LLC*,
   2019 WL 1060892 (S.D. Tex. Feb. 1, 2019) ............................................................ 6, 7, 8

*Martin v. Chesebrough-Pond's, Inc.*,
   614 F.2d 498 (5th Cir. 1980) ..............................................................................................6

*Marya v. Warner/Chappell Music, Inc.*,
   131 F. Supp. 3d 975 (C.D. Cal. Sept. 22, 2015) .................................................................7

*Mt. Hawley Ins. Co. v. Adell Plastics, Inc.*,
   2019 WL 2360929 (D. Md. June 4, 2019) ............................................................... 6, 7, 8

*United States v. Nevada*,
   2012 WL 13069791 (D. Nev. Apr. 30, 2012) (Hicks, J.) .......................................... passim

*Oracle Am., Inc. v. Google LLC*,
   886 F.3d 1179 (Fed. Cir. 2018) ..........................................................................................9

*Oracle USA, Inc. v. Rimini St., Inc.*,
   No. 2:10-CV-00106-LRH-PAL (D. Nev. Oct. 29, 2010) ..........................................................2

*Oracle USA, Inc. v. Rimini Street, Inc.*,
   209 F. Supp. 3d 1200 (D. Nev. Sept. 21, 2016) (Hicks, J.) ....................................................10

*Oracle USA, Inc. v. Rimini Street, Inc.*,
   879 F.3d 948 (9th Cir. 2018)...................................................................................................2

*Orthoflex, Inc. v. ThermoTek, Inc.*,
   2014 WL 320155 (N.D. Tex. Jan. 29, 2014)............................................................................8

*Plumtree Software, Inc. v. Datamize, LLC*,
   No. C 02-5693 VRW, 2003 WL 25841157 (N.D. Cal. Oct. 6, 2003) ............................. *passim*

*Polycom, Inc. v. Codian, Ltd.*,
   2007 WL 7658922 (E.D. Tex. Apr. 23, 2007) .......................................................................12

*Server Tech., Inc. v. Am. Power Conversion Corp.*,
   2014 WL 1308617 (D. Nev. Mar. 31, 2014) (Hicks, J.) ...............................................9, 12, 13

*Sudden Valley Supply LLC v. Ziegmann*,
   2015 WL 13709769 (E.D. Mo. June 11, 2015).......................................................................6

*Unwired Planet, LLC v. Google Inc.*,
   2014 WL 7012499 (D. Nev. Dec. 12, 2014)..........................................................................12

*WGH Acquisitions, LLC v. Bondrok Partners, LLC*,
   2014 WL 12788999 (D. Nev. Sept. 2, 2014) ...........................................................................8

*Williams v. Bridgeport Music, Inc.*,
   2014 WL 7877773 (C.D. Cal. Oct. 30, 2014) .........................................................................7

*Wright v. Watkins & Shepard Trucking, Inc.*,
   2015 WL 6737013 (D. Nev. Nov. 2, 2015) (Hicks, J.) ............................................................9

*Zivkovic v. S. Cal. Edison Co.*,
   302 F.3d 1080 (9th Cir. 2002).................................................................................................9

**STATUTES**

California Business and Professions Code § 17200 *et seq.* .................................................. *passim*

Digital Millennium Copyright Act..............................................................................3, 7, 12

Lanham Act .................................................................................................................3, 7, 12

Nevada Deceptive Trade Practices Act...............................................................................3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 42 ................................................................................................................9, 10

Fed. R. Evid. 611(a) ..................................................................................................................5

Ninth Circuit Jury Instructions Committee, Manual of Model Civil Jury
    Instructions for the District Courts of the Ninth Circuit (2017) ................................................. 9

## NOTICE OF MOTION AND MOTION

Defendants and Counterclaimants Oracle America, Inc., and Oracle International Corporation (collectively, "Oracle") respectfully move this Court to realign the parties for the jury trial in this case with Oracle designated and referred to as the plaintiff to present its proof first at trial and to re-caption the case accordingly.  In addition, Oracle's requests that the Court bifurcate the trial into a jury trial phase on the claims triable to the jury immediately followed by a bench trial phase on the parties' equitable claims for unfair competition and Oracle's equitable claim for an accounting.  This motion is based on this notice of motion, the supporting memorandum of points and authorities herein, the declaration of Zachary S. Hill, the entire record in this action, and such other matters and argument as may be presented to the Court.

