UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RIMINI STREET, INC, <br><br> Plaintiff/ Counterdefendant, <br><br> v. <br><br> ORACLE INTERNATIONAL CORP., and ORACLE AMERICA, INC., <br><br> Defendants/ Counterclaimants. | Case No. 2:14-cv-01699-LRH-DJA <br><br> ORDER |

Before the Court are several pending motions by plaintiff and counterdefendant Rimini Street, Inc. ("Rimini") and defendants and counterclaimants Oracle International Corporation and Oracle America, Inc. (collectively "Oracle"): Oracle's motion to bifurcate trial and realign the parties (ECF No. 1269); Rimini's Federal Rule of Evidence 611(a) motion to modify the order of proof and for Federal Rule of Civil Procedure 39(c) advisory jury (ECF No. 1276); and Rimini's motion for interlocutory certification (ECF No. 1298).[1] All motions are ripe and for the reasons contained within this Order, the Court grants in part and denies in part the parties' motions.

**I.   BACKGROUND**

In brief and relevant part, Oracle develops, manufactures, and licenses computer software, particularly Enterprise Software Programs. Oracle also provides after-license software support services to customers who license its copyrighted software. Rimini is a company that provides similar after-license software support services to customers licensing Oracle's copyrighted

---

[1] The parties filed portions of their briefing and attached exhibits under seal. Due to the nature of the sealed material, the Court will grant the parties' request to seal. *See* Part II.A. While the Court would prefer to keep all the sealed information confidential, some of it is necessary to resolve the pending motions. The Court will therefore include the information unredacted in this order where appropriate. The Court recognizes that the parties have privacy interests in the confidential information, but the public has an even greater interest in the reasoning behind the Court's Order today. The Court will refer to the sealed pleadings with an "-s" designation and, for clarity, may cite to the sealed document for pinpoint citations if necessary.

1

software and competes directly to provide those services. Seth Ravin is the owner and CEO of Rimini. This action has an extensive 11-year history that includes two causes of action. The Court assumes familiarity with its several recent orders in this case and will therefore not reiterate the lengthy case history here.[2]

Now before the Court are the parties cross-motions relating to realignment and bifurcation, on which they have not been able to reach an agreed stipulation. Oracle moves to realign the parties—Oracle would become the plaintiff, and Rimini would become the defendant—and the Court would recaption the case as such. ECF No. 1269. Oracle further moves to bifurcate the issues to be tried by the jury from the equitable issues to be tried by the Court. *Id.* Alternatively, Rimini moves the Court only to reorder the presentation of proof—Oracle would proceed first, with Rimini presenting its case second—and not change the party terminology, but simply refer to each by its proper name. ECF No. 1276. Additionally, Rimini seeks to appoint a Rule 39 advisory jury to render a ruling on the parties' equitable claims rather than bifurcate the proceedings. *Id.* Rimini further moves the Court for an interlocutory certification to the Ninth Circuit regarding whether this Court properly interpreted the term "derivative works" as applied in this case to software updates, within the meaning of the Copyright Act. ECF No. 1298. All motions are ripe for decision.

## II. DISCUSSION

### A. The parties' motions to seal are granted.

There is a general presumption that court records should be open and accessible to the public. *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). With non-dispositive motions, this presumption is automatically overcome by a showing that the material to be filed under seal is being done so pursuant to a valid protective order. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)). The parties seek to seal the following non-dispositive filings, pursuant to the operative protective order in this case (ECF No. 58): portions of Rimini's opposition to Oracle's motion to bifurcate and realign the parties and related exhibits (ECF

---

[2] For a detailed review of the facts involved, the Court directs readers to its recent Order on summary judgment. ECF No. 1253; *Rimini Street, Inc. v. Oracle International Corp.*, 473 F.Supp.3d 1158 (D. Nev. 2020).

No. 1274); and portions of Oracle's reply to Rimini's evidentiary motion and related exhibits (ECF No. 1280).

