UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ORACLE INTERNATIONAL CORPORATION, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., *et al.*,<br><br>Defendants. | Case No. 2:14-cv-01699-MMD-DJA<br><br>MINUTE ORDER |

This order addresses Oracle's objection to the consideration of any testimony or evidence that post-dates the discovery cutoff in this case, specifically concerning Mr. Ravin's testimony offered yesterday regarding Rimini's current compliance processes, including purportedly hiring a compliance team from Wal-Mart. In short, I agree with Oracle. I will not consider any evidence not produced in discovery or testimony about things that have happened since the March 2018 discovery cutoff in making my ultimate ruling in this case. I will accordingly disregard Mr. Ravin's testimony from yesterday regarding purported compliance processes currently implemented at Rimini.

While I agree with Rimini that the irreparable harm factor of the permanent injunction analysis allows courts to consider current conditions in fashioning prospective injunctive relief, there must also be a cutoff in terms of discovery such that a party cannot offer new evidence post discovery for the first time at trial without first allowing the opposing party to test that evidence.

In this case, the fact discovery cutoff was in March 2018 (ECF No. 694), and Rimini has never moved to reopen discovery. Rimini also agreed to this bench trial and did not seek to reopen discovery at that time even though its pretrial filings generally included arguments to the effect that Rimini is currently in compliance with the *Rimini I* injunction

1   and Oracle's copyrights. But Rimini's general assertions in the joint pretrial order, its trial
2   brief, and its proposed findings of fact and conclusions of law do not contain any specifics
3   about how Rimini is currently in compliance with either the *Rimini I* injunction or Oracle's
4   copyrights. Nor do these documents contain any discussion of the specific evidence that
5   would form the necessary foundation for these arguments to give sufficient notice of
6   Rimini's plan to rely on post-discovery evidence at trial.

7   Moreover, Rimini does not even argue that it produced any such evidence in
8   discovery. Instead, Rimini simply elicited testimony from Mr. Ravin yesterday to the effect
9   that any injunction is unnecessary because of what Rimini currently does. And in
10  defending this decision, Rimini proposes no limits on what evidence the Court should
11  consider in fashioning a potential injunction, despite previously arguing in various
12  instances that the discovery cutoff must be enforced. Consider, for example, Rimini's
13  later-withdrawn motion to strike a supplemental expert report from Ms. Frederiksen-Cross
14  (ECF No. 1387), or its statement in the joint pretrial order (ECF No. 1265 (sealed) at 68)
15  objecting to Oracle's inclusion of documents on its exhibit list, "produced post-injunction,
16  after the time frame at issue in this case." *Id.* Rimini's attempt to have it both ways is
17  fundamentally unfair. Moreover, considering Mr. Ravin's testimony about Rimini's current
18  compliance processes (or anything postdating the discovery cutoff in this case) would
19  violate the general prohibition on trial by ambush.

20  And while Judge Koh's decision that Oracle cited today, *Fed. Trade Comm'n v.*
21  *Qualcomm Inc.*, Case No. 17-CV-00220-LHK, 2018 WL 6597273 (N.D. Cal. Dec. 13,
22  2018) was made in the specific context of the FTC Act, I find some of her reasoning
23  persuasive. Specifically, in describing a prior case, *United States v. Dish Network, L.L.C.*,
24  Case No. 09-3073, 2016 WL 29244, at *9 (C.D. Ill. Jan. 4, 2016), Judge Koh noted that
25  court's warning that "[c]ontinually producing newly-created evidence only serves to further
26  delay this case and imposes an undue burden on the parties and the Court." *Qualcomm*,
27  2018 WL 6597273, at *4 (citation omitted). That would also be the case here. Judge Koh
28  also relied on Federal Rule of Evidence 403 to support her conclusion that allowing

Qualcomm to introduce evidence that postdated the discovery cutoff would unduly prejudice the FTC because "[plaintiffs] have never had the opportunity to depose anyone about the documents or ensure that the new procedures have been implemented." *Id.* at *5 (again quoting *Dish Network*). Those same concerns are also present here. In addition, there, like here, the parties had and have been aware of the discovery cutoff date for a long time. *See id.* So, to let Rimini pivot on the first day of the bench trial would be particularly, unduly prejudicial to Oracle and offend the Court's notion of fair play.

In sum, Oracle's objection is sustained. The Court will not consider Mr. Ravin's testimony yesterday regarding Rimini's conduct that postdates the discovery cutoff in ruling in this case or fashioning any injunctive relief it may award.

DATED THIS 30th Day of November 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE