| | |
|---|---|
| BOIES, SCHILLER FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone:  702.382.7300<br>Facsimile:    702.382.2755<br>rpocker@bsfllp.com<br><br>PAUL, WEISS, RIFKIND, WHARTON &<br>GARRISON LLP<br>WILLIAM A. ISAACSON (*pro hac vice*)<br>KAREN DUNN (*pro hac vice*)<br>2001 K Street, NW<br>Washington, DC 20006<br>Telephone:  202.223.7300<br>Facsimile:    202.223.7420<br>wisaacson@paulweiss.com<br>kdunn@paulweiss.com | MORGAN, LEWIS & BOCKIUS LLP<br>BENJAMIN P. SMITH (*pro hac vice*)<br>SHARON R. SMITH (*pro hac vice*)<br>One Market, Spear Street Tower<br>San Francisco, CA  94105<br>Telephone:  415.442.1000<br>Facsimile:    415.442.1001<br>benjamin.smith@morganlewis.com<br>sharon.smith@morganlewis.com<br><br>JAMES C. MAROULIS (*pro hac vice*)<br>ORACLE CORPORATION<br>500 Oracle Parkway, M/S 5op7<br>Redwood City, CA 94070<br>Telephone:  650.506.4846<br>Facsimile:    650.506.7114<br>jim.maroulis@oracle.com<br><br>*Attorneys for Plaintiffs and<br>Counterdefendants Oracle International<br>Corporation and Oracle America, Inc.* |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE INTERNATIONAL CORP., a California corporation, and ORACLE AMERICA, INC., a Delaware corporation,<br><br>Plaintiffs/Counterdefendants,<br><br>v.<br><br>RIMINI STREET, INC., a Nevada corporation, and SETH RAVIN, an individual,<br><br>Defendants/Counterclaimants. | Case No.  2:14-cv-01699-MMD-DJA<br><br>**ORACLE INTERNATIONAL CORPORATION AND ORACLE AMERICA, INC.'S REQUEST FOR ADDITIONAL TRIAL TIME** |

ORACLE'S REQUEST FOR ADDITIONAL TRIAL TIME

Plaintiffs and Counterdefendants Oracle International Corporation and Oracle America, Inc. (together, "Oracle") respectfully submit this request for 4.0 additional hours of trial time in the pending bench trial.

## I. BACKGROUND

During trial on December 9, 2022, Oracle advised the Court and opposing counsel of a potential need for additional trial time—over the current target of 25 hours—subject to Rimini's identification of remaining witnesses, Rimini's deposition designations, and associated meet and confer efforts.

Over the weekend, Rimini's counsel advised Oracle that seven Rimini witnesses are still to testify for what Rimini has estimated is just under four hours. On Friday, Oracle provided reduced affirmative deposition designations to Rimini of just under an hour (55 minutes). Rimini provided its revised affirmative designations of 14 depositions on Sunday evening, which total over 2 hours, and Oracle intends to submit a total of 0.75 hours of counter-designations to Rimini's designations. Based on Oracle's time estimates for the cross-examination of remaining witnesses, affirmative and counter designations, and a short rebuttal case of 1.5 hours, Oracle anticipates eclipsing the 25 hours of trial time by approximately 4 hours and therefore requests an additional 4 hours of trial time to ensure a complete and accurate record. This additional time will in no way prejudice Rimini and will in fact result in a shorter trial than *Rimini I* and a shorter trial than Rimini itself previously suggested would be required. It will also have little impact on the schedule, and Oracle anticipates that this trial will still end on Wednesday, December 14, 2022, or the morning of Thursday, December 15, 2022.

The parties conferred on these issues over the weekend. Due to the unusual circumstances of Professor Rubin's remaining testimony being provided remotely, the parties agreed that the time for his testimony should not count towards either the 25-hour trial time target of either party or any additional trial time the Court affords the parties. Rimini also offered an additional hour of trial time to Oracle, but the parties were unable to otherwise bridge the gap between their proposals given the significant number of Rimini witnesses yet to testify and Rimini's deposition designations.

## II.     TIME ESTIMATES

On December 9, 2022, the Court's clerk advised that, through the end of that day, Oracle had consumed between 21 and 22 hours of trial time.

The following Rimini witnesses have either not completed or begun their testimony. Beside each witness is Rimini's estimated time for its examination of each of these witnesses:

| REMAINING RIMINI WITNESSES | RIMINI ESTIMATED DIRECT EXAMINATION TIME |
|---|---|
| Avi Rubin (Rimini expert) | N/A. The parties have stipulated, given Mr. Rubin's need for a remote appearance, that none of the time used by either party to examine Mr. Rubin should count towards either party's time limits (either the original 25-hour target or any additional time afforded by the Court). |
| Nancy Lyskawa (Rimini Senior Vice President of Client Onboarding) | 0.25 hours |
| Brenda Davenport (Rimini Vice President of Quality Assurance) | 0.25 hours |
| Owen Astrachan (Rimini expert) | 1.67 hours |
| Randall Martin (Atkins Global) | 0.34 hours |
| Stephen Lanchak (Rimini expert) | 0.67 hours |
| Paul Loftus (Rimini expert) | 0.67 hours |
| TOTAL | 3.85 hours |

In light of these time estimates provided by Rimini for its examinations, Oracle anticipates needing 3.5 hours to effectively cross-examine Rimini's remaining witnesses.

Oracle has worked diligently to trim its deposition designations, and will designate a total of 1 hour (55 minutes) of affirmative deposition testimony and 0.75 hours of counter-designated testimony, bringing Oracle's total deposition time to 1.75 hours. This is significantly less than

Rimini's designations and counter-designations.

Finally, Oracle anticipates needing 1.5 hours to present its rebuttal case, which will consist of testimony from experts Barbara Frederiksen-Cross and Tom Campbell.

Based on these estimates, Oracle expects to use 6.75 additional hours of trial time (3.50 hours of remaining cross-examination excluding the cross-examination of Avi Rubin, 1.75 hours of deposition designations and counter-designations, and 1.5 hours of rebuttal testimony). Assuming that, at present, Oracle has consumed a total of 22 hours of trial time, Oracle will need a total of 28.75 hours of trial time, or 3.75 additional hours over the 25 hour target.

Counsel for Oracle met and conferred with counsel for Rimini to attempt to reach agreement on Oracle's request for an additional 3.75 to 4.0 hours of trial time, but Rimini would not agree. Rimini did offer Oracle one additional hour of trial time, but did not provide any basis for this offer, which is insufficient. Further, given the schedule and time limits, it is not anticipated that providing Oracle with 4.0 hours of additional time will cause the live trial of this action to extend past the afternoon of Wednesday, December 14, 2022 or the morning of Thursday, December 15, 2022.[1]

### III.  GOOD CAUSE EXISTS TO PROVIDE ORACLE FOUR ADDITIONAL HOURS OF TRIAL TIME

Courts routinely disapprove of rigid time limits at trial, especially for a plaintiff like Oracle who bears the burden of proof, and the Court should do the same here. *See, e.g., Monotype Corp. PLC v. Int'l Typeface Corp.*, 43 F.3d 443, 450 (9th Cir. 1994) (courts have disapproved of rigid hour limits on trials and generally view rigid time limits with disfavor); *Gen. Signal Corp. v. MCI Telecomm'ns Corp.*, 66 F.3d 1500, 1509 (9th Cir. 1995) ("Although district courts have discretion to impose rules to expedite completion of trials, we caution that they must not adhere so rigidly to time limits as to sacrifice justice in the name of efficiency").

---

[1] Assuming the examination and cross-examination of Mr. Rubin consumes 2.0 hours, Rimini's remaining live examinations consume 3.85 hours, Oracle's live cross-examinations consume 3.5 hours, and a 1.5 hour rebuttal case is presented, a total of 10.85 hours of in-court proceedings remain.

Good cause exists for Oracle to receive an additional four hours of trial time based on the following facts:

- This is a highly technical case in which Oracle must both explain and establish Rimini's software support processes, software tools, and the technical reasons why they infringe dozens of Oracle's copyrights. Oracle has completed its direct examinations, including examinations of technical experts, as expediently as possible. Regretfully, because of Rimini's refusal to stipulate to basic and indisputable facts (Rimini agreed to just 15 undisputed facts out of 264 proffered by Oracle), Oracle—by Rimini's design—was forced to devote trial time to establishing basic facts.

- Because this case concerns Rimini's software support and marketing practices, Oracle is required to establish much of its case through adverse witnesses. Oracle's adverse direct examinations of Rimini witnesses have taken longer than hoped given the periodic non-responsiveness of Rimini's witnesses. As this Court recognized, Rimini witnesses sometimes took a "long time" between questions and answers, and other times tended not to answer questions directly. Dec. 6, 2022, Rough Trial Tr. at 283:16-21.

- Providing Oracle with an additional four hours of trial time will *still* render this trial shorter than the *Rimini I* trial, even though this action involves more products, a longer timeframe of infringement, far more infringement, and far more customers.

- Rimini previously represented to this Court that the trial of Oracle's claims alone "should take a total of approximately 15 court days," while the trial of Rimini's claims would consume "a total of 6-8 court days." ECF No. 1319, Feb. 3, 2022, Joint Status Report Regarding Trial Date, Duration, and Location, at 5:21-6:1, 7:21-23. Even with the provision of an additional four hours of trial time, the total length of this trial will still consume far *less* time than Rimini originally suggested would be required.

- Providing Oracle with an additional four hours of trial time will in no way extend this trial past December 16, 2022; this Court has previously advised that it had three weeks available for this trial, from November 28 through December 16.  ECF No. 1417, Oct. 14, 2022, Hearing Tr. at 9:15-10:3, 10:16-11:3.

By insisting that the parties be held to 25 hours each, Rimini is continuing its efforts to "defend" its actions by precluding their exposure in this trial.  This Court should not allow Rimini to end the presentation of evidence based on an arbitrary 25 hour figure.  Instead, the Court should properly allow Oracle to conduct cross-examinations of Rimini's remaining seven witnesses, designate relevant deposition testimony, and provide a rebuttal to Rimini's claims of non-infringement and unfair competition.

### IV.  CONCLUSION

Oracle respectfully requests four additional hours of trial time.

DATED: December 12, 2022            MORGAN, LEWIS & BOCKIUS LLP

By:  */s/ Benjamin P. Smith*
Benjamin P. Smith

Attorneys for Plaintiffs and Counterdefendants
Oracle International Corporation and Oracle America, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of December, 2022, I electronically transmitted the foregoing **ORACLE INTERNATIONAL CORPORATION AND ORACLE AMERICA, INC.'S REQUEST FOR ADDITIONAL TRIAL TIME**, to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

DATED: December 12, 2022            MORGAN, LEWIS & BOCKIUS LLP


By:   */s/ Benjamin P. Smith*
          Benjamin P. Smith

Attorneys for Plaintiffs and Counterdefendants
Oracle International Corporation and Oracle
America, Inc.