GIBSON, DUNN & CRUTCHER LLP
JEFFREY T. THOMAS (*pro hac vice*)
BLAINE H. EVANSON (*pro hac vice*)
CASEY J. MCCRACKEN (*pro hac vice*)
JOSEPH A. GORMAN (*pro hac vice*)
3161 Michelson Drive
Irvine, CA  92612-4412
Telephone:   949.451.3800
jtthomas@gibsondunn.com
bevanson@gibsondunn.com
cmccracken@gibsondunn.com
jgorman@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
SAMUEL LIVERSIDGE (*pro hac vice*)
ERIC D. VANDEVELDE (*pro hac vice*)
ILISSA S. SAMPLIN (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:   213.229.7000
sliversidge@gibsondunn.com
evandevelde@gibsondunn.com
isamplin@gibsondunn.com

HOWARD & HOWARD ATTORNEYS PLLC
W. WEST ALLEN (Nevada Bar No. 5566)
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV  89169
Telephone:   702.667.4843
wwa@h2law.com

RIMINI STREET, INC.
JOHN P. REILLY (*pro hac vice*)
3993 Howard Hughes Parkway, Suite 500
Las Vegas, NV  89169
Telephone:   336.908.6961
jreilly@riministreet.com

WEIL, GOTSHAL & MANGES LLP
MARK A. PERRY (*pro hac vice*)
2001 M Street, N.W., Suite 600
Washington, DC  20036
Telephone:   202.682.7511
mark.perry@weil.com

*Attorneys for Defendants/ Counterclaimants*
*Rimini Street, Inc., and Seth Ravin*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| ORACLE INTERNATIONAL CORP., and ORACLE AMERICA, INC.,<br><br>Plaintiffs/ Counterdefendants,<br><br>v.<br><br>RIMINI STREET, INC., and SETH RAVIN,<br><br>Defendants/ Counterclaimants. | CASE NO. 2:14-cv-01699-MMD-DJA<br><br>**RIMINI AND RAVIN'S OPPOSITION TO ORACLE'S REQUEST FOR ADDITIONAL TRIAL TIME**<br><br>Judge:   Hon. Miranda M. Du |

This Court set reasonable time limits before trial *that Oracle requested*.  Rimini relied on those limits in determining the amount of time to spend cross-examining Oracle's witnesses and examining its own witnesses called during Oracle's case.  Nothing unexpected has occurred during the trial to warrant increasing the time limits, and Oracle should be held to those limits.

Oracle waited until the vast majority of Rimini's fact witnesses have testified (in Oracle's case) and we are 80% of the way through trial to seek more time to cross-examine Rimini's remaining witnesses and to put on a rebuttal case.  Granting this request would be extremely unfair to Rimini, given the majority of Rimini's witnesses (and all of Oracle's witnesses) have already been called, are off the stand, and back home, and Rimini has no ability to spend the extra time it would get cross-examining Oracle's witnesses.  In reliance on the Court's time limits, Rimini made difficult, irrevocable decisions to cut testimony, not explore lines of cross-examination, and forgo evidence it would have introduced had it been given more time.  Rimini should not be penalized for carefully adhering to the Court's time limits.

This Court instructed Oracle last Friday that it needed to show a "really specific basis for the time" it wants and justify it based on "what's occurred *in this trial* that resulted in" the need for "more time." Rough Tr. (Day 8) 170:15-20 (emphasis added); *see also* ECF No. 1483 ("Oracle is to be ready to provide the Court with specific basis for the request for additional time[.]").  Oracle's motion provides no such showing, nor could it.  The parties exchanged increasingly reduced witness lists well before trial, reached an agreement on when called witnesses would be disclosed, and abided by that agreement.  Rimini fully disclosed *all* of its remaining seven witnesses last Thursday (some *before* it was required per the parties' agreement), and three of whom Rimini informed Oracle would take only 15-20 minutes each.  There is nothing about Rimini's remaining case that comes as a surprise to Oracle and warrants additional cross-examination time.

Although Oracle does not deserve any additional time, Rimini nonetheless and in good faith offered to (effectively) give both sides two additional hours.  Rimini agreed to exclude all time spent on Rimini expert witness Avi Rubin (testifying remotely) from the time limits, and offered to give each side one additional hour.  That deal would have left Oracle with almost five

1  hours of remaining trial time—more than the "3.5 hours" Oracle says in its motion that it needs
2  "to effectively cross-examine Rimini's remaining witnesses." ECF No. 1485 at 2.  Oracle
3  inexplicably rejected Rimini's offer, and filed its motion.

4         Finally, Oracle's request for a "rebuttal case" on anything other than Rimini's UCL claim
5  is inappropriate and should be denied regardless of whether the Court grants more time.  Oracle
6  does not point to any unexpected theories or testimony that arose during Rimini's case-in-chief
7  that would entitle Oracle to put on a rebuttal case.  Nor could it, as the Court has carefully (and
8  appropriately) kept the parties to the theories and testimony fairly disclosed in their pretrial filings.
9  But even if Oracle had proper rebuttal testimony, it should have budgeted time to present it.  Oracle
10 clearly knew from the start that it wanted to present this rebuttal case—the Rimini expert witnesses
11 they want to rebut have not even testified yet.  And part of the reason Oracle has insufficient time
12 left to put on a rebuttal case is because it put on a rebuttal case in its case-in-chief (Mr. Cauthen
13 was *purely* a rebuttal expert).  Oracle's request is nothing more than an attempt to get the "last
14 word" on issues that have been front-and-center in this case for years.  That is improper, and Oracle
15 certainly should not be given *extra* time for a rebuttal case that it did not properly reserve time for.

16        Rimini respectfully requests that the Court deny Oracle's motion because no good cause
17 exists, or in the alternative order the compromise Rimini proposed of one additional hour per side.
18 Rimini remains willing to exclude the remote examination of Professor Rubin from the time limits.

19        **I.**       **BACKGROUND**

20        After Oracle dropped its approximately $1.5 billion damages claims three weeks before the
21 jury trial portion of this matter was scheduled to begin (ECF No. 1409), the Court asked the parties
22 how much time they would need for the bench trial phase (ECF No. 1423 at 7:15-17).  Rimini
23 responded that because it would be a "shorter trial" now that there was no jury and no damages
24 claims that would have consumed "much of the time" at trial, it made "sense to cut the amount of
25 time for each side from the current 30 hours to 20 hours." ECF No. 1423 at 10:10-18.  Oracle,
26 conversely, asked for the same "time previously allotted for the [jury trial]"—*i.e.*, 30 hours. *Id.* at
27 7:22-24.  The Court disagreed with Oracle, explaining that the Court "think[s] it should be less
28 time," and that "[i]t doesn't make sense that you are removing the damage claims and the time

3

RIMINI AND RAVIN'S OPPOSITION TO ORACLE'S REQUEST FOR ADDITIONAL TRIAL TIME
CASE NO. 2:14-CV-01699-MMD-DJA

Gibson, Dunn & Crutcher LLP

estimate is the same." *Id.* at 7:25-8:4. Oracle then requested 25 hours for each side. *Id.* at 8:19-21.

The Court then clarified that the time estimates did not need to account for opening or closing arguments, "which means 20 hours/25 hours is the time for trial itself" (*id.* at 10:18-21), and instructed the parties to meet and confer regarding their different time requests (Rimini's 20 hours versus Oracle's 25 hours) "to try to reduce that number" (*id.* at 10:17-18). The parties were unable to reach agreement, and the Court sided with Oracle's request of 25 hours, finding that was a "reasonable" amount of time to cover the issues to be presented. ECF No. 1425 (ordering "each side may have up to 25 hours to present evidence at the upcoming bench trial").

The first eight days of trial encompassed nearly 80 percent of the allotted trial time (39/50 hours) and 75 percent of the expected witnesses (21 out of 28 witnesses), and Rimini carefully cabined its examinations of witnesses called by Oracle to ensure it stays within the 25-hour time limit set by the Court. Oracle, conversely, has used up approximately 22 hours of its time. *See* ECF No. 1485 at 2. Moreover, because Oracle called in its case so many of Rimini's witnesses, and because the parties agreed to only call witnesses once, Rimini has already cabined not only its cross-examinations of Oracle's witnesses, but also its direct examinations of most of Rimini's witnesses.

The Court has been very "generous" in its accounting of time. Rough Tr. (Day 5) 283: 16-21. It has been "round[ing] down the time primarily to . . . recognize that sometimes I interject, sometimes the witness takes a long time between questions and answers or sometimes a witness tends not to answer." *Id.*; *see also, e.g.*, *id.* at 283:22-24 (rounding down and removing half an hour from Oracle's time). Accordingly, the parties have already received more time than the Court originally allotted.

On the eighth day of trial, as Oracle rested its case, Oracle mentioned that it may seek additional time. The Court instructed "the parties to confer on how much time and the basis before you bring that issue to me." Rough Tr. (Day 8) 170:15-17. The Court instructed Oracle, if the parties could not reach an agreement, to state "the really specific basis for the time, what's occurred in this trial that resulted in more time." *Id.* at 170:17-20.

On Saturday, December 10, 2012, Rimini provided Oracle via email with estimates for how long Rimini would spend questioning Rimini's remaining witnesses. Oracle had already been informed that Rimini intended to call these witnesses, per agreement by the parties to provide that information sufficiently in advance of calling witnesses to allow the opposing side to properly prepare for cross-examination and a budgeting of trial time. Rimini explained in emails that it believed it could complete its case within the 25 hours per side, given that Rimini had "limited [its] examination of witnesses to date to stay within the 25 hour limit, and it would be unfair to now extend it." However, to accommodate Oracle's request for more time, Rimini offered in good faith to stipulate to each side being given one additional hour, and agreed to exclude the time both sides spent questioning Professor Rubin given the need to present his testimony via videoconference. Oracle asked for four additional hours, but did not provide any explanation (pursuant to the Court's direction) of "the really specific basis for the time," *i.e.*, "what's occurred in this trial that resulted in more time." Rough Tr. (Day 8) 170:17-20.

Oracle seeks to use 1.5 of the four additional hours it is requesting to recall Ms. Frederiksen-Cross as a rebuttal witness. Not only does Oracle lack the trial time necessary to call Ms. Frederiksen-Cross for a second time, she is also not a proper rebuttal witness. Oracle has not identified anything new that has arisen during Rimini's case that warrants rebuttal testimony.

## II. THERE IS NO GOOD CAUSE FOR ADDITIONAL TRIAL TIME

Oracle criticizes this Court's allotted time of 25 hours per side as "arbitrary." ECF No. 1485 at 5. But that was *Oracle's proposal* during the final pre-trial status conference (ECF No. 1423 at 8:19-21), and that was before this Court later clarified that there would be "no opening, no closing, which means 20 hours/25 hours is the time for trial itself" (*id.* at 10:16-20). 25 hours was and is a perfectly reasonable limit given the scope of this case.

Oracle either planned all along to request more time and has prejudiced Rimini by preventing Rimini's use of the extra time during Oracle's case, or it has simply failed to manage its time. Oracle built most of its case-in-chief "through adverse witnesses." ECF No. 1485 at 4. Rimini limited the time it spent with those witnesses in light of the 25-hour limitation. It is fundamentally unfair for Oracle to have substantially used up its time and now seek *more* time to

5

RIMINI AND RAVIN'S OPPOSITION TO ORACLE'S REQUEST FOR ADDITIONAL TRIAL TIME
CASE NO. 2:14-CV-01699-MMD-DJA

spend cross-examining Rimini's remaining witnesses.

Oracle has not shown good cause for the Court to grant it more than 25 hours. This Court was clear on Friday, December 9, 2022, that to secure additional time for trial, Oracle needed to show "the really specific basis for the time," and "what's occurred in this trial that resulted in" the need for "more time." Rough Tr. (Day 8) 170:15-20. Oracle's motion comes nowhere near that. And the Ninth Circuit authority it cites shows the opposite of what Oracle argues—in *both* cases the court of appeals affirmed the trial court's exercise of discretion to limit the trial time at issue. *See Monotype Corp. PLC v. Int'l Typeface Corp.*, 43 F.3d 443, 451 (9th Cir. 1994); *Gen. Signal Corp. v. MCI Telecomms. Corp.*, 66 F.3d 1500, 1509 (9th Cir. 1995).

The Ninth Circuit in *General Signal* gave this Court a roadmap for how it should resolve (and deny) Oracle's motion. There, the district court set a 56-hour limit, "evenly divided between the two sides." 66 F.3d at 1504. When the plaintiff "ran out of time," the court gave it "five additional minutes for cross-examination of each remaining witness, but denied [its] motion to present a rebuttal case." *Id.* The Ninth Circuit held the "limit[s] on time" the district court imposed, "when viewed in the context of the entire trial, were reasonable." *Id.* at 1508. There, as here, the district court "regularly kept both sides informed of the time remaining throughout the trial." *Id.* And also there, as here, "[t]he parties' frequent, specific inquiries about the time accounting reveal that the court's method of charging time did not unfairly surprise either party." *Id.* Although this Court has not formally added time, as was the case in *General Signal*, this Court has *effectively* added substantial time through its more-than-generous timekeeping practices of "round[ing] down the time" each day, which has already boosted the amount of time Oracle has. Rough Tr. (Day 5) at 283:18-21. And "[m]ost significantly," as in *General Signal*, "[Oracle], not the court, [is] primarily responsible for its inability to present its case within the time limits." 66 F.3d at 1508. Oracle made a "conscious decision to risk running out of time" in the way it presented its case, clearly hoping it could just get more time on the backend for its own strategic advantage. *Id.* at 1509. This Court's "management of its time limits" has been "sufficiently flexible," and Oracle should not be able to effectively "penalize [Rimini] for managing its time" properly. *Id.*

1    Oracle contends that "[g]ood cause exists" for an "additional four hours of trial time" based
2    on a few facts (ECF No. 1485 at 4), all of which are actually misrepresentations by Oracle of the
3    record in one way or another and none of which establish good cause individually or collectively.

4    ***First***, Oracle has known for many years that "[t]his is a highly technical case" in which
5    "Oracle must both explain and establish Rimini's software support processes, software tools, and
6    the technical reasons" why Oracle believes there is infringement. ECF No. 1485 at 4. Nothing
7    has occurred *during the trial* to surprise Oracle on that front. Oracle *chose* to put eight Rimini
8    witnesses into its case-in-chief, *knew* it would be doing so all along, and then *waited* until its case
9    was *over* to seek more time.

10   Oracle vaguely complains that its need for more time is Rimini's fault because Rimini
11   refused "to stipulate to basic and indisputable facts," saying "Rimini agreed to just 15 undisputed
12   facts out of 264 proffered by Oracle." *Id.* Oracle never says what these facts are or even attempts
13   to show how or why Oracle has been required to spend trial time establishing them. Moreover,
14   after this case was converted to a bench trial and the Court ordered the parties to file stipulated
15   facts, Oracle did not propose any additional stipulated facts beyond the 15, and did not even
16   respond to Rimini's emails regarding the stipulation until after 10:00 pm on the day it was due.
17   Moreover, the parties agreed on the stipulated facts a week before the trial, so there is nothing
18   surprising about them that constitutes good cause to support a request for more time near the end
19   of trial.

20   ***Second***, Oracle contends that more time is warranted because "this case concerns Rimini's
21   software support and marketing practices," and this required Oracle "to establish much of its case
22   through adverse witnesses." ECF No. 1485 at 4. Again, this has nothing to do with things that
23   have specifically "occurred in this trial that resulted in" the need for "more time." Rough Tr.
24   (Day 8) 170:15-20. This has *always* been true.

25   Oracle shifts gears and claims that "this Court recognized" that "Rimini witnesses
26   sometimes took a 'long time' between questions and answers, and other times tended not to answer
27   questions directly" in an effort to blame Rimini's witnesses for Oracle not managing its time. ECF
28   No. 1485 at 4 (quoting Rough Tr. (Day 8) 283:16-21). Oracle misrepresents the Court's statement.

The cited passage does not call out only Rimini witnesses, but rather says, in full: "I will also round down the time primarily to give—to recognize that sometimes I interject, sometimes the witness takes a long time between questions and answers or sometimes a witness tends not to answer." Rough Tr. (Day 5) 283:18-21.  The Court has also admonished *Oracle witnesses* on this very issue.  *See, e.g.*, Rough Tr. (Day 3) 30:24-31:1 ("I would ask Ms. Frederiksen-Cross to listen to the question and answer the question."); Rough Tr. (Day 8) 8:17-9:7 (granting motion to strike non-responsive testimony of Paul Pinto, and reminding him of the question asked).

Both parties' witnesses have at times taken a few extra moments to respond to questions. That is a normal feature of trial practice.  This Court's "generous" approach to timekeeping, rounding down and excluding discussions with counsel, more than compensates for any additional time taken by witnesses.

***Third***, Oracle asserts that even with the additional four hours, it "will *still* render this trial shorter than the *Rimini I* trial." ECF No. 1485 at 4.  But *Rimini I* was, of course, a *jury* trial involving four product lines, several different claims beyond copyright, and hundreds-of-millions of dollars in damages claims.  There was extensive testimony from damages experts and calculations on both sides.  There were opening and closing statements.  That this case, which Oracle affirmatively desired to turn into a bench trial by abandoning over a billion dollars of damages claims, will be shorter than *Rimini I* even with Oracle's requested extension, is entirely expected.

Oracle similarly asserts that "Rimini previously represented to this Court that the trial of Oracle's claims alone 'should take a total of approximately 15 court days,' while the trial of Rimini's claims would consume 'a total of 6-8 court days.'" ECF No. 1485 at 4 (quotation omitted).  And that even with adding four hours, "the total length of this trial would still consume far less time than Rimini originally suggested would be required." *Id.* (emphasis omitted).  Oracle again selectively misquotes its source.  The first sentence it cites begins:  "Rimini believes *the jury trial portion* of this case should take a total of approximately 15 court days." ECF No. 1319 at 5:21 (emphasis added).  The second sentence Oracle cites says:  "For the bench trial on Rimini's California Unfair Competition Law ('UCL') claim, as well as Oracle's UCL, accounting, and

declaratory judgment claims, Rimini estimates trial will last a total of 6-8 court days." ECF No. 1319 at 7:21-23.  Comparing this bench trial in terms of trial-length management to either *Rimini I* or the two-phased jury and bench trials originally contemplated in *Rimini II* is apples and oranges.

**_Fourth_**, Oracle's request for a "rebuttal case" is totally inappropriate and should be denied regardless of whether the Court grants more time.  ECF No. 1485 at 1, 3 & n.1, 5.  "[R]ebuttal evidence may not be offered merely to bolster the plaintiff's case-in-chief" (*Brutsche v. City of Fed. Way*, 300 F. App'x 552, 553 (9th Cir. 2008)), but only to "permit a litigant to counter new, unforeseen facts brought out in the other side's case." *Faigin v. Kelly*, 184 F.3d 67, 85 (1st Cir. 1999); *see also Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 685 (5th Cir. 1991) (rebuttal testimony is inappropriate simply to give a "more detailed and comprehensive" elaboration of issues treated in the case-in-chief).  If the party has "had an opportunity" to address the issue in its "case-in-chief," and the issues are not unexpected, that party is not entitled to a rebuttal case, especially when that party has otherwise mismanaged its trial time. *Gen. Signal*, 66 F.3d at 1510.  Given that the Court has carefully limited the parties' evidence and theories to those fairly disclosed in their expert disclosures and proposed findings of fact and conclusions of law, Oracle cannot (and does not) identify any "new" evidence or theories that would entitle it to put on a rebuttal case.  Any rebuttal testimony either could have been presented in Oracle's case-in-chief or would be cumulative of testimony already presented.  Either is textbook improper rebuttal evidence.

Here, not only did Oracle "ha[ve] an opportunity" to present its evidence in its "case-in-chief" and just failed to manage its time (*id.*), Oracle *in fact* presented substantial amounts of rebuttal and sur-rebuttal testimony in its case-in-chief.  For instance, Oracle spent *ten pages* of transcript eliciting direct examination testimony from Ms. Frederiksen-Cross about her critique of Professor Astrachan's critique of her failure to conduct analytic dissection—opinions (obviously) found only in Ms. Frederiksen-Cross's rebuttal reports.  Rough Tr. (Day 2) 105:13-114:9.  Oracle put Rimini's proposed findings and Professor Astrachan's analysis up as a slide for Ms. Frederiksen-Cross to criticize (*id.*), responded and played clips of deposition testimony from Rimini's fact witnesses for Ms. Frederiksen-Cross to dispute (*id.* at 192:25-193:17), and routinely

1  had Ms. Frederiksen-Cross and Oracle's expert Christian Hicks preemptively respond to Professor
2  Astrachan's opinions and analyses (*e.g.*, *id.* at 119:4-11 (discussing "a count of file names from
3  Rimini's expert Dr. Astrachan's exhibit"); *id.* at 140:14-141:1 (discussing an analysis whereby
4  Ms. Frederiksen-Cross "looked for AFW records associated with the transmission of [certain] files
5  and also cross correlated it to Rimini's expert Dr. Astrachan's report"); Rough Tr. (Day 6) 123:25-
6  129:20 (asking Mr. Hicks to opine about "Professor Astrachan's analysis as to how AFW works,"
7  "Rimini's assertion that Diff files do not contain and cannot be used to reconstruct any Oracle code
8  or other protected expression," "Rimini's assertion that with the GenDiff/ApplyDiff function, the
9  modification to each relevant client environment is performed independently on each client's
10 environment," "Professor Astrachan's technical points relating to fair use . . . that RAM copies of
11 the PeopleSoft files are temporary," "Professor Astrachan['s]" opinion "that the RAM copies
12 generated through the GenDiff ApplyDiff have a different purpose than the original files," and
13 "Professor Astrachan['s]" opinion "that the RAM copy created as part of [a specific] process
14 cannot affect the market").  Oracle has no time left to put on a rebuttal case because it already put
15 on its rebuttal case in its case-in-chief.

16       Oracle is not entitled to have rebuttal witnesses testify about issues that Oracle knew would
17 be raised by Rimini. "Otherwise [Oracle] could reverse the order of proof, in effect requiring
18 [Rimini] to put in their evidence before the plaintiff put in [its evidence]." *Braun v. Lorillard,*
19 *Inc.*, 84 F.3d 230, 237 (7th Cir. 1996).  Oracle is just "hoping to achieve some tactical advantage
20 by a dramatic final statement on the issue," which is completely inappropriate for rebuttal. *Skogen*
21 *v. Dow Chem.*, 375 F.2d 692, 706 (8th Cir. 1967).  "When a party knows that a contested matter
22 is in the case," "he scarcely can be heard to complain that the trial court refused to give him a
23 second nibble at the cherry." *Daly v. Far E. Shipping Co.*, 238 F. Supp. 2d 1231, 1238 (W.D.
24 Wash. 2003) (quotation omitted).  The Court should flatly deny Oracle's request for a rebuttal
25 case, even if the Court grants additional time more generally.[1]

---

26 [1] If the Court does permit Ms. Frederiksen-Cross to testify again on rebuttal, Rule 26 would still
27 preclude her from offering any opinions not included in her reports. *See, e.g., In re Kreta Shipping,*
   *S.A.*, 181 F.R.D. 273, 276 (S.D.N.Y. 1998) (Rule 26 "makes no exception for opinions about other
28 experts' analyses."); *Schwartz v. Hawkins & Powers Aviation, Inc.*, 2005 WL 8155455, at *2 (D.

## III.   CONCLUSION

The Court should deny Oracle's request to give it four more hours.

Dated:  December 12, 2022

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By:   */s/ Eric D. Vandevelde*
       Eric D. Vandevelde

*Attorneys for Defendants/ Counterclaimants Rimini Street, Inc., and Seth Ravin*

---

Wyo. Dec. 29, 2005) (not applying Rule 26 to an expert's rebuttal testimony "would literally allow plaintiffs to bring in the back door that which they are prohibited from bringing in the front door"); *id.* (rebuttal testimony cannot be used "to supplement [an expert's] original expert designations").