UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ORACLE INTERNATIONAL CORPORATION, *et al.*, <br><br>Plaintiffs, <br><br>v. <br><br>RIMINI STREET, INC., *et al.*, <br><br>Defendants. | Case No. 2:14-cv-01699-MMD-DJA <br><br>ORDER |

**I.   SUMMARY**

This is a software copyright and unfair competition dispute between Plaintiffs and Counter Defendants Oracle America, Inc., and Oracle International Corporation (collectively, "Oracle") and Defendants and Counter Claimants Rimini Street, Inc., and Seth Ravin (collectively "Rimini") generally regarding Rimini's unauthorized copying of Oracle's enterprise software into and from development environments created by Rimini for its clients. (ECF Nos. 1253 at 2, 1305 at 12-13.) The Court presided over a bench trial. (ECF Nos. 1469, 1471, 1472, 1473, 1474, 1475, 1478, 1483, 1488, 1499, 1491, 1494.) Before the Court is Oracle's motion to amend its counterclaims that became, by the time of trial, its operative complaint—filed about two-thirds of the way through the trial. (ECF No. 1476 ("Motion").)[1] Briefing on the Motion completed after trial ended. (ECF Nos. 1499, 1502.) Because the Court does not find that Rimini impliedly consented to trial of the 24 copyright registrations constituting the focus of Oracle's Motion—and as further explained below—the Court will deny the Motion.

---

[1] The Court permitted Oracle (ECF No. 1490) to file its Motion with some redactions and file an unredacted version under seal (ECF No. 1479). The Court refers to the sealed, unredacted version (*id.*) in this order. The Court also previously granted Oracle's motion to realign the parties, making Oracle's operative counterclaims effectively affirmative claims. (ECF No. 1305.)

## II. DISCUSSION

Oracle seeks leave to amend by making three, alternative legal arguments. While the Court ultimately finds none of them persuasive, the Court addresses all three below.

Oracle first asks the Court to construe its operative counterclaims as having explicitly listed out the 24 J.D. Edwards copyright registrations comprising the focus of the Motion instead of merely the five J.D. Edwards copyright registrations actually listed in its operative counterclaims, appealing to the principle that pleadings must be construed to do justice. (ECF No. 1479 at 13-14.) However, as Rimini counters, permitting Oracle to amend its counterclaims does not do justice from Rimini's perspective, and Oracle's request to construe Oracle's counterclaims as including copyright registrations that differ from those explicitly listed in its operative counterclaims lacks any basis in the Federal Rules of Civil Procedure or directly analogous caselaw. (ECF No. 1499 at 7, 11-14.) Indeed, in the portion of the primary case upon which Oracle relies to support this request, *Cabrera v. Las Vegas Metro. Police Dep't*, Case No. 2:12-cv-00918-RFB, 2014 WL 4929470, at *3 (D. Nev. Oct. 1, 2014), District Judge Richard F. Boulware construed a pro se litigant's claims liberally for purposes of analyzing a defendant's pretrial motion to dismiss. *See id.*; *see also id.* at *3-*4. Oracle's out-of-context quotation of Judge Boulware's statement with citation that pleadings should be construed so as to do justice does not apply here. Moreover, as Rimini also points out (ECF No. 1499 at 11-12), Oracle explicitly listed up to five J.D. Edwards copyright registrations in its counterclaims and indicated through the phrasing included in its pleadings that it was only asserting infringement of those listed copyrights. (*See, e.g.*, ECF No. 584 at 36.) The Court accordingly finds no basis to construe Oracle's operative counterclaims as having included the 24 J.D. Edwards copyright registrations that are the focus of the Motion.

Oracle next seeks leave to amend under Fed. R. Civ. P. 15(b)(1), "Based on an Objection at Trial." (ECF No. 1479 at 14-15.) That rule provides as follows:

> If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence

2

> would prejudice that party's action or defense on the merits. The court may grant a continuance to enable the objecting party to meet the evidence.

Fed. R. Civ. P. 15(b)(1). However, this rule does not quite fit Oracle's request because Oracle admittedly did not file its Motion in response to an objection Rimini raised at trial. Instead, Oracle asks the Court to construe a paragraph that Rimini submitted in its pretrial proposed findings of fact and conclusions of law as an objection at trial that would justify application of the rule. (ECF No. 1479 at 4.) This is perhaps why Oracle focuses much of its argument in the Motion under Fed. R. Civ. P. 15(b)(2); (b)(1) does not apply. (*See also* ECF No. 1499 at 14 ("there was no objection to the scope of the evidence presented at trial").) The Court will accordingly turn to a Fed. R. Civ. P. 15(b)(2) analysis.

That rule provides as follows:

> When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

*Id.* "To establish implied consent, the [plaintiff] must demonstrate that [the defendant] understood evidence had been introduced to prove [the new issue], and that [the new issue] had been directly addressed, not merely inferentially raised by incidental evidence." *In re Acequia, Inc.*, 34 F.3d 800, 814 (9th Cir. 1994) (citation omitted). The moving party, here, Oracle, bears the burden of making this showing. *See id.*

Oracle has not shown entitlement to amendment under Fed. R. Civ. P. 15(b)(2) because Oracle has not demonstrated that Rimini understood Oracle introduced evidence at trial regarding infringement of all 24 J.D. Edwards copyrights discussed in the Motion.[2] At most, infringement of the 24 instead of the five copyrights was

---

[2] The Court accordingly need not—and does not—address Rimini's alternative argument that Oracle has not met the Fed. R. Civ. P. 16(b) 'good cause' standard governing amendment after a scheduling order has been entered and pertinent deadlines have expired. (ECF No. 1499 at 15, 24-26.) *See also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (suggesting that Rule 16 imposes additional requirements on top of Rule 15 in writing, "Rule 16 was drafted to prevent this situation and its standards may not be short-circuited by an appeal to those of Rule 15.") (citation omitted). Moreover, the Court only addresses implied consent because Oracle does not argue explicit consent. (ECF No. 1479 at 14-15.)

3

inferentially raised by incidental evidence—which does not meet the Rule 15(b)(2) standard. *See id.*

More specifically, the evidence Oracle relies on in its Motion and reply tends to generally discuss 'Oracle's copyrights,' 'copyright infringement' or 'J.D. Edwards software,' but does not explicitly address the 24 copyright registrations discussed in the Motion. For example, Oracle points to a Rimini discovery request that requested Oracle's copyright infringement contentions as to the "J.D. Edwards family of products." (ECF No. 1479 at 8.) But neither this request nor Oracle's responses refers to specific copyright registrations, or differentiates between the five or 24 copyright registrations implicated by the Motion. (ECF No. 1479-3 at 4-13.) Similarly, Oracle references the infringement testimony of its expert Barbara Fredricksen-Cross (ECF Nos. 1479 at 10, 1502 at 8, 12), but Fredricksen-Cross' testimony does not specifically address the 24 J.D. Edwards copyright registrations at issue in the Motion, either. (ECF No. 1505 (sealed) at 27-29 (discussing five J.D. Edwards copyright registrations, not 24).) And the Court agrees with Rimini—for the reasons Rimini provides—that the other evidence Oracle relies on in its Motion similarly does not establish that Rimini consented to trial on the 24 J.D. Edwards copyright registrations at issue in the Motion.

In addition, even if Rimini had consented—though the Court finds it did not—to trial on the 24 copyright registrations at issue in the Motion, Oracle unduly delayed in seeking leave to amend. While Oracle argues that it was a paragraph in Rimini's pretrial proposed findings of fact and conclusion of law that prompted the Motion (ECF No. 1479 at 4), Oracle does not sufficiently explain why it waited from November 22, 2022 (ECF No. 1445) until December 8, 2022 (ECF No. 1476) to file the Motion. Indeed, Oracle offers no explanation for the delay. (ECF No. 1479 at 16-17.) And the timing of the Motion, filed when Oracle was about to rest its case, does not suggest inadvertence. To the contrary, as Rimini argues, it suggests gamesmanship. (ECF No. 1499 at 18.) And to the extent Oracle suggests it inadvertently neglected to earlier move for leave to amend its counterclaims, the Court finds such a suggestion

incredible given the size and sophistication of Oracle's trial team. In addition, and as Rimini also points out (*id.* at 19), Oracle declines to mention in its Motion that its prior motion for leave to amend was denied as untimely over five years ago. That has at least some bearing on whether another motion to amend would be considered timely five years later. In sum, Oracle's Motion is untimely because of Oracle's undue delay.

Moreover, granting Oracle's Motion would unduly prejudice Rimini considering that Oracle vigorously objected to Rimini's attempt to introduce new evidence at trial, and the Court sided with Oracle. (ECF No. 1470.) The Court sustained Oracle's objection to Rimini's attempted introduction of new evidence at trial in part as a matter of fairness. (*Id.* at 3.) In a similar way, it would be unfair to grant the Motion because Oracle only ever explicitly asserted infringement of up to five J.D. Edwards copyrights in the years preceding the filing of the Motion. "[N]otice of a claim is a defendant's entitlement, not a defendant's burden." *Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995). Indeed, a key reason why Oracle filed its Motion is that it did not provide Rimini notice of the copyright registrations it now argues it wishes to assert. Oracle should have given Rimini fair notice of the scope of its copyright infringement claims, but did not. And as explained above, Rimini did not consent to trial of the 24 copyright registrations at issue in the Motion—and Oracle waited too long to file the Motion.

### III.     CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Oracle's motion to amend (ECF No. 1476) is denied.

DATED THIS 9th Day of January 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE