| | |
|---|---|
| BOIES, SCHILLER & FLEXNER LLP<br>RICHARD J. POCKER (NV Bar No. 3568)<br>300 South Fourth Street, Suite 800<br>Las Vegas, NV 89101<br>Telephone: 702.382.7300<br>Facsimile: 702.382.2755<br>rpocker@bsfllp.com | MORGAN, LEWIS & BOCKIUS LLP<br>BENJAMIN P. SMITH (*pro hac vice*)<br>One Market, Spear Street Tower<br>San Francisco, CA 94105<br>Telephone: 415.442.1000<br>Facsimile: 415.442.1001<br>benjamin.smith@morganlewis.com |
| PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP<br>WILLIAM A. ISAACSON (pro hac vice)<br>KAREN DUNN (pro hac vice)<br>2001 K Street, NW<br>Washington, DC 20006<br>Telephone: 202.223.7300<br>Facsimile: 202.223.7420<br>wisaacson@paulweiss.com<br>kdunn@paulweiss.com | JAMES C. MAROULIS (*pro hac vice*)<br>ORACLE CORPORATION<br>500 Oracle Parkway, M/S 5op7<br>Redwood City, CA 94070<br>Telephone: 650.506.4846<br>Facsimile: 650.506.7114<br>jim.maroulis@oracle.com<br><br>*Attorneys for Plaintiffs and Counterdefendants Oracle International Corporation and Oracle America, Inc.* |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE INTERNATIONAL CORP., a California corporation, and ORACLE AMERICA, INC., a Delaware corporation,<br><br>    Plaintiffs/Counterdefendants,<br>v.<br>RIMINI STREET, INC., a Nevada corporation, and SETH RAVIN, an individual,<br><br>    Defendants/Counterclaimants. | Case No. 2:14-cv-01699-MMD-DJA<br><br>**ORACLE'S OPPOSITION TO RIMINI STREET AND SETH RAVIN'S MOTION FOR LEAVE TO FILE OBJECTIONS TO ORACLE'S PROPOSED PERMANENT INJUNCTION**<br><br>Judge: Hon. Miranda M. Du |

## I. INTRODUCTION

Plaintiffs and Counterdefendants Oracle International Corporation and Oracle America, Inc. (together, "Oracle") oppose the motion by Defendants and Counterclaimants Rimini Street, Inc. and Seth Ravin (together, "Rimini") for leave to file unrequested and unnecessary objections to Oracle's proposed Permanent Injunction ("Motion"). Oracle provided its proposed Permanent Injunction with its Proposed Post-Trial Findings of Fact and Conclusions of Law consistent with the Court's specified procedures for post-trial submissions. Rimini's Motion should be denied, and its proposed objections rejected because they are an unauthorized submission inconsistent with the Court's ordered procedures and duplicate arguments already raised in Rimini's post-trial submissions.

## II. BACKGROUND

In its pre-trial briefing, Oracle detailed the injunctive relief sought (ECF No. 1452 at 22-23) and the legal and factual basis for that relief (ECF No. 1451 at 80-87). On the last day of trial, the Court set a deadline for post-trial submissions by each party. ECF No. 1494. Rimini specifically sought clarification as to whether the Court would resolve the scope of injunctive relief in the context of the post-trial findings of fact and conclusions of law, or separately. Tr. 2588:21-2589:4. The Court said it would set a separate hearing regarding relief only if necessary, and agreed that the parties could adjust their requests for specific relief in their post-trial submissions: "The Court will allow [the parties] to revise their requests in their amended proposed findings of fact, conclusions of law. The Court will set another hearing [a]s it deems it appropriate." ECF No. 1494; Tr. 2589:5-23. Rimini did not object. Tr. 2589:24-2590:2.[1]

Oracle thereafter filed its proposed Permanent Injunction along with its Proposed Post-Trial Findings of Fact and Conclusions of Law. ECF Nos. 1524, 1524-9. Although Rimini likewise asserted multiple arguments against Oracle's proposed injunctive relief in its own Proposed Post-Trial Findings of Fact and Conclusions of Law (ECF No. 1525 at 108-118, 173-

---

[1] Rimini also asserts that Oracle "agreed to wait for the Court to determine liability" before briefing the scope of injunctive relief. Mot. ¶ 1. The parties had no such agreement. Regardless, the discussion Rimini initiated and the subsequent Minutes of Proceeding clarified that the scope would be addressed in the parties' post-trial submissions. Tr. 2588:15-2590:2; ECF No. 1494.

-1-

182), Rimini now seeks leave to file an additional 31 pages of "objections" concerning Oracle's claims and requested relief.

### III.     ARGUMENT

Rimini's Motion should be denied as an unauthorized submission contrary to Court's ordered procedures for post-trial submissions. Consistent with these procedures, Oracle revised its requests for injunctive relief in its Proposed Post-Trial Findings of Fact and Conclusions of Law and submitted a proposed Permanent Injunction consistent with those revisions. ECF Nos. 1524, 1524-9. The Court did not authorize any further briefing. ECF No. 1417, Oct. 17, 2022 Hearing Tr. at 11:5-19 (noting requirements for bench trial submissions); ECF No. 1426, Nov. 1, 2022 Bench Trial Order; Tr. 2587:1-2588:8 (setting deadlines for post-trial submissions); ECF No. 1494, Minutes of Proceedings. To the contrary, the Court stated: "I'm not saying there will be a subsequent hearing. I will only set a hearing if I want to get some input on what I want to do." Tr. 2589:12-23. Rimini did not object or seek further clarification, but responded, "Okay" and confirmed its question had been answered. Tr. 2589:24-2590:2.

Now—nearly three months later—Rimini submits further briefing and insists that the scope of injunctive relief *should* and *must* be resolved separately from the parties' post-trial submissions. Mot. ¶¶ 5-6. Rimini's failure to include its own revised proposals for injunctive or declaratory relief in its post-trial submissions provides no good cause to seek amendment to, or provide additional submissions outside of, the Court's ordered briefing procedure.[2]

Rimini's Motion should also be denied because Rimini has already had the opportunity to respond to Oracle's proposed injunctive relief. *Compare* ECF No. 1524-9 *with* ECF No. 1452 at 22-23 *and* ECF No. 1451 at 80-87 (COL 113-142). In its Proposed Post-Trial Findings of Fact and Conclusions of Law, Rimini acknowledged and responded to the scope of Oracle's "twelve specific requests for injunctive relief," which Rimini called "sweeping," including impoundment and appointment of a third party to ensure compliance. ECF No. 1525 at 179-182 (COL 556).

---

[2] Although Rimini's Motion is not styled as request for an additional round of briefing on injunctive relief after the Court issues its Finding of Fact and Conclusions of Law, to the extent the Court interprets it as such, that request should also be denied for the same reasons discussed herein.

Rimini's belated, 31-page proposed objections largely reiterate those arguments. *E.g.,* ECF No. 1526-1 at 2-3, 5-6, 8.  Rimini's "new" and additional objections include speculative arguments about how Oracle might enforce its injunctive relief and an attempt to re-inject its long-dismissed copyright misuse claim into these proceedings.  *E.g., id.* at 2-3, 5 & n.1; *see* ECF No. 90 at 5-7.

In addition to disregarding the Court's prior orders regarding post-trial briefing, Rimini's Motion misstates the law in asserting that it must be given "notice and an opportunity (including a hearing) to object to the particular terms" of the proposed Permanent Injunction or that a separate round of briefing is required "after liability has been determined." Mot. ¶¶ 5-6.[3]

*First*, the Ninth Circuit has *approved* of entering injunctions after liability findings without a further hearing or additional briefing when a defendant has already been provided with an opportunity to be heard on the issue.  For example, in *Penthouse Int'l, Ltd. v. Barnes* the Ninth Circuit affirmed in part injunctive relief under 28 U.S.C. § 2202 where the "nature of the remedy … sought" was raised in the trial brief and post-trial memorandum.  792 F.2d 943, 950 (9th Cir. 1986) (explaining "[a]lthough the district court did not provide Penthouse with formal notice and hearing of a possible mandatory injunction," "Penthouse was aware of the possibility and had an opportunity to be heard."); *see also Schnitzer Steel Indus., Inc. v. Cont'l Cas. Co.*, 2016 WL 3059067, at *1 (9th Cir. May 31, 2016) (citing *Penthouse*); *Religious Tech. Ctr. v. Henson*, 182 F.3d 927, 927 (9th Cir. 1999) (affirming summary judgment ruling that included entry of a permanent injunction); *Central Point Software, Inc. v. Nugent*, 903 F. Supp. 1057, 1061 (E.D. Tex. 1995) (granting motion for summary judgment, and permanent injunction and impoundment pursuant to 17 U.S.C. §§ 502(a), 503(b)).

*Second*, Rimini's notice argument relies on authority pertaining to preliminary injunctions, where cases are typically at an early stage, merits decisions have not yet been made, and defendants are almost invariably afforded an opportunity to be heard before any preliminary injunction issues.  Mot. ¶ 6 (citing *SEC v. Am. Bd. of Trade, Inc.*, 751 F.2d 529, 534, 540 (2d Cir. 1984) and *Dr. Jose S. Belaval, Inc. v. Perez-Perdomo*, 465 F.3d 33, 36 (1st Cir. 2006)); *see also*

---

[3] This argument in Rimini's Motion repeats the argument already made in Rimini's Proposed Post-Trial Findings of Fact and Conclusions of Law.  *Compare* Mot. ¶ 6 *with* ECF No. 1525 at x & n.1.

-3-

*id.* at ¶ n.1 (citing *M.G. ex rel. Garcia v. Scrase*, 2022 WL 17830230, at *3 (D.N.M. Dec. 21, 2022)). But the notice provisions in Rule 65(a)(1) do not apply to permanent injunctions. *t'Bear v. Forman*, 2020 WL 703888, at *22 (N.D. Cal. Feb. 12, 2020) ("Rules 65(a)-(c) are not relevant at this stage because they concern preliminary injunctions and temporary restraining orders"). In any case, here Rimini has had ample notice of the nature and scope of Oracle's proposed injunctive relief and was heard through 11 days of trial and in two rounds of briefing on the underlying facts and legal factors concerning the injunctive relief Oracle seeks. *See generally*, ECF Nos. 1444, 1445, 1525.

Rimini's reliance on *United States v. Microsoft Corp.*, 253 F.3d 34, 101-03 (D.C. Cir. 2001), which addressed the imposition of an antitrust decree, does not support its arguments. Although the *Microsoft* court stated that "[g]enerally the entry or continuation of an injunction requires a hearing," it also indicated that this requirement is fulfilled when "the matter of relief was part of the trial on liability." *Id.* at 101. Here, equitable relief is the only remedy sought by Oracle, and evidence pertaining to that remedy was part of the bench trial. Rimini had the opportunity, in spades, to be heard on the injunctive relief Oracle seeks, both at trial and in its post-trial briefing, and it should not be permitted further opportunity now.

*Third*, Rimini cites two cases decided on summary judgment, *Payan v. L.A. Cnty. Coll. Dist.*, 2019 WL 9047062, at *16 (C.D. Cal. Apr. 23, 2019) and *United States v. Colonial Pipeline Co.*, 242 F. Supp. 2d 1365, 1372 (N.D. Ga. 2002), for the basic premise that it is "standard litigation practice to decide the merits first and the scope of relief subsequently." Mot. ¶ 6. But an opposite example can be found in *Central Point Software*, 903 F. Supp. at 1061.[4] Rimini simply provides no authority that its belatedly-asserted preferred procedure is required, particularly when this case is well past the summary judgment phase and the parties presented evidence and argument pertaining to injunctive relief at trial and in pre- and post-trial briefing.

---

[4] Rimini's other cases are inapposite. *Mullane v. Cent. Hoover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) addressed whether trust beneficiaries received due process by being put on notice of the mere *pendency* of actions through publication in the newspaper. This stands in stark contrast to Rimini's vigorous participation in this litigation. *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974) simply addresses the standard an injunction must meet for compliance and appellate review.

## IV. CONCLUSION

Because (1) Rimini's proposed objections are untimely and contradict the Court-ordered procedure for post-trial briefing and (2) Rimini has already had an opportunity to argue and brief the issues concerning Oracle's proposed injunctive relief and no further briefing or hearing is required, Oracle respectfully requests that the Court deny Rimini's Motion.

However, in the event that the Court grants Rimini's motion and permits Rimini to file its proposed objections, Oracle requests permission to respond to Rimini's proposed objections.

DATED: March 23, 2023                MORGAN, LEWIS & BOCKIUS LLP

By:      */s/ Benjamin P. Smith*
                Benjamin P. Smith

Attorneys for Plaintiffs and
Counterdefendants Oracle International
Corporation and Oracle America, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of March, 2023, I electronically transmitted the foregoing **ORACLE'S OPPOSITION TO RIMINI STREET AND SETH RAVIN'S MOTION FOR LEAVE TO FILE OBJECTIONS TO ORACLE'S PROPOSED PERMANENT INJUNCTION** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

DATED: March 23, 2023                MORGAN, LEWIS & BOCKIUS LLP


By:       */s/ Benjamin P. Smith*
            Benjamin P. Smith

Attorneys for Plaintiffs and
Counterdefendants Oracle International
Corporation and Oracle America, Inc.