UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ORACLE INTERNATIONAL CORPORATION, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., *et al.*,<br><br>Defendants. | Case No. 2:14-cv-01699-MMD-DJA<br><br>PERMANENT INJUNCTION |

This was a software copyright and unfair competition dispute between Plaintiffs and Counter Defendants Oracle America, Inc., and Oracle International Corporation (collectively, "Oracle") and Defendants and Counter Claimants Rimini Street, Inc., and Seth Ravin generally regarding Rimini Street, Inc.'s unauthorized copying of Oracle's enterprise software into and from development environments created by Rimini Street, Inc. for its clients, along with disputes regarding allegedly false statements in marketing and advertising and unfair competition. (ECF Nos. 1253 at 2, 1305 at 12-13.) The Court presided over a bench trial. As explained in the Court's concurrently issued bench order, Oracle mostly prevailed both pretrial and at trial. The Court accordingly finds good cause to enter this permanent injunction.

The Court permanently enjoins and restrains Defendant Rimini Street, Inc., its subsidiaries, affiliates, employees, directors, officers, principals, agents, and Seth Ravin (collectively, "Rimini") as follows.

Rimini must immediately provide notice of this permanent injunction—along with a copy of it—to all of its subsidiaries, affiliates, employees, directors, officers, principals, and agents.

///

None of the prohibitions in this permanent injunction modify or alter the scope of the prohibitions put in place by the August 15, 2018, permanent injunction entered in *Oracle USA, Inc. v. Rimini Street, Inc.*, Case No. 2:10-cv-106-LRH-VCF, ECF No. 1166 (D. Nev. Aug. 15, 2018) (hereinafter, "*Oracle I* Permanent Injunction"), or Judge Hicks' March 31, 2021, Order To Show Cause issued in the same *Oracle I* litigation (ECF No. 1459), or Judge Hicks' contempt order (ECF No. 1548) in that same case.

**I.   PERMANENT INJUNCTION UNDER 17 U.S.C. § 502(A)**

Rimini may not copy, distribute, prepare derivative works from, or use any PeopleSoft software (or any portion thereof) or documentation (or any portion thereof) from any PeopleSoft software environment that Rimini reproduced or used as part of its Environments 2.0 (also referred to as Process 2.0) migration, including the PeopleSoft software environments listed in P-9008, and any subsequent copies of those environments.

Rimini may not copy, distribute, prepare derivative works from, or use any version of the following files, regardless of their location: RSI810ST.SQR, RSI960US.SQR, TAX960ST.SQR, RSI960ST.SQR, RSISTCD.SQC, RSI860FL.SQR, RSI860FL_XXX.SQR, RSI860FL[1].SQR, RSITXDTA.SQC, RSITXDTA_PRE_QA.SQC, RSIW2SSA.SQC, RSIW2SSA[1].SQC, RSI810ST-VER0.SQR, RSI810ST-ORIG.SQR, RSI960XM.SQC, RSICBR01.SQR, RSIMMREF.SQC, RSIW2ST.SQC, RSIW2_ST.SQC, RSIW2ST[1].SQC, RSI960US_V1.SQR, RSI960US V.1.SQR, RSI960US_1.SQR, RSI960US_V2.SQR, RSI960XM_V1.SQC, RSI960US BEFORE.SQR, RSI960USXML.SQC, RSIEINCD.SQC, RSIBN733_BEFORE.SQC, RSI810ST-OLD.SQR, RSIBN733.SQC, RSIOSHA300A.SQR, RSI810DC.SQR.

Rimini must immediately and permanently discontinue the use and operation of its Automated Framework, CodeAnalyzer, and Dev Review programs, including the functions CopyRSIFileFromClientToClient, CodeAnalyzer, GenDiff/ApplyDiff, TransferFiles, GenDataChanges, ApplyUpdate, and RSIDVRVW.SQR, or any programs that perform the essentially the same functions as these programs.

To the extent not already prohibited by the *Oracle I* Permanent Injunction, Rimini may not:

1. copy, send, or transfer any portion of PeopleSoft software from one customer's computer systems to another customer's computer systems or Rimini's computer systems, including but not limited to by way of "Diff" files or any other automated mechanism setting forth changes that are needed to replicate a software modification in another customer's software environment; or

2. copy, send, or transfer any updates or modifications to PeopleSoft software that were developed or tested in a specific licensee's PeopleSoft environment to Rimini's computer systems or to any other customer's computer systems, including but not limited to by way of "Diff" files or any other automated mechanism setting forth changes that are needed to replicate a software modification in another customer's software environment.

Rimini may not copy, distribute, prepare derivative works from, or use its HCM104286 or HCM104288 updates, including any file that was part of these updates.

Rimini may not copy, distribute, prepare derivative works from, or use any version of the files identified in P-4940 and P-4941.

Rimini may not copy, distribute, prepare derivative works from, or use any file that Rimini distributed, sent, or transferred using CopyRSIFileFromClientToClient, including the files identified in P-9578, or any subsequent versions of these files.

Rimini may not copy, distribute, prepare derivative works from, or use any file beginning with an "RS" or "RSI" prefix that Rimini distributed, sent, or transferred using TransferFiles, including the files identified above.

Rimini must immediately and permanently delete all copies of the PeopleSoft environments, files, updates, and automated tools identified above.

///

Rimini must file with the Court a report in writing under oath setting forth in detail the manner and form in which Rimini has complied with this Section 502 order within 60 days of the date of entry of this permanent injunction.

## II. PERMANENT INJUNCTION UNDER 17 U.S.C. § 1203(B)(1)

Rimini may not remove or omit the Oracle copyright notice from any Oracle software files or any files containing any Oracle source code that contain an Oracle copyright notice, or distribute any such files.

Rimini may not copy protected expression from an Oracle software file that contains an Oracle copyright notice into any other file without also including the Oracle copyright notice, or distribute any such files.

## III. PERMANENT INJUNCTION UNDER 15 U.S.C. § 1116

Rimini may not make the following statements or any substantially similar statements in marketing materials, advertisements, or communications with customers or potential customers:

1. Judge Hicks' rulings in the *Oracle I* litigation related to processes or software that were not in use at Rimini between February 2014 and January 2020.
2. Rimini did not copy or share Oracle software between clients between February 2014 and January 2020.
3. Security professionals have found that traditional vendor security patching models are outdated and provide ineffective security protection.
4. Oracle's CPUs provide little to no value to customers and are no longer relevant.
5. Oracle's CPUs are unnecessary to be secure.
6. It is not risky to switch to Rimini and forego receiving CPUs from Oracle.
7. Once an Oracle ERP platform is stable, there is no real need for additional patches from Oracle.

///

8.  If you are operating a stable version of an Oracle application platform, especially with customizations, you probably cannot apply or do not even need the latest patches.

9.  Virtual patching can serve as a replacement for Oracle patching.

10. Virtual patching can be more comprehensive, more effective, faster, safer, and easier to apply than traditional Oracle patching.

11. Rimini offers "holistic security" solutions for Oracle software for enterprises.

12. Rimini Security Support Services helps clients proactively maintain a more secure application compared to Oracle's support program which offers only software package-centric fixes.

13. Rimini provides more security as compared to Oracle.

14. Rimini's Global Security Services can pinpoint and circumvent vulnerabilities months and even years before they are discovered and addressed by the software vendor.

15. There are no similarities between TomorrowNow and Rimini other than the fact that they both have provided third-party maintenance.

Rimini must issue a corrective press release no later than 30 days after the date on which this injunction is entered and post the press release on the riministreet.com website, to be maintained in a readily accessible location on the riministreet.com website containing Rimini's other press releases for at least five years after the entry of this injunction.

The press release must be titled, "Court-Ordered Statement Regarding Rimini Street's False and Misleading Statements."

The press release must state: "This press release is ordered by the Court in the *Oracle v. Rimini* litigation to provide customers and prospective customers of Rimini Street with information about false and misleading statements that Rimini Street has made in its advertisements and marketing campaigns."

///

The press release must further state: "The following statements were made by Rimini in advertisements and marketing campaigns and were found by the Court to be false and misleading:

1. United States District Judge Larry R. Hicks' rulings in the *Oracle I* litigation related to processes or software that were not in use at Rimini between February 2014 and January 2020.

2. Rimini did not copy or share Oracle software between clients between February 2014 and January 2020.

3. Security professionals have found that traditional vendor security patching models are outdated and provide ineffective security protection.

4. Oracle's CPUs provide little to no value to customers and are no longer relevant.

5. Oracle's CPUs are unnecessary to be secure.

6. It is not risky to switch to Rimini and forego receiving CPUs from Oracle.

7. Once an Oracle ERP platform is stable, there is no real need for additional patches from Oracle.

8. If you are operating a stable version of an Oracle application platform, especially with customizations, you probably cannot apply or do not even need the latest patches.

9. Virtual patching can serve as a replacement for Oracle patching.

10. Virtual patching can be more comprehensive, more effective, faster, safer, and easier to apply than traditional Oracle patching.

11. Rimini offers "holistic security" solutions for Oracle software for enterprises.

12. Rimini Security Support Services helps clients proactively maintain a more secure application compared to Oracle's support program which offers only software package-centric fixes.

13. Rimini provides more security as compared to Oracle.

///

14. Rimini's Global Security Services can pinpoint and circumvent vulnerabilities months and even years before they are discovered and addressed by the software vendor.

15. There are no similarities between TomorrowNow and Rimini other than the fact that they both have provided third-party maintenance."

The press release may not contain any other statements or qualifying information by Rimini.

Rimini must file with the Court a report in writing under oath setting forth in detail the manner and form in which Rimini has complied with this Section 1116 order within 60 days of the date of entry of this injunction.

It is further ordered that failure to timely comply with any portion of this permanent injunction will subject Rimini and Mr. Ravin to appropriate sanctions, including but not limited to monetary sanctions and further injunctive relief.

DATED THIS 24th Day of July 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE