1

2

3

4   **UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

5

6   Oracle International Corp., a California         Case No. 2:14-cv-01699-MMD-DJA
corporation; and Oracle America, Inc., a
7   Delaware corporation,                            **Order**

8                    Plaintiffs,

9            v.

10  Rimini Street, Inc., a Nevada corporation; and
Seth Ravin, an individual,

11                   Defendants.

12  And related counterclaims.

13

14          Before the Court is Plaintiffs' motion to seal portions of its motion for attorneys' fees and

15  documents supporting that motion.  (ECF No. 1567).  Plaintiffs explain that they are seeking to

16  redact portions of these documents that refer to their counsel and vendors' billing rates.  Plaintiffs

17  assert that these documents contain sensitive, case-specific pricing information which would

18  create a risk of competitive injury if released.

19          Plaintiffs also explain that they seek to seal Exhibits 5-6 to the declaration of Benjamin

20  Smith (ECF Nos. 1569-3, 1569-4) and Exhibit 3 to the deposition of Richard Pocker (ECF No.

21  1571-3) because those documents contain information relating to depositions of third-party

22  witnesses in this case and service of process of third-party subpoenas to Rimini Street, Inc.'s

23  customers as part of this litigation.  Because the customers are identified by name and because

24  Rimini has repeatedly designated its customer lists as "Highly Confidential – Attorneys' Eyes

25  Only," Plaintiffs seek to file these exhibits under seal.  But Plaintiffs explain that they "are not in

26  a position to provide further justification for why filing the document publicly would cause harm

27  sufficient to justify sealing."  Defendants did not respond to Plaintiff's motion.

28

1    A party seeking to file a confidential document under seal must file a motion to seal and

2   must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*,

3   447 F.3d 1172 (9th Cir. 2006) and *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092

4   (9th Cir. 2016).  A party seeking to seal judicial records attached to motions more than

5   tangentially related to the merits of the case must meet the "compelling reasons" standard.  *See*

6   *Kamakana*, 447 F.3d at 1183; *Ctr. for Auto Safety*, 809 F.3d at 1101.  For records attached to

7   motions not more than tangentially related to the merits of the case, the "good cause" standard

8   applies.  *See Ctr. for Auto Safety*, 809 F.3d 1095, 1101.  That a party has designated a document

9   as confidential under a protective order does not, standing alone, establish sufficient grounds to

10   seal a filed document.  *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133, 1138

11   (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

12    Here, as a preliminary matter, the Court finds that the good cause standard applies because

13   the information Plaintiffs seek to seal is only tangentially related to the merits of the case.  The

14   Court finds that Plaintiffs have provided good cause to seal the documents that refer to their

15   counsel and vendors' billing rates.  However, because Rimini has not responded to the motion

16   and provided its own reasoning for sealing the names of its customers in this context, the Court

17   does not find that Rimini has provided good cause to seal Exhibits 5-6 to the declaration of

18   Benjamin Smith (ECF Nos. 1569-3, 1569-4) and Exhibit 3 to the deposition of Richard Pocker

19   (ECF No. 1571-3).  The Court will nonetheless retain the documents under seal and will give

20   Rimini thirty days to file a declaration in support of sealing the documents.  If Rimini does not

21   file a declaration supporting maintaining these documents under seal within that time, the Court

22   will order the documents unsealed.

23

24    **IT IS THEREFORE ORDERED** that Plaintiff's motion to seal (ECF No. 1567) is

25   **granted in part and denied in part**.  It is denied in part regarding Exhibits 5-6 to the declaration

26   of Benjamin Smith (ECF Nos. 1569-3, 1569-4) and Exhibit 3 to the deposition of Richard Pocker

27   (ECF No. 1571-3).  It is granted in all other respects.

28

1    **IT IS FURTHER ORDERED** that Rimini shall have until **December 22, 2023** to file a

2  declaration in support of maintaining Exhibits 5-6 to the declaration of Benjamin Smith (ECF

3  Nos. 1569-3, 1569-4) and Exhibit 3 to the deposition of Richard Pocker (ECF No. 1571-3) under

4  seal.  These documents shall remain under seal for now.  If Rimini does not file a declaration

5  supporting maintaining the documents under seal within that time, the Court will order the

6  documents unsealed.

7

8    DATED: November 22, 2023

9  _____

10  DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE