UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ORACLE INTERNATIONAL CORPORATION, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., *et al.*,<br><br>Defendants. | Case No. 2:14-cv-01699-MMD-DJA<br><br>ORDER |

This was a software copyright and unfair competition dispute between Plaintiffs and Counter Defendants Oracle America, Inc., and Oracle International Corporation (collectively, "Oracle") and Defendants and Counter Claimants Rimini Street, Inc., and Seth Ravin (collectively, "Rimini") generally regarding Rimini's unauthorized copying of Oracle's enterprise software into and from development environments created by Rimini for its clients, along with disputes regarding allegedly false statements in marketing and advertising and unfair competition. (ECF Nos. 1253 at 2, 1305 at 12-13.) Following a bench trial, the Court mostly—but not entirely—found in Oracle's favor and entered a permanent injunction against Rimini. (ECF Nos. 1536 ("Bench Order"), 1537 (the "Injunction"), 1538 ("Judgment").) Before the Court is Oracle's motion to amend the Bench Order under Federal Rule of Civil Procedure 59(e).[1] (ECF No. 1554.) As further explained below, the Court will deny the Motion because Oracle does not meet the pertinent

---

[1]Rimini responded (ECF No. 1556), and Oracle replied (ECF No. 1557).

standard, instead merely relitigating positions the Court implicitly rejected in the Bench Order.[2]

"A district court generally should not grant a Rule 59(e) motion in the absence of 'newly discovered evidence,' 'clear error,' or 'an intervening change in the controlling law.'" *Wells Fargo Bank, N.A. v. Mahogany Meadows Ave. Tr.*, 979 F.3d 1209, 1218 (9th Cir. 2020) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). In addition, Rule 59(e), "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-128 (2d ed.1995)).

The Court agrees with Rimini that Oracle primarily seeks to relitigate old matters in this motion and denies the motion for that reason. (ECF No. 1556 at 4-7.) Oracle specifically makes two requests in its motion—that the Court should explicitly prohibit Rimini from using its ePack tool, and explicitly prohibit Rimini from using its EBS 100025 update. (ECF No. 1554 at 4-6.) Both of these requests are grounded in Oracle's contention that making these findings (and correspondingly amending the Injunction) would be consistent with other findings the Court made in the Bench Order. (*Id.*) The Court is unpersuaded.

The Court found in the Bench Order that "Oracle has not met its burden to show that Rimini's EBS support processes infringe Oracle's pertinent copyrights." (ECF No. 1536 at 158; *see also id.* at 157-58 (reaching additional conclusions of law as to EBS).) It would accordingly not be consistent with the Bench Order to enjoin specific elements of Rimini's EBS support processes—contrary to Oracle's argument. If Rimini wants to

---

[2]Indeed, the Court noted in the Bench Order that "that the parties made arguments and cited cases not discussed above." (ECF No. 1536 at 196.) But the Court also noted it had "reviewed these arguments and cases, and has determined they do not materially affect the outcome of this case." (*Id.*)

continue using ePack and the EBS 100025 update, it may, provided that neither of those things are automated tools and they do not otherwise violate Judge Hicks' prior orders. (*See id.* at 197.)

While Oracle mostly prevailed at trial, Oracle did not meet its burden at trial as to EBS specifically. (*See id.*) This motion reads as if the Court found Oracle is entitled to a giant cookie, and now Oracle has come back asking for a glass of milk that the Court previously told Oracle it could not have. Said otherwise, the Court is not persuaded that the Bench Order is wrongly decided because of the arguments Oracle presents in its motion—much less that the Court clearly erred. And Oracle does not even argue new evidence (*see* ECF No. 1554 (relying on its proposed findings of fact and conclusion of law)) or a change in the law.

It is therefore ordered that Oracle's motion to amend the Bench Order (ECF No. 1554) is denied.

DATED THIS 9th Day of January 2024.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

3