BOIES, SCHILLER FLEXNER LLP
RICHARD J. POCKER (NV Bar No. 3568)
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
Telephone: 702.382.7300
Facsimile: 702.382.2755
rpocker@bsfllp.com

DUNN ISAACSON RHEE LLP
WILLIAM A. ISAACSON (*pro hac vice*)
KAREN DUNN (*pro hac vice*)
JESSICA PHILLIPS (*pro hac vice*)
401 9th Street, NW
Washington, DC 20004
Telephone: 202.240.2900
wisaacson@dirllp.com
kdunn@dirllp.com
jphillips@dirllp.com

MORGAN, LEWIS & BOCKIUS LLP
BENJAMIN P. SMITH (*pro hac vice*)
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: 415.442.1000
Facsimile: 415.442.1001
benjamin.smith@morganlewis.com
sharon.smith@morganlewis.com

JAMES C. MAROULIS (*pro hac vice*)
ORACLE CORPORATION
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone: 650.506.4846
Facsimile: 650.506.7114
dorian.daley@oracle.com
jim.maroulis@oracle.com

*Attorneys for Plaintiffs Oracle International Corporation and Oracle America, Inc.*

GIBSON, DUNN & CRUTCHER LLP
SAMUEL LIVERSIDGE (*pro hac vice*)
ERIC D. VANDEVELDE (*pro hac vice*)
ILISSA S. SAMPLIN (*pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:    213.229.7000
sliversidge@gibsondunn.com
evandevelde@gibsondunn.com
isamplin@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
BLAINE H. EVANSON (*pro hac vice*)
CASEY J. MCCRACKEN (*pro hac vice*)
JOSEPH A. GORMAN (*pro hac vice*)
3161 Michelson Drive
Irvine, CA 92612-4412
Telephone:    949.451.3800
jtthomas@gibsondunn.com
bevanson@gibsondunn.com
cmccracken@gibsondunn.com
jgorman@gibsondunn.com

HOWARD & HOWARD ATTORNEYS PLLC
W. WEST ALLEN (Nevada Bar No. 5566)
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, NV 89169
Telephone:    702.667.4843
wwa@h2law.com

RIMINI STREET, INC.
JOHN P. REILLY (*pro hac vice*)
1700 S. Pavilion Center Drive, Suite 330
Las Vegas, NV 89135
Telephone:    336.908.6961
jreilly@riministreet.com

WEIL, GOTSHAL & MANGES LLP
MARK A. PERRY (*pro hac vice*)
2001 M Street, N.W., Suite 600
Washington, DC 20036
Telephone:    202.682.7511
mark.perry@weil.com

*Attorneys for Defendants Rimini Street, Inc., and Seth Ravin*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ORACLE INTERNATIONAL CORP., and ORACLE AMERICA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>RIMINI STREET, INC., and SETH RAVIN,<br><br>Defendants. | CASE NO. 2:14-cv-01699-MMD-DJA<br><br>**ORDER GRANTING JOINT STIPULATION TO STAY ALL PROCEEDINGS PENDING SETTLEMENT RESOLUTION AND TO VACATE THE SCHEDULING ORDER**<br><br>Judge:   Hon. Miranda M. Du |

**JOINT STIPULATION TO STAY PROCEEDINGS AND VACATE SCHEDULING ORDER**

Plaintiffs Oracle International Corp. and Oracle America, Inc. ("Oracle") and Defendants Rimini Street, Inc. and Seth Ravin (collectively, "Rimini," and with Oracle, the "Parties") executed a settlement agreement with an effective date of July 7, 2025 ("Settlement Agreement") to resolve the entirety of this case pending Rimini's wind down of its offering of support services for Oracle's PeopleSoft software product, and therefore, by and through their respective counsel of record, respectfully request that this Court (1) stay all proceedings in this case and (2) vacate all current deadlines and hearing dates set forth in the existing Scheduling Order (ECF No. 1637) to allow the Parties to perform under and effectuate the Settlement Agreement.

1. WHEREAS, on July 31, 2024, Rimini unilaterally announced its decision to wind down its offering of support services for Oracle's PeopleSoft software product;

2. WHEREAS, following remand from the Ninth Circuit in March 2025, the only product line at issue in the pending remand proceedings is PeopleSoft;

3. WHEREAS, on June 26, 2025, the Parties conducted a successful in-person mediation;

4. WHEREAS, the parties seek to avoid the time and expense of further litigation concerning alleged copyright infringement of a software product Rimini has represented it will no longer support;

5. WHEREAS, the Parties' full performance under the Parties' Settlement Agreement will fully resolve the entirety of this litigation, including all issues remanded by the Ninth Circuit, as well as any dispute regarding attorneys' fees, although the Parties agree that this Court will retain jurisdiction to enforce, as necessary, the permanent injunction entered in the *Rimini I* action (*Rimini I* ECF No. 1166; *Oracle USA, Inc. v. Rimini St. Inc.,* 783 F. App'x 707, 710-711 (9th Cir. 2019)), as well as the Modified Permanent Injunction entered in this action (ECF No. 1635);

6. WHEREAS, under the Settlement Agreement, Rimini will complete its previously announced wind down of support services related to PeopleSoft by no later than July 31, 2028;

7. WHEREAS, following Rimini's successful completion of the wind down as described in the Settlement Agreement, and Rimini's notice to Oracle of such completion in compliance with the terms of the Settlement Agreement (including a declaration under penalty of perjury that Rimini has in fact completed its wind down), Oracle has agreed to dismiss this case with prejudice;

8. WHEREAS, the Parties agree that a stay of all proceedings during the wind down period serves the interests of judicial economy by vacating all existing deadlines provided in this Court's Scheduling Order (ECF No. 1637) such that the Court will be substantially relieved of any further administration of this case;

9. WHEREAS, in the unlikely event of an unexpected material breach of the Settlement Agreement during the wind down, the Parties jointly agree that it would be more efficient to lift the stay and resume the proceedings in this matter rather than requiring the non-breaching Party to commence new litigation;

10. WHEREAS, the Court may "stay[] the case while retaining jurisdiction over possible disputes concerning compliance with a settlement agreement" under *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994) and its inherent authority to control and manage its docket, *Disability L. Ctr. v. Mass. Dep't of Corr.*, 960 F. Supp. 2d 271, 279 (D.

2

Mass. 2012) (granting three-year stay to allow the parties to perform under a settlement agreement);

11.     WHEREAS, a stay of proceedings will not harm the Parties, will avoid the additional hardship of continuing to actively litigate this decade-long dispute, will allow the parties to focus exclusively on satisfying the terms of the Settlement Agreement, and will promote judicial economy, *see Epstein v. US Foods, Inc.*, 2025 WL 330544, at *1 (W.D. Wash. Jan. 29, 2025) (describing factors courts consider in evaluating a request for a stay and granting joint stipulation to stay "to allow the mediation process to play out"); *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 2019 WL 2098350 (D. Nev. Apr. 5, 2019) (staying all proceedings "until further order of the Court, except such proceedings as may be necessary either to implement the Settlements or to comply with or effectuate the terms of the Agreements or Fed. R. Civ. P. 23");

12.     THEREFORE, the Parties stipulate and agree that all proceedings in this matter should be stayed for the duration of the three-year wind down period required to effectuate the Parties' agreement to settle the above-captioned matter, and that all deadlines set forth in the Scheduling Order (ECF No. 1637) should be vacated.

Dated:  July 17, 2025

| GIBSON, DUNN & CRUTCHER LLP | MORGAN, LEWIS & BOCKIUS LLP |
|---|---|
| By:   /s/ Eric D. Vandevelde  <br> Eric D. Vandevelde | By:   /s/ Benjamin P. Smith  <br> Benjamin P. Smith |
| *Attorneys for Defendants Rimini Street, Inc., and Seth Ravin* | *Attorneys for Plaintiffs Oracle International Corporation and Oracle America, Inc.* |

Pursuant to the Parties' joint stipulation, and for good cause shown, IT IS ORDERED that all deadlines set forth in the Scheduling Order (ECF No. 1637) are VACATED and all proceedings in this case are STAYED until the earlier of July 31, 2028, or the dismissal of this case with

1  prejudice following Rimini's completion of its wind down relating to its PeopleSoft support
2  services.

IT IS SO ORDERED

_____
UNITED STATES DISTRICT JUDGE

DATED:  July 18, 2025.