### I.     INTRODUCTION

The parties to this action should be realigned because the remaining disputes in this case to be tried by a jury are whether Oracle's software copyrights were infringed and whether Rimini committed related statutory and common law violations in soliciting and providing third-party support services for Oracle's software.  Oracle is the natural plaintiff in this action and should be designated and identified as such at the jury trial.

There are six jury-triable claims in this action.  Oracle continues to assert five claims, and Rimini's sole jury-triable claim is a claim for declaratory relief.  Oracle bears the burden of proof on all these claims, as Rimini's declaratory relief claim is simply a defense to Oracle's affirmative claims that Rimini's business model is unlawful.  *Plumtree Software, Inc. v. Datamize, LLC*, No. C 02-5693 VRW, 2003 WL 25841157, at *3 (N.D. Cal. Oct. 6, 2003) (deeming declaratory relief claim for noninfringement a defense to infringement claim and ordering realignment of the parties).

Further, Rimini has no remaining damages claims.  Rimini cannot obtain damages on its jury-triable claim for declaratory relief.  Nor are damages available for Rimini's unfair competition claims under California Business and Professions Code § 17200 *et seq*. ("UCL"), which this Court will decide.

Courts commonly realign the parties before trial in cases, like this one, where the named plaintiff's sole claim is for declaratory relief.  Courts do so to streamline the proceedings and to ensure that the jury hears the evidence in a logical, comprehensible manner.  Here, absent realignment, the evidence in this case will be presented to the jury in an illogical and confusing manner, as the jury would hear evidence about Rimini's defenses to Oracle's claims first, and only thereafter would the jury receive the affirmative evidence regarding those claims.  This case is about whether Rimini has continued to conduct its business in an unlawful manner.  The most efficient, streamlined, and natural way to present that issue is for Oracle to present its evidence regarding what Oracle believes Rimini is doing wrong, and Rimini can then present its evidence in defense.

The Court should also bifurcate the trial and hold a separate bench trial on the parties' equitable claims, including their unfair competition claims and Oracle's accounting claim, immediately following a jury trial on all other remaining claims.  Accounting and UCL claims are equitable in nature and afford no jury trial right.  Moreover, holding a separate bench trial on claims outside the jury's purview will significantly reduce the time the jury will have to sit for trial, reduce juror confusion and burden, and aid in the efficient resolution of the jury-triable claims.  It will also avoid any undue prejudice that may result from the jury hearing evidence not relevant to the questions before them.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Oracle first filed suit against Rimini in 2010, alleging, *inter alia*, that Rimini infringed Oracle's software copyrights.  *Oracle USA, Inc. v. Rimini St., Inc.*, No. 2:10-CV-00106-LRH-PAL (D. Nev. Oct. 29, 2010) ("*Rimini I*").  This Court granted summary judgment for Oracle on some of its copyright claims, and a jury found in Oracle's favor on the remaining copyright claims.  *Rimini I* ECF Nos. 474, 476, 896.  The Ninth Circuit affirmed the findings that Rimini's conduct infringed Oracle's copyrights.  *Oracle USA, Inc. v. Rimini Street, Inc.*, 879 F.3d 948, 952–60 (9th Cir. 2018).  In August 2018, this Court issued a permanent injunction against Rimini, prohibiting it from continuing the unlawful practices underlying Oracle's lawsuit.  *Rimini I*, ECF Nos. 1164, 1166.

Prior to the jury trial in *Rimini I*, Rimini filed this action against Oracle seeking, primarily, a declaratory judgment that its new "Process 2.0" does not infringe Oracle's copyrights. ECF No. 1. Oracle counterclaimed against Rimini and Rimini's founder and CEO Seth Ravin. ECF Nos. 21, 22-s. Oracle asserted that Rimini's "Process 2.0" continues to infringe Oracle's copyrights and brought seven other causes of action against Rimini and Ravin. ECF Nos. 21, 22-s. Following lengthy discovery, Rimini filed its Corrected Third Amended Complaint with eight causes of action, and Oracle filed its Corrected Third Amended Counterclaims with twelve causes of action. ECF Nos. 487, 489-s, 584. Both Oracle and Rimini demanded a trial by jury "on all issues so triable." ECF Nos. 487, 489-s, 584.

The Court's orders on the parties' motions to dismiss and motions for summary judgment have narrowed the claims for trial. ECF Nos. 589, 633, 1253. Only two of Rimini's original eight claims remain to be tried: (1) a claim for a declaratory judgment that Rimini is not infringing certain of Oracle's copyrights,[1] and (2) a claim for injunctive relief under the UCL.[2] Rimini's other six claims—and all its claims for damages—have either been entirely dismissed or resolved in Oracle's favor at summary judgment.[3] ECF Nos. 589, 633, 1253.

By contrast, five of Oracle's causes of action remain to be tried to a jury: (1) copyright infringement, (2) violation of the Digital Millennium Copyright Act, (3) violation of the Lanham Act, (4) inducing breach of contract, and (5) breach of contract. Oracle seeks damages on all these claims. Oracle also continues to assert three causes of action that must be tried to the Court alone: (1) an accounting; (2) unfair competition by Rimini under the UCL; and (3) declaratory judgment on Rimini's unfair competition claim.

On November 19, 2020, the parties held a meet and confer to discuss, among other topics, realignment of the parties and bifurcation of the case into a jury trial and a bench trial.

---

[1] Summary adjudication was, however, already granted in favor of Oracle on this claim regarding four copyrights. ECF No. 1253 at 65–66.
[2] The Court granted Oracle summary judgment on Rimini's claim for monetary relief under the California UCL. ECF No. 1253.
[3] These claims were for: (1) a declaratory judgment of no violation of the Federal, California, and Nevada anti-hacking statutes, (2) a declaratory judgment of copyright misuse, (3) intentional interference with contract, (4) intentional interference with prospective economic advantage, (5) violation of the Nevada Deceptive Trade Practices Act, and (6) violation of the Lanham Act.

Declaration of Zachary S. Hill ("Hill Decl.") ¶ 3.  Oracle stated its position that the parties should be realigned at the jury trial and that the nonjury triable claims should be tried to the Judge immediately following the jury trial.  *Id.*  Rimini indicated that it would consider Oracle's position.  *Id.*  Oracle noted during the meet and confer that if the parties could not reach consensus on realignment and bifurcation, it intended to present the dispute to the Court through ordinary motion.  *Id.*

On December 1, 2020, Oracle reached out to Rimini via email inquiring about a response to Oracle's proposal to realign the parties and bifurcate the trial.  *Id.* ¶ 4 & Ex. 1.  On December 7, 2020, the parties then held a meet and confer solely on the topics of realignment and bifurcation.  *Id.* ¶ 5.  As to realignment, Rimini indicated that it was open to realigning the parties but noted that it wanted to be able to inform the jury about the procedural history of the case, specifically that Rimini had filed the case first.  *Id.*  Rimini also inquired whether Oracle would agree that each witness at trial would only be called once if Oracle presented its case first as the plaintiff.  *Id.*  Oracle noted that it would consider those questions.  *Id.*  As to bifurcation, Rimini indicated that it would oppose bifurcation and instead would seek an advisory jury on the remaining nonjury claims.  *Id.*  Rimini proposed an alternative briefing schedule pursuant to which Oracle would move to bifurcate, Rimini would oppose and cross move for an advisory jury under Rule 39, Oracle would oppose Rimini's Rule 39 motion, and then Rimini would file a reply.  *Id.*  Oracle indicated that it would consider the proposed alternative briefing schedule.  *Id.*

On December 10, 2020, the parties held another meet and confer regarding, among other matters, realignment and bifurcation.  *Id.* ¶ 6.  Oracle informed Rimini that it would agree that the parties could inform the jury about the litigation history between the parties and that each witness would appear at trial once.  *Id.*  With those reservations of rights, Oracle understood that the parties had tentatively reached agreement to realign the parties.  *Id.*  Oracle agreed to draft a stipulation for Rimini's consideration reflecting the parties' agreement to realign the parties.  *Id.*

On December 14, 2020, Oracle circulated a proposed stipulation to Rimini.  *Id.* ¶ 7 & Ex. 2.  The stipulation provided that 1) from the date of the entry of the stipulation and going forward, the title of the action would be "Oracle International Corporation and Oracle America,

Inc. v. Rimini Street, Inc., and Seth Ravin;" 2) Oracle International Corporation and Oracle America, Inc. would be designated and referred to as the Plaintiffs and Rimini Street and Seth Ravin would be designated and referred to as the Defendants, and the trial would begin with Oracle International Corporation and Oracle America, Inc. presenting their trial claims as Plaintiffs; and 3) the Parties reserved their rights to refer at trial to the procedural history of the litigation between the Parties. *Id.*

On December 18, 2020, Rimini rejected Oracle's proposed stipulation and proposed an alternative stipulation. *Id.* ¶ 8 & Ex. 3. Rimini's alternative stipulation provided that 1) at trial neither party shall be referred to as Plaintiff or Plaintiffs or Defendant or Defendants. Rather, each of the parties shall be called by their actual names; 2) the trial shall begin with Oracle International Corporation and Oracle America, Inc. presenting their trial claims. Rimini Street, Inc. and Seth Ravin will present their case-in-chief following Oracle's; and 3) Rimini Street and Seth Ravin have the right to present evidence and tell the jury that Rimini Street, Inc. initiated this action, seeking a declaratory judgment. *Id.*

On December 22, 2020, the parties held another meet and confer. *Id.* ¶ 9. Oracle informed Rimini that Oracle would not agree to Rimini's proposed stipulation. *Id.* Specifically, Oracle made clear that it would not agree to the removal of the designations of the parties as "Plaintiffs" or "Defendants" at trial, as there is no case support for such a proposal and it would be very confusing to the jury. *Id.* Oracle also noted that re-captioning the case made logical sense as a matter of case administration. *Id.* Rimini rejected Oracle's position. *Id.*

### III.   THE COURT SHOULD REALIGN THE PARTIES FOR THE JURY TRIAL

Oracle is the natural plaintiff and bears the burden of proof for all jury-triable claims remaining in the litigation. Realigning the parties for the jury trial so that Oracle will be designated as "plaintiffs" and present its proof first as plaintiff, and Rimini and Ravin will be designated as "defendants" and present second as defendants, will aid in the logical presentation of evidence at trial and avoid juror confusion.

District courts have broad discretion to realign the parties and set the order of proof at trial. Fed. R. Evid. 611(a); *Plumtree Software,* 2003 WL 25841157, at *2–3 (granting motion for

realignment, designating the moving party as "plaintiff," and ordering that "[a]ll pleadings filed in this case shall reflect this realignment"); *Mt. Hawley Ins. Co. v. Adell Plastics, Inc.*, 2019 WL 2360929, at *1 (D. Md. June 4, 2019) (realigning the parties and designating the moving party as plaintiff). Under the Ninth Circuit's "primary purpose" test for proper party alignment, the parties to a litigation should be aligned "in accordance with the primary dispute in the controversy," even if there are "actual and substantial ancillary or secondary issues" that would support the original alignment. *Plumtree*, 2003 WL 25841157, at *2–3 (quoting *U.S. Fidelity & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1089 (6th Cir. 1992) (discussing the standard in the Third, Fifth, Sixth, and Ninth Circuits)). The party who raises affirmative claims and bears the burden of proof—i.e., the "natural plaintiff"—should open and close a case even if that party is nominally a defendant and counter-plaintiff. *See Martin v. Chesebrough-Pond's, Inc.*, 614 F.2d 498, 501 (5th Cir. 1980); *Plumtree*, 2003 WL 25841157, at *3–5.

District courts within the Ninth Circuit follow the "common-sense rule" that parties should be realigned for trial where, as here, the originally-named plaintiff "seeks declaratory relief that it is *not liable* and the defendant counterclaims that plaintiff *is liable*." *Kerr Corp. v. N. Am. Dental Wholesalers, Inc.*, 2011 WL 4965111, at *3 (C.D. Cal. Oct. 18, 2011) (discussing *Plumtree*, 2003 WL 25841157). It is especially customary for courts to realign parties in intellectual property cases, like this one, commenced as declaratory judgment actions by the accused infringer.[4] Realignment in such cases promotes the logical and efficient presentation of evidence and reduces the risk of juror confusion. *Plumtree*, 2003 WL 25841157, at *4–5; *see also, e.g Lloyd's of London Syndicate 2987 v. Bison Drilling & Field Servs., LLC*, 2019 WL 1060892, at *3 (S.D. Tex. Feb. 1, 2019).

This litigation presents a typical case where realignment is warranted under these precedents. Oracle has five affirmative claims that remain to be tried by the jury, whereas

---

[4] *E.g., Cox Commc'ns Inc. v. Sprint Commc'ns Co. L.P.*, 2017 WL 4848814 (D. Del. Oct. 26, 2017); *Sudden Valley Supply LLC v. Ziegmann*, 2015 WL 13709769 (E.D. Mo. June 11, 2015); *Linear Grp. Servs., LLC v. Attica Automation, Inc.*, 2014 WL 4206871, at *11 (E.D. Mich. Aug. 25, 2014); *Guidetech, Inc. v. Brilliant Instruments, Inc.*, 2014 WL 12643007, at *2 (N.D. Cal. Mar. 25, 2014); *Delphi Corp. v. Auto. Techs. Int'l, Inc.*, No. 2:08-cv-11048 (E.D. Mich. Sept. 25, 2008); *Plumtree*, 2003 WL 25841157.

Rimini's sole jury claim is for a declaratory judgment. Oracle bears the burden of proof on all of these claims, even Rimini's declaratory judgment claim.[5] *Marya v. Warner/Chappell Music, Inc.*, 131 F. Supp. 3d 975, 983–84 (C.D. Cal. Sept. 22, 2015) (citing *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 571 U.S. 191, 134 S. Ct. 843, 847–49 (2014)) (the nominal defendant in a declaratory judgment copyright case bears the burden of proof); *Williams v. Bridgeport Music, Inc.*, 2014 WL 7877773, at *10 (C.D. Cal. Oct. 30, 2014) (same). Because Oracle is the "natural plaintiff" for *all* claims left to be tried by the jury, it should be realigned as the plaintiff for the jury trial in this matter. *Lloyd's of London Syndicate 2987*, 2019 WL 1060892, at *3; *FCE Benefits Adm'rs, Inc. v. Training, Rehab. & Dev. Inst., Inc.*, 2016 WL 4426897, at *2–3 (N.D. Cal. Aug. 22, 2016); *Plumtree*, 2003 WL 25841157, at *3–5.

Absent realignment, the evidence in this case will be presented to the jury in an illogical and confusing manner, with the jury hearing evidence on Rimini's and Ravin's defensive claim and defenses before hearing Oracle's evidence on the affirmative claims against which those defenses are asserted. As the district court in *Plumtree* recognized, "it is simply more logical to present the affirmative case for infringement first, rather than presenting the case for noninfringement first." *Plumtree*, 2003 WL 25841157, at *5. Further, to require Oracle to present second "might invite juror confusion on the issue of burden of proof," as Oracle "essentially would be put in the position of rebutting" Rimini and Ravin's defenses to each of Oracle's affirmative claims. *Id.*

In addition, the parties should be realigned for the jury trial regardless of whether the Court bifurcates Oracle's accounting claim and the parties' unfair competition claims (*see* below). The primary disputes remaining to be tried in this case concern Rimini's alleged copyright infringement, as well as its violations of the Digital Millennium Copyright Act and Lanham Act, breach of contract, and inducement of Oracle customers to breach their contracts with Oracle. Under the primary purpose test, Oracle—the party who bears the burden of proving these

---

[5] While Rimini and Ravin bear the burden of proof for their affirmative defenses to Oracle's claims, that fact merely reinforces their position as traditional defendants. *Mt. Hawley*, 2019 WL 2360929, at *3.

claims—should be realigned as the plaintiff even though Rimini holds the burden of proof on its ancillary, non-jury unfair competition claim. *Plumtree*, 2003 WL 25841157, at *2–5; *cf. Orthoflex, Inc. v. ThermoTek, Inc.*, 2014 WL 320155, at *2–3 (N.D. Tex. Jan. 29, 2014) (realigning and re-designating the parties where the original plaintiff held the burden of proof on one remaining claim, but the original defendant held the burden of proof on four more-complicated claims). Realignment of the parties for the jury trial will promote the logical presentation of evidence and help avoid juror confusion regardless of whether the Court bifurcates the unfair competition claims. *See Plumtree*, 2003 WL 25841157, at *4–5.

Rimini appears to agree to switching the order of proof at trial, but to oppose realignment on the grounds that Oracle would become the "Plaintiff" and Rimini and Ravin would become "Defendants"—both in the caption and at trial. Hill Decl. ¶ 8. Rimini insists that there should be no plaintiff and no defendant at the trial. *Id.* But it would make no sense to change the order of proof at trial without also changing the designations of "defendant" to "plaintiff" and "plaintiff" to "defendant." *E.g., Mt. Hawley*, 2019 WL 2360929, at *4; *Lloyd's of London Syndicate 2987*, 2019 WL 1060892, at *4; *Cox Commc'ns*, 2017 WL 4848814, at *3; *FEC Benefits Adm'rs, Inc. v. Training, Rehab. & Dev't Inst., Inc.*, 2016 WL 4426897, at *3 (N.D. Cal. Aug. 22, 2016); *WGH Acquisitions, LLC v. Bondrok Partners, LLC*, 2014 WL 12788999, at *7 (D. Nev. Sept. 2, 2014); *Linear Grp. Servs.*, 2014 WL 4206871, at *10–11; *Orthoflex*, 2014 WL 320155, at *3; *Plumtree, LLC*, 2003 WL 25841157, at *6.

Oracle is not aware of any case in which a court has ordered realignment without realigning the parties as plaintiff and defendant or where realignment meant that there was somehow no longer a plaintiff or a defendant. Rimini has not identified a case where a trial proceeded without a "plaintiff" or a "defendant." By contrast, there are literally hundreds of thousands of cases where the caption clearly states that one party is the "plaintiff" and the other is the "defendant,"[6] as this naming convention has been used for centuries in this country, and for centuries before that in England. Rimini's request for a new naming convention in a case where it, once again, has already been found liable for copyright infringement is frivolous.

---

[6] Of course, *in rem* do not use this naming convention, but this litigation is not an *in rem* case.

Further, everything from where the parties sit in the courtroom to jury instructions depend upon the designation of one party as the plaintiff and the other the defendant.  *E.g.*, Ninth Circuit Jury Instructions Committee, Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit (2017) at §§ 1.5 (designating between claims of plaintiff and defenses of defendant); 1.21 (providing outline of trial whereby plaintiff first presents evidence).  Rimini's apparent desire to unalign the parties would only serve to confuse the jury, whose ability to weigh evidence can only be aided by understanding which party is plaintiff and which is defendant—particularly in light of the burdens of proof that follow from those designations.

## IV. THE COURT SHOULD HOLD A SEPARATE BENCH TRIAL ON THE ACCOUNTING AND UNFAIR COMPETITION CLAIMS IMMEDIATELY FOLLOWING A JURY TRIAL ON ALL OTHER REMAINING CLAIMS

Oracle also respectfully requests that the Court bifurcate the trial and hold a separate bench trial on the accounting and unfair competition claims immediately following a jury trial on all other claims.[7]  District courts have broad discretion to bifurcate trials "[f]or convenience, to avoid prejudice, or to expedite and economize."  Fed. R. Civ. P. 42(b); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002); *Wright v. Watkins & Shepard Trucking, Inc.*, 2015 WL 6737013, at *1 (D. Nev. Nov. 2, 2015) (Hicks, J.).  In evaluating whether to bifurcate a trial, courts "weigh[] the factors of convenience, prejudice, judicial economy, risk of confusion, and whether the issues are clearly separable."  *Wright*, 2015 WL 6737013, at *1.

Motions to bifurcate are commonly granted, including by this Court, when certain issues are properly decided by the jury but other issues are for the court alone, such as when a case involves both legal and equitable claims.  *E.g.*, *Server Tech., Inc. v. Am. Power Conversion Corp.*, 2014 WL 1308617, at *2 (D. Nev. Mar. 31, 2014) (Hicks, J.) (bifurcating a trial into a jury trial phase on patent infringement and invalidity followed by a bench trial on inequitable conduct); *United States v. Nevada*, 2012 WL 13069791, at *4 (D. Nev. Apr. 30, 2012) (Hicks, J.)

---

[7] Rimini's equitable defenses to Oracle's copyright claims, such as Rimini's fair use defense, are also questions to be decided by the Court rather than the jury.  *Oracle Am., Inc. v. Google LLC*, 886 F.3d 1179, 1193–96 (Fed. Cir. 2018) (explaining that, under governing Supreme Court and Ninth Circuit case law, "inferences from the four-factor [fair use] analysis and the ultimate question of fair use" are legal questions to be decided by the court).

(bifurcating a trial into a jury trial phase on liability followed immediately by a bench trial phase on the appropriate forms and measures of relief); *Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 170 (9th Cir. 1989) ("the district judge acted within his authority in bifurcating the legal and equitable claims pursuant to Fed.R.Civ.P. 42, and in trying [the counterclaimant's] equitable claims for rescission to the court").

It is well established that UCL claims are equitable in nature and properly tried by the court rather than a jury. *E.g.*, *Oracle USA, Inc. v. Rimini Street, Inc.*, 209 F. Supp. 3d 1200, 1207 (D. Nev. Sept. 21, 2016) (Hicks, J.) (there is no right to a jury trial for UCL claims); *Allergan, Inc. v. Athena Cosmetics, Inc.*, 2013 WL 12142655, at *2 (C.D. Cal. Mar. 6, 2013) (same). Courts have likewise held that a claim for accounting in copyright cases is an equitable claim for the court to consider. *Fair Isaac Corp. v. Fed. Ins. Co.*, 408 F. Supp. 3d 1019, 1025–33 (D. Minn. 2019) (holding that the copyright holder's claim for an accounting of the infringer's profits was "equitable in nature"). Therefore, the Court has discretion to bifurcate and hold a separate bench trial on both Oracle's and Rimini's UCL claims, as well as Oracle's equitable accounting claim.

The Court should exercise its discretion and bifurcate the trial in this matter and hold a bench trial on the equitable accounting and UCL claims immediately following a jury trial on all other claims for at least three reasons.

*First*, bifurcation is warranted to "avoid prolonging the service of the jury" for the presentation of evidence "that is outside their purview"—a consideration this Court recognized as important in granting the motion to bifurcate in *United States v. Nevada*. 2012 WL 13069791, at *4 (Hicks, J.). The jury in *Rimini I* was empaneled for 30 days, from September 14, 2015, to October 13, 2015 (including voir dire, 16 days of evidence and argument, and jury deliberation). *Rimini I*, ECF Nos. 774, 893. Oracle's claims against Rimini in *Rimini II* are at least as complex as its claims in *Rimini I*, and Oracle expects it will take at least a similar length of time to try its claims this time around, and likely will take longer given Rimini's refusal to streamline the case through factual stipulations consistent with the parties' practice in *Rimini I* and Rimini's insistence on presenting arguments that have already been fully resolved by the Court's summary

judgment order.  *See* ECF No. 1263 at 76–77.  Rimini's remaining UCL claim for injunctive relief against Oracle alleges unfair practices, specifically that "Oracle has conducted 'a campaign to spread fear, uncertainty, and doubt among customers' by making false statements about third-party support for Oracle software, [and] 'erected numerous hurdles to prevent its customers from using third-party support.'"  ECF No. 539 at 27:2-6.  These allegations replicate the allegations supporting Rimini's claims for intentional interference with contractual relations, on which the Court recently granted summary judgment to Oracle.  ECF No. 1253 at 66:22-25 ("Rimini's remaining two theories of liability—(1) that Oracle made several misrepresentations to Rimini's clients regarding the legality of Rimini's services with the intent to induce those clients to break their contracts with Rimini; and (2) that Oracle engaged in selective audits of Rimini clients to harass them and drive them away from Rimini's services.").  Those allegations involve 355 customers with an entirely different set of liability and causation issues from Oracle's claims, including multiple Rimini, Oracle, and customer percipient witnesses, thousands of documents, and multiple Rimini expert witnesses and Oracle rebuttal expert witnesses.  *See id.* at 67:15-68:10.  Oracle fully expects that Rimini's UCL claim, by itself, could take at least an additional week to try.  Oracle expects that including Rimini's UCL claim—not to mention the parties' other equitable claims and defenses—in the scope of the jury trial rather than bifurcating would add between one and two weeks to the length of the jury trial.  The Court should bifurcate to avoid forcing the jury to sit for potentially at least two additional weeks hearing evidence "that is outside their purview."  *Nevada*, 2012 WL 13069791, at *4 (Hicks, J.).

　　　　Without providing specifics, Rimini has asserted that there will be a large degree of overlap between the evidence to be presented at the jury trial and the evidence to be presented at the bench trial.  Hill Decl. ¶ 5.  But most of the witnesses relevant to Rimini's UCL claim are either (a) current or former Oracle employees or (b) non-party customers primarily appearing by deposition designation.  While some Oracle witnesses might have to appear in both the jury and the bench trial, the burden of calling those witnesses twice will rest solely on Oracle.  For the non-party customers, to the extent any non-party deposition testimony is relevant to both Oracle's and Rimini's claims, the parties can simply play the relevant portions of the depositions at each

1  trial—reducing the amount of evidence presented to the jury without placing any burden on the
2  non-parties.
3      *Second*, holding a separate bench trial on the unfair competition claims will help avoid
4  unnecessary jury confusion or burden. As this Court recognized in *Nevada*, when a case involves
5  certain matters that are for the Court's consideration alone, bifurcating the trial into a jury trial on
6  questions for the jury and a separate bench trial on questions for the Court "is warranted to avoid
7  confusing the issues before (and not before) the jury." *Nevada*, 2012 WL 13069791, at *4. Such
8  bifurcation is particularly warranted in this case given the quantity and complexity of the
9  questions before the jury.
10     On the copyright infringement claims alone, the jury will be asked to determine whether
11 Rimini infringed over eighty copyrights. In addition, the jury will be tasked with evaluating
12 related claims that Rimini violated the Digital Millennium Copyright Act, made false and
13 misleading statements in violation of the Lanham Act, induced Oracle's customers to breach their
14 Oracle contracts, and violated its own contract with Oracle. After determining liability on each of
15 these claims, the jury must then evaluate complex expert evidence to assess damages. Holding a
16 separate trial on the accounting and unfair competition claims—and thereby reducing the amount
17 of evidence the jury must sift through—will therefore "promote juror comprehension" and "ease
18 juror confusion." *Unwired Planet, LLC v. Google Inc.*, 2014 WL 7012499, at *2 (D. Nev. Dec.
19 12, 2014).
20     The court in *Polycom, Inc. v. Codian, Ltd.* ordered separate trials on intellectual property
21 infringement claims and unfair competition counterclaims for precisely those same reasons. 2007
22 WL 7658922, at *3 (E.D. Tex. Apr. 23, 2007). The *Polycom* court held that bifurcation was
23 appropriate because trying infringement and unfair competition claims together would "very
24 likely" "confuse and burden a jury that will already be confronted with a fairly complex patent
25 infringement case." *Id.* This Court reached a similar decision in *Server Technology v. American
26 Power Conversion Corp.*, where the Court bifurcated a trial into a jury trial phase on intellectual
27 property infringement claims immediately followed by a bench trial phase on equitable claims.
28

ORACLE'S MOTION TO REALIGN THE PARTIES AND BIFURCATE TRIAL

2014 WL 1308617, at *2 (Hicks, J.). The Court should similarly bifurcate the trial in this case to promote juror comprehension and reduce juror confusion and burden.

*Third*, as this Court noted in granting a motion to bifurcate in *United States v. Nevada*, bifurcation is also warranted to avoid any undue prejudice "that may result from the presentation of evidence [to the jury] that is truly relevant only to" matters to be decided by the Court. 2012 WL 13069791, at *4 (Hicks, J.). Rimini's UCL claim, with its allegations of unfair practices and misrepresentations by Oracle, would consist entirely of evidence that is both irrelevant and potentially prejudicial to a fair hearing of Oracle's claims that the jury would decide. In fact, it would consist almost entirely of the evidence Rimini hoped to present to the jury on Rimini's now-dismissed intentional interference claims.

By holding a bench trial on the accounting and unfair competition claims immediately following a jury trial on all other claims, each of the benefits of bifurcation can be achieved while minimizing "duplicative presentation of evidence," *id.*, and protecting any federal right to a jury trial, *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 962 (9th Cir. 2001).

## V.   CONCLUSION

For the foregoing reasons, the Court should realign the parties in the caption and for the jury trial with Oracle designated and referred to as the plaintiff presenting its evidence first, and with Rimini and Ravin designated and referred to as the defendant and presenting second. The Court should also bifurcate the trial into a jury trial phase on the claims triable to the jury followed by a bench trial phase on the parties' equitable claims for unfair competition and Oracle's claim for an accounting.

DATED: December 22, 2020                         MORGAN, LEWIS & BOCKIUS LLP

                                                 By:   /s/ John A. Polito
                                                       John A. Polito

                                                 *Attorneys for Defendants and Counterclaimants Oracle America, Inc. and Oracle International Corporation*

13

ORACLE'S MOTION TO REALIGN THE PARTIES AND BIFURCATE TRIAL

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of December, 2020, I electronically transmitted the foregoing Motion to Realign the Parties and Bifurcate Trial to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

DATED:  December 22, 2020

MORGAN, LEWIS & BOCKIUS LLP

By:  /s/ John A. Polito
      John A. Polito

*Attorneys for Defendants and Counterclaimants Oracle America, Inc. and Oracle International Corporation*