The Court has reviewed these motions to seal and the underlying documents and finds that the filings should be sealed as requested. The information the parties seek to seal consists of "non-public, technologically and commercially sensitive information," and proprietary business and technical information, that has been designated "Confidential" or "Highly Confidential Information – Attorneys' Eyes Only" under the protective order. The Court recognizes the significant risk of competitive injury and potential prejudice to the parties if their proprietary information is released to the public. *See Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)) (articulating that compelling reasons may exist to seal a record if it may be used "as sources of business information that might harm a litigant's competitive standing."); *Hologram USA, Inc. v. Pulse Evolution Corp.*, Case No. 2:14-cv-00772-GMN-NJK, 2015 WL 105793, at * 1-2 (D. Nev. Jan. 7, 2015) (granting the plaintiff's motion to seal when the underlying filing contained "sensitive, proprietary, and technical information," disclosure of which was likely to injure the plaintiff's competitive posture). The Court further notes that the parties have filed redacted versions of the sealed filings (where appropriate) in the public record, narrowly tailoring their requests to seal and limiting any harm to the public. Accordingly, the Court grants the parties' motions to seal *nunc pro tunc* (ECF Nos. 1274 & 1280).

**B. Oracle's motion for realignment is granted; Rimini's motion to reorder presentation of proof is denied as moot.**

Oracle motions the Court to realign the parties for the jury trial, designating Oracle as the plaintiff to present its proof first at trial, and to recaption the case. Alternatively, Rimini motions the Court to only reorder the presentation of proof at trial, *i.e.*, Oracle will present its case-in-chief first, while Rimini will present its case-in chief second, without making Oracle the "plaintiff" and Rimini the "defendant".

Courts have routinely considered the issue of party alignment for the purpose of determining whether diversity jurisdiction exists. *See City of Indianapolis v. Chase Nat'l Bank of*

3

*City of New York*, 314 U.S. 63, 69 (1941) ("*Indianapolis*"); *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 872-74 (9th Cir. 2000). In doing so, courts are to "look beyond the pleadings, and arrange the parties according to their sides in the dispute," because "[l]itigation is the pursuit of practical ends, not a game of chess." *Indianapolis*, 314 U.S. at 69 (cleaned up). In this context, the Ninth Circuit has adopted a "primary purpose" test: courts are to "align for jurisdictional purposes those parties whose interests coincide respecting the 'primary matter in dispute.'" *Prudential*, 204 F.3d at 873 (quoting *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1523 (9th Cir. 1987)). Our sister courts in California have adopted the primary purpose test for determining realignment outside the diversity jurisdiction context. *See Plumtree Software, Inc. v. Datamize, LLC*, Case No. C 02-5693 VRW, 2003 WL 25841157 (N.D. Cal. Oct. 6, 2003); *Allegro Ventures, Inc. v. Almquist*, Case No. 11-cv-2009-L(WVG), 2013 WL 3864329, at *1-2 (S.D. Cal. July 24, 2013) (using the "primary purpose" factors articulated in *Plumtree* as guidance when deciding a motion for realignment); *FCE Benefits Adm'rs, Inc. v. Training, Rehabilitation & Development Inst.*, Case No. 15-cv-01160-JST, 2016 WL 4426897, at *2-3 (N.D. Cal. Aug. 22, 2016) (same). The Court agrees with their sound reasoning and considers the primary purpose factors to determine whether realignment is proper here.

The parties agree that the following claims remain pending before the Court: Rimini has two remaining claims—declaratory judgment of noninfringement to be tried by the jury, and injunctive relief under the California Business and Professions Code § 17200 *et seq.* ("UCL") to be tried by the Court; Oracle has five claims to be tried by the jury—copyright infringement, violation of the Digital Millennium Copyright Act, violation of the Lanham Act, inducing breach of contract, and breach of contract—and is seeking damages on all; and three claims to be tried by the Court—for an accounting, unfair competition under the UCL, and declaratory judgment on Rimini's unfair competition claim.

First, given these remaining claims, it is clear to the Court that the primary dispute is whether Rimini committed copyright infringement when it provided third-party support services for Oracle software. The present case is, at its base, an extension of the previous case before the Court when Oracle first sued Rimini for copyright infringement in 2010. The present action only

4

arose after the Court granted summary judgment in part to Oracle on these original claims of copyright infringement and Rimini allegedly changed its support services to comply with the Court's ruling; thereafter, seeking declaratory judgment that its conduct was no longer infringing. The additional statutory and common law claims all arise out of the process by which Rimini provides these support services.

Second, Oracle is the more "natural" plaintiff in this case. *See Plumtree*, 2003 WL 25841157, at *3 (reasoning that the party asserting the affirmative claim of infringement was the "natural plaintiff"). Rimini's declaratory judgment action for noninfringement is essentially a defense to Oracle's copyright infringement claims. Oracle's affirmative position therefore makes it the more appropriate plaintiff while Rimini's defensive position makes it the more appropriate defendant. Further, as Oracle bears the burden of proof on the jury triable issues, the parties agree that the Court should reorder the presentation of proof so that Oracle presents its case first while Rimini will present its case second. *See Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 683 (2014) (articulating that "a copyright plaintiff bears the burden of proving infringement."). As the party who bears the burden is generally the plaintiff, it is logical that the Court realign the parties as such for trial. *See Plumtree*, 2003 WL 25841157, at *5 ("[I]t is simply more logical to present the affirmative case for infringement first, rather than presenting the case for noninfringement first."). Doing so will aid in the presentation of evidence to the jury and limit any potential confusion.

Realignment is further appropriate as doing so will not prejudice Rimini—the parties have already agreed that Oracle should present its case-in-chief first, and to provide the jury with the procedural history of this case, including that it was originally filed by Rimini. Accordingly, in its broad discretion, *see Lloyd v. Pendleton Land & Exploration, Inc.*, 22 F.3d 623, 635 (5th Cir. 1994) ("Alignment of the parties lies in the sound discretion of the court."), the Court grants Oracle's motion for realignment and denies Rimini's motion to reorder the burden of proof as moot.[3]

---

[3] The Court has reviewed the additional cases cited by the parties and finds none require the Court's further discussion here.

**C. Oracle's motion to bifurcate the jury triable issues from the equitable claims is granted; Rimini's motion to empanel an advisory jury is denied as moot.**

Oracle motions the Court to bifurcate the upcoming trial and separate the jury triable issues from the equitable issues to be tried by the Court. Alternatively, Rimini motions the Court to empanel a Rule 39(b) advisory jury to decide the parties' equitable claims.

Under Rule 42 of the Federal Rules of Civil Procedure, the Court may bifurcate a trial for the convenience of the court and the parties, to avoid prejudice, or to expedite and economize the trial process. FED. R. CIV. P. 42(b). Under Rule 42(b), a district court has broad discretion to bifurcate as part of its trial management. *Hangarter v. Provident Life and Accident Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004) (quoting *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002)); *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982). In considering a motion to bifurcate trial, courts have weighed the factors of convenience, prejudice, judicial economy, reducing risk of confusion, and whether the issues are clearly separable. *See* Judge Virginia A. Phillips et al., *Federal Civil Procedure Before Trial, California & Ninth Circuit Editions* § 16:160.4 (April 2021 Update). Here, the Court finds that bifurcating the upcoming trial as proposed by Oracle is appropriate.

First, there is no right to a jury trial under the UCL; rather, a violation of the UCL occurs as a matter of law when there has been a violation of a predicate act. *See Oracle USA, Inc. v. Rimini Street, Inc.*, 209 F.Supp.3d 1200, 1207 (D. Nev. Sept. 21, 2016). As to Oracle's claim for an accounting, Oracle may have a right to a jury trial, but it is not required. *See Sid & Marty Krofft TV Prods. v. McDonald's Corp.*, 562 F.2d 1157, 1175 (9th Cir. 1977). Oracle seeks to have its claim heard by the Court, and Rimini spent the entirety of its briefing arguing that its UCL claim should not be bifurcated but made no argument as to Oracle's claim for an accounting. Accordingly, the Court has discretion to bifurcate the parties UCL claims and Oracle's claim for an accounting.

Second, the Court finds that in its discretion, bifurcation of the claims to be tried by the Court and the jury is appropriate. Bifurcation will expedite and economize the trial. The parties agree that this trial will be lengthy; Oracle estimates one month, longer if the equitable claims are

included; Rimini estimates 15 days. While the parties dispute the exact length of the trial, the Court is cognizant that the trial in *Oracle I* lasted approximately one month. Given the complexity of the pending claims and issues in this case, the Court foresees the trial here lasting at least a similar length of time. Bifurcating the legal from equitable issues will expedite the jury trial length regardless of which parties' estimate is correct.

Bifurcation will also conserve resources. The Court strives to ensure that jurors time is not wasted—asking jurors to sit through presentation of evidence and argument on issues they will not be asked to decide, especially when that could extend the trial up to two weeks, is not an efficient use of their time or the Court's resources.  And ordering jurors to prolong their service for the presentation of evidence that is outside their purview unnecessarily increases the cost to taxpayers. While Rimini provides that some overlap exists for evidence presented regarding the UCL claim and Rimini's claims and/or defense to be presented to the jury, Rimini cites almost exclusively to depositions. It is the Court's understanding that a number of witnesses will be appearing by deposition and the Court is not concerned that portions of the same witness's deposition would need to be shown in the two proceedings. The limited number of witnesses that may need to appear in-person twice does not obviate the Court's concerns that expanding the trial two additional weeks would unnecessarily waste judicial resources and jurors' time. Furthermore, the Court will preside over both the jury and bench trials in this case. If certain evidence presented during the jury trial is pertinent to the parties' equitable claims, the Court will be able to consider that without the need to have that evidence repeated.

The court further finds that bifurcation is warranted to avoid confusing the issues before (and not before) the jury and to avoid any undue prejudice that may result from the presentation of evidence that is only relevant to the parties' equitable claims. This case is complex with over 80 claims of copyright infringement and potential complex damages allocations. Limiting evidence and argument to that which is squarely before the jury will therefore limit any potential confusion and allow the jurors to decide the issues before it more readily. It will also not prejudice either party for the Court to hold a bench trial following the jury trial.

///

Finally, the Court finds that bifurcation does not run afoul of the Seventh Amendment. The Court intends to hold the jury trial first, and the bench trial second. *See Dollar Sys., Inc. v. Avcar Leasing Syst., Inc.*, 890 F.2d 165, 170 (9th Cir. 1989) (quoting *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 479 (1962)) ("[W]here there are issues common to both the equitable and legal claims, 'the legal claims involved in the action must be determined prior to any final court determination of [the] equitable claims.'"). And the Court will properly rely on any overlapping factual findings the jury makes that are applicable to the Court's determination of the parties' UCL and accounting claims. *See Los Angeles Police Protective League v. Gates*, 995 F.2d 1469, 1473 (9th Cir. 1993) ("[I]n a case where legal claims are tried by a jury and equitable claims are tried by a judge, and the claims are based on the same facts, in deciding the equitable claims the Seventh Amendment requires the trial judge to follow the jury's implicit or explicit factual determinations." (cleaned up)). The Court does not find it necessary to ask the jury to render an advisory ruling on these issues, and therefore, denies Rimini's motion as moot.[4] The Court makes clear that this ruling makes no determination or limits what evidence Rimini may introduce or argue related to its claim or defenses at the jury trial.

### D. Rimini's motion for interlocutory appeal is denied.

Pursuant to 28 U.S.C. § 1292(b), a party may appeal a non-final order "upon the consent of both the district court and the court of appeals." *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1025-26 (9th Cir. 1981) ("*In re Cement*"). A movant seeking an interlocutory appeal has a heavy burden to show that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (quoting *Fisons Ltd. v. United States*, 458 F.2d 1241, 1248 (7th Cir. 1972)); *see also Pac. Union Conference of Seventh-Day Adventists v. Marshall*, 434 U.S. 1305, 1309 (1977) ("The policy against piecemeal interlocutory review other than as provided for by statutorily authorized appeals is a strong one." (citation omitted)); *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002) ("Section 1292(b) is a departure from the

---

[4] The parties cited a number of cases not discussed herein. Because they do not affect the Court's ruling, the case law does not warrant further discussion.

normal rule that only final judgments are appealable, and therefore must be construed narrowly."). Indeed, 1292(b) is to be "used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement*, 673 F.2d at 1026. And, importantly, "[s]ection 1292(b) was not intended to make denials of summary judgment routinely appealable[.]" *Ahrenholz v. Bd. Of Tr. of University of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000).

Rimini seeks an order certifying the following question for interlocutory appeal: Whether a software update that contains no copyrighted code or any other expressive elements of another copyrighted software program, but is developed using that program and is designed to work with it, is a "derivative work" within the meaning of the Copyright Act, 17 U.S.C. § 101 *et seq*. This question stems from the Court's order on summary judgment in which the Court determined that one of Rimini's software updates constituted a derivative work. *See* ECF No. 1253 at 52-53; *Rimini Street, Inc. v. Oracle International Corp.*, 473 F.Supp.3d 1158, 1211-12 (D. Nev. 2020). Relying on Ninth Circuit precedent *Micro Star v. FormGen Inc.*, 154 F.3d 1107 (9th Cir. 1998) the Court held that Rimini's specific individual update was a derivative work because it existed in a concrete and permanent form, and it substantially incorporated protected material from the preexisting work because it was created using Oracle's utility tools and it was designed to interact only with Oracle's software.

A district court has discretion to certify an order for interlocutory appeal if the three following criteria are met: (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *In re Cement*, 673 F.2d at 1026. "Even when all three statutory criteria are satisfied, district court judges have 'unfettered discretion' to deny certification." *Brizzee v. Fred Meyer Stores, Inc.*, Case No. 04-1566-ST, 2008 WL 426510, at *3 (D. Or. Feb 13. 2008) (quoting *Ryan, Beck & Co., LLC v. Fakih*, 275 F.Supp.2d 393, 396 (E.D.N.Y. 2003)).

First, a question is "controlling" when "resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." *In re Cement*, 673 F.2d at 1026. Elaborating, our sister circuits have articulated that "what the framers of § 1292(b) had in mind is

more of an abstract legal issue or what might be called one of 'pure' law, matters the court of appeals 'can decide quickly and cleanly without having to study the record.'" *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004) (quoting *Ahrenholz*, 219 F.3d at 677). "The legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law. And the answer to that question must substantially reduce the amount of litigation left in the case." *Id.* at 1259.

While Rimini has framed its question to appear as a "pure" question of law, the Court's order on summary judgment is uniquely tied to the factual questions at play in this case. The Court's ruling that Rimini's update is a derivative work, while based on its interpretation of the statutory language and Ninth Circuit case law, did not hold that an update is always a derivative work or that an update containing no Oracle written expression is a derivative work in the abstract. It held that in this specific situation, the PPACA Phase 3 update HCM104288 was a derivative work within the meaning of the Copyright Act. While review of this question of law will undoubtedly further resolution of copyright issues both in our sister district courts and this case, the Ninth Circuit will have to delve into a voluminous factual record to render a ruling on the question. The Court's order on summary judgment (the order Rimini wishes the Court to certify on interlocutory appeal), is 94 pages long and is ruling on approximately 2,800 pages of briefing and over 43,000 pages of supporting exhibits, declarations and appendices.[5] Further, Rimini's question is not a "fundamental" issue to this case, such as whether a party is necessary and proper, whether a court has jurisdiction, or what is the correct choice of law. *See United States v.*

---

[5] The Ninth Circuit articulated:
> Although section 1292(b) requires certification by the trial court of "controlling" questions of law, the appeals it authorizes are from orders not questions. Thus, our review of the present controversy is not automatically limited solely to the question deemed controlling by the district court. We recognize that the scope of appellate review under section 1292(b) is not so broad as to allow reexamination of all matters previously ruled upon in the case. Nonetheless, we may address those issues *material* to the order from which appeal has been taken.

*Steering Committee v. U.S.*, 6 F.3d 572, 576 (9th Cir. 1993) (quoting *In re Cinematronics, Inc.*, 916 F.2d 1444, 1448-49 (9th Cir. 1990) (citations omitted) (emphasis in original)).

*Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959). Accordingly, the Court declines to find Rimini's question controlling.

Second, a "substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed. Stated another way, when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." *Reese v BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). "Courts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (quoting 3 Federal Procedure, Lawyers Edition § 3:212 (2010) (footnotes omitted)).

Rimini asserts its reading of the Copyright Act and relevant Ninth Circuit case law to support its position that substantial grounds for difference of opinion exist. The Court reviewed these substantive arguments when it ruled on summary judgment and while it may not have cited each case Rimini relied upon, the Court painstakingly reviewed the relevant case law and properly relied upon binding Ninth Circuit precedent, *Micro Star*. As explained above, the Court's ruling is factually specific to the circumstances of this particular update. While Rimini disagrees with the Court's ruling and interpretation of this well settled case law, simply that it may "be applied differently does not establish a substantial ground for difference of opinion." *Couch*, 611 F.3d at 633.

Finally, resolution of the question will not materially advance the ultimate termination of the litigation. This case is in an advanced state—it has been pending for 7 years, exhaustive discovery has been completed, the parties have filed their joint proposed pretrial order, and the Court anticipates this case will be set for trial in early to mid-2022, barring any unforeseen circumstances. Therefore, it is clear to the Court that this case will be resolved long before the Ninth Circuit could rule on this interlocutory appeal, ultimately, resulting in further delay of this

case. *See Shurance v. Planning Control Intern., Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988) ("Indeed, an interlocutory appeal might well have the effect of delaying the resolution of this litigation, for an appeal probably could not be completed before July, 1988, when trial is currently scheduled."); *Ahrenholz*, 219 F.3d at 676 (reasoning that interlocutory appeals "delay the litigation in the district court, since the proceedings in that court normally grinds to a halt as soon as the judge certifies an order in the case for an immediate appeal."). Additionally, as discussed above, the Court expects the jury trial to last approximately 1 month, with a subsequent bench trial on equitable claims to follow. While requesting the Ninth Circuit to review this discrete issue may advance the termination of certain issues, a "substantial amount of litigation remains in the case regardless of the correctness of the Court's ruling" on this one issue. *See Lillehagen v. Alorica, Inc.*, Case No. SACV 13-0092-DOC (JPRx), 2014 WL 2009031, at *7 (C.D. Cal. May 15, 2014) (cleaned up). Finally, the Court notes that even after this case is concluded at the district court level, it is likely to have an exhaustive appeal process; *Oracle I* was appealed to the Ninth Circuit several times and even went up to the Supreme Court. The Court sees no reason that this case will not likewise result in a robust appeals process.

Accordingly, the Court denies Rimini's motion.[6]

### IV. CONCLUSION

IT IS THEREFORE ORDERED that that the parties' motions to seal (ECF Nos. 1274; 1280) are **GRANTED *nunc pro tunc***.

IT IS FURTHER ORDERED that Oracle's motion to bifurcate trial and realign the parties (ECF No. 1269) is **GRANTED**. The Court ORDERS the Clerk of Court to designate Oracle America, Inc. and Oracle International Corporation as "Plaintiffs/ Counterdefendants" and Rimini Street, Inc. and Seth Ravin as "Defendants/ Counterclaimants." The case will be recaptioned as follows:

///

///

---

[6] Because the Court finds that interlocutory certification is not warranted under the statutory factors, the Court does not address the parties' additional arguments.

|   |   |
|---|---|
| ORACLE INTERNATIONA CORP., and ORACLE AMERICA, INC., | Case No. 2:14-cv-01699-LRH-DJA |
| Plaintiffs/ Counterdefendants, | |
| v. | |
| RIMINI STREET, INC, and SETH RAVIN, | |
| Defendants/ Counterclaimants. | |

IT IS FURTHER ORDERED that Rimini's Federal Rule of Evidence 611(a) motion to modify the order of proof and for a Federal Rule of Civil Procedure 39(c) advisory jury (ECF No. 1276) is **DENIED as moot**. Following a jury trial on the parties' legal issues, the Court will subsequently hold a bench trial on the parties' UCL claims and Oracle's claim for an accounting.

IT IS FURTHER ORDERED that Rimini's motion for interlocutory certification pursuant to 28 U.S.C. § 1292(b) (ECF No. 1298) is **DENIED**.

The parties are reminded that **ANY and ALL** future pre-trial motions, **including, but not limited to,** motions in limine, motions pertaining to witnesses or evidence, and motions to reconsider, are limited to **one filing** per party per type of motion, of no more than **30 pages** in length, not including tables of content, tables of authorities, signature pages, or other non-substantive portions of the filing. Exhibits are limited to no more than **100 pages** per filing, not including cover pages, and they must be evidentiary in nature. *See* ECF No. 1240; LR 7-3; LR IA 10-3.

IT IS SO ORDERED.

DATED this 2nd day of September, 2021.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE